
Letter to Judge Lorna G. Schofield
December 11th, 2019
Page 1

Samantha Siva Kumaran
The A Star Group, Inc d/b/a Timetrics
119 West 72nd Street, #204
New York, NY 10023
Tel: (646) 221 4363
Email: samantha@timetricsrisk.com

**December 11th, 2019**

**VIA ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran vs. Northland Energy Trading et al  1:19-Cv-08345* (LGS-DCM)

Dear Judge Schofield:

Plaintiffs write to seek leave from the court that the Joint Statement and Case Management Plan that were ordered by the Court's December 6th, 2019 Order (Dkt. 10), are filed directly by Plaintiffs, and also respectfully request that the page count for the Joint Statement is extended to 10 pages. This is because, Defendants original counsel Bracewell, did not make an appearance as promised, and have not responded to emails since Friday December 6th. 2019, and have not conferred therefore on items, and new counsel have appeared, without time to discuss.

Without warning, in the afternoon of Wednesday December 11th 2019, Defendants retained new counsel Westerman LLP, with whom Plaintiffs have had no prior contact and therefore have been unable to meet and confer. Bracewell have also failed to return correspondence for several days, and it is unclear to Plaintiffs whether prior drafts or communications sent to Bracewell have been forwarded to Westerman LLP.  No notice was provided to Plaintiffs of the intended change in counsel.

On September 13th, 2019, Bracewell represented to Plaintiffs in writing they would accept service of the complaint via email (*See* Dkt 7, Exh. A). Until about September 25th 2019, the Parties discussed Settlement Discussions and were unable to reach a resolution. Thereafter Defendants were notified that Plaintiffs were amending their complaint. On November 25th 2019 and again on December 2nd 2019, Plaintiffs sent drafts of the Stipulated Protective Order to Bracewell. Bracewell advised they would provide a redline comments to me by December 9th 2019 at 5pm. None has been received.

On December 3rd 2019, Plaintiffs sent Bracewell a Waiver of Service form available on the Court's website. Bracewell responded that it was unnecessary for them to file a Waiver of Service, since they had already agreed on September 13th 2019 to accept service via email. On December 4th, 2019,  in accordance with Rule 4 and Court's Order in Dkt 8, Plaintiffs effectuated service to Bracewell via email which they accepted in email (*See* Dkt. 11, Exh C). On December 5th, 2019, Bracewell emailed Plaintiffs a draft case management plan and draft joint statement. ("Draft"). On Friday December 6th, 2019 at around 4pm the Parties had a Meet and Confer via teleconference call. On the phone was Mr. David Ball, Senior Partner and Mr. David Kolker, Associate both in the Bracewell New York Office and


myself. Also on Friday December 6th, 2019, Mr. Ball responded in email and acknowledged receipt of service. (*See* Dkt 11, Exh C)

During the phone call, Plaintiffs inquired as to when Bracewell would be making their appearance. Mr. Ball indicated that he was "waiting for his clients to sign some forms" before making an appearance. During the phone call, Mr. Ball did not provide an actual redline comments to the Protective Order, but the Parties discussed in good faith their high level comments and concerns.

Nonetheless, Mr. Ball indicated they would have the redline to me by Monday December 9th at 5pm. That deadline has subsequently passed and no such redlines were provided. On Monday December, 9th 2019 and Tuesday December, 10th 2019 I followed up, (and again this morning Wednesday December 11th, 2019) and also provided some of my responsive comments to the dates in the Case Management Plan and Joint Statement. Bracewell have failed to respond to emails for now for over 48 hours, have missed scheduling, and have not been willing or are unable able to collaborate other than the initial receipt of a Draft received on December 5th, 2019.

On the morning of Wednesday 11th December, Plaintiffs became very concerned that Bracewell had still not made an appearance, had also not responded to emails related to the joint letters, and had not provided status of the outstanding Meet and Confers. Plaintiffs had relied on Bracewell's communications including those in emails dated September 13th, 2019 that they would accept service and on December 6th, 2019 Bracewell acknowledge in writing that they had in fact accepted service via email. Bracewell also represented in email on December 4th, 2019 they were attending the court conference. Therefore, given the lack of response, their failure to make an appearance, and failure to cooperate timely this week with Meet and Confer in the joint statements, Plaintiffs, today on December 11th, 2019 took the extra step to also serve Defendants via Process Server. (*See* **Exhibits D, E, F** attached), for which Plaintiffs additionally seek these burdensome <u>costs and expenses to be reimbursed timely</u> by Defendants for their failure to respond, for the <u>unnecessary expenses</u>, as permitted by court rules for failing to waive service properly. Plaintiffs assert the lack of communication was bad faith.

Because of the last minute change to a new law firm Westerman LLP's and their late notice of appearance, there is insufficient time to meet and confer before the scheduled filing date of December 12th, 2019. Plaintiffs therefore seek permission to either file the initial version of the Joint Statement (which contains Bracewell's Draft dated December 5th 2019) at 10 pages and the initial version of the Case Management Plan (which contains Bracewell's Draft dated December 5th 2019) on **December 12th, 2019** as above.

In the alternative, Plaintiffs seek leave from the Court to file an independent copy of its Case Management Plan and Joint Statement at 8 pages **on December 12th, 2019**.  Plaintiffs seek guidance from the Court on how to proceed. Plaintiffs wish to cause no delays, and wish to file timely tomorrow. Plaintiff is Pro Se and respectfully seeks some small lenience in page count. Thank you in advance.

Respectfully submitted,

//SSK//
Samantha S. Kumaran
samantha@timetricsrisk.com