**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Samantha Siva Kumaran, et al., | |
| Plaintiffs, | 19 Civ. 8345 (LGS) |
| - against – | |
| Northland Energy Trading, LLC, et al., | |
| Defendants. | |

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.   All parties [consent _____ / do not consent _____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

   *[Plaintiffs response] – Plaintiffs do consent*
   *[Defendants response] – Defendants do not consent*

2.   The parties [have __X__ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.   This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a.   An employment case governed by the Initial Discovery Protocols for Employment cases?                              https://nysd.uscourts.gov/hon-lorna-g-schofield.
      [Yes _____ / No __X__]

   b.   A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the   City   of   New   York?   https://nysd.uscourts.gov/rules.
      [Yes _____ / No __X__]

   c.   A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules   and   https://nysd.uscourts.gov/hon-lorna-g-schofield
      [Yes _____ / No __X__]

   d.   A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards   Act?   https://nysd.uscourts.gov/hon-lorna-g-schofield.
      Yes _____ / No __X__]

4.      Alternative Dispute Resolution/Settlement

    a.      Settlement discussions [have _____X_____ / have not _____] taken place.

        *[Plaintiffs Response]* Over an exhaustive period from September 2017 until present Plaintiffs have been settlement discussions with  Bracewell. This resulted in a final settlement offer on June 5<u>th</u> 2019 which Defendants, which was then rejected. Plaintiffs have offered settlement discussions since June 2017, mediation or other dispute resolution on all claims, which Defendants have not agreed to participate in. Plaintiffs offered settlement negotiations since September 19<u>th</u> 2019 but the parties were unable to agree upon forum or terms. Defendants have not provided a settlement offer.

        *[Defendants Response]* No settlement discussions have taken place since Plaintiffs filed the complaint in September 2019.  To date, Plaintiffs have refused to provide an opening settlement demand, and Defendants are unwilling to initiate a demand at this time.   Defendants would like to revisit the possibility of settlement discussions following service of Plaintiffs' first amended complaint.

        The parties engaged in some settlement discussions in 2017 and 2018, which resulted in Defendants making a comprehensive settlement offer on October 1, 2018.  Plaintiffs did not agree to the offer and all subsequent settlement offers from Plaintiffs related only to a different dispute between the parties (issues other than those alleged in the Complaint).

    b.      Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        *[Plaintiffs Response]* Plaintiff will make an early discovery request on or before January 15<u>th</u> 2019  including early request for deposition under Fed. Civ. Rule 30 from two employees Lothrop and Bramante

        *[Defendants Response]* The parties have not discussed this

    c.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case:  (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        *[Plaintiffs Response]* The parties were not able to reach agreement on any ADR procedure. Plaintiff is willing to enter into (i), (ii) and (iii) <u>at any time</u> <u>without receiving a settlement demand or offer</u>.

        *[Defendants Response]* The parties have discussed engaging in settlement discussions, including utilizing (i) above, a settlement conference before a

Magistrate Judge.  Defendants would like to revisit the possibility of settlement discussions following service of Plaintiffs' first amended complaint.

    d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

*[Plaintiffs Response]* Plaintiff is willing to enter into ADR <u>at any time</u> and without the need to exchange settlement demands or offers, or discovery.

*[<u>Defendants Response]</u>* Defendants would like to revisit the possibility of engaging in settlement discussions following service of the Plaintiffs' first amended complaint.

    e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.    No additional parties may be joined after _____ without leave of Court.

*[Plaintiffs Response]*   30 days following service by Defendants of their final amended Answer or Counterclaims or Crossclaims. or Court's final ruling on all Motions to Dismiss of Defendants' Answer, Counterclaims or Crossclaims.

*[Defendants Response]*  February 24, 2020

6.    Amended pleadings may be filed without leave of Court until

*[Plaintiffs Response]*   30 days following service by Defendants of their final amended Answer or Counterclaims or Crossclaims. or Court's final ruling on all Motions to Dismiss of Defendants' Answer, Counterclaims or Crossclaims.

*[Defendants Response]*  February 24, 2020

7.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than

*[Plaintiffs Response]*  30 days from the Anchor Date. Anchor Date shall mean the date Court rules on any final Motion to Dismiss in response to and after filing of Defendants' filing of Answer, Counterclaim or Cross Claim and Plaintiff's response under 12 (b). (**"Anchor Date"**)

*[Defendants Response]*   30 days from the service of Plaintiffs' first amended complaint.

**8.**    **Fact Discovery**

    a.    All fact discovery shall be completed no later than _____

*[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

    *[Plaintiffs Response]* 120 days from the Anchor Date

    *[Defendants Response]* 6 months following the date of the first amended complaint, provided that Defendants reserve the right to seek a stay of discovery in the event it moves to dismiss the first amended complaint.

b.    Initial requests for production of documents pursuant to Fed. Civ. P. 34 shall be served by _____.

    *[Plaintiffs Response]* 21 days from the Anchor Date

    *[Defendants Response]*   Requests for production of documents pursuant to FRCP 34 may be served no earlier than 45 days after service of the first amended complaint and no later than 6 weeks before the close of fact discovery.

    Responsive documents and objections shall be produced by _____.

    *[Plaintiffs Response]* Responses, Documents and Objections should be produced or served within 45 days from the date of receipt of the Discovery Request.

    *[Defendants Response]*   Responsive documents shall be produced on a rolling basis with production substantially complete within 4 months of the date of service of the first amended complaint.

c.    Do the parties anticipate e-discovery?
    [Yes ____**X**____ / No _____]

d.    Initial interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by

    *[Plaintiffs Response]* 21 days from the Anchor Date

    *[Defendants Response]* Interrogatories to be served no earlier than 45 days after service of the first amended complaint and no later than 6 weeks before the close of fact discovery.

e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by

    *[Plaintiffs Response]*  120 days from the Anchor Date

    *[Defendants Response]* Two weeks prior to the close of fact discovery**.**

f.    Initial requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by

*[Plaintiffs Response]*  60 days before the date that Fact Discovery ends as identified in 8(a).

*[Defendants Response]* May be served no earlier than 45 days after service of the first amended complaint and no later than 6 weeks before the close of fact discovery, although requests for admission regarding authentication shall not be limited and may be served any time prior to trial.

g.    Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9.    Expert Discovery [if applicable]

a.    Anticipated types of experts if any:

*[Plaintiffs Response]* Technology Expert, Forensics Expert, Damages Experts or as may be determined through the action.

*[Defendants Response]* Damages experts. Defendants may determine that additional experts are needed.

b.    If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than _____ *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit if you have not identified types of experts.

*[Plaintiffs Response]* 45 days from the date in Paragraph 8(a), or such other date to be set following the submission of the parties' joint proposal pursuant to paragraph 9(c).

*[Defendants Response]* 75 days following the completion of fact discovery.

c.    If you have identified types of experts in question 9(a), by _____ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer [Plaintiffs' Insert: and submit a joint proposal] on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

*[Plaintiffs Response]* No later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery

*[Defendants Response]* No later than one month before the close of fact discovery

10.   This case [is ___ / is not _____] to be tried to a jury.

*[Plaintiffs Response]* Plaintiff has a right to a Jury trial and Plaintiffs' have expressly requested a jury trial.

*[Defendants' Response]* Defendants have not yet determined whether a jury trial is appropriate or permissible given the allegations relate to certain underlying agreements, which may preclude a jury trial.

11.   Length of Trial

Counsel for the parties have conferred and their present best estimate of the length of trial is _____.

*[Plaintiffs' Response]* 2-4 weeks.

*[Defendants' Response]* 3 days

12.   Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

*[Plaintiffs' Response]*
- Rule 15(c)(1)(C) – Relate back Amendments to Defendants Lothrop, Bramante
- Rule 5.2(e)(1) and 26(c) –Protective Order /Redactions – Trade Secrets
- Rule 65 – Preliminary Injunction, trade secrets and fiduciary duty

*[Defendants' Response]*
- The entry of a protective order.
- An extension of the Defendants' time to answer or otherwise move with regard to the impending first amended complaint until 60 days after service.
- Alternatively, a 60-day extension of the Defendants' time to answer or otherwise move with regard to the original Complaint, in light of the impending service of a first amended complaint.

13. Status Letters and Conferences

a. By_____, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

*Plaintiffs' Response:*   Thirty (30) days after Defendants' Answer, Counter Claim or Cross Claim and every 45 days thereafter.

*Defendants' Response:*  Within 30 days of the service of the first amended complaint, Defendants will submit a letter regarding whether they intend to seek a stay of fact discovery pending a motion to dismiss the first amended complaint.  Additionally, the parties will submit a joint status letter 60 days after the commencement of fact discovery.

b. By _____, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions.

> *[Plaintiffs' Response]*  Twenty one days (21) days after the completion of Fact Discovery and the date set forth in  8(a).

> *[Defendants' Response]*.  14 days after the close of fact discovery

c. On _____a pre-motion conference will be held for any anticipated dispositive motions.

> *[Plaintiffs' Response]*   Sixty (60) days after the close of all fact discovery in Paragraph 8(a). Plaintiff requires receipt of the Expert reports, and time to review fact discovery before preparing dispositive motions.

> *[Defendants' Response]*.  On a date and time to be set by the Court, no more than 14 days after the close of all discovery

i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(h) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(h), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(b), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

Page 8

SO ORDERED.

Dated: _____
        New York, New York

                                        _____
                                            LORNA G. SCHOFIELD
                                           United States District Judge

Counsel for the Parties:

_____            _____
SAMANTHA S. KUMARAN                 WESTERMAN BALL EDERER MILLER
THE A STAR GROUP, INC.              ZUCKER & SHARFSTEIN, LLP
119 West 72 Street, #204
New York, New York 10023            1201 RXR Plaza
646 221 4363                        Uniondale, New York 11556
samantha@timetricsrisk.com          Ellen Tobin
                                    Tel: (516) 622-9200
*Plaintiffs pro se*                 Fax: (516) 622-9212
                                    etobin@westermanllp.com

                                    *Attorneys for Defendants*