**WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP**

Ellen Tobin
Ext. 343
etobin@westermanllp.com

December 13, 2019

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court for the
   Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Kumaran, et al. v. Northland Energy Trading, LLC, et al.*, 19 Civ. 08345

Dear Judge Schofield:

      We represent defendants Northland Energy Trading, LLC, Hedge Solutions, Inc., and Richard Larkin (collectively, "Defendants") in the above-referenced action. We respectfully submit this letter in accordance with paragraphs 2.B. and 2.C. of Your Honor's Individual Rules of Practice in Civil *Pro Se* Cases and paragraph I.B.2. of Your Honor's Individual Rules of Practice in Civil Cases. We also write in response to plaintiffs' letter to the Court dated December 11, 2019 (*see* ECF No. 13).

**Request For Adjournment**

      Plaintiffs Samantha Siva Kumaran and The A Star Group, Inc., d/b/a Timetrics (together, "Plaintiffs") filed their summons and complaint on September 6, 2019. Defendants' prior counsel agreed to accept service of the summons and complaint via e-mail on behalf of all Defendants, and Plaintiffs affected service by e-mail on December 4, 2019. Defendants' response is due on December 26, 2019.

      In the meantime, Plaintiffs submitted a letter stating their intention to file an amended complaint by no later than the same day, which Your Honor "So Ordered." *See* ECF Nos. 7 & 8. In light of Plaintiffs' intention to file an amended complaint, and in order to avoid the expense of preparing a response to the original complaint only to have it rendered moot by the amended complaint, Defendants respectfully request:

- Adjournment of Defendants' time to respond to the original complaint, and, in the event Plaintiffs elect not to file an amended complaint by December 26, 2019, a 60-day adjournment of Defendants' time to respond to the original complaint; and

- Adjournment of the 14-day response deadline under Federal Rule of Civil Procedure 15(a)(3) to 60 days following service of any amended complaint, in order to provide Defendants sufficient time to respond to the anticipated expanded

The Honorable Lorna G. Schofield
December 13, 2019
Page 2

allegations and account for the intervening holidays and existing defense counsel deadlines.[1]

This is Defendants' first adjournment request. Plaintiffs do not consent to these requests.

**<u>Defendants' Prior Counsel Unequivocally Accepted Service On Behalf Of All Defendants</u>**

As noted above, by email on September 13, 2019, Defendants' prior counsel agreed to accept service of the summons and complaint via e-mail on behalf of all Defendants. Plaintiffs affected service by e-mail to counsel nearly 3 months later, on December 4, 2019. By email on December 6, 2019, Defendants' prior counsel confirmed receipt of the summons and complaint. A copy of the email exchange in this regard is attached as Exhibit "1." Counsel's acceptance of service was clear and unequivocal. There was no valid reason for Plaintiffs to use a process server to serve additional copies on Defendants at their offices (contrary to Plaintiffs' statements in the December 11, 2019 letter (*see* ECF No. 13)). Respectfully, there is no basis for Defendants to reimburse Plaintiffs for undertaking this unnecessary expense.

Thank you for your consideration of Defendants' requests.

Respectfully submitted,

*Ellen Tobin*

Ellen Tobin

cc:   Samantha Siva Kumaran (via ECF and first class mail)

---

[1] Defendants also included these requests in the joint proposed case management plan and joint letter to the Court which were submitted yesterday, in advance of the Initial Conference scheduled for December 19, 2019.