


**December 12th, 2019**
**VIA ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran vs. Northland Energy Trading et al 1:19-Cv-08345* (LGS-DCM)

Dear Judge Schofield:

**Plaintiffs Object to a 60 day extension:** Plaintiffs respond to Defendants' letter dated December 13th 2019. Plaintiffs object to new counsels' request for adjournment for a 60 day extension to respond, for the following reasons. Defendants have had a copy of the complaint since September 13th, 2019 (*See* Dkt.7) and acted in bad faith to wait until the day before a filing deadline December 11th, 2019 to hire new counsel, without notification, leaving Plaintiff up in the air. Defendants have had sufficient time to retain counsel, have been fully up-to-speed on this matter, have had ample time to prepare their defenses and draft a response to this Complaint. Defendants instead knew this Court had set a Pre-Conference Filings for December 12th, 2019 and December 19th 2019, and were dilatory to wait till the end to switch counsel, knowing they could buy more time. These actions created costs, expense, and are intended to unfair delays to the proceedings.

Further Bracewell mispresented to Plaintiffs they were to be counsel of record right up to the last minute, and had said they were attending the conference. Defendants' actions were to mislead Plaintiffs, and time new counsel's appearance specifically for the night before, so as seek large adjournments. New counsel in fact requested adjourning both the December 12th status letter and December 19th pre-conference dates. Plaintiffs therefore incurred time, expenses and cost negotiating drafts, scheduling with Bracewell which were fruitless use of its time and resources, and working late into the night on December 12th, to accommodate new counsel's appearance. Defendants should not reap the benefit of their disorganized and dilatory conduct, which can only have the effect of buying more time. The Complaint alleges the Defendants continue to be unjustly enriched and impede Plaintiffs' businesses, breach confidentiality provisions of an NDA, and also profit from the illicit use of Plaintiff's property without compensation.

**Plaintiffs Service was Proper and Necessary:** On December 3rd 2019 Plaintiffs sent to Bracewell the Waiver of Service under Rule 4 and specifically requested if they wished to have 60 days to respond.(*See* Exh G) In email response on December 3, 2019 Bracewell expressly replied, that they did not believe a Waiver of Service was necessary and did not need the 60 day allocation of time to respond. Under FCRP Rule 4, Defendants therefore waived their rights to a 60 day adjournment. Contrary to new Counsel's letter, service was made only after Defendant's prior counsel, Bracewell acted in bad faith to not respond to six (6) email communications on December 9th, 10th and 11th, with time sensitive filing deadlines (*See* Exh H, I, J, K, L, M) showing failure of Bracewell to respond). Since it appeared likely they may not even show up, I contacted the *Pro Se* Intake Office. As Defendants had intentionally elected to not sign the Waiver of Service, had not appeared and no other law firm had contacted me, in order to protect my rights it was prudent to re-effectuate service. This was in large part due to the bad faith lack of communication from either law firm to notify and update me on status, leave matters up in the air and not afford a courtesy to advise of a transition to new counsel. Because Bracewell had failed to sign the Waiver of Service, had failed to Meet and Confer in "good faith" which are part of the Court rules, had failed to make scheduled deadlines *and* had misrepresented they were making an appearance reservice was proper and necessary. I also note




the new law firm made no good faith effort to contact me in advance, to notify me of the upcoming change, which could have avoided such actions.

Given Bracewell mispresented their appearance, there was no reason to rely on the emailed acceptance of service as valid, as they were never retained to appear. Since I was led to believe they could default, Plaintiffs' incurred additional costs, expenses and time, retain a New Hampshire Process Server for which expenses should be reimbursed timely. (*See* Waiver of Service, *Defendants who fail to return signed waiver, will be required to pay the expense of service*). Bracewell acted in bad faith not to communicate status timely with Plaintiffs, and provide notice of a transition or change of counsel, especially when they were aware of the time sensitivity of the upcoming Preliminary Conference and filings due on December 12th. Plaintiffs had no recourse but to re-serve, to protect its interests as it was also unclear if Defendants may default on appearance. As such Plaintiffs seek its expenses reimbursed (*See* Dkt.13, Exh D,E,F $208.35), as Defendants conduct not to communicate was bad faith, and they refused to execute the Waiver of Service in accordance with Rule 4, and failed to Meet and Confer as required by Court rules. The requirements to prepare a Joint Stmt. and Case Management Plan require a good faith meet and confer.

**Bracewell Failed to Sign Waiver of Service Under Rule 4:** Defendants seek to have it both ways. First, through their former counsel Bracewell, they refused to sign a Waiver of Service and waived their rights to 60 days to respond which Plaintiffs' offered them. Then, by waiting to the last minute to inject new counsel, intentionally timed for December 11th to maximize the effect of creating extensions, when they have had over 90 days to finalize counsel, they now wish to (a) not pay for the costs of Proper Service under Rule 4 for their failure to sign a Waiver of Service, and (b) obtain the benefit of a 60 day adjournment for their own laxity of not retaining counsel timely. The Rules are clear. Since Bracewell unequivocally waived their right to a 60 day extension, then Rule 4 is clear that both (a) Defendants are obligated to pay for proper service and (b) must respond within the allocated time of 14 days. Defendants wish to have the best of both worlds. While Plaintiffs agreed to adhere to deadlines over Christmas, Defendants wish to enjoy 60 days extensions to enjoy their winter vacations and benefit from their delays, while Plaintiffs work.

**Plaintiffs Offer of Extensions:** In light of the holidays and the addition of new counsel, Plaintiffs propose as follows. A 30 day adjournment for both parties, for new counsel to get-up-to-speed on the proceeding, which will allow Plaintiffs until **January 10th 2019** to file its amended complaint, and allow Westerman about 30 days since December 11th, 2019 to familiarize itself with the history. Plaintiffs also propose 30 days since the date of receipt of the Amended Complaint for Defendants to respond which would be **February 9th 2019**. Plaintiffs believe this rescheduling is fairer, more balanced and reasonable adjustment to new counsel. Plaintiffs are willing to be reasonable in a manner that one side does not gain additional benefit of time over the other. Plaintiffs would like to enjoy the holidays too.

In the alternative, should this Court keep the original deadlines of **December 26th, 2019**, (which Plaintiffs are willing to meet) and given that Defendants failed to sign a Waiver of Service under Rule 4, have increased cost and inconvenience to Plaintiffs, they should be obligated to respond to the Amended Complaint within 14 days **January 9th 2019** as required under FRCP Rule 15 and certainly not later than 21 days which is **January 16th, 2019**. Plaintiffs have complied with all court rules and schedules thus far. Even under this timing, since Westerman was retained on December 11th, 2019, this would still be thirty (30) days since they were retained. Plaintiffs would not oppose to adjourning the December 19th 2019 conference until January 16th 2019, if the Court decides to the foregoing 30 day adjournment for new counsel, however are able and willing to attend on December 19th 2019 as required by the Court. Defendants do not consent to the above. Thank you for your consideration,

Respectfully submitted,

//SSK// Samantha S. Kumaran. (cc. Ellen Tobin via email)