**WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP**

Ellen Tobin
Ext. 343
etobin@westermanllp.com

December 19, 2019

**VIA ECF**

The Honorable Debra Freeman
United States District Court for the
   Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Kumaran, et al. v. Northland Energy Trading, LLC, et al.</u>, 19 Civ. 08345

Dear Judge Freeman:

      We represent defendants Northland Energy Trading, LLC, Hedge Solutions, Inc., and Richard Larkin (collectively, "Defendants") in the above-referenced action. We respectfully submit this letter in accordance with paragraph I.B of Your Honor's Individual Practice Rules, to request adjournment of the deadlines to respond to the pleadings.

      Plaintiffs filed their summons and complaint on September 6, 2019. On September 13, 2019, Defendants' prior counsel agreed to accept service of the summons and complaint by email. Plaintiffs served the summons and complaint, via email on prior counsel, on December 4, 2019 (just before the expiration of the 90-day service period). *See* ECF No. 16-1. Defendants' response to the complaint is due on December 26, 2019.

      In the meantime, Plaintiffs submitted a letter to Judge Schofield stating their intention to file an amended complaint no later than December 26, 2019, which Judge Schofield "so ordered." *See* ECF Nos. 7 and 8. In light of Plaintiffs' intention to file an amended complaint, and in order to avoid the expense of preparing a response to the original complaint which will be rendered moot, Defendants respectfully request:

- Adjournment of Defendants' time to respond to the original complaint, and, in the event Plaintiffs elect not to file an amended complaint by December 26, 2019, a 60-day adjournment of Defendants' time to respond to the original complaint; and

- adjournment of the 14-day response deadline under Federal Rule of Civil Procedure 15(a)(3) to 60 days following service of any amended complaint, in order to provide Defendants sufficient time to respond to the anticipated expanded allegations and additional parties, and account for the intervening holidays and existing defense counsel deadlines.

The Honorable Debra Freeman
December 19, 2019
Page 2

      Defendants previously made this request in a letter to Judge Schofield dated December 13, 2019. *See* ECF No. 13.[1] The Court did not rule on the request before referring the case to Your Honor for general pretrial purposes. *See* ECF No. 20. Plaintiffs do not consent to these requests. Ms. Kumaran said she did not consent because it would delay the case and increase cost and time,[2] although she did not explain why or how that would be the case.

      By way of brief response to Plaintiffs' letter dated December 12, 2019, **Defendants have not, in any way, engaged in bad faith or attempted to delay the case**.[3] As explained, I previously requested the same adjournment of time to respond to the complaint in my letter to the Court dated December 13, 2019. *See* ECF No. 16.[4] This is the same adjournment request that prior counsel discussed with Plaintiffs, and the reasons for the request were explained several times. When Plaintiff initially refused the request, prior counsel told her they would raise it at with the Court at the Initial Conference. Additionally, the proposed case management order and joint letter that I discussed with Plaintiff on December 12 (which was filed that day), was based on the same version that prior counsel sent to Plaintiff on December 6, 2019. <u>In sum, there has not been any delay or additional time or expense due to Defendants' transition to new counsel.</u>

      To the extent Plaintiffs seek adjournment of their time to file the amended complaint, Defendants consent to that. I informed Plaintiff of that before she filed her December 12 letter to the Court.

      Finally, I respectfully refer the Court to my letter of December 13, 2019 (*see* ECF No. 16), explaining that Defendants' prior counsel unequivocally accepted service of the complaint by email, and there was no valid reason for Plaintiffs to use a process server to serve additional copies on Defendants at their offices. There is no basis for Defendants to reimburse Plaintiffs for undertaking this unnecessary expense. Further, contrary to Plaintiffs' allegations, Defendants' prior counsel never "refused" to sign the waiver of service form. Rather, counsel wrote to Plaintiffs they could complete the form, but believed it was unnecessary in light of Plaintiff's letter to the Court that she would be filing an amended complaint by December 26, at which

---

[1] Defendants also included this request in the joint proposed case management plan and joint letter to the Court which were submitted on December 12, 2019. *See* ECF Nos. 14 and 15.

[2] Later, Ms. Kumaran said she would consent only to a 30-day adjournment of Defendants' time to respond to the amended complaint.

[3] Plaintiffs' letter contains numerous inaccurate statements. In the interest of efficiency, we do not address all of them here and we are available to respond further at the initial conference or at the Court's convenience.

[4] Prior to filing the initial letter request to the Court, I discussed the proposed adjournment with Plaintiff, who refused to agree.

The Honorable Debra Freeman
December 19, 2019
Page 3

point the amended complaint would supersede the original complaint.  Defendants did not waive any right to an adjournment.

  Thank you for the Court's consideration.

                Respectfully submitted,

                Ellen Tobin

cc: Samantha Siva Kumaran (via ECF and first class mail)