Letter to Judge Debra C. Freeman
December 20th, 2019
Page 1

December 20th, 2019

**VIA ECF**
Honorable Debra C. Freeman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran vs. Northland Energy Trading et al  1:19-Cv-08345* (LGS-DCF)

Dear Judge Freeman:

**Plaintiffs Object to a 60 day extension:**

Plaintiffs respond to Defendants' letter motion for a one-sided 60 day extension in their motion dated 12/19/2019 as the extension is excessive and unnecessary. A more reasonable 30 day adjournment for both parties was proposed, with Plaintiff's filing their Amended Complaint **on January 10th 2019** and a 30 day extension to Defendants responding on **February 9th 2019**.

Plaintiffs object to new counsels' request for adjournment for a 60 day extension to respond, for the reasons set forth in Dkt 17 and resubmitted herein. Defendants have had a copy of the complaint since September 13th, 2019 (*See Dkt 7)* and acted in bad faith to wait until the day before a filing deadline December 11th, 2019 to hire new counsel, without notification, leaving Plaintiff up in the air. Defendants have had sufficient time to retain counsel, have been fully up-to-speed on this matter, have had ample time to prepare their defenses and draft a response to this Complaint. Defendants instead knew this Court had set a Pre-Conference Filings for December 12th, 2019 and December 19th 2019, and were dilatory to wait till the end to switch counsel, knowing and fully intending they could buy more time. These actions created costs, expense, and are intended to unfair delays to the proceedings.

Further Bracewell, Defendant's former counsel, mispresented to Plaintiffs they were to be counsel of record right up to the last minute, and had unequivocally stated they were attending the conference. Plaintiffs incurred time, cost and burden negotiating drafts, and in meet and confers, that now have to be re-done. Defendants' actions were to mislead Plaintiffs, and time new counsel's appearance specifically for the night before, so as intentionally seek procedural benefit to them with large adjournments. New counsel in fact requested adjourning both the December 12th status letter and December 19th pre-conference dates. Plaintiffs therefore incurred time, expenses and cost negotiating drafts, scheduling with Bracewell which were fruitless use of its time and resources, and working late into the night on December 12th, to accommodate new counsel's appearance. Defendants should not reap the benefit of their disorganized and dilatory conduct, which can only have the effect of buying more time. The Complaint alleges the Defendants continue to be unjustly enriched and impede Plaintiffs' businesses, breach confidentiality provisions of an NDA, and also profit from the illicit use of Plaintiff's property without compensation.


Letter to Judge Debra C. Freeman
December 20th, 2019
Page 2

**Plaintiffs Service was Proper and Necessary:**

Plaintiffs seek their costs reimbursed under Rule 4. On December 3rd 2019 Plaintiffs sent to Bracewell the Waiver of Service under Rule 4 and specifically requested if they wished to have 60 days to respond.(*See* Dkt 17 Exh G) In email response on December 3rd, 2019 Bracewell expressly replied, that they did not believe a Waiver of Service was necessary and did not need the 60 day allocation of time to respond. Bracewell therefore expressly did not execute a Waiver of Service Under Rule 4.

Plaintiff may request a waiver of service from Defendant. Absent a waiver, however, <u>Plaintiff must properly serve her Summons and Complaint upon Defendant</u>, Jordan v. Forfeiture Support Associates, 928 F.Supp.2d 588, 595 (E.D.N.Y.,2013) (*See* Waiver of Service, *Defendants who fail to return signed waiver, will be required to pay the expense of service*).

Given Bracewell mispresented their appearance, there was no reason to rely on the emailed acceptance of service as valid, as they were never retained to appear. Since Plaintiffs were led to believe they could default, Plaintiffs' incurred additional costs, expenses and time, retain a New Hampshire Process Server for which <u>expenses should be reimbursed timely</u>. Further, Bracewell acted in bad faith not to communicate status timely with Plaintiffs, and provide notice of a transition or change of counsel, especially when they were aware of the time sensitivity of the upcoming Preliminary Conference and filings due on December 12th. Plaintiffs had no recourse but to re-serve, to protect its interests as it was also unclear if Defendants may default on appearance. As such Plaintiffs seek its expenses reimbursed (*See* Dkt.13, Exh D,E,F $208.35), as Defendants conduct not to communicate was bad faith, and they refused to execute the Waiver of Service in accordance with Rule 4, and failed to Meet and Confer as required by Court rules. The requirements to prepare a Joint Stmt. and Case Management Plan require a good faith meet and confer.

**Defendants Conduct was Bad Faith:**

Contrary to new Counsel's letter, service was made only after Defendant's prior counsel, Bracewell acted in bad faith to not respond to six (6) email communications on December 9th, 10th and 11th, with time sensitive filing deadlines (*See* Dkt 17 <u>Exh H, I, J, K, L, M)</u> showing failure of Bracewell to respond). Since it appeared likely they may not even show up, Plaintiffs contacted the *Pro Se* Intake Office. As Defendants had intentionally elected to not sign the Waiver of Service, had not appeared and no other law firm had contacted me, in order to protect my rights it was prudent to re-effectuate service. This was in large part due to the bad faith lack of communication from either law firm to notify and update me on status, leave matters up in the air and not afford a courtesy to advise of a transition to new counsel. Because Bracewell had failed to sign the Waiver of Service, had failed to Meet and Confer in "good faith" which are part of the Court rules, had failed to make scheduled deadlines *and* had misrepresented they were making an appearance reservice was proper and necessary. Plaintiffs also note the new law firm made no good faith effort to contact me in advance, to notify me of the upcoming change, which could have avoided such actions.

**Bracewell Failed to Sign Waiver of Service Under Rule 4:**

Under FCRP Rule 4, Defendants expressly turned down the Rule 4 allowance of a 60 day extension on December 3rd 2019 (*See* Dkt 17, Exhibit G) and therefore waived their rights to a 60 day adjournment.


  Defendants seek to have it both ways. First, through their former counsel Bracewell, they refused to sign a Waiver of Service and waived their rights to 60 days to respond which Plaintiffs' offered them. Then, by waiting to the last minute to inject new counsel, intentionally timed for December 11th to maximize the effect of creating extensions, when they have had over 90 days to finalize counsel, they now wish to (a) not pay for the costs of Proper Service under Rule 4 for their failure to sign a Waiver of Service, and (b) obtain the benefit of a 60 day adjournment for their own laxity of not retaining counsel timely, to create procedural delays to slow down Plaintiffs rights to renumeration. The Rules are clear. Since Bracewell unequivocally waived their right to a 60 day extension, then Rule 4 is clear that both (a) Defendants are obligated to pay for proper service and (b) must respond within the allocated time of 14 days. Defendants wish to have the best of both worlds. While Plaintiffs agreed to adhere to deadlines over Christmas, Defendants wish to enjoy 60 days extensions to enjoy their winter vacations and benefit from their delays, while Plaintiffs work.

  The Defendants failed to execute a Waiver of Service, and their motion seeks to create procedural benefit to Defendants. Further Defendants are being unjustly enriched and profiting and seek to delay this action to restitute Plaintiffs, and Plaintiffs being harmed. Plaintiffs have also incurred additional costs, time and burden in this case from Defendant's tardiness to change counsel on the eve before a filing is due, having had to work late into the night and also, having to re-perform discussion and meet and confer on draft and pending motions. These meet and confer efforts will need to be re-scheduled.

  **Plaintiffs Offer of Extensions:**

  In light of the holidays and the addition of new counsel, Plaintiffs propose as follows. A 30 day adjournment for <u>both parties</u>, for new counsel to get-up-to-speed on the proceeding, which will allow Plaintiffs until **January 10th 2019** to file its amended complaint, and allow Westerman about 30 days since December 11th, 2019 to familiarize itself with the history. Plaintiffs also propose 30 days since the date of receipt of the Amended Complaint for Defendants to respond which would be **February 9th 2019**. Plaintiffs believe this rescheduling is fairer, more balanced and reasonable adjustment to new counsel. Plaintiffs are willing to be reasonable in a manner that one side does not gain additional benefit of time over the other. Plaintiffs would like to enjoy the holidays too.

  In the alternative, should this Honorable Court keep the original deadlines of **December 26th, 2019**, (which Plaintiffs are willing to meet) and given that Defendants failed to sign a Waiver of Service under Rule 4, have increased cost and inconvenience to Plaintiffs, and have waived their 60 day response, they should be obligated to meet deadlines, respond to the Amended Complaint within 14 days **January 9th 2019** as required under FRCP Rule 15 and certainly not later than 21 days which is **January 16th, 2019**. Plaintiffs have complied with all court deadlines and rules and schedules thus far. Even under this timing, since Westerman was retained on December 11th, 2019, this would still be thirty (30) days since they were retained.

Thank you for your consideration,

Respectfully submitted,

//SSK//  Samantha S. Kumaran.
(cc. Ellen Tobin via email)