The A Star Group, Inc                                                                                              Page 1 of 3
Non-Disclosure Agreement

# ASTAR/TIMETRICS NONDISCLOSURE AGREEMENT

This Non-Disclosure Agreement ("Agreement") is entered into as of March 21 2011 ("Effective Date"), by and between The A Star Group, Inc. d/b/a Timetrics and Chief Executive Office Samantha S. Kumaran, collectively referred to hereunder as ("Timetrics") with executive offices at 154 Reade Street, New York, NY. 10013 and **Hedge Solutions, Inc. and Northland Energy Trading Inc** and its principal **Mark Stillman** collectively referred to hereunder as ("Recipient") with executive offices at with offices at 500 N. Commercial Street, Suite 302A, Manchester, NH, 03101.

**WHEREAS** Timetrics is in the business, under the consulting name of AStarGroup, of risk management advisory and consulting services related to the implementation of firm-wide earnings at risk (EaR), Financial Decision Support for Trading Floors, Energy Consulting and Risk Mitigation, and Enterprise Wide Risk Management (EWRM) and is also in the business, under the software name Timetrics, of providing client specific customized, comprehensive risk management solutions and analysis in the form of software, design services and methodologies to compute Earnings at Risk and Energy Risk;

**WHEREAS** As of the Effective Date of this Agreement, the Recipient has been and expects to engage in discussions and the exchange of information and documentation relating to mutual business opportunities to the expansion of Hedge Solutions/Northland Energy Trading with Timetrics Services, Products and Software as well as potential mutually-beneficial joint business opportunities (the "Purpose").

**NOW THEREFORE IN CONSIDERATION OF** the promises and covenants contained in this Agreement and other good and valuable considerations, the receipt and sufficiency of which is hereby acknowledged, as an express condition to such disclosure, Recipient agrees as follows:

**1 Non-Disclosure and Limited Use.** Recipient shall hold all Confidential Information in strict confidence and shall not disclose any Confidential Information to third parties, unless previously authorized to in writing by Timetrics. Recipient shall disclose Confidential Information only to employees who need to know such information for the Purpose set forth above and who are bound by confidentiality terms substantially similar to those in this Agreement and/or have signed agreements that obligate them to refrain from disclosing that Confidential Information as required under this Nondisclosure Agreement. Recipient shall assume liability for any use or disclosure of Confidential Information by its employees, servants, agents or any other party that obtains access to such Confidential Information by or through Recipient.   Recipient agree to take all steps reasonably necessary to protect the secrecy of the Confidential Information, and to prevent the unauthorized use, disclosure, publication, or dissemination of Confidential Information. Recipient shall disclose Confidential Information to third parties only with Timetrics written consent and to those who or have signed Nondisclosure Agreements with Timetrics that obligate them to refrain from disclosing that Confidential Information as provided for herein.

**2. Confidential Information**: Recipient understands that its discussions with Timetrics will involve access to and creation of confidential, proprietary and trade secret information and materials of Timetrics (or its clients, affiliates, licensors, suppliers, or business associates) collectively "Confidential Information".

**"Confidential Information"** in this Agreement means all Information (in written, electronic or other form) provided by Timetrics to Recipient hereunder.  It shall also include without limitation all information and any idea in whatever form, tangible or intangible, oral, written, graphic, machine recognizable, and/or sample form, whether disclosed to or learned by Recipient pertaining in any manner to the business of Timetrics or to Timetrics' clients, affiliates, licensors, suppliers or business associates.

Confidential Information includes, without limitation, any (a) information, ideas or materials of a technical or creative nature, including but not limited to research and development results, designs and specifications, software plans, computer source and object code, patent applications, plans for future development and new product concepts, trade secrets, and other materials and concepts relating to Timetrics' products, software, services, processes, technology or other intellectual property rights;  (b) information, ideas or materials of a business nature, including but not limited to consulting plans, non-public financial information, information regarding profits, costs, pricing, revenues, marketing, proposals, purchasing, sales, customers, suppliers, contract terms, employees and salaries;  product development plans, business and financial plans and forecasts; and marketing and sales plans and forecasts;  (c) all personal property, including, without limitation, all books, emails, correspondence, manuals, records, reports, notes, contracts, lists, blueprints and other documents or materials, or copies thereof, received by Recipient in the course of the Purpose, including, without limitation, literature and any other materials pertaining to any work performed by Recipient; (d) the terms and conditions of any Business Agreement(s), including all Statements of Work;  (e) information, ideas or materials related to the Timetrics Software, and its licensing agreements, and the Timetrics Software as defined below and;  (f) all general risk advisory and energy risk management methods, algorithms, processes, tools, software, mathematics and techniques (which are considered trade secrets of Timetrics) used for the valuation and mitigation of risks.  The following exceptions to Confidential Information shall apply:- (i) the information is or becomes publicly known through lawful means; (ii) the information was rightfully in Recipient's possession or part of Recipient's general knowledge prior to any discussions with Timetrics; or (iii) the information is disclosed to Recipient without confidential or proprietary restriction by a third party who rightfully possesses the information (without confidential or proprietary restriction) and did not learn of it, directly or indirectly, from Recipient.

**2b. "Timetrics Software"** shall mean all models, analytical tools, methods, software, methodologies, reports and documentation marketed, developed or in-development by Timetrics including but not limited to the software's functional attributes, capabilities, visual expressions, features, design, user-interfaces, reporting outputs, descriptions, formulae, mathematics, techniques, analytical processes and methods, intellectual property, knowledge, application of software, GUI, reports formats, and output of software collectively called ("Timetrics Software"). Timetrics Software shall be considered without exception Confidential and Proprietary Information of Timetrics. Recipient acknowledges and agrees that Timetrics Software constitutes trade secrets and/or copyrighted material and Confidential and/or Proprietary Information of Timetrics and its suppliers, licensors or subcontractors. Recipient further acknowledges and agrees that the Timetrics Software is the competitive intellectual property of Timetrics and is the crux of commercial value and sale price of Timetrics business models and services. The items defined in Timetrics Software above shall also be considered proprietary to Timetrics. ("Software Proprietary Items").

Signed _____                                                                                              Date 3-22-11

The A Star Group, Inc  
Non-Disclosure Agreement

Page 2 of 3

**3. Ownership:** Timetrics and its licensors, suppliers, and subcontractors own and retain, all the sole and exclusive worldwide right, title, and interest in and to the following (i) all Confidential Information and/or Timetrics Software, the reports, and all other software, hardware, technology, documentation, and information provided or used by Timetrics; and (ii) all worldwide patents, copyrights, trademarks, and all other intellectual property rights as may exist now and/or hereafter come into existence and all renewals and extensions thereof, in and to the property described herein above, throughout the world. The foregoing ownership rights of Timetrics shall extend without exception to all derivatives and to all enhancements, upgrades, modifications and revisions made to the Timetrics Software, whether made during the course of or after this Non Disclosure Agreement, and to any copies of such thereof, whether in whole and in part. Timetrics may use such Confidential Information for any purpose without obligation to Recipient. Nothing contained herein shall be construed as granting or implying any transfer of rights to Recipient in the Confidential Information. Recipient understands and agrees that the Confidential Information is the property of Timetrics and is highly confidential. Recipient acknowledges and agrees that all Confidential Information whether or not acquired or created by Recipient during the Purpose, shall be the exclusive property of Timetrics, and hereby irrevocably assigns to Timetrics in perpetuity all rights of all kind and character in or arising out of any Confidential Information created or acquired during the Purpose by Recipient, to the extent where Timetrics does not already own such rights.

**3.b No Reverse Engineering:** Recipient shall not use any Confidential Information for its own benefit or for any purpose except for the Purpose set forth above. Recipient agrees that, its access to use of Confidential Information and Timetrics Software shall be subject to the following restrictions and that it shall not directly or indirectly (and will not direct or cause any third party to) (i) reverse engineer, decompile or disassemble any Confidential Information or Timetrics Software (ii) use Timetrics Software as a basis of design to develop duplicate or similar models or software or reporting layouts using the same architecture or design without Timetrics' prior written consent; (iii) use or adapt any part of the Timetrics Softare to create alternative or abridged versions of Timetrics services or the Timetrics Software that would be considered Derivative Works of the Software; (iv) refer to, obtain guidance from or otherwise use any of the Timetrics Software as part of an effort to develop a program (or have a third party develop a program) having any functional attributes, reports formats, visual expressions, analytic components or other features similar to those of the Timetrics Software.

The provisions of this paragraph shall survive the expiration of this Agreement.

**4. Continuing Obligation and Return of Materials:** The covenants pertaining to nondisclosure shall survive the duration of the Purpose identified under this Agreement and remain in full force indefinitely, unless Timetrics specifically and in writing agrees to release all or part of Confidential Information from the nondisclosure restrictions imposed herein. Upon conclusion or termination of the Purpose or at any time at Timetrics' request (i) Recipient shall return immediately to Timetrics all materials (in written, electronic or other form) containing or constituting Confidential Information, including any copies and (ii) Recipient shall not use Confidential Information in any way for any purpose.

**5. Injunctive Relief:** Recipient acknowledges that its violation of this Agreement and the unauthorized use, transfer or disclosure of Confidential Information or Timetrics Software, or copies thereof will (i) substantially diminish the value to Timetrics of the trade secrets and other proprietary interests that are the subject of its core business; (ii) render Timetrics's remedy at law for such unauthorized use, disclosure or transfer inadequate; and (iii) cause irreparable harm and significant injury in a short period of time which may be extremely difficult to ascertain, thus, making any remedy at law or in damages inadequate. Therefore, Recipient agrees that Timetrics shall have the right to apply to any court of competent jurisdiction for an order restraining any breach or threatened breach of this Agreement and for any other relief Timetrics deems appropriate. Recipient, shall be obligated to immediately return all Confidential Information and promptly return all such materials to Timetrics.

If Recipient breaches any of its obligations under this Agreement, or with respect to its the use or confidentiality of the Confidential Information (or in the event of an alleged or threatened breach), Timetrics shall be entitled to equitable relief (without posting bond as a condition of such relief) to protect its interests therein, including, but not limited to, preliminary and permanent injunctive relief as well as seeking all other remedies available under equity and law. Recipient acknowledges and agrees that if there is any breach of its confidentiality obligations, it shall be liable to Timetrics for any and all damages provided under equity or law including but not limited to all special, indirect, consequential or other damages and recovery of its reasonable legal fees associated with such breach. Such rights or remedies shall be cumulative and in addition to any other rights or remedies to which Timetrics may be entitled in law or equity. Notwithstanding the provisions above, Timetrics shall be authorized and entitled to seek from any court of competent jurisdiction (i) a temporary restraining order, (ii) preliminary and permanent injunctive relief; and (iii) an equitable accounting for all profits or benefits arising out of such breach (iv) recovery of any of its legal fees and court costs. The provisions of this paragraph shall survive the expiration of this Agreement.

**6. Event of Breach:** In the event Recipient knows or should reasonably know that an employee or an unauthorized third party has (i) gained unauthorized access to the Confidential Information (ii) has attempted to misuse or misappropriate the Confidential Information (iii) is attempting to copy, reverse assemble, reverse compile or otherwise reverse engineer or violate the restrictions of use in this Agreement, Recipient shall immediately notify Timetrics in writing of the full particulars of such access or disclosure, and take all reasonably requested steps requested by Timetrics to remedy the breach, and where necessary assist Timetrics (without interference in any of Timetrics' remedial rights) in the enforcement of the confidentiality provisions herein. If at any time during the Purpose contemplated by this Agreement (or at any time subsequent to the completion of the Purpose as laid out above), Recipient is in breach (or alleged breach) of the confidentiality provisions hereunder, Recipient shall immediately upon Timetrics' request, (i) return to Timetrics all materials (in written, electronic or other form) containing or constituting Confidential Information, including any copies thereof and (ii) Recipient shall be prohibited to use Confidential Information in any way for any purpose. **6b. Vicarious Liability:** The Recipient shall be liable for any use or disclosure of Confidential Information by its representatives (which shall include without limitation employees and contractors) which is not in compliance with obligations imposed upon the Recipient pursuant to the Contract.

**7. Choice of Law:** This Agreement shall be subject to and governed by the laws of the State of New York, and applicable Federal laws without giving effect to its conflict of law rules. The parties intend that this Agreement shall be enforced to the greatest extent in time, area and degree of participation as is permitted by law. Recipient hereby attorns to the exclusive jurisdiction of the State of New York, City of New York in the Borough of Manhattan and hereby waives any jurisdiction, venue and/or inconvenient forum objections to any

Signed _____   Date 3-22-4

The A Star Group, Inc  
Non-Disclosure Agreement

Page 3 of 3

state or federal court sitting in the State of New York, City of New York, Borough of Manhattan, and Recipient agrees to submit to the jurisdiction of said courts for all purposes.

**8. Forced Disclosure:** If Recipient is ordered by a court or another governmental body of competent jurisdiction to disclose Timetrics' Confidential Information ("Forced Disclosure"), then Recipient shall first refuse to provide such information, as the rights in and to such Confidential Information are not owned by the Recipient and shall then promptly, at its sole cost and expense obtain a protective order or Confidential Sealing order around such a process to prohibit public dissemination of the Timetrics' Confidential Information. Conditional upon the foregoing, Recipient shall be permitted to disclose the portion of Confidential Information if ordered or required under law, provided Recipient complies with the following additional requirements: (i) Recipient shall promptly notify Timetrics of the order or request by the most expeditious possible means, (and where reasonably possible, at least ten (10) business days before such disclosure) and forward to Timetrics exact copies of the questions and requests for information being asked; (ii) shall consult with Timetrics with respect to taking steps to resist or narrow the scope of such request or legal process and; (iii) Recipient shall join or agree (or at a minimum shall not oppose) any further motions or similar request by Timetrics for an order protecting the confidentiality of the Confidential Information, including joining or agreeing to (or not opposing to) a motion for leave to intervene by Timetrics; (iv) Recipient shall at its own cost, identify and mark any Confidential Information disclosed as Trade Secrets, Proprietary and Confidential of Timetrics and pursue all available means of maintaining the Confidentiality of this material as governed by law; and (v) Recipient shall not interfere or prohibit Timetrics from seeking a protective order (and/or temporary restraining order) regarding the disclosure of Confidential Information and other relief in any disclosure of its Confidential Information as outlined in the Confidentiality provisions included herein or as permitted by law.

In any case, Recipient will (a) disclose only that portion of the Confidential Information which Recipient's legal counsel advises is required to be disclosed, (b) use its reasonable efforts to ensure that such Confidential Information is treated confidentially, and use all reasonable efforts to require the receiving party sign a Non-Disclosure Agreement directly with Timetrics (with copies of NDA's being supplied promptly from Recipient) and (c) notify Timetrics promptly of the items of Confidential Information to be disclosed, and (d) comply with all other disclosure restrictions within this Agreement. Further Recipient shall assume liability for any unauthorized disclosure or misuse of any Confidential Information disclosed under this paragraph 8, which is not in compliance with the provisions hereunder.

**9. Arbitration:** Notwithstanding the foregoing and without limitation to Timetrics rights under Paragraph 5-7, if Recipient breaches this agreement (or is in alleged breach of this Agreement) Timetrics may at its sole discretion and option, initiate a process of arbitration and Recipient agrees also to be bound by a such a process of arbitration, once initiated by Timetrics. Without limiting its rights hereunder, any dispute initiated by Timetrics to be resolved by arbitration, shall be settled by arbitration in accordance with the rules of the CPR Rules for Non-Administered Arbitration. Notwithstanding the foregoing, for the purpose of Arbitrator selection, the parties agree to Administered-Arbitration and to a time limit of thirty (30) days for the selection of the arbitrator. Any such arbitration proceeding shall take place in the city and state of New York. The arbitrator shall undertake reasonable steps to minimize the cost of the arbitration to the parties. Arbitration proceedings shall be conducted in confidence. The arbitrator shall have experience in the software industry. The Arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16, Any decision made by the Arbitrator shall be binding upon the parties to such arbitration and judgment upon the award rendered by the Arbitrator may be entered in any court having jurisdiction thereof. Recipient agrees in advance, that either party may elect to be represented by its business representatives (which may include any appointed non-employee mediator, as well as its officers, directors or owners) or appear Pro Se and neither party shall be obligated to retain counsel in such arbitration. If Recipient is found to have breached this agreement, Timetrics shall be entitled to recovery of all its court costs, attorneys fees and arbitration costs should any judgment or settlement, be substantially in favor of Timetrics. Notwithstanding the foregoing if there is a breach (or threatened breach) of Confidential Information, nothing shall prevent Timetrics from seeking the necessary protective orders, and/or other injunctive relief needed to prevent irreparable harm being done to Timetrics. The parties intend that this Agreement shall be enforced to the greatest extent in time, area and degree of participation, as is permitted by law.

**10. General:** This Agreement shall be binding upon and for the benefit of Recipient and Timetrics, and their successors and assigns. Failure to enforce any provision of this Agreement shall not constitute a waiver of any term hereof. This Agreement supersedes and replaces any existing agreement entered into by Recipient and Timetrics relating generally to the same subject matter, and may be modified only in writing signed by both parties. This Agreement contains the entire agreement between the parties with respect to the subject matter hereof. Any understanding between the parties beyond the Purpose of this Agreement shall be set forth in a separate written agreement containing appropriate terms and conditions. The parties agree that a facsimile or electronically scanned copy of this Agreement shall be legal and binding. Recipient may fax a signed copy to 209-755-5834.

Recipient  
By _[signature]_  
(signature)  
Name: MARK STILLMAN  
(print)  
Title: Chief Operating Officer  
Phone: 603-318 7770  

Email: _____  

Date: 3-22-11  
Signed _[signature]_

The A Star Group, Inc d/b/a Timetrics  
By _[signature]_  
(signature)  
Name: Samantha Siva Kumaran  
(print)  
Title: CEO  
Phone: 212-431-5098  

Email: samantha@timetricsrisk.com  

Date: 3 / 22 / 2011  
Date _____