**WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP**

Ellen Tobin
Extension 343
etobin@westermanllp.com

March 2, 2020

**By ECF**
Honorable Mary Kay Vyskocil
United States District Court, S.D.N.Y.
500 Pearl Street, New York, NY 10007

Re:  *Kumaran, et al. v. Northland Energy Trading, LLC*, 19 Civ. 08345

Dear Judge Vyskocil:

We represent defendants Northland Energy Trading, LLC ("Northland"), Hedge Solutions, Inc. ("Hedge"), Richard Larkin ("Larkin"), Daniel Lothrop ("Lothrop") and Domenic Bramante ("Bramante") (collectively, "Defendants") in the above-referenced action. We respectfully submit this pre-motion letter in accordance with Rule 4(A)(i) of Your Honor's Individual Rules.

## Background

Between 2011 and 2015, plaintiff The A Star Group, Inc. d/b/a Timetrics ("Timetrics")[1] provided services to Northland and Hedge pursuant to a series of written agreements, including a Nondisclosure Agreement ("NDA"), End-User License Agreement ("EULA") and five engagement letters. Timetrics promised to provide unique "risk management strategies" to Northland and Hedge to improve their derivative-trading performance and generate millions of dollars of additional revenue. In reality, Timetrics spent several years "developing" and "testing" its programs. When Timetrics finally implemented its programs, it caused Northland to incur exorbitant losses of *nearly one million dollars*.

In approximately March 2015, Northland and Hedge terminated the agreements with Timetrics (as they were entitled to do). In May 2015, Timetrics sued Northland and Hedge claiming it was owed money under the parties' agreements. Northland and Hedge responded with extensive counterclaims. Eventually, the parties resolved the dispute pursuant to a *Mutual Release and Settlement Agreement* dated May 9, 2016 (the "Settlement Agreement"). The parties agreed to broad, mutual releases that included all claims connected, directly or indirectly, with all allegations and claims, express or implied, that the Parties *asserted or could have asserted* in the lawsuit.

In July 2016, Kumaran asked Larkin to meet in person so they could "clear the air." When they met, Kumaran proposed that Timetrics resume trading for Northland and Hedge – initially *gratis* – so she could demonstrate that Timetrics' program worked. At a subsequent meeting, Kumaran solicited Larkin to invest $30,000 in a hedge fund she was forming, *in exchange for which* Timetrics would instruct Northland and Hedge on a to-be-agreed-upon volume of trades.

---

[1] Plaintiff Samantha Kumaran is the owner and CEO of Timetrics. Defendant Larkin is a member and manager of Northland and President of Hedge. Lothrop and Bramante are employees. All allegations against them are solely in their corporate capacity. The agreements listed above are between Timetrics, Northland and Hedge only.

Hon. Mary Kay Vyskocil
Page 2

Between July and December 2016, Kumaran and Larkin engaged in extensive negotiations and Larkin invested $29,500 in the fledgling hedge fund. Kumaran never provided the promised trades and never confirmed Larkin's interest in the hedge fund. <u>Despite numerous demands, *Kumaran still refuses to account for or return Larkin's money.*</u>

Plaintiffs commenced this action on September 6, 2019, and served the complaint on December 4, 2019. On December 26, 2019, Plaintiffs filed the amended complaint, adding two defendants (Lothrop and Bramante) and several new claims. The 69-page, 320-paragraph complaint has 2 main contentions: (1) Defendants breached the 2016 Settlement Agreement by supposedly retaining "Timetrics Software" and using, duplicating or reverse engineering it, and (2) Defendants breached a subsequent "agreement in principle" by refusing to pay Timetrics for trading services supposedly provided.[2]

<u>Defendants *never* saw or had access to the "Timetrics Software" or its components, including underlying programs or algorithms</u>. In short, Defendants never had data they could have used, copied or reverse engineered. Plaintiffs merely placed trades for Northland and Hedge or directed their trader which trades to make. Plaintiffs never told Defendants how or on what basis they made the trading decisions.

### The Amended Complaint Should Be Dismissed For Failure To State A Claim

The Amended Complaint is deficient in several respects, including:

- All allegations prior to May 9, 2016 are barred by the Settlement Agreement. That includes paragraphs 67 through 111 (among others) and all causes of action to the extent they are based on events that took place prior to May 9, 2016.

- All claims against Larkin, Lothrop and Bramante relate to conduct on behalf of Northland and Hedge, for which they cannot be sued individually. <u>There are *no* allegations about Lothrop and Bramante after May 2016. Indeed, Plaintiffs allege (numerous times) that, after the Settlement Agreement, Larkin *hid* the subsequent transactions, including the "agreement in principle," from Lothrop and Bramante</u>. *See, e.g.*, Am. Compl. ¶¶ 156, 158, 163, 165, 169, 180, 185.

- Timetrics, a New York company, is improperly proceeding *pro se*, despite at least two warnings from the Court.[3]

Likewise, all of the causes of action against Northland and Hedge are deficient and should be dismissed for the following reasons (among others):

---

[2] The amended complaint should be dismissed pursuant to Rule 8. The allegations are unduly repetitive, with the exact same statements appearing multiple times. Further, the complaint improperly "lumps" defendants together and largely fails to distinguish between them, including failing to distinguish between the conduct of the entities and the respective individuals. *See, e.g., Medina v. Bauer*, 02-cv-8837, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004).

[3] Plaintiffs allege that, pursuant to an "IP Assignment Agreement," Kumaran is the owner of Timetrics' intellectual property and the "right to enforce prior agreements." Am. Compl. ¶¶ 59-66. However, Plaintiffs never provided that agreement and, in any event, it is unlikely that it somehow permits Timetrics to appear *pro se*.

- Breach of the Settlement Agreement (No. 1) is insufficiently pleaded. The allegations against Northland and Hedge are vague and conclusory. There is no detail as to how they supposedly misappropriated the Timetrics Software. Plaintiffs do not allege recoverable damages.

- Fraudulent inducement and fraud regarding the Settlement Agreement (Nos. 2, 3), are not pleaded with the specificity required by Rule 9(b). They concern the same conduct as and are duplicative of No 1. The alleged misrepresentations were statements regarding intent to perform under the Settlement Agreement, which is not actionable as a separate fraud claim.

- Misappropriation of trade secrets under the DTSA and New York law (Nos. 4, 5) are barred by the Settlement Agreement and the statute of limitations. To the extent the claims pertain to conduct after May 2016, the allegations are vague and conclusory. Plaintiffs do not adequately allege that the information qualifies as "trade secrets," or by what "improper means" (if any) it was acquired. The claims are duplicative of No. 1 (breach of the Settlement Agreement).

- Breach of the "agreement in principle" (No. 10) fails to plead the existence of an implied-in-fact contract, including the required elements of mutual assent, consideration and performance.

- Fraudulent inducement regarding the "agreement in principle," unjust enrichment, promissory estoppel, breach of covenant of good faith and misappropriation of skills and labor (Nos. 7, 8, 9, 11, 14) concern the same conduct as and are duplicative of the claim for breach of the "agreement in principle" (No. 10). Further, the fraudulent inducement claim (No. 11) is not pleaded with the specificity required by Rule 9(b) and the alleged statements pertain to future intent to perform, which is not actionable as a separate fraud claim.

- Breach of fiduciary duty (No. 15) alleges existence of a fiduciary duty based on Larkin's supposed membership in *Timetrics' affiliate*. That entity is not a party in this action and, in any event, a non-managing member does not owe fiduciary duties to another member. The claim is also based on the same conduct as and is duplicative of No. 10.

**Proposed Briefing Schedule**

The parties jointly propose the following briefing schedule: Defendants file motion to dismiss on March 13, 2020; Plaintiffs file opposition papers on May 13, 2020; and Defendants file reply papers on June 15, 2020.[4] Defendants also request a pre-motion conference with the Court to discuss the proposed motion and whether and to what extent the scope can be narrowed. We appreciate the Court's consideration of this matter.

Respectfully,

Ellen Tobin

---

[4] At the initial conference, Judge Freeman set March 6 as the date for Defendants to file their motion to dismiss. We respectfully request until March 13 due to the voluminous allegations and scope of the claims and personal and professional obligations that have arisen. Plaintiffs consent and the parties agreed on the proposed briefing schedule.