# NOTICE OF DISCIPLINARY ACTION

**#** NYMEX 15-0069-BC

**Effective Date** 09 June 2016

**NON-MEMBER:**

Richard Larkin

**NYMEX RULE VIOLATIONS: Rule 432. GENERAL OFFENSES**

It shall be an offense to:

**B.2** engage in conduct or proceedings inconsistent with just and equitable principles of trade.

**W.** for a Member to fail to diligently supervise its employees and agents in the conduct of their business relating to the Exchange;

**538. EXCHANGE FOR RELATED POSITIONS**

B. The opposing accounts to an EFRP transaction must be (a) independently controlled accounts with different beneficial ownership; (b) independently controlled accounts of separate legal entities with common beneficial ownership; or (c) independently controlled accounts of the same legal entity, provided that the account controllers operate in separate business units. For EFRP transactions between accounts with common beneficial ownership, the parties to the trade must be able to demonstrate the independent control of the accounts and that the transaction had economic substance for each party to the trade.

C. The related position component of an EFRP must be the cash commodity underlying the Exchange contract or a by-product, a related product or an OTC derivative instrument of such commodity that has a reasonable degree of price correlation to the commodity underlying the Exchange contract. The related position component of an EFRP may not be a futures contract or an option on a futures contract.

Each EFRP requires a bona fide transfer of ownership of the underlying asset between the parties or a bona fide, legally binding contract between the parties consistent with the relevant market conventions for the particular related position transactions.

The execution of an EFRP transaction may not be contingent upon the execution of another EFRP or related position transaction between the parties where the transactions result in the offset of the related position without the incurrence of market risk that is material in the context of the related position transactions.

**FINDINGS:**

Pursuant to an offer of settlement that Richard Larkin ("Larkin") presented at a hearing on June 7, 2016, in which Larkin neither admitted nor denied the rule violations upon which the penalty is based, a Panel of the NYMEX Business Conduct Committee ("BCC") found that it had jurisdiction over Larkin pursuant to Exchange Rules 402 and 418, and that on numerous occasions between April 27, 2010, and August 20, 2014, Larkin, received futures orders from a customer via Hedge Solutions, Inc. ("HSI"), which Larkin owns, which were then executed by Northland Energy Trading LLC ("NET"), an

affiliate of HSI, as EFRPs instead of in the open competitive market, as expected by the customer. Specifically, upon receiving the customer's order Larkin (or other NET employees) would establish a futures position for NET on the same side of the market as the customer order and then offset that position through an EFRP between NET and the customer, at a price that included a markup over the price of the original futures position.

The Panel also found that the EFRP transactions did not involve independently controlled accounts as Larkin employed power of attorney over the customer's account and owned and controlled NET's account, the last EFRP also did not involve the transfer of ownership of the cash commodity underlying the Exchange contract or a by-product, related product, or OTC instrument, between the NET account and the customer, which rendered the EFRP non-bona fide.

The Panel found that, as a result, Larkin violated NYMEX Rules 432.B.2; 432.W; 538.B. and 538.C.

**PENALTY:**

In accordance with the settlement offer, the Panel ordered Larkin to pay a fine to the Exchange in the amount of $145,000, to disgorge profits in the amount of $155,799.00, and to serve a 15 business day suspension. The suspension will run from June 20, 2016 through and including, July 11, 2016.