IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SAMANTHA SIVA KUMARAN, | ) | |
| *Plaintiff,* | ) | Case No: 1:19-CV-08345–LGS-DCF |
| | ) | Judge: Hon Mary Kay Vyskocil |
| -against | ) | Magistrate Judge: Debra C. Freeman |
| | ) | |
| | ) | |
| NORTHLAND ENERGY TRADING, LLC | ) | **MOTION FOR** |
| HEDGE SOLUTIONS, INC., | ) | **CONFIDENTIALITY** |
| RICHARD M. LARKIN | ) | **AGREEMENT AND** |
| DOMENIC BRAMANTE | ) | **PROTECTIVE** |
| DANIEL LOTHROP | ) | **ORDER** |
| *Defendants,* | ) | |

## MOTION FOR CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

WHEREASE, Pursuant to Federal Rule of Civil Procedure 5.2(e)(1) and Federal Rules of Civil Procedures 26.(c), Plaintiff respectfully request that this Court issue a narrowly tailored protective order to protect the confidentiality of nonpublic and competitively sensitive information that either Party may need to disclose in connection with the filings of the motions, pleadings, and application stages where trade secret and nonpublic and competitively sensitive information and in this action may be inadvertently or intentionally disclosed, and also in discovery, which would cause irreparable harm, damage or otherwise incumber either Party.

WHEREAS Pre-Trial Filings and Discovery in this action are likely to involve discussion or publication of highly confidential, non-public and trade secret information for which special protection from public disclosure and from use for any other Purpose other than documented herein;

WHERAS Under Federal Civil Rule 5.2 (e)(1) the court may, for good cause, issue a similar narrowly tailored order protect confidential and privileged materials and trade secrets, in motions, applications, pleadings, affidavits and exhibits that may be submitted in the pre-trial phase of this action ("Pre-Trial Pleadings");

WHEREAS Under Federal Civil Rule 26 (c) the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following… (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs

WHEREAS the parties were unable to reach an agreement or Meet and Confer on proposed language, and Defendants have already published confidential information without due process;

WHEREASE irreparable harm will be caused to Plaintiff if its competitive trade secrets, and other commercially sensitive confidential information (as defined in this Order) are published;

WHEREAS the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the filings and pre-trial phase of this action,

WHEREAS it is therefore HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action, their respective officers, representatives, agents, servants, employees, experts and consultants, attorneys, all third parties providing discovery in this action, any other person in active concert or participation with any of the foregoing, and all other interested persons with actual or constructive notice of this Order, shall adhere to the following terms, upon pain of contempt:

SO ORDERED.

Dated: _____

Signed: _____
New York, New York
Magistrate Judge Debra C. Freeman

United States District Magistrate Judge

Signed: _____
Honorable Judge Mary Kay Vykocil

## CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

1. Restrictions and Scope

(a) <u>Restrictions</u>: Any person subject to this Protective Order who receives from any other person any "Pre-Trial Pleadings and Discovery Material" (i.e., which shall include but not limited to all information of any kind provided in the course of discovery in this action or in any pre-trial motions, pleadings, letters, affidavits, exhibits and other documents filed in this action) that is designated as "Confidential" or "Protected Materials" pursuant to the terms of this Protective Order shall not disclose such Confidential or Protected Materials Pre-Trial Pleadings and Discovery Material to anyone else except as expressly permitted hereunder. Each person who has access to Protected Materials, pursuant to this Protective Order shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

(b) <u>Works Covered</u>: The protections conferred by this Protective Order cover not only Protected Materials but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, abstracts, descriptions, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

(c) <u>Exclusions</u>: However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party

2. Confidential and Protected Material:

The Party or person producing or disclosing Pre-Trial and Discovery Material (each, "Producing Party") may designate as Confidential and Protected Materials only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual;

(e) any other category of information hereinafter given confidential status by the Court, after the date of this Order;

2.(B) Specific Information Designated as Protected

Specifically and without limitation, the following items shall be designated as trade secrets and highly confidential.

*CATEGORY A – Trade Secrets*

(i) trade secrets as defined and agreed to any in any contractual agreement; and any descriptions of the software and trading strategies which the parties have agreed in the EULA or Timetrics NDA as trade secret and highly confidential.

(ii) all software output, reports, graphical outputs, visual displays, source code, graphs, reports, output, methodologies, approaches, formulae, methods, risk analysis, processes, features, functionality, designs, descriptions of the Parties hedging and trading strategies, models, spreadsheets and software (including those contained in emails and IM discussion) of all Parties, regardless of who's possession they are in or who created it;

(iii) all trades and trading statements or any documents that disclose actual trading or hedging positions (including volumes, strikes, prices, types of instruments) in the respective trading accounts from the FCM's;

(iv) the non-public names of vendors, suppliers or customers of the Parties including but not limited to brokers, FCM's, heating oil customers, and clients;

(v) any other items defined as confidential and trade secrets, as the Parties agreed in executed agreements that would be protected from public disclosure;

CATEGORY B – ATTORNEY CLIENT AND GOVERNMENT INFORMATION

(i) Any information that is protected under Federal or State law that is under a government investigation;

(ii) Any information protected under a Confidentiality Order, from any legal, arbitration or other regulatory process, subject to the Court's discretion to unseal the material;

(iii) Any attorney client privileged information included any documents or agreements the commercial terms of any settlements, including attorney client privileged information contained therein;

CATEGORY C – Third Parties Non-public competitive and commercial information

(i) all financial, confidential and commercially sensitive information about third party affiliates as defined in the NDA, that are non-parties to this litigation;

(ii) the non-public financial valuation, including the valuation of equity percentages of any Party's business, financial statements, and financial incentive compensations;

All the foregoing collectively defined as Protected Material ("Protected Material").

3. General Obligations:

(a)     Purpose: A Receiving Party may only use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecution, defense or settlements of its claims of this action including but not limited to any appeals thereto,

mediation, re-hearings, remands, trials, or reviews of this action, or as otherwise permitted or required under rules, regulation or law, and not for any other purpose. ("Purpose")

(b) <u>No Commercial Use</u>: Recipients of Protected Material under this Protective Order may use such material solely for the Purpose and not for any personal, business, commercial, or competitive purpose;

(c) <u>Authorized Persons:</u> Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the action, including all appeals, has been terminated, a Receiving Party must comply with the provisions of Section 16 below (Final Disposition).

(d) <u>Restrictions:</u> Each person subject to this Protective Order may not disclose Protected Material to anyone else, except as expressly permitted under Sections 8 and 9 hereunder. Each person who has access to Protected Material designated pursuant to this Protected Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

4. Designating Documents

a) <u>Disputed Documents and Confidential Information:</u> Each party agrees to notify the other party in advance, if they are aware of documents or information which may be in either parties' possession, that they request are treated as Protected Material and require redaction. The parties agree to afford the other party the opportunity to propose redactions on any disputed confidential information. The parties shall arrange a Meet and Confer in good faith to try to resolve the requested Confidential designation and redaction of the foregoing materials prior to any inadvertent disclosure. If the parties cannot agree in good faith on the designations of Confidential Information, the parties agree that the disputed confidential Pre-Trial Pleadings and Discovery Material will be filed with the Court under seal. A final decision on ruling of confidentiality

designations and redactions shall be made by the Judge after written application by the parties containing supporting reasons for why the information should be sealed or redacted and resolved by teleconference call or in-person hearing or otherwise in accordance with the Judge's local rules or procedures.

    b) <u>Markings</u>: With respect to any Protected Material in any documents, other than deposition transcripts and exhibits, the Producing Party shall designate such portion as "Confidential" by : (a) stamping or otherwise clearly marking as "Confidential" or "Protected Material" to each page that contains protected material ,and identifies the protected portion in a manner that will not interfere with legibility or audibility; and (b) the Producing Party must produce timely, for future public use another copy of said Protected Material with the Confidential information redacted.

    c) <u>Partial Pages Protections</u>: If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted;

    5. <u>Designating Depositions, Transcripts and Testimony</u>

    <u>a)</u> <u>Exhibit and Transcripts:</u> A Producing Party may designate deposition exhibits or portions of deposition transcripts as Protected Material either by: (a) indicating on the record during the deposition that a question calls for "Confidential Information" in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated as Confidential in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

    b) <u>Partial Pages Protections</u>: If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted;

    d) <u>Testimony:</u> For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as Confidential

    e) <u>Notice Prior to Deposition of Testimony</u>: Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the Non-Disclosure Agreement in the form annexed as Exhibit A hereto; are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Confidential.

    f) <u>Transcripts</u>: Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been

designated "Confidential" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

g) <u>Separate Binding</u>: It is agreed that Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

h) <u>Other Information</u>. For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend Confidential .If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6. <u>Late Designations</u>

a) <u>Timely Corrections Permitted:</u> If at any time before the termination of this action a Producing Party or persons realizes that it should have designated as Confidential some portion(s) of information, documents or testimony, that it previously produced without a Confidential designation, the Producing Party or person may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Protective Order will treat such designated portion(s) of the information, documents or testimony as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such information, documents or testimony that bears the "Confidential" designation within five (5) business days of providing such notice. Upon timely correction of a designation, the Receiving Party must assure that the material is treated in accordance with the provisions of this Protective Order.

b) <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.

7. <u>No Waiver</u>

a) <u>No Waiver:</u> Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence;

b) <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by any Court or this Panel in the future;

c) <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

8. <u>Authorized Persons</u>

Where a Producing Party has designated Pre-Trial Pleadings and Discovery Material as Confidential, all Parties and other persons subject to this Protective Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained or proposed to be retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors, litigation funder, or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter provided such person has first executed a Non Disclosure Agreement in the form annexed as Exhibit A hereto;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; (e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)   any witness who a Party or its counsel in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)   any person a Party retains to serve as an Expert (as defined in Paragraph 11), or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)   stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)   this Court, including any appellate court, its support personnel, and court reporters.

9. Procedures for disclosure

Before disclosing any Protected Material to any person referred to in subparagraphs 8(c), 8(d), 8(f) or 8(g) above, the Party or its counsel must provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Experts

The following procedures shall be followed for approving or objecting to disclosure of Protected Materials to an Expert. Expert shall mean both testifying and non-testifying experts as well as any trial consultants, or persons otherwise consulted with to provide advice to a Party or its counsel in connection with this action, collectively ("Experts").

a)   Information or Items to Designated Expert Unless otherwise ordered or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated Protected Material first must make a written request to the Designating Party that (1) identifies the general categories Protected Material information that the Receiving Party seeks permission to disclose to the Expert;  (2) sets forth the full name of the Expert and the city and state of his or her primary residence,  (3) attaches a copy of the Expert's current resume; (4)

identifies the Expert's current employer(s); (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

    b)   <u>Objections:</u> A Party that makes a request and provides the information specified in the preceding respective paragraphs may only disclose the subject Protected Material to the identified Designated Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based

    c)   <u>Weight of Authority in Designating Party:</u> If the Parties cannot reach agreement amongst themselves, the Disclosing Party seeking to make the disclosure to a Designated Expert must file a Motion to the Court which the other Party may oppose. The weight of balance shall be in the favor of the Designating Party's who's trade secrets and confidential information are being sought to be protected, and the burden of proof shall be on the Disclosing Party who wishes to disclose the Designating Party's trade secrets or other Confidential Information and who claims would be harmed by the disclosure. In this cases the resolution shall have weight in favor of the Designating Party and the owner of Confidential Information.

    d)   <u>No Direct Competitors:</u> Absent written consent from the Producing Party, any individual or Designated Expert who receives access to Confidential Information shall expressly not be or be affiliated with a registered commodities trading advisor, registered investment advisor, commodities pool operator, or a hedge fund operator, and shall not otherwise (either directly or indirectly) be conduct business in any manner related to the trading of commodities futures or options, or securities and shall not have a financial interest in any hedge fund, or in the trading of commodities futures or options. It shall be prohibited and disclosure not approved if the Designated

Expert has or contemplates undertaking competing work that could foreseeably result in an improper use of the Designating Party's trade secrets or Confidential information.

11. Filing Under Seal

In filing Confidential Pre-Trial Pleadings and Discovery Material with this Court, or filing portions of any pleadings, motions, exhibits, affidavits or other papers that disclose such Confidential Pre-Trial Pleadings and Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with the Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Pre-Trial Pleadings and Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents.  The parties will use their best efforts to minimize such sealing.

12. Attorney's Eyes Only

Any Party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, Parties or their counsel shall file an opposing motion with the Court for ruling by written submission or in the alternative all affected persons will convene a joint telephone call with the Court to obtain a ruling.

13. Courts Discretion for Trial

This Protective Order binds the Parties and certain others to treat as Confidential any Pre-Trial Pleading and Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Pre-Trial Pleadings and Discovery Materials,

introduced in evidence at trial, and retains full discretion to determine whether to afford confidential treatment to any Pre-Trial Pleadings and Discovery Material designated as Confidential hereunder.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Pre-Trial Pleadings and Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, exhibit, affidavit, or any motion, application, exhibit, affidavit, or proceeding that may result in an order and/or decision by the Court.

14. [Forced Disclosure]()

Nothing in this Protective Order will prevent any Party from producing any Protected Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law, or in compliance with any rule, regulation or if required by any government agency having jurisdiction. ("Forced Disclosure"). In the event of a Forced Disclosure, Disclosing Party shall make all reasonable attempts, to give written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten(10) business days before any disclosure. Disclosing Party shall not be deemed in breach of its obligations hereunder, if it complies with any Forced Disclosure, including regulatory requirement or compliance requirement by any regulator in a timely manner. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance and produce redactions of Protected Materials with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.  The Parties agree that any disclosure in compliance with regulators or as required by any law, rule, investigation or proceeding under the Commodities Exchange Act shall not be deemed a breach of this Agreement.

15. <u>Inadvertent Disclosed Information</u>

(a) <u>Inadvertently Disclosed Information</u>: If in connection with this litigation, a Party or person learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, or inadvertently included Protected Material without redaction in a Pre-Trial Document including a pleading, motion, exhibit or affidavit, ("Inadvertently Disclosed Information"), the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) where such inadvertent disclosure is in Pre-Trial Motion or Document, promptly remove such Confidential Information and refile a redacted version in accordance with Section 11 hereunder; (d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (e) request such person or persons to execute the "Non-Disclosure Agreement in the form annexed as Exhibit A hereto; Nothing in this Protective Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

16. <u>Final Disposition</u>

a) <u>Final Disposition:</u> Final Disposition shall be deemed to be the later of (i) dismissal or settlement of all claims and defenses in this action or in any way related to this action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals thereto, including but not limited to re-hearings, remands, trials, or reviews of this action, in all legally permitted forums, or as otherwise permitted or required under rules, regulation or law including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

b) <u>Destruction of Materials:</u> Within sixty (60) days of the Final Disposition of this action including but not limited all appeals thereto, re-hearings, remands, trials, or reviews of this action, in all legally permitted forums, or as otherwise permitted or required under rules, regulation or law, all Recipients of Protected Material must either return it (including all copies, abstracts,

compilations, summaries thereof) to the Producing Party, or, upon permission of the Producing Party, destroy such material (including all copies, abstracts, compilations, summaries) thereof.

c) <u>Certification of Destruction</u>: In either event, by the 60-day deadline, the Recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.

d) <u>Survival</u>: Even after Final Disposition of this litigation (as defined above), the confidentiality and other obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs

e) <u>Archival Records:</u> Notwithstanding any of the foregoing provisions, the Parties and/or the Parties' counsel retained in this action, may specifically retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, documents, information, reports, including attorney work product, even if such materials contain Protected Material for the maximum permitted or as required to be in compliance with any rule, regulation or law. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order, unless modified by a Court.

17. Survival

This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Protective Order to whom Confidential Pre-Trial Pleadings and Discovery Material is produced or disclosed.

18. Courts Jurisdiction

This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Case 1:19-cv-08345-MKV-DCF   Document 36   Filed 03/06/20   Page 17 of 17

Page 17

## EXHIBIT A - NON DISCLOSURE AGREEMENT

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order , that was issued by the United States District Court for the Southern District of New York on _____, 2020 in the case of Samantha Siva Kumaran, vs. Northland Energy Trading, Inc, Hedge Solutions LLC, Richard M. Larkin, Domenic Bramante, Daniel Lothrop under the case number 19 CV 08345.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions, damages, and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I further agree that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Date: _____

City and State where sworn and signed: _____

Printed name: _____[printed name]

Signature: _____[signature]