**WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP**

Ellen Tobin
Extension 343
etobin@westermanllp.com

March 13, 2020

**VIA ECF**

The Honorable Debra Freeman
United States District Court for the
   Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Kumaran, et al. v. Northland Energy Trading, LLC, et al.*, 19-cv-08345-MKV-DCF

Dear Judge Freeman:

    I represent defendants Northland Energy Trading, LLC, Hedge Solutions, Inc., Richard Larkin, Daniel Lothrop and Domenic Bramante (collectively, "Defendants") in the above-referenced action. Plaintiff and Defendants respectfully submit this joint status letter pursuant to the Scheduling Order dated January 16, 2020. *See* ECF No. 31.

A.    Defendants' Submission:

    The parties are scheduled to appear before Judge Vyskocil for a pre-motion conference on March 26, 2020, in connection with Defendants' anticipated motion to dismiss the complaint. Judge Vyskocil directed that briefing on the motion is stayed pending the outcome of the pre-motion conference, and the Court will set a new briefing schedule at the conference if necessary. *See* ECF No. 34.

    The parties are working to reach agreement on a stipulated confidentiality agreement and protective order. Plaintiff proposed a document that appears to combine provisions from several different sources and contains provisions that are not appropriate for this type of case. Defendants believe the proposed restrictions are far too broad. Defendants also believe the document is confusing and unclear in terms of structure and content, and have explained the reasons for that to Plaintiff. Defendants proposed using a model order published by a SDNY Judge. To that end, Defendants proposed using Judge Moses's model order or Judge Gardephe's model order, consistent with this Court's direction at the Initial Conference. Defendants propose using either of those orders "as is." Defendants also explained that we would consider another SDNY Judge's model order and/or modifications Plaintiff would like to propose, provided they comply with the Court's rules, including rules regarding confidentiality and the redaction and sealing of confidential information.

Hon. Debra Freeman
March 13, 2020
Page 2

Plaintiff and Defendants have exchanged emails about the proposed confidentiality agreement, but they have not yet had a telephonic meet and confer. Defendants will continue to try to work with Plaintiff toward an agreement on a proposed confidentiality order.

B.      Plaintiffs' Submission

Plaintiff has opposed the Pre-Motion Letter as it contained several factual misstatements and extrinsic facts that go beyond the pleadings, that are improperly contained in a Motion to Dismiss. If the Court is to consider these unsupported and conclusory facts, FRCP 56 requires Defendants convert their Motion for Summary Judgment, and Plaintiff is entitled to discovery (*See* ECF 33). Plaintiff intends to move shortly for that conversion as well as to strike the factual misstatements.

Plaintiff proposed a Stipulated Protective Order ("SPO") document which was previously in discussion with former counsel Bracewell, that specifically includes language with cases related to discovery as relates to software, source code and trade secret disputes. Plaintiff has expressed concerns which former counsel Bracewell were willing to work with, that Defendants have in their possession, trade secrets and competitive commercially sensitive information that are solely owned by Plaintiff. The FAC has also pled allegations Defendants have threatened to make public sensitive information and Plaintiff seeks to ensure that "disputed" confidential information, that is in Defendant's possession, is reviewed by the Court prior to filing in the public domain.

Plaintiff disagrees with statements that the proposed SPO is too broad. While Plaintiff has been willing to negotiate, Defendants new counsel Westerman, have thus far been unwilling (despite reasonable requests) to supply one redline, or provide one mark-up to show which statements they consider are too broad. To the contrary, Plaintiffs assert the proposed version is narrowly tailored to restrict only on the commercially sensitive IP and trade secrets that belong to Plaintiff - in dispute - that Defendants have in their possession, and are continuing to infringe and threatening to "publish".

While a significant percentage of the Protective Order, matches verbatim SDNY Model Orders, specific proposed changes - made at the advice of external counsel - model similar Model Orders from other Districts where software, trade secret and source code cases are common, (directly relevant to the matters and source code in this case) which were already in discussion with Bracewell. Previously Bracewell had stated they could work with the changes. Plaintiff also disagrees that the proposed SPO is "confusing". Despite many requests, Westerman have been unwilling to provide any reasons or provide one mark-up to identify one single provision they believe to be "confusing" and instead make conclusory and unsupported statements. Since other attorneys have reviewed it, only Westerman have this concern. In fact, again, the only issue of dispute appears to be narrowly related to Plaintiff's IP and trade secrets which Defendants have in their possessions have threatened to "publish" which are the subject matter of this litigation. Publication would cause Plaintiff irreparable harm.

Specifically Plaintiff has included language that seeks clarification that

Hon. Debra Freeman
March 13, 2020
Page 3

(a) all documents defined as trade secrets, related to the IP and Software in dispute is protected and reports and description of the strategies and trades, as defined under the EULA is protected (b) all derivative works and the OBT Book, including descriptions, which are in question and subject matter of IP dispute in this litigation are protected - and (c) information that related to commercial terms, operating costs, financial statements, membership, and equity and ownership of non-public affiliates, that are not parties to this litigation are also redacted. That language was specifically included in Section 2 of the Proposed Order filed (*See* ECF 36).

Plaintiff has also pointed out various specific considerations above that were already in discussion with Bracewell (points Plaintiff and Bracewell already agreed upon) – in light of the fact irreparable harm could be done to Plaintiff by disclosures to a wider audience of Plaintiff's property already in Defendant's possession. Bracewell were much more cooperative.

Plaintiff and Defendant have not yet had a Meet and Confer. Without a redline discussions have been slowed. Plaintiff does not intend to respond in this letter to the other ad hominem attacks by Defendants' new counsel.

Plaintiff and Defendants will continue to work toward an agreement on a proposed confidentiality order.

C.   Upcoming Deadlines

The upcoming deadlines in the case are as follows:

- Initial Disclosures under Rule 26(a)(1):  March 20, 2020

- Pre-motion conference before Judge Vyskocil:  March 26, 2020

- Serve initial document requests and interrogatories:  April 3, 2020

- Any motions to amend the pleadings or join additional parties:  June 5, 2020

- Completion of fact discovery:  July 17, 2020.

Thank you for the Court's consideration.

Respectfully submitted,

/s/ Ellen Tobin

Ellen Tobin

Signed:

Samantha Siva Kumaran