IN THE UNITED STATES DISTRICT COURT
SOUTHTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN,  ) <br> *Plaintiff,*  ) <br> ) <br> ) <br> -against-  ) <br> ) <br> NORTHLAND ENERGY TRADING, LLC ) <br> HEDGE SOLUTIONS, INC.,  ) <br> RICHARD M. LARKIN  ) <br> DANIEL LOTHROP  ) <br> DOMENIC BRAMANTE  ) <br> *Defendants,*  ) | Case No: 1:19-CV-08345–MKV-DCF <br> Judge: Hon Mary Kay Vyskocil <br> Magistrate Judge: Debra C. Freeman <br><br><br> **PLAINTIFF'S** <br> **MOTION TO STRIKE** <br> **AGAINST ALL DEFENDANTS** |

**PLAINTIFFS MOTION TO STRIKE DEFENDANT'S FACTUAL MISSTATMENTS**

Pursuant to FRCP 12.(B) and 12.(F), FRCP 56 and FRCP 11, and Local Rule 6.1 and Hon Judge Debra C Freeman Rule (II).(F), Hon. Mary Kay Vyskocil Rule 4.(a).(ii), Plaintiff Kumaran respectfully moves to strike multiple factual misstatements in Defendant's Pre-Letter Motion (ECF 32). There are three reasons, in support of this motion to strike. *First,* Defendants have presented to this Court numerous extrinsic facts, that go far beyond the pleadings and are irrelevant to the claims and facts before this Court. Inclusion of these irrelevant facts is improper at a Motion to Dismiss stage.

On December 17th 2019 Hon. Judge Lorna B. Schofield referred this action to Hon. Magistrate Judge Debra Freeman. On January 15th 2020 at a Preliminary Conference Judge Debra Freeman ordered Defendants response on March 6th 2020. Under the Individual Practices of Magistrate Judge Debra Freeman, Rule II.(F) states as follows: "Where a counseled party files a dispositive motion with respect to any claim asserted by a pro se litigant, counsel must comply with the notice requirements set out in the Local Civil Rules of this Court, including Rules 12.1 and 56.2, where applicable. Where, in a motion to dismiss a pro se complaint, a counseled party refers to matters outside the pleadings, that party is strongly encouraged to move, in the alternative,

for summary judgment, so that, if the Court decides to resolve the motion under Rule 56 of the Federal Rules of Civil Procedure, the pro se litigant will understand, based on the moving party's Local Civil Rule 56.1 statement, exactly what facts are relevant to the motion." (Emphasis added). Defendants have ignored this rule and instead adorned their pleading related to a Motion to Dismiss with dozens of unsupported, conclusory new facts, and extra-curricular pleadings that at a minimum Plaintiff is entitled to discovery on, and simply do not belong in a Motion to Dismiss. Westermans' improper and irrelevant statements, attempt to distract this Court is to propagate a fictional narrative of the facts without conducting discovery before acceptance, and therefore converting their motion to Summary Judgment. Therefore all these statements should be struck as they are not relevant.

*Second*, these false allegations are immaterial, inappropriate, have no evidentiary support as demonstrated in this Memorandum of Law. A clear reading of the underlying documents, correspondence and signed agreements, contradicts these statements. Further they are directly contradicted by the facts provided in the Complaint. Including this unsupported facts is prohibited under Rule 12 and is not appropriate at this stage for the Court to engage in a review of disputed facts. Under Rule 12(f), the Court may strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." As indicated in the Memorandum, in many cases Westerman knowingly confuse legal entities, deliberately misstates financial dollar amounts – and wrongly impute third party Delaware LLC's into this action – which have no claims in this district. Such inclusion is improper..

*Third*, given that Westerman's false statements have demonstrably no underlying evidentiary support, they were filed for improper purpose - to incur delays and to create procedural advantage against a Pro-Se Plaintiff. Rule 11 provides that an attorney's or a party's signature on a pleading, motion, or other paper constitutes a certificate that (1) it is not "presented for any improper purpose," such as harassment, delay, or an unnecessary increase in cost; (2) it is "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law"; (3) the factual contentions "have evidentiary support or, if specifically

so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or Rule 11(b) discovery". The misstatements in *ECF 32* are not permitted by counsel under FRCP 11. Westerman have even done a cursory review of the evidence, their facts are directly contradicted by signed material agreements and contracts, and as expanded upon in the Memorandum of Law, there is clearly no factual basis to supports them. Rule 11 applies to any documents, pleadings and letters to the Court, including ECF 32.

In the alternative, if the Court is to consider any of these extrinsic and false allegations, Plaintiff respectfully requests that the Court deny Defendant's request to file a Motion to Dismiss with proposed texts, because as a matter of law, it should be converted to a Motion for Summary Judgement under FRCP Rule 56. In accordance with principles of fundamental fairness and by analogy to Rule 56(e) and (f), it is also improper for a district court, in ruling on the 12(b)(1) motion, to consider conclusory and hearsay statements contained in pleadings submitted by defendants, and then to deny plaintiff limited discovery Kamen v. American Tel. & Tel. Co., 791F.2d 1006, 1011 (C.A.2 (N.Y.),1986) By including these new facts, Defendants have notified this Court they intend to implead numerous new facts, and therefore needs to be converted to a Motion for Summary Judgment. As a matter of law, Defendants are not entitled to introduce new facts, because under Court Rules, they must accept all facts as true in the Amended Complaint, or in the alternative move for Summary Judgment.

Plaintiff does not wish to file a motion for sanctions, at this stage. However, in order to preserve its rights, Plaintiff has notified Counsel under the Safe Harbor provision of Rule 11(c)(2) to strike the factually erroneous statements, which allows them twenty (21) days to remove the false statements. Further, in order for a Pre-Hearing Conference to not prejudice Plaintiff by wasted time discussing these erroneous facts, that do not belong in a Motion To Dismiss. If they are to be included in pleadings, the Court is respectfully requested to convert Defendants' fictional narrative as "alternative" facts - that would entitle Plaintiff to discovery under a Motion for Summary Judgement. Plaintiff respectfully requests its rights to remove improperly presented

evidence and improperly pled facts (that are not grounded with evidentiary support in accordance with FCRP 12) and as such moves to strike.

The following Memorandum and Affidavit document at least a dozen false allegations that provide blatant misrepresentations to the Court, (noting there are in fact more) which are directly contradicted by the facts and evidence. Estate of Calloway v. Marvel Entm't Group, 138 F.R.D. 646, 651-52 (S.D.N.Y. 1991) (both counsel and represented party failed to uphold their respective responsibilities to set forth accurate facts).These are improper, irrelevant to distract from the merits of the case and should not be considered or included by the Court.

Respectfully submitted

//SSK

Samantha Siva Kumaran

Via ECF

cc. Ellen Tobin

Westerman LLP