UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Samantha Siva Kumaran, et al., <br><br>                        Plaintiffs, <br><br> v. <br><br> Northland Energy Trading, LLC, et al., <br><br>                        Defendants. | 19 Civ. 8345 (MKV)(DCF) |

### Defendants' Initial Disclosures Pursuant To Rule 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Court's January 16, 2020 Scheduling Order, defendants Northland Energy Trading, LLC ("Northland"), Hedge Solutions, Inc. ("Hedge"), Richard Larkin ("Larkin"), Daniel Lothrop ("Lothrop") and Domenic Bramante ("Bramante") (collectively, "Defendants"), by their attorneys, Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, make the following initial disclosures:

### Preliminary Statement

The following disclosures are based on the information reasonably available to and currently in Defendants' possession, custody, or control. To the best of Defendants' knowledge, information and belief, these disclosures are complete and correct as of the date they are made. Nevertheless, Defendants anticipate they will obtain additional facts and identify additional witnesses and documents relevant to the factual disputes in this action. Accordingly, Defendants reserve the rights to: (1) revise, withdraw, and/or supplement these disclosures based on any information, evidence, documents, facts and things which hereafter may be discovered, or relevance of which may hereafter be discovered; (2) supplement these disclosures if new parties are added, plaintiffs' complaint is further amended, and/or otherwise as appropriate in accordance

with the Federal Rules of Civil Procedure and other applicable rules; and (3) produce, introduce, or rely on additional or subsequently acquired or discovered writings, evidence, and information at trial or in pretrial proceedings held herein.

By making these disclosures, Defendants do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this lawsuit.  Further, Defendants make the following disclosures without waiving, intentionally or otherwise, their right to object to the production of any document or tangible thing on the basis of any privilege, the attorney work-product doctrine, privacy, competency, relevancy, materiality, undue burden, or any other valid objection.  Defendants have made good faith efforts to identify information subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(1).  Defendants' disclosures are made expressly without waiving, *inter alia*:  (1) the right to object to the use of any such information for any purpose, in whole or in part, at any subsequent stage or proceeding in this or any other action, and (2) the right to object on any and all grounds, at any time, to any other discovery proceeding involving or relating to the subject matter of these disclosures.

Subject to the foregoing, Defendants provide the following information:

## INITIAL DISCLOSURES

**A.**     **Individuals Likely to Have Discoverable Information**

Defendants identify the following individuals at this time.  Defendants reserve the right to supplement their disclosures:

1. Richard Larkin**,** President, Hedge Solutions, Inc.; Manager/Member, Northland Energy Trading, LLC; 500 North Commercial Street, Manchester, NH 03101; 800-709-2949.  Mr. Larkin has knowledge regarding, among other things:  (a) the terms and conditions of the agreements between Timetrics and Northland and/or Hedge; (b) meetings, correspondence and discussions between Larkin and Kumaran; (c) services allegedly provided by plaintiffs to Northland and/or Hedge; (d) payments made by Northland and/or Hedge to plaintiffs; (e) substantial losses incurred by Northland as a result of plaintiffs' alleged services; (f) that Defendants did not have access to or possession of "Timetrics IP" (as defined in the amended

complaint); (g) that Defendants did not create "Derivatives" or "Missing Pieces"(as defined in the amended complaint) and did not "profit" from use of the same; (h) the "agreement in principle" alleged by plaintiffs in the amended complaint; (i) contributions by Larkin to a hedge fund formed by Kumaran, as alleged in the amended complaint; and (j) other matters related to the claims and defenses in this action.

2. Daniel Lothrop, Head Trader, Northland Energy Trading, LLC; 500 North Commercial Street, Manchester, NH 03101; 888-996-7483. Mr. Lothrop has knowledge regarding, among other things: (a) services allegedly provided by plaintiffs to Northland and/or Hedge; (b) substantial losses incurred by Northland as a result of plaintiffs' alleged services; (c) that Defendants did not have access to or possession of "Timetrics IP" (as defined in the amended complaint); and (d) that Defendants did not create "Derivatives" or "Missing Pieces"(as defined in the amended complaint) and did not "profit" from use of the same.

3. Domenic Bramante, Controller, Hedge Solutions, Inc.; 500 North Commercial Street, Manchester, NH 03101; 800-709-2949. Mr. Bramante has knowledge regarding, among other things, payments made by Northland and/or Hedge to plaintiffs.

4. Such other current and former employees of Northland and Hedge whose testimony may be reasonably necessary, as later determined by Defendants' counsel.

5. Samantha Siva Kumaran, Plaintiff and CEO/Owner of The A Star Group, Inc. d/b/a Timetrics ("Timetrics"). Ms. Kumaran has knowledge regarding, among other things, the factual bases (if any) for the allegations in the amended complaint.

6. Such other current and former employees, affiliates and associates of Timetrics whose testimony may be reasonably necessary, as later determined by Defendants' counsel.

7. Such other current and former employees and associates of Samantha Siva Kumaran whose testimony may be reasonably necessary, as later determined by Defendants' counsel.

8. Witnesses that may be identified in plaintiffs' Rule 26 initial disclosures or in discovery.

**B.   Documents, Electronically Stored Information, and Tangible Things**

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and subject to the Preliminary Statement above, Defendants identify the following categories of documents that are known to be

3

in Defendants' possession, custody, or control, are not privileged, and that Defendants may rely on to support their defenses in this action:

1. Nondisclosure Agreement dated March 21, 2011, between Timetrics, Hedge and Northland.

2. Engagement Letter dated October 28, 2011, between Timetrics and Northland and the subsequent Extension Letters.

3. Terms and Conditions for Timetrics Consulting Services dated October 28, 2011, between Timetrics and Northland.

4. Timetrics End User License Agreement dated March 7, 2013, between Timetrics, Northland and Hedge.

5. Other agreements (if any) between Timetrics, Northland and/or Hedge.

6. Settlement Agreement dated May 9, 2016, between Timetrics, Kumaran, Northland and Hedge.

7. Documents and correspondence related to the "agreement in principle" alleged by plaintiffs in the amended complaint.

8. Correspondence, including e-mails, between (a) Kumaran and/or Timetrics and (b) Defendants.

9. Documents and presentations provided by Kumaran and/or Timetrics to Defendants.

**C.   Computation of Damages**

Defendants do not assert damages at this time.

**D.   Insurance Agreements**

Upon information and belief, there are no insurance agreements that are relevant to this action.

I hereby certify that to the best of my knowledge, information and belief, formed after an inquiry that was reasonable under the circumstances, this disclosure is complete and correct as of this date.

Dated:   New York, New York
            March 20, 2020

                          WESTERMAN BALL EDERER MILLER
                            ZUCKER & SHARFSTEIN, LLP

             By:   */s/ Ellen Tobin, Esq.*
                    Ellen Tobin, Esq.
                    1201 RXR Plaza
                    Uniondale, New York 11566
                    (516) 622-9200
                    etobin@westermanllp.com
                    *Attorneys for Defendants*