UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SAMANTHA SIVA KUMARAN, et al.,

                      Plaintiffs,                1:19-cv-08345-MKV-DCF

     -against-

NORTHLAND ENERGY TRADING, LLC, et al.,     [PROPOSED] REVISED CIVIL
                                                                              CASE MANAGEMENT PLAN
                                                                                 AND SCHEDULING ORDER

                    Defendants.
-------------------------------------------------------------------X

Mary Kay Vyskocil, United States District Judge

This proposed Revised Civil Case Management Plan is submitted by the parties in accordance with Federal Rule of Civil Procedure 23(f)(3) and the Court's Order dated May 12, 2020 [Dkt. No. 48]:

1. All parties (consent) (do not consent) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [*Circle one.*]

    > ***Plaintiffs:*** ***Plaintiffs have consented for scheduling, discovery, non-dispositive trial motions, and settlement but excluding dispositive motions and trial. The Court ordered assigned the case to Hon. Magistrate Judge Debra Freeman on December 17, 2019, for scheduling, discovery, non-dispositive pretrial motions, and settlement (See ECF 20)***

    > ***Defendants:*** ***Do not consent***

    The parties are free to withhold consent without adverse substantive consequences. The Parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    [*If all parties consent, the remaining paragraphs need not be completed. The Party shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf, at the time of submitting this Proposed Case Management Plan.*]

2. This case (is) (is not) [*Circle one*] to be tried to a jury.
    ***Plaintiffs:*** ***Plaintiffs demand a Jury Trial and are entitled to one.***
    ***Defendants:*** ***Is not***

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within ___ days from the date of this Order. [*Absent exceptional circumstances, thirty (30) days from the Initial Pretrial Conference or filing of the Case Management Plan.*]

    > ***Plaintiffs:*** ***Magistrate Judge Freeman issued scheduling order on January 17, 2020 (ECF 31) deadline of Jul 5, 2020 for leave to amend pleading and joinder of additional parties. Parties stipulated by extension***

> *Covid 19 extension ECF 46 agreed to date August 5 2020, so ordered. Court ordered one further extension for 30 days to September 5, 2020 (ECF 48)*
>
> *Court Ordered Date Due: September 5, 2020 (ECF 48 / ECF 46)*

> *Defendants:*   *September 5, 2020*

### DISCOVERY

4. Initial disclosures, pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be served not later than _____ days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]
   Plaintiffs:   ***Filed on March 20, 2020 (ECF 44)***
   Defendants:   ***Already filed.***

5. All <u>fact</u> discovery shall be completed no later than  . [A period not to exceed 120 days (use an exact date), unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

    > *Plaintiffs:*   *Scheduling Order Parties agreed to (ECF46) was discovery to end August 20, 2020. Due to Covid19, Court granted 30 day extension to September 20, 2020 (ECF 48).*
    > *Plaintiff concurs with this schedule and opposes further delays.*
    >
    > *Court Ordered Date Due: September 20, 2020 (ECF 48 / ECF 46)*

    > *Defendants:*    *December 18, 2020*

6. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than . ***Not applicable.***

a. Initial requests for production of document to be served by .
b. Interrogatories to be served by .
c. Depositions to be completed by . i. For person injury, civil rights, employment discrimination, or medical malpractice case only: Plaintiff's deposition shall be taken first, and shall be completed by .
d. Requests to Admit to be served no later than .

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Initial requests for production of document to be served by

    > *Plaintiffs:*   *Scheduling Order (ECF46) initial requests due by June 3, 2020. Due to Covid19, Court granted a 30 day extension to July 3, 2020 (ECF 48). No further delays granted by Court or no application made to Court. Plaintiff opposes ALL further extensions.*

       *Court Ordered Date Due: July 3, 2020 (ECF 48 / ECF 46)*

   *Defendants:  July 31, 2020*

  b. Interrogatories to be served by

   *Plaintiffs:* *Scheduling Order (ECF46) initial requests due on June 3, 2020. Due to Covid19, Court granted 30 day extension to July 3, 2020 (ECF 48). No further delays granted by Court or no application made to Court. Plaintiff opposes ALL further extensions.*

       *Court Ordered Date Due: July 3 2020 (ECF 48 / ECF 46)*

   *Defendants:  July 31, 2020*

  c. Depositions to be completed by

   *Plaintiffs:* *Scheduling Order (ECF46) initial requests June 3, 2020. Due to Covid19, Court granted 30 day extension to July 3, 2020 (ECF 48). No further delays granted by Court or no application made to Court. Plaintiff opposes ALL further extensions.*

       *Court Ordered Date Due: September 20 2020 (ECF 48 / ECF 46)*

   *Defendants:  December 18, 2020*.

    i. For person injury, civil rights, employment discrimination, or medical malpractice case only: Plaintiff's deposition shall be taken first, and shall be completed by *Not applicable*.

  d. Requests to Admit to be served no later than

   *Plaintiffs:* *Scheduling Order (ECF46) initial requests to admit due June 3, 2020. Due to Covid19, Court granted 30 day extension to July 3, 2020 (ECF 48). No further delays granted by Court or no application made to Court. Plaintiff opposes ALL further extensions.*

       *Court Ordered Date Due: July 3 2020 (ECF 48 / ECF 46)*

   *Defendants:  November 5, 2020*.

8. <u>Expert Discovery</u>
  a. All expert discovery shall be completed no later than

   *Plaintiffs:* *November 20, 2020 (60 days after September 20,2020)*

   *Defendants:  March 18, 2021*.

> *[Absent exceptional circumstances, a date (use an exact date) sixty (60) days from the date in paragraph 5, i.e. the completion of fact discovery.]*

    b. No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 8(a).

9. In the case of discovery disputes, the parties should follow Local Rule 37.2 and the Court's Individual Rules of Practice in Civil Cases ("Individual Practice Rules"), which are available at https://nysd.uscourts.gov/hon-mary-kay-vyskocil. Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person or by telephone, in an effort to resolve the dispute.

10. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Practice Rules.

11. All counsel must meet face-to-face for at least one hour to discuss settlement and the use of alternate dispute resolution within fourteen (14) days after the close filing of a responsive pleading.

12. The parties **have/have not** [circle one] discussed settlement and the use of alternate dispute resolution. Please advise the Court of the outcome of your discussion. (Do not disclose the substance of settlement discussions).

    a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following [*specify whether such exchanges have occurred, will occur now, or will occur following fact discovery*]:

> ***Plaintiffs:*** *Plaintiff issued requested an early deposition from Bramante and Lothrop on March 8, 2020. Defendants failed to schedule. citing Covid 19 reasons.*
>
> *Plaintiff requested again deposition from Lothrop and Bramante on May 28, 2020. Defendants have failed to respond.*
>
> *Plaintiff sent again Notice of Deposition on June 11, 2020*
>
> ***Defendants:*** *This has not been discussed.*

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

> *Plaintiffs:* This <u>was discussed</u> both at the Preliminary Conference in January 15, 2020 (See Transcript) and with Defendant's prior counsel previously included in the original Case Management Plan was filed on December 12, 2020 (ECF 15)
>
> *Plaintiff is willing to enter into all (i), (ii) and (iii)*

> *Defendants: This has not been discussed.*

c.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

> *Plaintiffs:*   Before discovery and deposition.
>
> *Defendants:  After the exchange of written discovery or after depositions.*

*(NOTE) The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.* Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously.

Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

13.  Counsel for the parties have conferred and their present best estimate of the length of trial is:

> *Plaintiffs:*     6 to 10 days
> *Defendants:*  3 to 4 days

14.  [*Parties may include other provisions. See Rule 26(f)(3)*.]

*TO BE COMPLETED BY COURT:*

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

    A Post-Discovery Conference is scheduled for _____ at _____ in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007.

    One week before the conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

    a. a statement of any existing deadlines, due dates, and/or cut-off dates;
    b. a brief description of any outstanding motions;
    c. a brief description of the discovery undertaken and if either party believes any additional discovery that needs to be completed, the reason why the discovery has not been undertaken.
    d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;
    e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;
    f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (*see* Individual Practice Rules ¶4(A)(i));
    g. any other issue that the parties would like to address at the conference; and
    h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

If no Summary Judgment motion is anticipated, the post-discovery conference will serve as a pre-trial conference. Parties should be prepared to discuss scheduling of trial and all pre-trial matters.

**This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 2(G) of the Court's Individual Practice Rules and shall be made no less than three (3) days prior to the expiration of the date sought to be extended.**

    _____
    Hon. Mary Kay Vyskocil
    United States District Judge

Dated:_____
    New York, New York