**WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP**

Ellen Tobin
Extension 343
etobin@westermanllp.com

June 11, 2020

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *Kumaran, et al. v. Northland Energy Trading, LLC, et al.*, 19-cv-08345-MKV-DCF

Dear Judge Vyskocil:

  I represent defendants Northland Energy Trading, LLC, Hedge Solutions, Inc., Richard Larkin, Daniel Lothrop and Domenic Bramante (collectively, "Defendants") in the above-referenced action. Plaintiffs and Defendants respectfully submit this joint status letter pursuant to the Court's Order dated May 12, 2020. *See* ECF No. 48. Plaintiffs and Defendants seek the Court's leave to submit this letter which is longer than three pages.

A.   Defendants' Submission:

  The parties are scheduled to appear before Your Honor for a pre-motion conference on June 18, 2020, in connection with Defendants' anticipated motion to dismiss the amended complaint. This conference was originally scheduled for March 26, 2020, and was adjourned due to the Covid-19 pandemic and by agreement of the parties. *See* ECF Nos. 32, 41, 47. In accordance with the Court's Order dated March 6, 2020, briefing on the motion is stayed pending the outcome of the pre-motion conference, at which time a briefing schedule will be set if needed. *See* ECF Nos. 34, 38. Per the Court's directive, the parties submitted a revised Proposed Case Management Plan for the Court's consideration.

  The parties are still working to reach agreement on a stipulated confidentiality agreement and protective order. Plaintiff and I participated in a telephonic meet and confer on June 4, 2020 and are continuing to discuss the issues in follow-up emails. Among other things, Defendants believe it is impracticable to identify the documents and information to be designated as "confidential trade secrets" (*i.e.*, to be redacted in the event filed with the Court) now – before discovery has even started. While Defendants acknowledge there may be documents (on both sides) the parties designate as confidential (in whole or in part), that determination needs to be made on a case-by-case basis during discovery, by the party producing the documents. Ultimately, the standard for sealing documents is extremely high and sealing can be done only with the Court's permission. For those and several other reasons, Defendants believe it is both premature and impracticable to mass designate documents as confidential trade secrets at this stage of the

Hon. Mary Kay Vyskocil
June 11, 2020
Page 2

litigation.[1]  In the event the parties cannot reach agreement on certain aspects of the confidentiality order, Defendants propose submitting a proposed order that indicates where the parties agree and, where they do not, including the proposals from each side for the Court's consideration.[2]

On March 6, 2020, Plaintiffs filed a motion for a temporary restraining order, seeking to require Defendants to file the forthcoming motion to discuss under seal.  By Order dated March 6, 2020, the Court <u>denied</u> Plaintiff's motion and directed that the briefing schedule for the motion to dismiss was stayed pending the pre-motion conference.  *See* ECF No. 38.

On March 18, 2020, Plaintiffs filed a "Motion to Strike Document No. 32."  By Order dated March 20, 2020, the Court <u>deferred</u> ruling on the Motion to Strike.  *See* ECF No. 41. Plaintiffs contend that statements in Defendants' letter to the Court requesting a pre-motion conference for the anticipated motion to dismiss (*see* ECF No. 32) were false.  Plaintiffs also contend that Defendants' motion to dismiss (which has not yet been made) should be converted to a motion for summary judgment.  <u>Defendants deny Plaintiffs' contentions.</u>  Defendants' pre-motion letter request appropriately summarizes Defendants' position in the case and the grounds for the forthcoming motion to dismiss.  Defendants respectfully assert the motion is moot in light of the Court's decision to grant the request for the pre-motion conference.  *See* ECF No. 34.

B.    <u>Plaintiffs' Submission:</u>

In accordance with Hon. Judge Vyskocil's order (*ECF 47*) the parties are scheduled to appear for a telephonic conference on June 18, 2020 at 11am.The conference was rescheduled due to Covid 19 extensions and was originally scheduled for March 26, 2020. The conference is also scheduled to address two outstanding motions filed by Plaintiff. A motion for  Protective Order which was filed on March 6, 2020 (*ECF 37*) and also a Motion to Strike filed on March 18, 2020. (*ECF 40)*.  Plaintiff thanks the Court for its understanding during this unprecedented time in New York, and now that this shutdown is ending, seeks no further delays or extensions.

As businesses move forward, on or around June 2, 2020 Plaintiff Kumaran registered its Nefertiti STORM Commodities Options Fund, LP at the NFA, and also registered as a Commodities Pool Operator ("CPO"). Kumaran is already a Commodities Trading Advisor ("CTA") since April 2017. Defendants Northland and Larkin are also registered as direct competitors as CTA's. Defendants continue to obstruct Plaintiff's livelihood and profits from an acquired and retained a clone system, OBT Book, which they are using in direct unfair competition.

**Motion for Protective Order:**  On March 6, 2020, Plaintiff filed a Motion for Protective Order ("PO") under FRCP26 and 5.2(e)(1) for the ***narrowly tailored*** protection of Trade Secrets. Defendants have had a draft copy of such order for close to six months. Despite a good faith Meet

---

[1] Defendants propose using paragraph 2 of the Model Order to define the "confidential" designation.  In the event either party has a good-faith basis to designate a document as confidential during discovery, the party will do so and the other party may challenge that designation, all according to the process set forth in the confidentiality stipulation and Your Honor's Individual Practice Rules.

[2] Plaintiffs mischaracterize Defendants' positions regarding the confidentiality stipulation.  Among other things, Defendants never threatened to make Plaintiffs' "trade secrets" public or anything along those lines.

Hon. Mary Kay Vyskocil
June 11, 2020
Page 3

and Confer, Defendants continue to refuse to agree to protect **any** Trade Secrets, even those contractually agreed to - which would cause irreparable harm in their competitive use and publication. FRCP 26(c)(7) routinely protects Confidential Information as trade secret or other confidential research, development, or commercial information, any document, transcript or other material containing such information. Enforcing the PO and resolution of this PO are crucial, as Defendants have implied or stated they do not intend to protect Plaintiffs' Trade Secrets and improperly release that information.

A Meet and Confer occurred on June 4, 2020 after an email where Defendants put in the writing "*they have no confidential and protected materials*".  Defendants have taken the reckless position that **all** Plaintiffs protected trade secrets are made public – despite binding contractual agreement that the parties agreed to narrowly focused definitions of Trade Secrets – such as Settlement Agreement 1.3. Defendants intend to "wish-away" what they agreed to as contractually in binding agreement to protect Plaintiff's property, and have refused to – even on high level – any of their own trade secrets. Defendants intend to proceed with "mass publication" of confidential information, without any designation whatsoever, including by constant reference in Pleadings and Motions causing irreparable harm. Defendants proposed letter imputes false and untruthful agreements that Plaintiff never stated, proposed or agreed to and therefore cannot sign.

Plaintiff has not asked for any "mass designation" – another false imputation - but only to the **narrowly tailored** definition of "Trade Secrets" that Defendants **already agreed to in the Settlement Agreement P1.3 and NDA**,  "*The NT Parties acknowledge and agree that Timetrics Software constitutes trade secrets and/or copyrighted material and shall be considered without exception confidential and/or proprietary Information*" and to those defined under Federal Law. Defendant on the other hand have recklessly stated they do not wish to protect **_any_** confidential or trade secret information, and seek to void the contractual agreements. They have taken the unreasonable position "nothing" is protected. Defendants vacillations and inconsistencies now include misrepresentations and inconsistent legal argument to this Court, that the Settlement Agreement is also not confidential. This argument is considered Judicial Estoppel as Defendants argued in open court on January 15, 2020 before Honorable Magistrate Judge Debra Freeman, they want the Settlement Agreement filed under seal insisting on  its confidentiality. Defendants in more erratic conduct, have now reversed their argument - which should be not permitted as Judicial Estoppel - and have now represented to Plaintiff in writing that the Settlement Agreement **_should be made public_** in its ongoing attempts of mass publications.

Plaintiff has made changes to PO based on Defendants oral representation they now agreed with the "form" of Plaintiff's proposed PO. The main issues of remaining contention are the **narrowly focused** protection of Trade Secrets under 2(B) and the handling of Experts under Section 10.(4) (*ECF 36*, P. 2B, P/ 10(4). Defendants continue to refuse to identify their own Trade Secrets in this case, and have stated the extreme position they have nothing confidential. Further Defendants seek to burden this Court with case-by-case designations as  discovery proceeds, which Plaintiff objects to. This will drive up cost and time in this litigation. The PO is intended to streamline efficiencies in this case, with **narrowly focused** redactions of trade secrets under Federal Law without the need for ongoing motions.

Hon. Mary Kay Vyskocil
June 11, 2020
Page 4

**Motion to Strike and Motion to Convert Rule 56:** Plaintiff's Motion to Strike (*ECF 40*) sought rectification on several improperly pled factual allegations that do not conform to the pleading standards of a motion to dismiss. The motion respectfully sought two forms of relief

a) To convert Defendants' Motion to Dismiss12(b)(6) to a Motion for Summary Judgement under Rule 56 (*ECF 40* )

b) To strike numerous factually and legally invalid statements that not only do not belong in Defendants pleadings and violate Rule 11. Plaintiff itemized at least 12 factual and inappropriate statements that were improper (*ECF 40*, Attachments 1-4).

Under Rule 56(e) and (f), it is also improper for a district court, in ruling on the 12(b) motion, to consider conclusory and hearsay statements contained in pleadings submitted by defendants, and then to deny plaintiff limited discovery. The pleadings also violated Hon. Magistrate Judge Freeman's Individual Rule II.(F)[3] which specifically required Defendants provide notice to a *pro-se* litigant when referring to matters outside of the pleading.

Westerman's pleadings are not only legally implausible, they are factually unsupported and contradicted by documentary evidence. An attorney's failure to verify with the client the accuracy of all factual allegations made in a complaint constitutes a violation of Rule 11 as sanctionable conduct. See McGhee v. Sanilac County, 934F.2d 89,93(6th Cir. 1991) (appellate court reversed decision not to sanction where attorney neglected to ask client whether alleged statements were actually false). *See* e.g., Patsy's Brand, Inc. v. I.O.B. Realty, Inc., No. 99 Civ. 10175 (JSM), 2002 U.S. Dist. LEXIS 491 at (S.D.N.Y. Jan. 16, 2002) (sanctioning attorneys who "simply closed their eyes to the overwhelming evidence that statements in [their] client's [affidavits]were not true". Defendants repeated misstatements and factual errors attempt to sway this Court with conclusory allegations that do not belong in the Motion to Dismiss and their extra pleadings must be struck.

Pursuant to FRCP 7.b and Local Rule 6.1A, Plaintiff filed a Memorandum of Law for its Motion to Strike and Convert on March 18, 2020. (*ECF 40*). As required under Local Rule 6.1B, Defendants failed to file a reply brief within 14 days and have therefore waived their right to respond. Plaintiff's application to Strike and Convert is therefore unopposed. Plaintiff's Motion to Strike and Motion to Convert is therefore ripe for ruling and should be granted. (*ECF 40*) Plaintiff disagrees that the motion is moot, and the Court instead ***deferred ruling***. Plaintiff requests the Motion to Strike and Motion to Convert ***are ruled on*** in accordance with Federal Rules of Civil Procedure as Plaintiff's motions were timely filed, including time, cost and effort into the legal brief. Plaintiff is entitled to proper ruling on its Motion based on the law and legal standards.

**Scheduling Order:** On January 15, 2020 the parties appeared at a Pre-Hearing Scheduling Conference in this Court, in person, before Hon Magistrate Judge Debra Freeman. The Court issued a scheduling order set forth in *ECF 31*. In light of Covid 19, the parties stipulated to extensions as ordered in *ECF 46*. The current Court orders under *ECF46/ECF48* are as follows:

(a) Serve initial document requests and interrogatories – July 3, 2020

---

[3] Where a counseled party files a dispositive motion with respect to any claim asserted by a *pro se* litigant, counsel must comply with the notice requirements set out in the Local Civil Rules of this Court, including Rules 12.1 and 56.2, where applicable. Where, in a motion to dismiss a *pro se* complaint, a counseled party refers to matters outside the pleadings, that party is strongly encouraged to move, in the alternative, for summary judgment, so that, if the Court decides to resolve the motion under Rule 56 of the FRCP, the *pro se* litigant will understand, based on the moving party's Local Civil Rule 56.1 statement, exactly what facts are relevant to the motion.

Hon. Mary Kay Vyskocil
June 11, 2020
Page 5

      (b) Motions to amend the pleadings or join additional parties– September 5, 2020

      (c) Complete fact discovery is extended – September 20, 2020

      Defendants in dilatory conduct, seek to extend the Court ordered scheduling in the revised Case Management Plan without proper application to the Court or consent from both parties. Plaintiff does not agree to this and opposes any request to grant further extensions. As alleged in the FAC, Defendants continue to profit and gain from misappropriation of Plaintiff's property, and continue to benefit from the stalling and extensions, in prejudice and harm to Plaintiff. Plaintiff will be shortly asserting a *Status Quo,* to prevent ongoing use and leverage from Plaintiff's property, STORM, that is in direct competition and restrictions of further use of its IP.

      Plaintiff has maintained the Court's Ordered scheduling in the attached Case Management Plan. Even though Plaintiff is *Pro-Se,* Defendants should not have wide latitude to not comply with FRCP 56, fail to respond to motions timely (*ECF 40*), vary Court scheduling or "wish away" contracts or determine motions "moot". Plaintiff is also respectfully entitled to rulings on its Motion to Strike in accordance with FRCP and a ruling based on the law.

Plaintiff may seek to retain counsel for the corporate entity The A Star Group, Inc, now that NYC is reopening slowly. Covid19 caused a gap in that process. At the conference, without prejudice to the existing schedule, Plaintiff may seek the right, if necessary, to retain counsel solely for the corporation, while Kumaran will continue *Pro-Se*. Kumaran is the sole owner of all Trade Secret and IP rights herein and is the sole owner, correct successor and assign of all rights, title and interest. Kumaran has immediate concerns to Larkin's obstruction and destruction of its hedge fund, and unauthorized use and publication of Trade Secrets and IP in unfair competition.

Thank you for the Court's consideration.

Respectfully submitted,

*Samantha Sivakumaran*
_____
Samantha Siva Kumaran

*Ellen Tobin*
_____
Ellen Tobin