IN THE UNITED STATES DISTRICT COURT
SOUTHTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN,  )<br>        et al  )<br>        *Plaintiffs,*  )<br>  )<br>  )<br>  -against-  )<br>  )<br>NORTHLAND ENERGY TRADING, LLC )<br>        Et al  )<br>  )<br>        *Defendants,*  ) | Case No: 1:19-CV-08345–MKV-DCF<br>Judge: Hon Mary Kay Vyskocil<br>Magistrate Judge: Debra C. Freeman<br><br>**PLAINTIFF'S MOTION TO EXCEED PAGE LIMIT FOR MEMORANDUM OF LAW TO SHOW GOOD CAUSE FOR TRADE SECRETS 18 USC 1835** |

### PLAINTIFFS MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW EXCEEDING PAGE LIMIT

Pursuant to Local Rule 7.1, Plaintiff Kumaran, *Pro-Se*, as the sole owner of the trade secrets, software and trading strategies at dispute in this action respectfully moves for leave to exceed the page limit for a memorandum in support of her motion of Protective Order to protect trade secrets under 18 USC 1835 and motion to show irreparable harm. As grounds for this motion, the Plaintiff states:

1.  Plaintiff filed an initial proposed form of Protective Order at this Court on March 6, 2020. Because it was filed quickly anticipating a same-day filing of Defendants' Motion to Dismiss Plaintiff had not attached a Memorandum of Law, which properly itemizes the arguments for good cause showing that are needed to protect Trade Secrets.

2.  Various Covid 19 extensions have delayed resolution of the Protective Order Motion and the conference. Further the Court ordered the parties to meet and confer which they have done on June 4. 2020. At the meet and confer, Defendants maintained an unreasonable and extreme position that they Defendants had "no confidential information at this time" and that they did not intend to protect trade secrets.

3.      Defendants also seek to not abide by the Settlement and other agreements to protect trade secrets in the contracts made before this Court and arguing that (i) such agreements are invalid in Federal Court (ii) Trade Secrets do not rise to the level of protection under Federal Law and (iii) SDNY Model Orders do not protect trade secrets. Therefore this motion is extremely important in the Court's consideration of the Protective Order, and the facilitation of expedited discovery.

4.      The FAC alleges that Larkin and Kumaran are direct competitors as CTA's and Defendants have in their possession commercially sensitive information, including non-public information about Plaintiff's affiliates – a competitors – that the FAC makes clear they intend to use as leverage which, if not resolve properly could result in improper dissemination.

5.      Plaintiff was left little time by Defendants' own last minute conduct, having had a draft Protective Order for over six months – and yet intentionally waited till two days before the conference to include pages and pages of redline and undiscussed changes – none of which suitable or workable and designed to be ineffective for the protection of Plaintiff's property.

6.      Plaintiff suspects that Defendants waited to the last minute to provide their full comments, to as to deny Plaintiff sufficient time to support its motion of good cause, and hence this is also why the memorandum is needed.

7.      Because Defendants have maintained an unreasonable and extreme position that they do not wish to recognize *any trade secrets*, despite their express acknowledgements and agreements to define the  including those routinely protected under FRCP 26(c)(7)  and shown no good cause to protect *any* highly sensitive commercially sensitive trade secrets, such as  in any form, - this motion is crucially important.

8.      Defendants have also implied to make constant reference to confidential and commercially sensitive information, which they have in their possession related to their competitors.

9.      The parties appear extremely unlikely to reach a resolution for a Stipulated Protective Order and irreparable harm will occur to Plaintiff if this motion is not granted and fairly adjudicated.

10.  Plaintiff is required to show good cause and support her reasons, which have been comprehensively done this motion was done carefully and extensively given the pending threats of publication. Because Plaintiff is Pro-Se, and because of extremely short time frame Defendants supplied (less than two days) to supply their changes, this motion and memorandum were necessary to be filed before the Court's conference tomorrow on June 18, 2020.

11.  Therefore the issues supporting this motion are extremely important to ensure that Plaintiff's rights for good cause and support are properly adjudicated.

12.  Publication of Plaintiff's trade secrets and other commercially sensitive information would cause irreparable harm and therefore this motion is critical to the economic injury, substance of this action and competitive advantage of Plaintiff.

13.  The requested leave for pages is necessary and important to this Court's ability to receive a full discussion of the issues presented, in short notice, and to support is need for redaction under 18 USC 1835 and was left only two days to prepare the document and tomorrow's deadline.

14.  Through an analysis of facts and law, Plaintiffs' Memorandum addresses the many complex issues raised in Defendant's ongoing attempts to distributed Plaintiff's property to competitors, and refer to them in pleadings.

15.  Plaintiffs' memorandum addresses complex issues through an analysis both regulatory laws and case law. Plaintiffs' research in this regard has been thorough and extensive to afford it a full right to show good cause.

16.  For example, the brief summarizes the specific reasons of competitive harm, economic injury, and narrow nature of trade secrets being identified and how Plaintiff could be harmed as a CTA, CPO, hedge fund and software developer if this material is publicly released. This discussion sets the necessary context for the legal arguments that follow.

17.  Given the numerous issues to be addressed, the Plaintiff respectfully submits that this memorandum will assist the Court in resolving an extremely significant motion for a Protective Order in this crucial decision related to protections owed to Plaintiff under the Defend Trade

Secrets Act. 18 USC 1831 el seq. In turn this will reduce burden on the Court in the long run and help streamline the case.

18. While the Plaintiff – given the extremely short time frame – has made every effort to condense and streamline the arguments in support of the Protective Order, Plaintiff respectfully submit that a longer memorandum is necessary to fully set out the bases for good cause.

19. In order for this Court to receive a complete presentation and analysis of the issues raised and the critical issue in ownership of trade secrets and good cause, and the property, an extended discussion is required.

20. Plaintiff is also Pro-Se and pleading standards may, at the discretion of the Court be relaxed, so as not to prejudice its rights. Plaintiff has not sought this relief in prior motions, but this particular memorandum requires detailed discussion of issues that go to the heart of this litigation.

21. Rendering an unfavorable decision on this issue alone would have deciding impact on the case – for example in wrongful dissemination to direct competitors such as other CTA's or Hedge funds, or by virtue of publication in pleadings to a widespread audience which would be irreparable.

22. For these foregoing reasons, and the irreparable harm that would be caused if not adjudicated fairly, Plaintiffs' respectfully requests its motion to exceed page count for this particular motion of trade secret protection be granted. A proposed Order granting this relief is attached hereto as Exhibit.

Respectfully submitted,

//SSK//

Samantha S Kumaran

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN, )<br>　　　　et al　　　　　　　　　)<br>　　　　*Plaintiffs,*　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　-against-　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>NORTHLAND ENERGY TRADING, LLC )<br>　　　　Et al　　　　　　　　)<br>　　　　*Defendants,*　　　　　) | Case No: 1:19-CV-08345–MKV-DCF<br>Judge: Hon Mary Kay Vyskocil<br>Magistrate Judge: Debra C. Freeman |

## **ORDER**

Having considered Plaintiffs' Motion for Leave to File Memorandum in Excess of Page Limit for Protective Order, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff ais granted leave to exceed the page limits for the Memorandum of Law for the Protective Order imposed by Local Rule 7 .1 in their showing of good cause to protect trade secrets.

　　　　So Ordered this day _____ of June, 2020