Protective Order
Page 1

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SAMANTHA SIVA KUMARAN, | ) | |
| el al | ) | |
| *Plaintiff,* | ) | Case No: 1:19-CV-08345–MKV-DCF |
| | ) | Judge: Hon Mary Kay Vyskocil |
| -against | ) | Magistrate Judge: Debra C. Freeman |
| | ) | |
| | ) | |
| NORTHLAND ENERGY TRADING, LLC | ) | **MOTION FOR PROTECTIVE** |
| et al | ) | **ORDER FOR TRADE SECRETS** |
| *Defendants,* | ) | **AND COMMERCIALLY** |
| | ) | **SENSITIVE INFORMATION** |
| | ) | |

### PLAINTIFFS MOTION FOR  PROTECTIVE ORDER
### FOR TRADE SECRETS AND COMMERCIALLY SENSITIVE INFORMATION

WHEREAS, Pursuant to Federal Rules of Civil Procedure  ("FRCP" ) 5.2(e)(1) and FRCP 26.(c),  Plaintiff respectfully request that this Court issue a narrowly tailored protective order to protect the confidentiality of trade secrets and nonpublic and competitively sensitive information that either Party may need to disclose in connection with the filings of the motions, pleadings, and application stages, and also in discovery in this action, where trade secret and nonpublic and competitively sensitive information inadvertently or intentionally disclosed, and also in discovery which would cause irreparable harm, damage or otherwise incumber either Party.

WHEREAS Pre-Trial Filings and Discovery in this action are likely to involve discussion or publication of highly confidential, non-public and trade secret information for which protection from public disclosure and from use for any other Purpose other than documented herein;

WHEREAS Under FRCP 5.2 (e)(1) the court may, for good cause, issue a similar narrowly tailored order protect confidential and privileged materials and trade secrets, in motions, applications, pleadings, affidavits and exhibits that may be submitted in the pre-trial phase of this action ("Pre-Trial Pleadings");

WHEREAS  Under FRCP 26 (c) the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,

Protective Order
Page 2

including one or more of the following… (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs

WHEREAS the parties were unable to reach an agreement during Meet and Confer on proposed language, notably Section 2.2 on trade secrets, and Section 12, competitors;

WHEREAS irreparable harm will be caused to Plaintiff if its competitive trade secrets, and other commercially sensitive confidential information (as defined in this Order) are published;

WHEREAS Defendants have already published confidential information without appropriate procedures leading to inadvertent publications and Motions to Strike;

WHEREAS the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the filings and pre-trial phase of this action,

WHEREAS it is therefore HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action, their respective officers, representatives, agents, servants, employees, experts and consultants, attorneys, all third parties providing discovery in this action, any other person in active concert or participation with any of the foregoing, and all other interested persons with actual or constructive notice of this Order, shall adhere to the following terms, upon pain of contempt:

**SO ORDERED.**

Dated: _____    Dated: _____



Signed: _____    Signed: _____

New York, New York
Honorable Judge Mary Kay Vykocil       Hon. Magistrate Judge Debra C. Freeman
United States District Judge            United States District Magistrate Judge

Protective Order
Page 3

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER FOR TRADES SECRETS AND HIGHLY SENSITIVE CONFIDENTIAL INFORMATION

### 1. GENERAL

Any person subject to this Protective Order who receives from any other person any "Pre-Trial Pleadings and Discovery Material" (i.e., which shall include but not limited to all information of any kind provided in the course of discovery in this action or in any pre-trial motions, pleadings, letters, affidavits, exhibits and other documents filed in this action) that is designated as "Confidential" or "Protected Materials" pursuant to the terms of this Protective Order shall not disclose such Confidential or Protected Materials Pre-Trial Pleadings and Discovery Material to anyone else except as expressly permitted hereunder. Each person who has access to Protected Materials, pursuant to this Protective Order shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

### 2. CONFIDENTIAL AND PROTECTED MATERAL

### 2.1 General Protections:
### 2.1.1 SDNY Model Order Protections

The Party or person producing or disclosing Pre-Trial Pleadings and Discovery Material (each, "Producing Party" and/or "Designating Party") may designate as Confidential and Protected Materials only the portion of such material that it reasonably and in good faith believes consists of:

(a)  previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)  previously non-disclosed material relating to ownership or control of any non-public company;

(c)  previously non-disclosed business plans, product development information, or marketing plans;

(d)  any information of a personal or intimate nature regarding any individual;

Protective Order
Page 4

(e)   any other category of information hereinafter given confidential status by the Court, after the date of this Order;

### 2.1.2. Clarifications of SDNY Model Order

i.      For clarification in 2.1(a)-(c) above the term "previously non-disclosed" means "previously non-public", and/or previously non-disclosed to a Party or Non-Party without a binding confidentiality requirement;

ii.      For further clarification, the confidentiality obligations covered under 2.1(a)-(c) above, shall apply to all Party's affiliates, including without limitation Plaintiff's affiliates, which are intended beneficiaries as agreed to by the Parties in the NDA, and Settlement which shall include without limitation other entities with the name Nefertiti (collectively "Nefertiti"), owned or controlled by Kumaran, that are Non-Parties to this litigation who's confidential information is already in Defendant's possession or maybe subject to discovery;

### 2.2 TRADE SECRET INFORMATION DESIGNATED AS PROTECTED

Specifically and without limitation, the following items shall be designated as trade secrets and highly confidential.

### CATEGORY A – Plaintiff's Trade Secrets Agreed Upon By Contract;

A.1 Plaintiff's  Timetrics Software and Trade Secrets:

Plaintiff's Timetrics Software and Trade Secrets which the parties have defined and agreed in the Settlement dated May 9, 2016, and/or NDA dated March 2, 2011 are to be treated as trade secret and highly confidential (which includes without limitation all descriptions and information related to Timetrics Software, Related Works, (including disputed Trade Secrets), the OBT Book defined as Related Works, STORM, descriptions of the software and trading/hedging strategies). As defined therein, trade secrets includes, without limitation, all descriptions of the software and trading strategies, methodologies, reports, graphical outputs, processes, decision support tools,

output, reports, graphical outputs, visual displays, source code, graphs, approaches, formulae, methods, risk analysis, processes, features, functionality, designs, descriptions of the Parties hedging and trading strategies, models, spreadsheets and software (including those contained in emails and IM discussion) of all Parties, <u>regardless of who's possession they are in or who created it;</u> and any other items defined as trade secrets, as the Parties agreed to in executed agreements.

CATEGORY   B – Trade Secrets / Highly Commercially Sensitive Trading Data of CTA's and CPO'S, and new business of Plaintiff Kumaran since May  2016

*B. 1 – Plaintiff's CPO / CTA Trade Secrets Protected Under the Commodities Exchange Act*

Plaintiff's CPO's and CTA's trading data, transaction records, bank or FCM statements, financial statements, trades and trading statements, trading or hedging positions (including volumes, strikes, prices, types of instruments) and information about the trading programs, trading strategies, trading vehicles offered or proposed to be offered, investment and risk management techniques utilized or in development by the CTA and CPO,  trading or hedging positions (including volumes, strikes, prices, types of instruments) in the respective trading accounts from the FCM's or Brokerage Accounts;   the proprietary performance record of Plaintiff's CTA and CPOS and any other non-public financial results or financial data of Plaintiff's CTA and CPO results; (Protected under the CEA, including NFA Rule 2-4, 9061). The foregoing shall apply to the trading records, transaction history of Plaintiff's PILOT at Northland, and all trading records and transactions, statements in the OBT Book.

*B.2 – Plaintiff's Non-Public Highly Sensitive Commercial Costs, Pricing, Profits and Royalties of a CTA and CPO:*

which includes without limitation non-public costs of development of Plaintiff CTA's and CPO's Trading Programs, STORM and any other trading and hedging program, license fees, royalties and pricing charged for CTA's Trading and Hedging Programs including STORM offered or proposed to be offered CTA/ CPO Trading Programs; non-public methods of calculating trading royalties and performance incentives, percentages, and profits attributable

Protective Order
Page 6

to each trading and hedging strategies of  the CTA/CPO, the non-public pricing and commercial terms of CTA's and CPO's, including but not limited to the non-public financial and pricing commercial terms of their brokers, brokerage firms, vendors, suppliers, investors, partners, clients or customers.

CATEGORY C – Third Party Affiliates non-public competitive and commercial sensitive information of Nefertiti entities

C.1   _Highly Sensitive Commercial Information of Plaintiff's Affiliates Protected Under SDNY Model Orders 2.1(a)-(c)_

Specific Nefertiti non-public financial information Protected as a privately held Company; including those in emails, letters or discussion. of all Parties, regardless of who's possession they are in or who created it. The foregoing includes without limitation Nefertiti's equity and company financial valuation, capital contributions (proposed or actual), operating budgets (draft or actual), financial terms and proposals, oral and draft financial terms in operating agreements, financial statements, profit forecasts;  ownership stakes, membership interests, letters of intent of ownership, valuation of equity percentages of any members and business partners, guaranteed payments, royalties and financial incentive compensations, or salaries and compensation of Nefertiti and its Members, and any non-public ownership or management control information regarding former member, officer, director, partner, investor, employee or stakeholder, and personnel of Nefertiti;

All the foregoing collectively defined as Confidential and/or Protected Material ("Protected Material").

3. SCOPE

The protections conferred by this Protective Order cover not only Protected Materials but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, abstracts, descriptions, summaries, or compilations of Protected Material; and (3) any testimony,

conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party (as defined herein) or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party (as defined herein).

## 4. PURPOSE

A Receiving Party may only use information and Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecution, defense or attempts to settle  its claims of this action including but not limited to any appeals thereto, mediation, re-hearings, remands, trials, or reviews of this action, or as otherwise permitted or required under rules, regulation or law, and not for any personal, business, commercial, or competitive purpose or other purpose.  All information, whether designated Confidential or not, that is produced or exchanged in the course of this action (other than information that is legally publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this action. ("Purpose")

## 5. RESTRICTIONS AND BASIC PRINCIPLES

Each person who has access to Protected Materials, pursuant to this Protective Order shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order, as permitted only under Sections 10-12 hereunder. When the action, including all appeals, has been terminated, a Receiving Party must comply with the

Protective Order
Page 8

provisions of Section 21 below (Post Termination). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

## 6. DESIGNATING PROTECTED MATERIALS

### 6.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. All designations must be made in good faith. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

### 6.2 Manner and Timing of Designations.

Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 6.3 – 6.5 below), or as otherwise stipulated or ordered, Confidential Pre-Trial and Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

Protective Order
Page 9

### 6.3  Designation of Documents

With respect to any Protected Material in any Documents, (which shall include Pre-Trial Pleadings and Motions, Exhibits and Affidavits) but other than deposition transcripts and exhibits, the Producing Party shall designate such portion as "Confidential" by : (a) stamping or otherwise clearly marking as "Confidential" or "Protected Material" to each page that contains protected material ,and identifies the protected portion in a manner that will not interfere with legibility or audibility;  and (b) the Producing Party must produce timely, for future public use another copy of said Protected Material with the Confidential information redacted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend Confidential to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

### 6.4 Designation of Testimony:

For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30  days to identify the specific portions of the testimony as to which protection is

Protective Order
Page 10

sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as Confidential.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the Non-Disclosure Agreement in the form annexed as Exhibit A hereto; are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Confidential.

6.5  Designation of Deposition Exhibits and Transcripts,

A Party or Non-Party may designate deposition exhibits or portions of deposition transcripts as Protected Material either by: (a) indicating on the record during the deposition that a question calls for  "Confidential Information" in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated as Confidential in which case all Parties and/or their counsel of record receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, and/or receipt of the transcript whichever is later,  all Parties will treat the entire deposition transcript as if it had been designated Confidential. A failure to designate during the deposition, does not waive the right to make redactions to Protected Material.

6.6  Requirements for Transcripts:

All transcripts of depositions, taken in this Action will be treated as " Confidential" in their entirety for a thirty (30) calendar days after the date a full and complete copy of the transcript has been made available to all Parties and their counsel, and/or the deponent (or, if applicable,

Protective Order
Page 11

deponent's counsel). During the deposition or at any time during the 30-calendar-day period, any Party, deponent, or deponent's counsel may designate as "Confidential," in accordance with his Protective Order, any portion of the transcript, by page and line, and any deposition exhibits produced by the deponent or the deponent's employer. Such designations must be provided to Plaintiff's and Defendant's counsel to be deemed effective. Any portion of the transcript or exhibits not so designated pursuant to this provision will not be treated as "Confidential" under this Order, notwithstanding any prior or subsequent designation.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "Confidential" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted;

6.7 Requirements for Pleadings:

All Pre-Trial Motions that refer to or incorporate Protected Material, including those disputed Protected Materials such as the OBT Book, will be initially filed under seal for up to thirty (30) calendar days, to allow the other Party an inspection period ("Inspection Period") to review for any redactions. Pre-Trial motions will be treated as " Confidential" in their entirety for a thirty (30) calendar days after filing.  At any time during the 30-calendar-day Inspection Period, any Party, may designate as "Confidential," in accordance with this Protective Order, any portion of the Pre-

Protective Order
Page 12

Trial Motion (and/or its exhibits and affidavits) by page and line. Such designations must be provided to the opposing Party or its counsel to be deemed effective. Any portion of the transcript or exhibits not so designated pursuant to this provision will not be treated as "Confidential" under this Order, notwithstanding any prior or subsequent designation.

The Parties may oppose any such delegation in accordance with paragraph 7.2. of this Order, and this Courts Individual Rules of Practice.

6.8 Other Confidential Information.

For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend Confidential. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

7. - CHALLENGING CONFIDENTAILITY DESIGNATIONS

7.1 Challenges to Designation.

Provided the challenge was not reasonably foreseeable, or waived in accordance with this Order, and/or will not unnecessarily add cost and burden to this litigation, any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, , a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The foregoing shall not permit ongoing case-by-case designations and motions of confidentiality of Confidentiality during discovery if a Party has failed in good faith to identity trade secrets and confidential information in this Order. A failure of any Party to challenge expressly a designation of "Confidential" shall not constitute a waiver of the right to assert at any subsequent time that the material designated does not constitute Confidential Information or is not an appropriate designation for any reason.

Protective Order
Page 13

### 7.2 Procedures for Challenge.

Any Party that disagrees with the designation of any information as ""Confidential" may notify the opposing Party and the Designating Party (if applicable) of such disagreement in writing. The Designating Party or opposing Party shall then have 15 business days from receipt of the notification to move the Court for an order upholding the designation.. The weight of balance shall be in the favor of the Designating Party's who's trade secrets and/or Confidential information are being sought to be protected, and would suffer economic injury and be harmed by the disclosure and the burden of proof that the designation is improper under Rule 26(c)(7) shall be on the Disclosing Party who wishes to disclose the Designating Party's trade secrets or other Confidential Information.  In all cases the resolution shall have weight in favor of the Designating Party and the owner of trade secret and/or  Confidential information. The designated information shall be treated as "Confidential" (as originally designated) under this Order until the Court rules on the Designating Party's timely filed motion. If the designating Party or Protected Person fails to move the Court in accordance with this Paragraph, or if the Court finds the designation of "Highly Confidential" or "Confidential" to have been inappropriate, the challenged designation shall be considered rescinded. The Parties thereafter shall not be required to treat the information as "Confidential" under this Order.

## 8 - INADVERTENT FAILURE TO DESIGNATE

### 8.1 - Timely Corrections Permitted:

Provided that the Designating Party, did not fail to make a good faith effort to designate Protected Material at the time of negotiation of this Protective Order, and provided that such ill-time designations do not add unnecessary cost, time and burden to the other party, If at any time before the termination of this action a Producing Party or persons realizes that it should have designated something as Confidential some portion(s) of Pre-Trial and Discovery Material including information, documents or testimony, that it previously produced without a Confidential designation, the Producing Party or person may so designate such material by notifying all Parties

Protective Order
Page 14

in writing. The foregoing right to correct, shall not expressly apply to property in existence by the Parties, that they in good faith had a knowledge of should be protected and were Protected Materials, and failed to identify, including all known Protected Materials or highly sensitive commercial designations at the time of this Protective Order.

Thereafter, all persons subject to this Protective Order will treat such designated portion(s) of the information, documents or testimony as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such information, documents or testimony that bears the "Confidential" designation within five (5) business days of providing such notice.
8.2 - Inadvertent Failures to Designate.

If timely corrected, and except as not permitted under this Order, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must assure that the material is treated in accordance with the provisions of this Protective Order.


9.  NO WAIVER

a)      Right to Further Relief. Provided that the Designating Party, did not fail to make a good faith effort to designate Confidential Information or trade secrets at the time of negotiation of this Protective Order, and provided that such ongoing designation requests do not unreasonably add cost, time  burden and expense to this proceeding, this Order permits o a Party shall have to the limited right to seek  modification by any Court, upon motion duly made pursuant to the Rules of the Court in the future, for new issues not raised in this Protective Order;

b)      Non-Parties: Nothing in this Order abridges the right of a Non-Party to seek modification by this court upon motion duly made pursuant to the Rules of the Court in the future,

c)      No Waiver:  This Protective Order will not be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence;

Protective Order
Page 15

## 10. AUTHORIZED PERSONS

Where a Producing Party has designated Pre-Trial Pleadings and Discovery Material as Confidential, all Parties and other persons subject to this Protective Order may disclose such information only to the following persons:

a)      counsel retained or proposed to be retained specifically for this action as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Non-Disclosure Agreement in the form annexed as Exhibit A hereto; ;

b)      the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

c)      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

d)      any witness who a Party or its counsel in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

e)      Experts (as defined in this Protective Order) of the Receiving Party, to whom disclosure is reasonably necessary for this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto and to whom the procedures set forth in paragraph 12 below have been followed;

Protective Order
Page 16

f)	court reporters and their staff, and Professional Vendors that counsel retain, and to whom disclosure is reasonably necessary for this litigation and who have executed the Non-Disclosure Agreement in the form annexed as Exhibit A hereto

g)	this Court, including any appellate court, its support personnel

h)	as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

## 11. PROCEDURES FOR DISCLOSURE

Before disclosing any Protected Material to any person referred to in  subparagraphs 10(a)-10(f) above, the Party or its counsel must provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Protective Order and agrees to be bound by its terms. Said Party or counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing Party or counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

## 12. EXPERTS
### 12.1 Experts Cannot be Direct Competitors

For the avoidance of any conflict of interest, any Expert who receives access to Protected Material shall expressly not be a past or present employee of, be affiliated with, or have a financial interest in, a Competitor (as defined in Paragraph 22.(h)  herein), and is not in the future anticipated to become employed by, affiliated with or obtain a financial interest in a Party's Competitor. It shall be prohibited and disclosure not approved if the Expert has or contemplates undertaking competing work that could foreseeably result in an improper use of the Designating Party's trade secrets or Confidential information. This paragraph shall also apply to Professional Vendors

Protective Order
Page 17

## 12.2  Experts Procedures for  Designating Expert

### 12.2. (a) Limitation Only apply to Protected Material access of Experts

The following procedures 12.2(b),(c),(d) hall be followed for approving or objecting to disclosure of Protected Materials that have access to Trade Secrets under Categories A-C under Section 2.1 and 2.2 to an Expert. These procedures shall *not* apply to the hiring of Experts, that ***do not*** have access to Protected Materials.

### 12.2 (b) Procedures:

Unless otherwise ordered or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated Protected Material first must make a written request to the Designating Party that (1) identifies the general categories Protected Material information that the Receiving Party seeks permission to disclose to the Expert;  (2) sets forth the full name of the Expert and the city and state of his or her primary residence,  (3) attaches a copy of the Expert's current resume; (4) identifies the Expert's current employer(s); (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and  (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

### 12.2.(c) Objections to Designating Expert:

A Party that makes a request and provides the information specified in the preceding respective paragraphs may only disclose the subject Protected Material to the identified Expert after a 21 calendar day objection period. Unless, Provided that within 21 calendar days of delivering the request, the Party does not receive a written objection from the Designating Party, a Party may continue to disclose to the Expert. Any such objection must set forth in detail the grounds on which it is based.

Protective Order
Page 18

12.2(d)  Resolution of Objections:

If the Parties cannot reach agreement amongst themselves the Disclosing Party seeking to make the disclosure to an Expert shall file a Motion to the Court in accordance with Local Court Rules within fourteen (14) calendar days, after the objection period in 12.2 above, which the other Party may oppose. The weight of balance shall be in the favor of the Designating Party's who's trade secrets and/or Confidential information are being sought to be protected, and who have asserted would suffer economic injury and be harmed by the disclosure and the burden of proof shall be on the Disclosing Party who wishes to disclose the Designating Party's trade secrets or other Confidential Information.  In these all cases the resolution shall have weight in favor of the Designating Party and the owner of trade secret and/or  Confidential information.

13. FILING UNDER SEAL

Unless otherwise ordered by the Court to file under seal or otherwise granted, in filing Confidential Pre-Trial Pleadings and Discovery Material with this Court, or filing portions of any pleadings, motions, exhibits, affidavits or other papers that disclose such Confidential Pre-Trial Pleadings and Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

In accordance with Hon Judge Mary Kay Vyskocil's Rules paragraph 9.(A) and 9(B) of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents, if it is unable to make "specific, on the record findings … demonstrating that closure

Protective Order
Page 19

is essential to preserve higher values and is narrowly tailored to serve that interest" Lugosh v. Pyramic Co. of Onodaga 435 F 3d 110, 120 (2d Cir 2006) In accordance with Hon Judge Mary Kay Vyskocils's Individual Rules 9B) any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).


## 14. OBJECTIONS TO CONFIDENTIALITY

Any Party who either objects to any designation of confidentiality, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, Parties or their counsel will address the dispute in accordance with paragraph) of this Court's Individual Practices.


## 15. ATTORNEY'S EYES ONLY

Any Party who, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances, or other levels of protection for "highly-confidential materials" such as source code, or a Competitor's or CTA's trades), may at any time prior to the trial of this action serve upon Parties, or their counsel,  a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, Parties will address their dispute in accordance with Section 7.2 hereunder and this Court's Individual Rules and Practices.


## 16.  COURTS DISCRETION FOR TRIAL

This Protective Order binds the Parties and certain others to treat as Confidential any Pre-Trial Pleading and Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Pre-Trial Pleadings and Discovery Materials, introduced in evidence at trial, and retains full discretion to determine whether to afford

Protective Order
Page 20

confidential treatment to any Pre-Trial Pleadings and Discovery Material designated as Confidential hereunder. Nothing in this Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing. Any request for confidentiality, closure or sealing of any hearing or trial must be made in accordance with the Court's Individual Rules of Practice.

The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, exhibit, affidavit, that may result in an order and/or decision by the Court. Unless otherwise ordered by the Court, All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Pre-Trial Pleadings and Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

## 17.  FORCED DISCLOSURE

Nothing in this Protective Order will prevent any Party from producing any Protected Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law, or in compliance with any rule, regulation or if required by any government agency having jurisdiction. ("Forced Disclosure"). In the event of a Forced Disclosure, This Protective Order does not supersede, replace or modify any previously agreed Forced Disclosure provisions of the Settlement Agreement, Timetrics NDA or other binding agreements between the Parties which remain in full force and effect.

Without limitation of the foregoing, if a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

a)     promptly notify in writing the Designating Party, and at least ten (10) business days before any disclosure, and in no event less than sufficient time for Designating Party to enforce its rights herein. Such notification shall include a copy of the subpoena or court order;

Protective Order
Page 21

b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include providing them with a copy of this Protective Order;

c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[1]  The Party served shall not take any action to oppose or enjoin in any motion to not protect the confidentiality thereof.  Shall not oppose a motion to intervene;

d)      Recipient shall join or agree (or at a minimum shall not oppose) any further motions or similar request by Designating Party for an order protecting the confidentiality of the Confidential information, including joining or agreeing to (or not opposing to) a motion for leave to intervene by Designating Party;

e)      Recipient shall make reasonable efforts to mark any Confidential Information disclosed as Trade Secrets, Proprietary and Confidential of Designating Party and pursue all available means of maintaining the Confidentiality of this material as governed by law, including but not limited to securing a protective order around the materials; and without relieving Recipient of any of its obligations hereunder;

f)      Recipient shall not interfere or prohibit Discloser from seeking a protective order (and/or temporary restraining order) regarding the disclosure of Confidential Information and other relief in any disclosure of its Confidential Information as outlined in the confidentiality provisions included herein or as permitted by law.

 (iii) Recipient shall use all its best efforts (and no less than the same effort used to protect its own Confidential Information) to obtain a sealing order or protective order around the Confidential Information at its sole cost and expense . Further Recipient shall assume liability for any

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

Protective Order
Page 22

unauthorized disclosure or misuse of any Confidential Information disclosed under this paragraph, which is not in compliance with the provisions in Paragraph 12 or other provision hereunder.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

## 18. INADVERTENT DISCLOSURE

If in connection with this litigation, a Party or person learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, or inadvertently included Protected Material without redaction in a Pre-Trial Document including a pleading, motion, exhibit or affidavit, ("Inadvertently Disclosed Information"), the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) where such inadvertent disclosure is in Pre-Trial Pleadings promptly remove such Confidential Information and refile a redacted version in accordance with Section 12 hereunder; (d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (e) request such person or persons to execute the Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

## 19. DURATION

Even after Final Disposition of this litigation, the confidentiality and other obligations imposed by this Protective Order shall remain in effect until a Producing Party or Designating Party agrees otherwise in writing or a court order otherwise directs. Final Disposition shall be deemed to be the later of (i) dismissal or settlement of all claims and defenses in this action or in any way related to this action, with or without prejudice; and (ii) final judgment herein after the

Protective Order
Page 23

completion and exhaustion of all appeals thereto, including but not limited to re-hearings, remands, trials, or reviews of this action, in all legally permitted forums, or as otherwise permitted or required under rules, regulation or law including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 20.  POST TERMINATION

Within sixty (60) days of the Final Disposition of this action all recipients of Protected Material must either return it (including all copies, abstracts, compilations, summaries thereof) to the Producing Party, or, upon permission of the Producing Party, destroy such material (including all copies, abstracts, compilations, summaries) thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material Notwithstanding any of the foregoing provisions, the Parties and/or the Parties' counsel retained in this action, may specifically retain a copy of all pleadings, motion papers, transcripts, expert reports, exhibits, affidavits, legal memoranda, correspondence, documents, information, reports, including attorney work product, even if such materials contain Protected Material for the maximum permitted or as required to be in compliance with any  rule, regulation or law. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order, unless modified by a Court.

## 21. SURVIVAL

This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Protective Order to whom Confidential Pre-Trial Pleadings and Discovery Material is produced or disclosed.

Protective Order
Page 24

## 22  COURTS JURISDICTION

This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. By invoking this Protective Order and designating any information as "Confidential" hereunder, a Non-Party consents to the jurisdiction of the United States District Court of the Southern District of New York solely for the purpose of enforcing the terms of this Protective Order and waives any right the Non-Party may otherwise have to object to the jurisdiction of this Court with respect to a challenge to any designation under this Order

## 23. DEFINITIONS

a)  Party shall mean any party to this action, including all of its owners, members, officers, directors, and employees;

b)  Non-Party shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

c)  Receiving Party shall mean a Party that receives disclosures, pleadings, motion papers, transcripts, expert reports, exhibits, affidavits, legal memoranda, correspondence, documents, information, reports, including attorney work product, or in responses to discovery Confidential Information  or Pre-Trial Pleadings and Discovery Material from a Producing Party.

d)  Designating Party shall mean a Party or Non-Party that designates information or items that it produces in disclosures, pleadings, motion papers, transcripts, expert reports, exhibits, affidavits, legal memoranda, correspondence, documents, information, reports, including attorney work product, or in responses to discovery as "Confidential" or "Protected Material"

e)  Producing Party shall mean a Party or Non-Party that produces or generates, or has in their possession, disclosures, pleadings, motion papers, transcripts, expert reports, exhibits, affidavits, legal memoranda, correspondence, documents, information, reports, including

Protective Order
Page 25

attorney work product, or in responses to discovery Confidential Information or Pre-Trial

Pleadings and Discovery Material in this action.

f)   Expert shall mean both testifying and non-testifying experts, with specialized knowledge

or experience in a matter pertinent to the litigation, as well, as any professional jury or trial

consultants, or individuals and entities otherwise retained or consulted with in any manner, to

provide advice to a Party or its counsel in connection with this action.

g)   Competitor shall mean a registered (or previously registered) commodities trading advisor,

registered (or previously registered)  investment advisor, registered (or previously registered)

commodities pool operator,  a hedge fund employee or owner, a risk management services

provider, a risk management software or solutions vendor, shall not directly or indirectly have

a financial interest in any hedge fund, CTA, CPO or in the trading or risk management of

commodities futures or options, and shall not otherwise (either directly or indirectly) conduct

business in any manner related to the trading or hedging of commodities futures, options, or

securities.

h)   Professional Vendors shall mean persons or entities that routinely provide litigation

support services, such as  copy-service providers and document-management consultants,

litigation funders, (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their

employees, stenographers engaged to transcribe depositions in this action. Professional

Vendors shall be  not Competitors as defined above.

Protective Order
Page 26

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order , that was issued by the United States District Court for the Southern District of New York on _____, 2020 in the case of Samantha Siva Kumaran,  et al vs. Northland Energy Trading, Inc, Hedge Solutions LLC, Richard M. Larkin, Domenic Bramante, Daniel Lothrop under the case number 19 CV 08345.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions, damages, and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I further agree that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


Date: _____


City and State where sworn and signed: _____


Printed name: _____[printed name]


Signature: _____[signature]