July 3, 2020
Page 1


**VIA ECF**

Honorable Debra C. Freeman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007


Re: *Kumaran vs. Northland Energy Trading et al  1:19-Cv-08345* (MKV-DCF)


Dear Judge Debra C. Freeman:


<u>REQUEST FOR SHORT EXTENSION</u>


Pursuant to Local Rule 6.1.(b)(3) and Magistrate Judge Freemans' Individual Rules I.B Plaintiff respectfully requests a short seventeen (17) day extension until **July 25, 2020** to file its reply to the opposition to the Protective Order which was filed July 1, 2020. In accordance with Local Rule 6.1.(b).(3) Plaintiff's response is currently due on **July 8, 2020**. Plaintiff has only requested one previous extension, for a changing scheduling of a teleconference caused solely due to Covid 19, and has thus far not requested any extensions for filings of motions or briefs.


<u>BACKGROUND REASONS FOR SHORT EXENSION</u>


Plaintiff Kumaran filed a Motion for Protective Order on Jun 17, 2020 (ECF 54). During a preliminary conference with Honorable Judge Mary Kay Vyskocil on June 18, 2020. (ECF 51) Plaintiff requested fourteen (14) days to respond to a concurrently filed Preliminary Injunction, which is longer than the seven (7) days. During that conference, Hon. Judge Vyskocil deferred that scheduling until after ruling on the Protective Order. In the ensuing Order, this pending Motion for Protective Order was referred to Hon. Magistrate Judge Debra C. Freeman. (ECF 55). Defendants filed their response on Jul 1, 2020 (ECF 57 and 58).which was significantly longer than expected and continue volumes of documents and attachments.

The reason for a short extension is therefore as follows.

*First,* Defendants filings consisted of no less *than 150 pages of exhibits* (PACER download charges were for 150 pages – (ECF 58), as well as several *dozens of pages* of case law. Defendants only attached two (2) of the several cases cited in PDF, also requiring additional research in locating the cases to be performed by Plaintiff. The additional case law, is in excess of another *two dozen pages of several new cases*. Therefore, this will need a little extra time that was planned, as

July 3, 2020
Page 2

the opposition was voluminous in redlines and attachments and contained dozens of exhibits (ECF 58, Exhibits 1-18).

*Second,* Plaintiff respectfully alerts this Court, Plaintiff's current filing schedule coincides with the July 4, 2020 holiday weekend which will increase burden to meet the very tight deadline, and the excessive documents will need to be reviewed over the holiday. The current briefing schedule is for July 8, 2020.

*Third*, Plaintiff also respectfully advises this Court, that in accordance with Hon Judge Mary Kay Vyskocils' Order (*See* ECF 55) Plaintiff is attempting in good faith to meet the **July 18, 2020** deadline to appoint counsel for corporate Plaintiff The A Star Group, Inc. Plaintiff alerts the Court it is making all reasonable and hard-working efforts to retain Corporate counsel on or before this date. While Plaintiff is in good faith negotiations, which have not been finalized at the time of this letter, Plaintiff respectfully requests the Court, in the interest of efficiencies, that Plaintiff has time to finalize any potential retention. If counsel is retained by July 18, 2020, it would be more practical to submit a response seven (7) days after - July 25, 2020 - so as to avoid any duplication efforts.

Plaintiff believes such a schedule will be in the interest of efficiencies for all parties, including this Court. In the event Counsel is secured, unnecessary work would be avoided in adding commentary, which could be avoided if the schedules aligned. While counsel retention and terms have not been finalized, (and Plaintiff does not want to foresee with certainty it will be completed) all reasonable efforts are being made to explore this avenue by July 18, 2020.

*Fourth,* this motion is of significant importance as it is relevant to a Preliminary Injunction. which is also crucial to the merits of the case. (ECF 52) Plaintiff has included critical arguments of good cause and irreparable harm which need to be responded to thoughtfully and carefully so that they are presented adequately to this Honorable Court. Those arguments would need to be weighed carefully. This therefore requires a reasonable time window to respond properly and to present the supporting law which, as Plaintiff is currently Pro-Se also requires a little extra time.

Plaintiff in no way seeks to delay this proceeding, yet simultaneously seeks to align the schedules of multiple pending motions and scheduling orders, and to seek maximum efficiencies in filings to the Court.

Plaintiff attempted to reach Defendant's counsel early this morning July 3, 2020 to discuss this letter and most likely due to the July 4 holiday, may not have been reviewed. Plaintiff held back in filing in awaiting to hear their response. Defendants did respond this afternoon and Defendants do consent to this request. Plaintiff thanks the Court in advance and wishes the Court a Happy July 4 holiday on behalf of all Parties. Thank you again.

Respectfully submitted,

//SSK//

Samantha Siva Kumaran