**WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP**

Ellen Tobin
Extension 343
etobin@westermanllp.com

July 14, 2020

**VIA ECF**
The Honorable Mary Kay Vyskocil
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007

      Re:    <u>*Kumaran, et al. v. Northland Energy Trading, LLC, et al.*</u>, 19-cv-08345-MKV-DCF

Dear Judge Vyskocil:

      This firm represents defendants Northland Energy Trading, LLC ("Northland"), Hedge Solutions, Inc. ("Hedge"), Richard Larkin ("Larkin"), Daniel Lothrop ("Lothrop") and Domenic Bramante ("Bramante") (collectively, "Defendants") in the above-referenced action. We respectfully submit this letter motion pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a stay of discovery during the pendency of Defendants' motion to dismiss.

      Plaintiffs The A Star Group, Inc. d/b/a Timetrics ("Timetrics") and its principal, Samantha Siva Kumaran ("Kumaran") (together, "Plaintiffs"), commenced this action on September 6, 2019, and served the complaint on December 4, 2019. On December 26, 2019, Plaintiffs filed the amended complaint, adding 2 defendants (Lothrop and Bramante) and asserting *16 claims* in total. <u>The claims cover an expansive time period, from 2011 to 2017.</u>

      The amended complaint alleges that Defendants (1) breached the *Mutual Release and Settlement Agreement* dated May 9, 2016 (the "Settlement Agreement") by retaining, using and/or "reverse engineering" "Plaintiffs' IP and Software;" (2) breached a subsequent, oral "Agreement In Principle" ("AIP") by failing to make certain payments; and (3) fraudulently induced Plaintiffs to enter each of the Settlement Agreement and the AIP by falsely representing they would perform under the respective agreements. The remainder of the claims arise from the same allegations and are impermissibly duplicative of the contact and quasi-contract claims.

      By motion dated July 9, 2020, Defendants moved, pursuant to Rule 12(b)(6), to dismiss the amended complaint in its entirety, with prejudice (the "Motion to Dismiss"). *See* ECF Nos. 63-65. <u>The Motion to Dismiss sets forth substantial and meritorious grounds for dismissal</u>. Among other things: (1) the individual Defendants' alleged conduct was undertaken on behalf of Northland and Hedge and they cannot be sued individually;[1] (2) all allegations and causes of action based on events that took place before May 9, 2016 are barred by the parties' broad releases in the

---

[1] According to Plaintiffs' own allegations, Lothrop and Bramante had virtually no involvement in the dispute. Lothrop and Bramante are not parties to any agreement. For the period after the Settlement Agreement, they are not alleged to have made any misrepresentations or had actual knowledge of fraud. Indeed, <u>Plaintiffs repeatedly allege that all of the post-Settlement Agreement transactions, including the AIP, were *concealed* from Lothrop and Bramante.</u>

Hon. Mary Kay Vyskocil
July 14, 2020
Page 2

Settlement Agreement; (3) the claims arising from the AIP are barred by the statute of frauds; (4) Plaintiffs waived their claims by waiting to bring this action more than three years after discovering Defendants' alleged misappropriation of Plaintiffs' IP; (5) Plaintiffs fail to allege the existence of "trade secrets" and, in any event, the alleged misappropriation pre-dates the enactment of the *Defend Trade Secrets Act*, 18 U.S.C. § 1836, *et seq.,* and (6) the fraud-based claims are impermissibly duplicative of the breach of contract claims – including because alleged misrepresentations about intent to perform under a contract are not actionable as fraud claims.[2]

## Good Cause Exists To Stay Discovery

Courts consider three factors to determine whether "good cause" exists to stay discovery during the pendency of a motion to dismiss: (1) Whether defendant made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *Spinelli v. Nat'l Football League*, 13 Civ. 7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (citations omitted). All three factors weigh in favor of the requested stay here.

**Defendants Made a Strong Showing That Plaintiffs' Claims Should Be Dismissed**

As explained above and as set forth in detail in the Motion to Dismiss, Defendants have "substantial arguments for dismissal of many, if not all of the claims asserted." *See Spencer Trask Software & Information Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Defendants also have substantial arguments for dismissal of the individual defendants, who are alleged to have acted on behalf of Northland and Hedge. Under this factor, discovery should be stayed where the motion "is potentially dispositive, and appears to be not unfounded in the law." *Gandler v. Nazarov*, 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994).

Here, Defendants' Motion to Dismiss is ***potentially dispositive*** and ***not unfounded in the law***. <u>A stay of discovery is warranted to avoid costly and time-consuming discovery in the event the Court dismisses the amended complaint. At the very least, a stay is warranted to limit the scope of discovery to proper defendants and/or claims the Court finds to be sufficiently pleaded (if any).</u> *See Spencer Trask Software*, 206 F.R.D. at 368 (granting stay where defendant "appear[ed] to have substantial arguments for dismissal of many, if not all, of the claims asserted in the lawsuit"); *Spinelli*, 2015 WL 7302266, at *2 (Stay will "have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable.")

**Plaintiffs Seek Extremely Broad Discovery And
Responding Will Be Unduly Time-Consuming and Expensive**

<u>Plaintiffs has already propounded "scorched earth" discovery requests on several parties and non-parties</u>. This factor strongly weighs in favor of a stay of discovery.

---

[2] Additionally, Timetrics, a corporate entity, cannot prosecute its claims *pro se*. In the event Timetrics does not retain counsel by July 18, 2020 (*see* ECF No. 55), Counts 4 to 11 and 13 should be dismissed because they cannot be maintained by Kumaran individually, for the reasons set forth in the Motion to Dismiss.

Plaintiffs purported to send "Notices of Deposition" to three non-party witnesses – a *former* employee and Larkin's ***children***. *See* Exhibits "1," "2," "3."[3] The non-party notices seek significantly broad and unduly burdensome discovery. The topics are not remotely relevant to the parties' claims or defenses, they call for documents employees and former employees would not have, and certain topics appear to be included for harassment purposes. (For example, employment and compensation agreements, information about unrelated regulatory investigations and customer disclosures). Notably, Plaintiffs seek to burden these ***non-parties*** with such inappropriate requests before even attempting to obtain documents from Northland or Hedge. The former employee left the company in 2014. Larkin's children are not mentioned in the Complaint and had ***no*** involvement in this dispute. They are not appropriate discovery targets in any event.

Plaintiffs also purported to serve "Notices of Deposition" on defendants Lothrop and Bramante. *See* Exhibits "5" and "6." Lothrop and Bramante had virtually no involvement in the dispute. They were not parties to any agreement and *Plaintiffs allege* they were kept in the dark about all transactions after the Settlement Agreement. The document demands are extremely broad and many are unintelligible. The demands appear to be a "copy/paste" of the non-party notices (or vice versa), seeking most of the same improper categories of discovery.[4]

The "notices" to date (Exs. "1" to "3," "5" and "6") are likely the tip of Plaintiffs' discovery iceberg. Given the substantial likelihood that all or at least some of the claims and Defendants will be dismissed, discovery should be stayed pending the Motion to Dismiss, rather than burdening these individuals with costly and likely unnecessary discovery. *See Negrete v. Citibank, N.A.*, 15 Civ. 7250, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) ("Given the significant burden involved in responding to the Plaintiffs' requests for production …, it is prudent to defer discovery until after the Complaint's sufficiency is tested."); *Am. Booksellers Ass'n, Inc. v. Houghton Mifflin Co., Inc.*, 95 Civ. 8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995) ("The discovery sought by plaintiffs is very broad and to require defendants to respond to it at this juncture, when their motion to dismiss may be granted, would be extremely burdensome.").

**A Stay Of Discovery Will Not Cause Unfair Prejudice To Plaintiffs**

Plaintiffs would *not* be unfairly prejudiced by a stay of discovery. In the event any claims survive, Plaintiffs will have ample opportunity to obtain documents and depose witnesses. The delay will be short, particularly relative to Plaintiffs' timeframe here. Plaintiffs *waited more than three years* to bring this action after supposedly discovering the misappropriation of their IP. Then, Plaintiffs waited another *three months* to serve the initial complaint, and *another three weeks* to serve an amended complaint. Plaintiffs can hardly argue the timing is suddenly urgent.[5]

---

[3] By letter dated July 2, 2020, the undersigned notified Plaintiffs that the non-party notices were improper in several respects and must be withdrawn immediately. *See* Exhibit "4."

[4] By emails dated June 22 and July 14, and letter dated July 14, 2020, Defendants objected to the Lothrop and Bramante notices. The parties are scheduled to meet and confer regarding the deposition notices next week. *See* Exhibit "7." Defendant Lothrop served responses on July 13, 2020, in accordance with the deadline to do so.

Hon. Mary Kay Vyskocil
July 14, 2020
Page 4

This case is in the early stages and a short stay of discovery will not harm Plaintiffs.  *See, e.g.*, *Negrete*, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) ("Any prejudice stemming from delay is likely to be in minimal … since this case is in its infancy and the hearing date for the motion is less than two months away."). Such minimal prejudice (if any) is outweighed by the conservation of judicial and party resources "because the adjudication of the pending motion to dismiss might avoid the need for costly and time-consuming discovery[.]" *Gandler*, 1994 WL 702004, at *4. In any event, the circumstances here do not constitute prejudice: "<u>A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.</u>" *Spencer Trask Software*, 206 F.R.D. at 368 (emphasis added; citation omitted).

In light of the foregoing, Defendants respectfully request that discovery be stayed during the pendency of Defendants' Motion to Dismiss.  We thank the Court for its time and attention to this matter.

Respectfully submitted,

*Ellen Tobin*

Ellen Tobin

2232259

---

[5] Defendants filed the Motion to Dismiss on July 9, 2020.  Plaintiffs have until September 7, 2020 to file opposition papers, and Defendants have until September 28, 2020 to file a reply. At the June 18, 2020 Court conference, Plaintiffs requested the extended time period to oppose the Motion to Dismiss. *See* ECF No. 55.