Notice Letter Page 1,  October 7, 2020

<u>**VIA ECF**</u>

Honorable Judge Mary Kay Vyskocil
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran vs. Northland Energy Trading et al  1:19-Cv-08345* (MKV-DCF)

**<u>NOTICE OF IMPERISSIBLE ARGUMENTS RAISED FOR FIRST TIME IN REPLY (ECF 77)</u>**

Dear Honorable Judge Mary Vyskocil:

      Plaintiffs respectfully notify the Court, after having read carefully the Reply Motion to Dismiss, filed on September 29, 2020 (ECF 77), Plaintiffs have noted several *new* arguments, facts and legal theories that are either impermissibly raised – meaning Defendants did not raise the legal argument at all in the Motion to Dismiss and are raised for the first time in Reply (therefore Plaintiffs did not have an opportunity to respond) and/or contain several new facts not referenced in the Complaint  - many of which are not even true. This is compounded with a repeated tendency of Defendants to paraphrase, mis-quote or fabricate new allegations – which has been a pattern in this litigation to not quote exactly the well-pled proper facts and extrapolate on allegations put forward in this case which are also impermissible at a Motion To Dismiss stage. Plaintiffs therefore notify the Court that these *new* legal theories, ***raised for the first time in Reply***, are impermissible and must be disregarded. If however,  the Court is to incorporate reference to these newly raised legal theories, then Plaintiffs respectfully will request leave from the Court to file a Sur-Reply.

<u>**ARGUMENT**</u>

    **(A)** <u>**New Legal Theories Raised for First Time In Reply Are Not Permitted**</u>

    It is well settled that arguments may not be raised for the first time in a reply brief as that tactic denies the plaintiff the opportunity to respond. *See, e.g., <u>United States v. Yousef,</u> 327 F.3d 56, 115, 171 (2d Cir.2003)*, *cert. denied,* <u>540 U.S. 933, 124 S.Ct. 353, 157 L.Ed.2d 241, 2003 WL 22005941 (Oct. 6, 2003)</u>; <u>*Landau v. New Horizon Partners, Inc.,* No. 02 Civ. 6802 JGK, 2003 WL 22097989, at *10 (S.D.N.Y. Sept.8, 2003)</u> Defendants have raised approximately seven (7) completely new legal arguments of facts as identified in the Appendix A. For example they now raise for first time (i) fraud was not pled with peculiarity under 9(b) – specifically not raised in the MTD – and in fact Plaintiffs specifically pointed out that Defendants failed to raise that issue (see Reply Pg. 15, See Lothrop Opp Pg.2, Pg.21, Pg.23-24 ). Therefore if they *failed* to raise something, it is inequitable and impermissible to now raise it for the first time in reply; (ii) acquisition of trade secrets was not pled with improper means -  also not raised in the MTD (Reply Pg.16); (iii) emails do not contain specified terms  also not raised in the MTD (Reply Pg.8). In fact Defendants pled the exact opposite and tried to claim the entire AIP was *oral* and therefore are collaterally estopped from raising a completely diametrically opposite argument in reply;  (iv) emails were not signed (again completely omitted in the MTD, as Defendants argued a completely diametric argument the AIP was "oral" and therefore are collaterally

Notice Letter Page 2,  October 7, 2020

estopped from raising a completely diametrically opposite argument in reply; (v) Plaintiffs supposedly alleged in the complaint they agreed to "overlook" the breach and let the breach "slide" (Reply Pg. 5) where Defendants misquote the Complaint; (vi) Plaintiffs supposedly included new facts related to Larkin's fiduciary and a Principal; (vii) new legal theories that claims are vexatious, harassing, or Plaintiff have a history of alleging wrongdoing with "business partners" – none of these are true - or relate to relevant facts in the Complaint or have any bearing on legal argument or  raised  in the MTD.

The law in the Second Circuit is clear that arguments or requests for relief raised for the first time in reply briefs **may not be considered**. See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 100 n.16 (2d Cir. 2007) ("[W]e decline to consider an argument raised for the first time in a reply brief."). A court does not consider issues raised in a reply brief for the first time because if a party raises a new argument in a reply brief the opposing party may not have an adequate opportunity to respond to it." Sacchi v. Verizon Online LLC, 2015 WL 1729796, at *1 n.1 (S.D.N.Y. Apr. 14, 2015) (citations omitted) An argument that was expressly not raised in the Motion to Dismiss cannot be considered by the Court.  Defendants raise these argument specifically as an after-thought and are not responded to.

Plaintiffs therefore object in their entirety to the inclusion of new legal theories that were not contained and notify the Court again they must be disregarded, as procedurally Plaintiffs have not been afforded the opportunity to reply.

### (B)  Defendants Claim There are New Facts Pled – Plaintiffs disagree and indicate why they were included in the FAC

Second, Defendants have argued or claimed that Plaintiffs included new facts in their Opposition that were not included in their complaint. Plaintiffs disagree with this point (for example whether emails were signed by Larkin Reply Pg.8) as the  Complaint did contain adequate facts consistent with these facts.  Defendants have then further misapplied the legal standard, as Plaintiffs filed the Complaint *Pro-Se.* Under the legal standards, the Court is permitted to consider further clarification in the Opposition paper when facts that have been pointed out, that are wholly consistent with the facts in the Complaint. Contrary to the arguments raised by Westerman, which ignores Plaintiff was *Pro-Se* when the FAC was filed, the Court may consider new facts raised in opposition papers from a *Pro-Se* litigant to the extent they are consistent with the complaint, treating the new factual allegations as amending the original complaint.  *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *Brooks v. Jackson*, No. 11-cv-6627, 2013 WL 5339151, at *3 (S.D.N.Y. Sept. 23, 2013) ("[B]ecause a *pro se* plaintiff's allegations must be construed liberally, it is appropriate for a court to consider factual allegations made in a *pro se* plaintiff's opposition memorandum, as long as the allegations are consistent with the complaint.").

To assist the Court in its review, Plaintiffs have itemized the  approximately seven (7) new facts, legal theories and arguments raised in Appendix A, so that the Court can identify them and Plaintiffs respectfully request that these arguments be disregarded in their entirety and struck as they are raised for the first time in Reply. Plaintiffs also believe they are frivolous and futile and do not advance this case. However, in the event that the Court does decide to refer to or reference them, Plaintiffs therefore will respectfully move for the right to Sur-Reply to address the new arguments identified in the Reply, which were raised for the first time. For ease of the Court's reference Plaintiffs have also provided a summary of why inclusion of these newly arguments would be futile and not advance the case.

Notice Letter Page 3,  October 7, 2020

As stated in the ending of the Opposition, Plaintiffs believe all the original arguments that were rightfully procedurally put forward in the Motion to Dismiss have been adequately responded to in the Opposition. Plaintiffs believe the FAC was pled with sufficient facts and peculiarity to overcome all the causes of action and MTD, however, if the Court finds that any one particular cause can be pled with more detail or sufficiency or clarification, Plaintiffs would additionally seek leave to amend, if necessary.

Plaintiffs object however to the inclusion of brand new legal theories, which are procedurally improper to be included in Replies and respectfully motion the Court to disregard them in their entirety so this proceeding can advance. If however, the Court is to consider any of the new facts and new legal theories raised for the first time in Reply, Plaintiffs respectfully will request for leave from the Court to move to fully brief the new arguments in Sur-Reply on the new issues raised. To assist the Court, Plaintiffs have timely filed Appendix A which contains a brief summary of the impermissible and newly raised arguments in reply, providing a brief overview of the arguments that would need to be presented in Sur-Reply and why they are futile or improperly raised.

In conclusion, Plaintiffs object to the procedural abnormality of Defendants raising multiple new legal theories for the first time in Reply and Plaintiffs notify the Court they are impermissible and must be disregarded and struck.

In the alternative, if the Court is to consider or reference them, Plaintiffs would seek to respectfully motion the Court for an opportunity to Sur-Reply to fully brief the response to the new arguments within fourteen (14) days or other reasonably permitted time frame by the Court.


Thank you.


Respectfully submitted

/SSK/

Samantha S. Kumaran

Dated: October 7, 2020


cc:  Josh Epstein

Counsel for The A Star Group, Inc