**WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP**

Ellen Tobin
Ext. 343
E-mail: etobin@westermanllp.com

October 8, 2020

**VIA ECF**

Honorable Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:   *Samantha Siva Kumaran, et al. v. Northland Energy Trading, LLC, et al.*
              Case No. 19-cv-08345

Dear Judge Vyskocil:

We represent defendants in the above-referenced case. I write to briefly respond to and oppose plaintiffs' application "to strike or in the alternative motion for leave to file sur-reply" (the "Application") [ECF Nos. 80, 81].

Defendants did not impermissibly raise new arguments in their reply papers in further support of their motion to dismiss the amended complaint (the "Motion to Dismiss"). In their Application, plaintiffs cite seven arguments they claim were raised for first time on reply. To the contrary, all seven of those points were initially raised in the moving papers and reiterated on reply, and/or they specifically respond to arguments made by plaintiffs in their opposition papers.[1] Specifically:

- Contrary to plaintiffs' contention, defendants argued in their moving brief that plaintiffs failed to plead aiding and abetting fraud with particularity as required by FRCP 9(b). *See, e.g.*, Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") at 17 (noting that the Complaint's allegations about Lothrop and Bramante are "vague and conclusory"). In opposition, plaintiffs argued that they "have shown both action, omissions and motive" – without specifying what those alleged "actions," "omissions" or "motives" were. Lothrop/Bramante Opp. at 10. In direct response to that argument, defendants reiterated that the "allegations that Lothrop and Bramante 'aided and abetted'

---

[1] As explained in the reply papers, several of the positions taken by plaintiffs in the opposition papers were novel positions not alleged in the complaint and/or they contradicted allegations in the complaint.

Honorable Mary Kay Vyskocil
October 8, 2020
Page 2

an alleged fraud are wholly conclusory and do not satisfy the particularity requirement of Rule 9(b)." *See* Defs.' Reply Mem. in Supp. of Mot. to Dismiss ("Defs.' Reply") at 15.

- Defendants argued in their moving papers that plaintiffs failed to state a claim under the DTSA because alleged misappropriation of trade secrets that occurred before the enactment of the DTSA are not actionable. *See* Defs.' Mem. at 18. In opposition, plaintiffs argued that defendants' alleged "use" of plaintiffs' trade secrets after enactment of the DTSA is actionable. *See* Northland/Hedge Opp. at 17-18. In direct response to that argument, defendants' reply papers argue that the alleged "use" of plaintiffs' trade secrets is still not actionable because the Complaint fails to allege that defendants "used improper means" to acquire the trade secrets (which is a required element of the claim).

- In plaintiffs' opposition papers, plaintiffs argued that the AIP satisfied the Statute of Frauds because the AIP was allegedly memorialized in unidentified "emails." *See* Larkin Opp. [ECF No. 74] at 4-5. In direct response to that argument, defendants' reply papers argue that the alleged emails referenced in the Complaint do not specify all the essential terms of the alleged AIP and therefore do not satisfy the Statute of Frauds. *See* Defs.' Reply at 8-9.

- Similarly, as noted, plaintiffs' opposition papers argued that the AIP satisfied the Statute of Frauds because the AIP was allegedly memorialized in unidentified "emails." *See* Larkin Opp. [ECF No. 74] at 4-5. In direct response to that argument, defendants' reply papers argue that these emails purportedly memorializing the AIP do not satisfy the Statute of Frauds because the Complaint fails to allege that the emails were signed by the party charged. *See* Larkin Opp. [ECF No. 74] at 4-5; Defs.' Reply at 8.

- Plaintiffs' Application argues that defendants' reply papers "misquote" the Complaint by claiming that the Complaint alleges that plaintiff "overlooked" defendants' use of plaintiffs' trade secrets. However, defendants' reply papers do ***not*** purport to quote the Complaint – and instead *paraphrase* the Complaint – asserting that "Plaintiffs overlooked the alleged breach of the Settlement Agreement in favor of pursing this new business opportunity with Larkin." *See* Defs.' Reply at 5. Indeed, the Complaint alleges that plaintiffs discovered defendants' alleged misappropriation of trade secrets on or around September 8, 2016 (Compl. ¶¶ 143-49), yet thereafter plaintiffs allegedly continued doing business with defendants and disclosed ***more*** trade secrets to defendants – thereby ***overlooking*** defendants' alleged misappropriation (Compl. ¶¶ 141-54).

- According to plaintiffs' Application, defendants' reply papers "argue that Plaintiffs introduce new facts that Larkin was a Principal (Or Manager) of the Company." But that is ***not*** what defendants' reply papers say. Rather, plaintiffs' opposition papers argued that Larkin owed plaintiffs a fiduciary duty because "the manager or director of the LLC owes fiduciary duties." *See* Larkin Opp. at 13. In direct response to that argument, defendants' reply papers ***correctly*** noted that "the Complaint does ***not*** allege that Larkin is a 'manager' or 'director' of Kumaran's purported hedge fund." *See* Defs.'

2

...

Honorable Mary Kay Vyskocil
October 8, 2020
Page 3

Reply at 18 (emphasis in original).  Defendants' reply papers do ***not*** argue – as plaintiffs now contend – that the allegation that Larkin was a "Principal" was a "new fact."

- In their Application, plaintiffs claim that defendants raise plaintiffs' prior lawsuit – *A Star Group, Inc. v. Manitoba Hydro*, No. 13 Civ. 4501, 2014 WL 2933155 (S.D.N.Y. June 30, 2014) – "for the first time" on reply.  To the contrary, Defendants' opening papers addressed *Manitoba* in detail.  *See* Defs.' Mem. at 23 n.12.

Thus, all of the arguments raised on reply were already raised in the moving papers and/or they specifically respond to arguments made by plaintiffs in their opposition papers.  ***That is exactly the point of reply papers – to give the moving party the opportunity to respond to arguments raised in opposition.***

For these reasons, defendants oppose plaintiffs' Application in its entirety.  In the event that plaintiffs are given the opportunity to submit a sur-reply, defendants request that the time to do so be shorter than 14 days.  Defendants filed the Motion to Dismiss on July 9, 2020.  Plaintiffs were given *two months* to submit their opposition papers.[2]  Respectfully, after three months, briefing on this motion should be closed.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Ellen Tobin*

Ellen Tobin

2277468

---

[2] While plaintiffs were *pro se* when they filed the amended complaint, Timetrics is now represented by counsel, who filed notices of appearance on July 17, 2020.

3