**VIA ECF**
Honorable Judge Mark Kay Vysocil
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

October 28, 2020


Re: *Kumaran et al  vs. Northland Energy Trading et al  1:19-Cv-08345-MKV-DCF*


LETTER MOTION SEEKING CLARIFICATION OF DATE TO FILE MOTION FOR RECONSIDERATION UNDER FRCP 59 (e.) ON NOVEMBER 16, 2020


Dear Honorable Judge Mary Kay Vyskocil,

Pursuant to Local Rule 6.3 and 6.4, Federal Rules Civil of Procedure 59(e) and Hon. Judge Mary Kay Vykocils's Individual Rules of Practice for Rule G, Plaintiff notifies the Court that it will file a Motion for Reconsideration to clarify, modify or reconsider part of the Protective Order entered on Monday October 19, 2020 (*ECF85*) which was issued after the end of fact discovery, and also an extension to end fact discovery . The motion to reconsider the Order denying in part to reasonably extend fact discovery and thus shorten discovery for Plaintiffs which the parties jointly agreed to, which will also prejudice Plaintiff in the case.

In accordance, Plaintiff respectfully seeks a clarification from the Court that it can file its motion for reconsideration within the reasonable twenty eight days permitted under FRCP 59(e) to **November 16, 2020** to file its motion**,** which is the date <u>consistent with the 28 days permitted under FRCP 59(e)</u> and seeks clarification that this is the date for filling. <u>Defendants do not object to the November 16, 2020 date permitted under FRCP Rule 59 (e).</u>

TIMEFRAME CALCULATION

**Computation of Time:** The Court entered judgement on the docket on the evening of Monday October  19, 2020. Plaintiff received the completed order on same-day notification was given from the Court. There is some ambiguity between the rules.  Under Local Rule 6.3 and 6.4

the computation of time states that a Motion for Reconsideration is fourteen (14) days from entry of the order, however Federal Rules 59(e.) grants a twenty eight (28) days, bringing the date to Monday November 16, 2020. Local Civil Rule 6.3, also states that the Committee recommends an amendment to clarify that the Court <u>may set a different time for the filing of a motion</u> for reconsideration or re-argument. FRCP 59(e) is clear that Plaintiff has 28 days to file though there is ambiguity between the Local and Federal rules. Plaintiffs will find it practically impossible to complete it five (5) days by November 2, 2020.

Therefore, Plaintiff seeks clarification and confirmation of the applicable rule of 28 days, and compliance with Rule 59(e) to file until Monday November 16, 2020 so that the complex issues of law and trade secret law under 18 USC 1835 (b) can be properly placed before the Court and so as to avoid any prejudice in the short-time frame to respond.  This is in part because Plaintiff are also facing extraordinary deadlines to complete discovery, as well as addressing numerous discovery disputes. In addition the Court is asked to consider that Plaintiff does not have access to associates, employees and partners and also maintains full-time work during trading floor hours so that the later filing date of November 16, 2020 would not result in a hasty or ill-prepared motion.

## LEGAL STANDARD

Plaintiff's right to file a Motion for Reconsideration is governed by FRCP 59.A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)  Under the Federal Rules, 59 (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than <u>28 days</u> after the entry of the judgment.  Plaintiffs will demonstrate argument that both Orders were based upon manifest errors of law and fact and will be appealed to prevent manifest injustice.

Further Plaintiffs motion is filed consistent with the Defend Trade Secrets Act.

The motion will argue that the Court failed to address at all and afforded no legal discussion of Plaintiffs rights under 18 USC 1835(b). While Plaintiff thanks the Court for the implementation of a Protective Order for Discovery, the Order does not address the filing of the motion under rule 18 USC 1835(b) or (a). Plaintiff has reviewed the protective order, and it was not companied by any supporting legal analysis or memorandum and did not provided any analysis of the law or supporting case law to support any decision made. In fact the Order failed to address substantial and *majority* of the legal arguments and facts and issues related to this case or substantive issues raised by Plaintiffs (for example of direct competitive harm, CTA's, license fee and royalties of CTA programs, as well as those preventing publication of trade secrets under 18 USC 1835 (b))

Further Plaintiff will argue that the Court erred in law to not apply any of the *good cause* standards used in the Second Circuit that permit information to be redacted. For example and without limitation, the law in the Second Circuit is clear that for information to warrant redaction is required to rise to the level of commercially sensitive. It is axiomatic that a protective order may only be issued or maintained upon a showing of "good cause." Fed.R.Civ.P. 26(c). Courts have routinely required the party seeking protection to show a particular and specific need for that protection. 8 C. Wright and A. Miller, *Federal Practice and Procedure* § 2035 at 265 (1970). A showing of serious harm either to business or non-business interests is required. In re Agent Orange Prod. Liab. Litig., 104 F.R.D. 559, 571 (E.D.N.Y. 1985), aff'd, 821 F.2d 139 (2d Cir. 1987) Denying broad swaths of information as "*None of the reasons and arguments set forth by defendants is sufficient to warrant the sealing*". The Court in this case, had no application of the law and balanced none of the legal arguments raised for example, for why Defendants seeks to protect "*all the names and identifying information*" of their vendors and suppliers.

An inconsistent standard of law between Plaintiff and Defendants is manifestly unjust.

The Court's order, in fact deleted standard model order language, such as "those restricting the broad redactions of material and the language included in Your Honor Individual Rules that states, "The parties should be aware that the Court will unseal documents, if it is unable to make "specific, on the record findings … demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest" Lugosh v. Pyramic Co. of Onodaga 435 F 3d 110,

120 (2d Cir 2006) In accordance with Hon Judge Mary Kay Vyskocils's Individual Rules 9B) any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). It also arbitrarily deleted the Attorneys Eyes provision.

Since the Order is not accompanied by **_any_** application of Second Circuit law or requirements requisite to this District of the need to show good cause or competitive commercial harm and was filed after the close of fact discovery, Defendants are also procuring a procedural advantage by both getting an inequitable standard of good cause if they were filed by Counsel and to trying to cut discovery short.

While the Court's protective order, cites the *only* rational that Defendants version is "closer" to those used in the SDNY, in many instances that fact is not true. Defendants arbitrarily deleted sections or modified words in prejudice. The actual analysis of the order also had material deletions from the SDNY Order. Simply because, Plaintiff was *Pro-Se*, and Defendants had counsel, and so they used a verbatim "cut-and-paste" of the Defendant's proposed version, without applying any standards of law.

However the Court erred in law. The SDNY Model Order does not have a "standard form" of model orders for trade secrets to be redacted. The Courts are required to individually apply the high standards of ***good cause*** for which material can be redacted, on a case-by-case basis, requiring ***all*** parties to make the pre-requisite showing of ***good cause***. In fact the Order failed to address almost ***all*** of the legal arguments and facts and issues on CTA's and competitive harm, and the disclosure related to unfair competition, and the redactions of hedge funds competitive operating agreements, licensee fees, and royalties and costs, related to this case or substantive issues raised by Plaintiffs.  However in inequity, unilaterally "cut and paste" Defendants order verbatim, without even checking if the wording even matched the standards set in the Second Circuit, and in many instances deviated from the clear provisions (such as in the consideration of experts, and sealing, attorneys eyes and narrow standards of redaction), deleting material provisions and allowing Defendants to arbitrarily modify or delete others.

Simply because Plaintiff filed a motion as a *Pro-Se,* it is unjust that then the Court would fail to properly apply the Second Circuit standards of law to the proceeding. Meaning Defendants, were then permitted to get a "free pass" on the standards of law when clearly <u>no good cause was shown.</u> This application of law is manifestly unjust and sets a standards of bias in this proceeding. Plaintiff is concerned this will adversely affect all decisions made, whereby discovery is impacted. The Court should note that Plaintiff did ask for a short seven (7) days until July 25, 2020 to file its reply so that it could include any potential arguments from counsel, but instead the Court denied its request to have the input of counsel and arbitrarily cut short its filing date to July 17, 2020 (*ECF* 60, 61) specifically denying a reasonable seven (7) days to permit the input of counsel that were shortly appearing. Plaintiff then complied with the deadline of July 17, 2020 (ECF 70).

Whether Plaintiff had counsel or not is irrelevant and should not be part of the Court's application of case law. Instead the Motion for Reconsideration will show clear failure to apply any standard law to the protections of material in the order, and applied no the Second Circuit such, allowing broad swaths of information from Defendants to be unilaterally redacted such as "<u>*all* the names and identifying information of</u> and agreements with the Parties' respective brokers, vendors, suppliers, customers, clients, and futures commission merchants ("FCMs");" (*See* PO Section 2) <u>without one showing of good cause</u>. This decision not only contravenes Second Circuit law, it is manifestly prejudicial to Plaintiff – who is now required to redact every single *name and witness* of broad ranges of "vendors", "suppliers", "FCM's" and/or clients, and motions and hearing will need to be conducted "behind black curtains" and record-industry or mafia style to conceal "names" of witnesses. Defendants have already obstructed each and every deposition requested thus far. There is no Second Circuit law supporting broad redactions of "*names* of vendors or suppliers."

This should be compared to Plaintiffs' version "<u>**non-public financial and pricing commercial terms**</u> of their brokers, brokerage firms, vendors, suppliers, <u>**investors, partners,**</u> clients or customers*"*

The differences are material. Not only did Plaintiff not seek to redact "*names*" as it is expressly not permitted under Second Circuit law, but Plaintiffs' version was narrowly tailored to

*non-public financial and pricing commercial terms*. Further, Plaintiff, as is relevant to this case, sought to redact the financial and pricing commercial terms of **investors and partners** making a specific on-the-record showing of good cause and competitive harm. Instead, the Court manifestly erred in law to ignore all such legal argument. The Complaint has alleged that Defendants have in their possession specific information and sought to protect commercially sensitive documents that would disclose control and equity information of its affiliates (a competitor CTA/CPO), the operating budgets, ownership and control, equity stakes, license fees, costs of development and trading royalty information. (*See* ECF54) Specifically Plaintiff provided good cause and to protect that specific information. The Court also wholly ignored the good cause and showing of commercial harm to the directly competing information of CTA and CPO's, affording no supporting case law.

The standard of law in SDNY is that good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir.2005); *see also* Havens v. Metro. Life Ins. Co., No. 94 Civ. 1402(CSH), 1995 WL 234710, at *11 (S.D.N.Y. April 20, 1995) ("[D]efendant fails to specify the nature or extent of injury [that] it contemplates release of the sealed documents would bring about, and accordingly fails to establish good cause."). *But see* Topo v. Dhir, 210 F.R.D. 76, 77–78 (S.D.N.Y.2002) (holding that while the "specificity requirement" of the good cause standard applies to companies, it does not apply to private individuals). Similarly in this particular case – Defendants made **no showing of good cause** and have been permitted to redact broad swaths of information and undefined terms. As further example, Defendants requested vast areas of undefined terms such as "*book management models and pricing models*" which have no explanation or definitions associated with it. Neither party defined or explained those terms. Second Circuit law does not permit broad categories of undefined materials "cut and paste" from Defendants counsel to be added without any showing of good cause.

Plaintiffs seek reconsideration since, defined or identified what these items are, and where their sealing meets the strict standards set forth in this circuit, and to afford Defendants a wholly different set of standards – that is a manifest error of law – and is also manifestly unjust.

Specifically when Plaintiff did make a showing of good cause and substantial showing of competitive harm. Of critical importance and manifest errors in law, the Court failed to address or apply cited circuit law to its decision arbitrarily selecting what applies to "trade secrets", the Court adopted "verbatim" Defendants broad and unsupported version. More importantly because Plaintiff has filed its motion under 18 USC 1835 (A) and (B) for redaction of trade secrets, as discussed below, these standards were also not applied.

### OTHER REASONS FOR RECONSIDERTATION REQUESTED ON DISCOVERY

Plaintiff also files a motion to reconsider the extension of fact of discovery which has been delayed substantially in part due to the lack of issuance of the Protective Order. The Protective Order was issued on October 19, 2020 two days *after* fact discovery was supposed to end. This itself is prejudicial to the case and requires reconsideration. Plaintiffs are entitled to a reasonable period of time to obtain discovery and to review the materials. Thus far, in part because of the absence of a Protective Order, Defendants have produced nothing.

One of the main excuses made by Defendants to date in producing anything in this case (in fact have stalled production on 5 deposition requests, and all 30(b)(6) documents due and all depositions to be conducted is that there was no Protective Order). As a result, Defendants have produced no documents. The issuance of the Protective Order was over ***three*** months *after* the filing of Motion for Protective Order on June 17, 2020 and even *after* the end of fact discovery. On Monday October 19, 2020, two days *after* the end of fact discovery was scheduled to end on Saturday October 17, 2020 (*See* ECF 48). Magistrate Judge Freeman issued a protective order for this case.

Because no production was done (as stated supra, Defendants have used the absence of a Protective Order as a way to forestall discovery by the Court's own initial deadline of October 17, 2020[1]), A failure to extend the deadlines to February 5, 2020 is manifestly prejudicial to Plaintiff as it gives Defendants an unfair procedural advantage to cut production short without Plaintiffs the

---

[1] Honorable Judge Freeman made a typographical or factual error in her order ECF 86 and referred to ECF46 as setting the deadline for the end of fact discovery of September 17, 2020 but Order ECF48 extended the deadline to discovery by thirty days to October 17, 2020.

rights to documents to prove its legal claims. and the issuance of a protective order on October 19, 2020 and to forestall production and obstruct subpoenas.

Plaintiff understands that the Court takes time to rule on motions, however, that should not prejudice Plaintiffs time period to obtain and review documents.

Plaintiff has no objection to filing a letter with a proposed schedule of dates, which was supplied timely to the Defendants on October 21, 2020, but Defendants have thus far not cooperated with scheduling any depositions or any production. For the last almost seven (7) days since Defendants continue to not provide dates leaving the case in limbo and trying to prejudice discovery. A copy of that proposed set of dates has been attached in Exhibit 1. Defendants object to all dates, and the late issuance of the Protective Order is therefore manifestly unjust if it shortens the period of time for Plaintiffs to properly receive and review documents. Defendants thus far have obstructed any scheduling and have stated they refuse to produce documents on Lothrop and Bramante (Defendants). On repeated occasions in August and September, Defendants wanted to eliminate all discovery on "individual Defendants" and failed to schedule one deposition.

The parties joint request for *first time discovery* extension, which was filed on October 15, 2020, before the expiration of discovery, because at that time it was unknown when or how much longer it would take to issue a Protective Order. Because of a delay by the Court, Plaintiffs rights to obtain documents should not be constrained by an unreasonably tight timeframe. Noting that Court's typically cut down discovery on *fifth* requests to extend fact discovery or *eighth* requests.

Plaintiffs object to any shortening of the extent of discovery that could prejudice Plaintiffs ability to acquire the information needed to support its legal claims, and because the Protective Order did not come out till after the end of fact discovery October 17, 2020. Plaintiff reasonably needs 90-120 days to complete discovery (assuming Defendants comply with the requests) and there are no motions to compel. Plaintiffs requests for reconsideration are also in line with the dilatory tactics of Defendants to not produce anything and then deny Plaintiff sufficient time to obtain documents.

The fact that a Protective Order was not issued until *after* the close of discovery should not prejudice Plaintiffs and is manifestly unjust as it allows Defendants to perpetually delay and obstruct – using the "end date" as a way to procure advantage in motion practice – that will never be resolved until *after* the end of fact discovery. Plaintiff was not under the impression that by Court not issuing a Protective Order quickly, somehow that would *benefit* Defendants in obstructing the timeframe for discovery. Further to the extent multiple motions to compel are required, this is for certain going to add additional required time that should not prejudice Plaintiff in discovery being completed. Plaintiff also needs time to even review the materials received from discovery.

### Plaintiffs Rights under 18 USC 1835 (b) and (a) were Overlooked

Finally, the Motion for Reconsideration will specifically address the material issues under the Defend Trade Secrets Act ("DTSA"). Materially, the Court overlooked in its ruling that the Defendants have in their possession proprietary and commercially sensitive information that belongs to Plaintiff and that are trade secrets of Plaintiffs. 18 USC 1835(b) and (a) grants specific rights to Plaintiff, to seek relief from the Court to protect that material from being disseminated in pleadings, exhibits and in the upcoming motion practice in the Preliminary Injunction.

Plaintiffs motion will argue manifest error in law to overlook that under the DTSA, that once an owner of a trade secrets had disputed and asserted that the Defendants have in their possession those trade secrets, the Court must permit review under seal, and/or sealing of the exhibits that contain those trade secrets. Noting 18 USC 1835"(b) Rights of Trade Secret Owners.— The court may not authorize or direct the disclosure of any information the owner asserts to be a trade secret unless the court allows the owner the opportunity to file a submission under seal that describes the interest of the owner in keeping the information confidential."

Case law supporting this shows Court's have in fact sealed the exhibits, including in fact entire pleadings, to be filed under seal, those that discuss and debate the trade secrets. See for example, ("Potential damage from release of trade secrets is a legitimate basis for sealing documents and restricting public access during trial.") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (documents); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 600

n.5 (1980) (Stewart, J., concurring) (trial)). Noting the Court, granted sealing of various exhibits and motions that contained details of Plaintiffs trade secrets as necessary to maintain the confidentiality of that information as contemplated by the DTSA (See BP Am. Prod. Co. v. Hamer, No. 19-CV-03581-CMA-STV, 2019 WL 7049990, at *2 (D. Colo. Dec. 23, 2019) . *See* 18 U.S.C. § 1835(a). Further "no other procedure would suffice...because the Court must have evidence to make an informed decision, but at the same time, [Plaintiff] do[es] not want to publicly disclose [its] trade secret information in a public filing" or a public proceeding. *ZUP, LLC v. Nash Mfg., Inc.*, No. 3:16-CV-125-HEH, 2016 WL 11082038, at *1 (E.D. Va. Oct. 27, 2016). Accordingly, access to the hearing regarding Plaintiff's motion for preliminary injunctive relief on December 23, 2019, will be limited to Court personnel and the parties (along with their attorneys, agents, representatives, and witnesses), and exhibits proffered as Plaintiff's trade secrets shall be admitted into evidence under Level 2 restriction.

The Court also manifestly erred in law not to address the redaction of trade secrets in affidavits, exhibits and filings before such as those contained in the pleadings filed with the Court. (See BP Am. Prod. Co. v. Hamer, No. 19-CV-03581-CMA-STV, 2019 WL 7049990, at *2 (D. Colo. Dec. 23, 2019) See also ("Court sealing pleadings and exhibits containing trade secrets" Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc., No. 3:13-CV-82-CRS-CHL, 2017 WL 3220470, at *9 (W.D. Ky. July 28, 2017). The Court manifestly erred in law, to not address, any of the relief sought and offered no case law or legal analysis on this part of the Motion.

Order *ECF85* has significant consequence to Plaintiffs rights to injunctive relief and the inadvertent publication of trade secrets. The motion will also argue that the Court failed to address several material issues raised by Plaintiffs (such as those of competitors and those of affiliates information of hedge funds). Since the Court Order offered *no* legal analysis on the *good cause* standard required to meet the Second Circuit standards of narrowly tailored redactions and specific showing of competitive harm - this application in the categories of information to be protected was unjust. Further the Court wholly overlooked Plaintiffs' motion regarding 18 USC 1835 (b.) which was argued in the Motion for Protective Order and permits an owner of a trade secret rights to

October 28, 2020 - Page 11

redact that information including in the exhibits and pleadings (<u>including requiring Defendants to redact that information of trade secrets</u>)

Since the Motion for Reconsideration is *critical* to Plaintiffs trade secrets rights and any rights to Interlocutory Appeal also permitted under 18 USC 1835 (a) An interlocutory appeal by the United States shall lie from a decision or order of a district court authorizing or directing the disclosure of any [trade secret](). Plaintiffs motion will be carefully thought out, and seeks to avoid the need for an Appeal.

Therefore the primary reason for reconsideration is for the trade secrets rights that are permitted under the Defend Trade Secrets Act ("DTSA") that were requested by the Plaintiff. This motion is critical and time sensitive as before this Court also is a Preliminary Injunction. The good cause showing made under 18 USC 1835 (b) permits redaction of filing under seal information that contains trade secrets, in pleadings and affidavits and exhibits which was wholly overlooked.

Therefore in consideration Plaintiffs respectfully seeks consent to file its motion for reconsideration in accordance with the prescribed deadline under FRCP 59(e) of <u>twenty eight days on or before November 16, 2020 or if the Court permits in the alternative until November 28, 2020</u>. There will be no prejudice to this case by the filing on this date and in fact would reduce the need for Interlocutory Appeals if the motion is briefed properly. <u>Defendants consent to the date of November 16, 2020 permitted under FRCP 59 (e.)</u>

This letter is non-exhaustive to the issues and fact overlooked which will be fully briefed in the Motion For Reconsideration.

Thank you.

Respectfully submitted,

//SSK//

Samantha Siva Kumaran

cc. //Josh Epstein