**WESTERMAN BALL EDERER**
**MILLER ZUCKER & SHARFSTEIN, LLP**

Ellen Tobin
Extension 343
etobin@westermanllp.com

October 30, 2020

**By ECF**
The Honorable Debra Freeman,
United States District Court for the
    Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Kumaran, et al. v. Northland Energy Trading, LLC*, 19 Civ. 8345-MKV-DCF

Dear Magistrate Judge Freeman:

I represent defendants Northland Energy Trading, LLC, Hedge Solutions, Inc., Richard Larkin, Daniel Lothrop and Domenic Bramante (collectively, "Defendants") in the above-referenced action. I write in response to the Court's Order entered on October 19, 2020 [ECF No. 86].[1]

To clarify the parties' prior joint letter dated October 16, 2020 [ECF No. 84], the deadline for fact discovery was *October 17, 2020*, pursuant to the Court's Order dated May 12, 2020, which extended all discovery deadlines by 30 days, including the deadline for fact discovery from September 17, 2020 to October 17, 2020 [ECF No. 48]. The operative Scheduling Order does not include deadlines beyond the completion of fact discovery (nor did the prior scheduling order). As such, there is currently no deadline set for expert discovery.

By letter dated October 16, 2020, the parties jointly requested adjournment of the deadlines to (1) serve responses to discovery requests to November 6, 2020, and (2) complete fact discovery to February 5, 2021 [ECF No. 84]. In furtherance thereof, Defendants respectfully submit this letter to clarify the reasons for the requested adjournments and provide the information required by the Court.

---

[1] Defendants apologize for the delay in responding to the Court's Order. The undersigned has been attempting to work with Plaintiff to submit a joint response and, to that end, provided multiple drafts of a proposed joint letter over the past week. The undersigned repeatedly explained that a joint response was preferable and that I would consider any additions or edits Plaintiff had to the proposed letter. This morning Plaintiff informed the undersigned that she does not wish to submit a joint letter and I should not "impute any 'we agreed' to any statements[.]" While Defendants understood the parties had agreed to certain aspects of discovery and scheduling and we were working to agree on the remainder, only Defendants' positions are reported here.

Hon. Debra Freeman
October 30, 2020
Page 2

## The Prior Scheduling Orders

By way of background, the early stages of this case were delayed by the onset of the COVID-19 pandemic. At the initial conference on January 15, 2020,[2] the Court issued a scheduling order that included dates through the completion of fact discovery [ECF No. 31]. Subsequently, Defendants submitted the requisite letter to Judge Vyskocil requesting a pre-motion conference in anticipation of their motion to dismiss. Judge Vyskocil granted the request, scheduled the conference for March 26, 2020, and directed that briefing on the motion to dismiss was stayed pending the outcome of the pre-motion conference [ECF Nos. 32, 34].

Then the COVID-19 pandemic struck. By Order dated March 20, 2020, the Court adjourned the pre-motion conference to May 14, 2020 [ECF No. 41]. By stipulation dated April 2, 2020, the parties agreed to extend the remaining dates in the Scheduling Order by two months (and keeping the dates in the same sequence), due to issues related to the COVID-19 pandemic [ECF No. 46].

In early May, Plaintiff asked Defendants to agree to a 30-day adjournment of the pre-motion conference due to ongoing issues related to the Covid-19 pandemic. Defendants agreed and Plaintiff submitted a letter to the Court dated May 8, 2020, requesting adjournment of the pre-motion conference to or after June 14, 2020. Plaintiff also notified the Court that the parties agreed to a 30-day adjournment of the dates in the scheduling order [ECF No. 47]. By Order dated May 12, 2020, the Court granted the letter motion to adjourn the conference and scheduled the pre-motion conference for June 18, 2020 [ECF No. 48].[3]

In the same Order, the Court directed the parties to file a joint status letter and revised proposed case management plan [ECF No. 48]. On June 11, 2020, the parties submitted the proposed revised civil case management plan and scheduling order [ECF No. 49]. At the conference on June 18, Judge Vyskocil directed that the parties' existing scheduling order remained in place, and adjourned the deadline to serve initial document requests and interrogatories to July 31, 2020 (in light of the concurrent motion practice).[4] As discussed, this Order included only deadlines for serving discovery requests (July 31, 2020), moving to amend the pleadings and join additional parties (September 5, 2020), and completing fact discovery (October 17, 2020).

By letter dated October 16, 2020, the parties jointly requested adjournment of the deadlines to (1) serve responses to discovery requests to November 6, 2020, and (2) complete fact discovery to February 5, 2021 [ECF No. 84].

---

[2] At the time of Initial Conference, Judge Schofield was the District Judge assigned to this case. On February 6, 2020, this case was reassigned to Judge Vyskocil.

[3] The Court also granted the "letter motion for extension of time," which adjourned the existing dates by 30 days, making the deadline to complete all fact discovery October 17, 2020 [ECF No. 48].

[4] At the June 18 conference, Judge Vyskocil also issued the briefing schedule for the motion to dismiss.

Hon. Debra Freeman
October 30, 2020
Page 3

## **The Reasons For The Adjournment Request**

Defendants seek adjournment of the deadlines to exchange discovery responses and complete fact discovery for the following reasons.

The scope of discovery is extremely broad.  The Amended Complaint is 69 pages and 320 paragraphs.  There are 16 causes of action against 5 defendants and the allegations are based on events that occurred as far back as 2011.  Plaintiffs served 14 separate discovery requests, including document requests, interrogatories and requests for admission to each of the 5 defendants (except for 1 set of combined document requests to Northland and Hedge).[5]  Plaintiffs have refused to agree to Defendants' reasonable proposals to narrow the scope of discovery pending the outcome of the motion to dismiss.[6]  There has been voluminous e-discovery to collect and review, and the process for doing so was substantially slowed due to the COVID-19 pandemic and the resulting displacement.

There have been disagreements regarding the scope, targets and sequence of discovery (detailed further below).  To date, Defendant believed that the parties had been and were continuing to work together to resolve those disagreements and that progress had been made.  The parties have exchanged *numerous* emails regarding the discovery issues, and participated in a telephonic meet and confer on October 28, 2020.

On October 19, 2020, the Court entered the Protective Order governing the handling of confidential material in this case [ECF No. 85].  Given the positions taken by Plaintiffs in this case with respect to the alleged need for confidentiality (including requesting that Defendants file their motion to dismiss under seal), and the disagreements between the parties with respect to what should be deemed "confidential," Defendants believed that documents could not be exchanged until this Order was entered.[7]

---

[5] This is in addition to document requests that Plaintiffs previously served on defendants Mr. Lothrop and Mr. Bramante, which are discussed below.

[6] Defendants filed a motion to dismiss the amended complaint in its entirety on July 9, 2020 [ECF Nos. 63-65]. Among other things, *all claims based on allegations and events that took place prior to May 2016 are barred by the parties' broad mutual releases in the May 2016 settlement agreement.  Plaintiffs waived all claims related to the validity of that settlement agreement*.  According to the allegations in the amended complaint, *after* discovering the alleged falsity of representations in the settlement agreement, Plaintiffs continued to accept payments under the settlement agreement and voluntarily disclosed even more trade secrets under a subsequent alleged oral agreement.  *There are virtually no claims against the employee defendants (Lothrop and Bramante), who were not parties to any agreement and whom Plaintiff alleges had no knowledge of the alleged events that took place after May 2016*.  Ultimately, the scope of discovery may be substantially narrowed or eliminated by the outcome of the motion to dismiss.

[7] On October 28, 2020, Plaintiff filed a motion for leave to move for reconsideration of the Protective Order [ECF No. 87].  While Defendants will respond to the motion separately, Defendants emphasize that the statements on pages 7 and 8 of Plaintiffs' letter – that Defendants have somehow "forestalled" discovery or "obstructed" subpoenas and that Defendants have been given "an unfair procedural advantage" – are incorrect.

Hon. Debra Freeman
October 30, 2020
Page 4

Plaintiffs have requested certain adjournments along the way.   For example and as explained above, the pre-motion conference for the motion to dismiss was further adjourned from May to June pursuant to Plaintiffs' request.  More recently, Plaintiffs requested adjournment of the parties' agreed-upon deadline for exchanging discovery responses until after a tax filing deadline. Throughout the case Defendants have extended professional courtesies in response to Plaintiffs' requests.  Plaintiffs have typically done the same in response to Defendants' requests (for example, when Defendants' sought leave to file their motion to dismiss reply brief the day after Yom Kippur).

**Discovery To Be Completed**

As stated in the parties' October 16, 2020 letter, the parties agreed to exchange discovery responses and produce documents on November 6, 2020, and to complete all fact discovery including depositions by February 5, 2021.

Defendants understand that the parties will exchange responsive documents and, if there are disagreements regarding the production, they will meet and confer and attempt to resolve disputes (if any) regarding the same.  Defendants intend to depose both Plaintiffs, and will serve the appropriate deposition notices shortly.  Defendants have not yet determined if non-party discovery is needed, as documents have not yet been exchanged.  Defendants also have not yet determined if expert discovery is needed.

Plaintiffs served deposition notices for defendants Mr. Lothrop and Mr. Bramante.[8] Plaintiffs have not served deposition notices for the other defendants.  Defendants proposed the weeks of January 18, and January 25, 2021 for Defendants' depositions, on the assumption that Plaintiffs will likely want to depose the other Defendants also.[9]  Plaintiffs requested earlier dates for Mr. Lothrop and Mr. Bramante, and Defendants are working to provide available dates if possible.   Plaintiffs have indicated they would like to depose certain non-parties, although Defendants are not aware of any subpoenas that have been served to date.  Defendants have explained to Plaintiffs that they believe the parties must have full and fair opportunities to review the documents produced by the other side in order to adequately prepare for and take or defend depositions.  Defendants have also explained that they believe that non-party depositions (if any) should come after the exchange and review of documents and party depositions.

Defendants respectfully believe that three months to complete these tasks is reasonable and appropriate in light of the voluminous e-discovery that is anticipated and the nature and complexity of the case.  As explained, Defendants have not yet determined whether they will be

---

[8] Those deposition notices were served with document requests to Mr. Lothrop and Mr. Bramante.  Defendants served responses and objections to those document requests on July 13, and July 31, 2020, respectively.

[9] That is when all three individual defendants and counsel are available on consecutive days for the depositions. Defendants prefer consecutive (or nearly consecutive) days for efficiency purposes related to Defendants' business operations and because counsel will likely travel to New Hampshire (where Defendants are based) for the depositions as long as conditions related to COVID-19 permit.  This has been explained to Plaintiff.

Hon. Debra Freeman
October 30, 2020
Page 5

retaining experts and, therefore, respectfully request that any deadline for expert discovery be held in abeyance while the parties proceed with fact discovery.

       Thank you for the Court's time and attention to this matter.

                  Respectfully,

                  *Ellen Tobin*

                  Ellen Tobin

02283162-4