Letter to Judge Debra C. Freeman
October 30, 2020
Page 1

**October 30, 2020**


**VIA ECF**
Honorable Debra C. Freeman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran vs. Northland Energy Trading et al  1:19-Cv-08345* (MKV-DCF)

### LETTER MOTION - ISSUANCE OF SUBPOENAS /
### SETTING DATES FOR DISCOVERY SCHEDULE  /
### FACT DISCOVERY TO FEBRUARY 5, 2020


Dear Honorable Magistrate Judge Freeman:

Plaintiff Kumaran spoke to the Pro-Se Intake Office this week and was advised to file a letter via ECF to the Magistrate Judge to respectfully issue or instruct the Clerk of the Court issue the attached subpoenas for discovery. Pursuant to Your Honor's Individual Rules 1.C, the parties had a thirty minute meet and confer at 5pm on October 28, 2020. Defendants position was that without subpoenas no depositions could be scheduled.  Defendants have thus far been unwilling to cooperate with the setting of any dates to advance depositions or discovery. In accordance with *ECF86* Plaintiffs have put forward a proposed schedule of dates to complete discovery on or before February 5, 2020.

Pursuant to Order ECF 86 Plaintiffs accordingly respectfully requests an request for extension to adjust the fact discovery schedule until at least February 5, 2020 and have provided a detailed schedule for the completion of the items below. Plaintiffs have also provided good cause showing in the Appendix A. The discovery span the eight year period of IP infringement and fraud which Plaintiffs need to prove their claims. The FAC alleges that the misappropriation and fraud began in 2011-2015 and was uncovered in 2016. The FAC also alleges a Settlement Agreement was induced by fraud. Therefore all activities of fraud and fraudulent inducement are before this Court. Plaintiff have also sought recission of Section 4 of the Settlement. The FAC alleges substantial acts of misappropriation during a FAT Test and PILOT that occurred in 2013-2015. This leads to an extensive period of discovery. The Court's protective order was issued only on October 19, 2020 which provided an excuse to not produce any documents prior. As such, Plaintiffs request the setting of dates to complete the timeline.

### PROPOSED SCHDULE OF DATES

Plaintiffs propose the following schedule of dates to complete discovery (without allowing for consideration of what is expected to be multiple Motions t


November 4, 2020                  - Deficiency Notice for Initial Deposition Notices for Daniel Lothrop and
                                    Domenic Bramante

Letter to Judge Debra C. Freeman
October 30, 2020
Page 2

November  6, 2020            - Parties to exchange initial discovery requests

November 16, 2020            – Plaintiff to file Motion for Reconsideration of Protective Order

November 21, 2020            – Plaintiff s initial discovery requests

November 30, 2020             - Defendants response to the Motion for Reconsideration of Protective
                             Order

November 30, 2020            - Documents to be received by Aviral Chopra

December 1, 2020             -  Documents to be received by Mark Stillman

December 4, 2020,  1pm       – `Deposition Aviral Chopra

December 7, 2020             -  Reply to Motion for Reconsideration ((**potential extension))

December 8, 2020,  1pm       –  Deposition Mark Stillman

December 9, 2020,  1pm       -  Deposition Kalpesh Kothari

December 10, 2020, 9am       - Deposition Daniel Lothrop ** 30(b)(6) docs due Nov 6, 2020

December 11, 2020, 9am       - Deposition Domenic Bramante ** 30(b)(6) docs due Nov 6, 2020

December 15, 2020            - Responses and documents from Adam Larkin Due

December 16, 2020            - Issue Second Discovery Requests

December 19-24, 2020          - NO DEPOSITIONS / CHRISTMAS

December 23, 2020            - Responses and documents due from Katie Cronin

December 29, 2020, 1pm       - Deposition  Adam Larkin

January 6, 2020, 1pm         - Deposition Katie Cronin

January 11, 2021, 1pm        -  Deposition Taylor Hudson

January 15, 2021             -  SECOND DISCOVERY RESPONSE DUE

January 24 – 31, 2021         - PLAINTIFF UNAVAILABLE - NO DEPOSITIONS

February 2, 2021, 9am        - Deposition Northland ** All document requests received

February 3, 2021, 9am        -  Deposition Hedge ** All document requests received

Letter to Judge Debra C. Freeman
October 30, 2020
Page 3


February 4, 2021,  9am          - Deposition Larkin ** All document requests received


**PROPOSED INITIAL END OF FACT DISCOVERY FEBRUARY 5, 2020

** The above schedule allows for no Motions to Compel and no obstruction of production of documents. Plaintiff respectfully requests the right to extend the deadlines if Defendants continue to obstruct production of documents.

**Plaintiff has specifically requested that all documents are provided fourteen (14) days in advance of each deposition. Plaintiff reserves the right to reschedule the depositions.

**This schedule is aggressive and leaves little room for motions to compel which will automatically adjust dates.

** Plaintiff has not yet scheduled forensic discovery and would required first and second responses.

** Plaintiff is available for deposition as early as November 1, 2020

Below and herein Addendum A is a schedule showing further good cause for the schedule.


Defendants thus far have refused to agree to any deposition dates and have not produced any documents despite five (5) subpoenas and requests issued in June and July.

Plaintiff is concerned that additional time may be needed if ongoing motions to compel are required.

Thank you for your consideration,

Respectfully submitted,

//SSK//

 Samantha S. Kumaran.

Cc/ Josh Esptein
Counsel for The A Star Group

Letter to Judge Debra C. Freeman
October 30, 2020
Page 4

## ADDENDUM A  - GOOD CAUSE REASON FOR EXTENSION

## BACKGROUND OF PRIOR SCHEDULING OBSTRUCTION

On or around April 1, 2020 Plaintiff requested depositions with Domenic Bramante and Daniel Lothrop to conduct early depositions on April 15, 2020. Defendants responded that "*Due to the Covid-19 pandemic, the Court adjourned our pre-motion conference to May 14, so the motion will be filed sometime after that.  My proposal keeps the sequence and timing consistent under the Scheduling Order.  Additionally, in light of the pandemic and the reality that almost everyone is under a "Stay at Home" order, responding to document demands will be impracticable."*

Plaintiff gladly cooperated with the extension requested by Defendants. The Covid-19 conference was also rescheduled to June 18, 2020 in part because of New York City being closed during this time, impacting NYC residents and businesses more so than those in New Hampshire.

On or around June 11, 2020 Plaintiff issued a deposition notice request to Defendant Daniel Lothrop seeking to schedule a deposition for Jun 30, 2020  and requested documents to be produced for the deposition on June 25, 2020.

On or around June 17, 2020 Plaintiff filed a motion for Protective Order and Preliminary Injunction for Lothrop, Larkin, Bramante and Defendants to cease and desist use of the OBT Book and other relief.

On or around June 18, 2020 the parties attended a telephonic Court conference – the Protective Order was deferred to Hon. Magistrate Judge Freeman

On or around June 30, 2020 Plaintiff issued a deposition notice request to Defendant Domenic Bramante seeking to schedule a deposition for July 18, 2020  and requested documents to be produced for the deposition on July 11, 2020.

On or around July, 1, 2020  Plaintiff issued a deposition notice to Fuel Director of Hedge Solutions, Adam Larkin seeking to schedule a deposition for July 28, 2020 and requested documents to be produced for the deposition on July 1, 2020

On or around July 1, 2020, Plaintiff issued a deposition notice to Client Manager at Hedge Solutions, Katie Cronin seeking to schedule a deposition for July 28, 2020 and requested documents to be produced for the deposition on July 18, 2020

On or around July 1, 2020 Defendants obstructed discovery and failed to cooperate Lothrop's deposition and sent out objections to Defendant Lothrop's  production  "boiler plate" objections. FRCP 26(g) specifically prohibits the use of boiler plate objections to skirt discovery.

On or around July 2, 2020 Plaintiff spoke to Aviral Chopra to schedule a deposition as a cooperating witness. Mr. Chopra agreed to cooperate without the need for subpoenas and agreed to the deposition.

Letter to Judge Debra C. Freeman
October 30, 2020
Page 5

On or around July 2, 2020, Plaintiff issued a deposition notice to Aviral Chopra and Defendants seeking to schedule a deposition for July 28, 2020 and requested documents to be produced for the deposition on July 18, 2020

On or around July 2, 2020 Defendant again attempted to obstruct discovery and emailed to Plaintiff demanding it "withdraw all deposition requests" from former employees of witnesses who agreed to cooperate with testimony as well as others who are key parties the infringement.

On or around July 11, 2020 Defendants again failed to produce one document and obstructed cooperation with Lothrop's deposition and discovery request using impermissible "boiler-plate" objections and producing nothing. The FRCP 26(g) prohibit the use of boiler plate objections.

On or around July 14 , 2020 Defendants again demanded Plaintiff to "withdraw all deposition requests" and continued to refuse to cooperate with discovery threatening letters as follows "*you must immediately withdraw the purported non-deposition notices."*

On or around July 14, 2020 Defendants filed a motion with the Court attempting against to stay all discovery. (*ECF66*)

On or around July 16, 2020 the Court denied Defendants request to stay all discovery. (*ECF67*)

On or around July 17, 2020 Plaintiff met the Court deadlines to file a reply to the Motion for Protective Order.

On or around July 30, 2020 Defendants again obstructed in full to all production of discovery on Defendant Domenic Bramante. Defendants failed to produce one document and obstructed cooperation with Lothrop's deposition and discovery request using impermissible "boiler-plate" objections and producing nothing. The FRCP 26(g) prohibit the use of boiler plate objections.

Defendants now cited "absence of a Protective Order" for majority of the requests.

To save time and conserve efficiencies, Plaintiffs did not issue any further depositions or deficiency notices due to the absence of a Protective Order. The parties did not schedule any depositions pending the issuance of the Protective Order.

On or around August 13, 2020 the parties issued First Set of Interrogatories and Discovery Requests.

On or around September 8, 2020 Defendants sent again emails to Plaintiff to obstruct discovery on Defendants Lothrop, Bramante and Larkin requesting that "no individual discovery" is produced by Defendants. The request was that Kumaran and AStar produce in full and Defendants individual including Larkin produce *nothing.*

On or around September 9, 2020 Plaintiffs filed their opposition to the Motion to Dismiss – no less than 150 hours of time was spent on the filing of the brief, leaving little time to work on discovery.

On or around September 10, 2020 Plaintiffs again notified Defendants that it was unacceptable three days before a production deadline to <u>obstruct all discovery</u> on Lothrop, Bramante and Larkin and restrict cooperation under FRCP 26.

> *I have received your email on Tuesday September 8, 2020 , to seek to <u>reduce all</u> discovery from the Initial Interrogatory and Discovery Requests that were sent on August 13, 2020 from the individual defendants, including Larkin, Lothrop and Bramante, and also <u>eliminate all</u> discovery before the Settlement date. Neither of those requests are acceptable, as the causes of action for example, include fraudulent inducement of the Settlement and other torts that date back to at least 2014 and have damaged Plaintiffs and therefore we need the production as dating back to the Relevant Period as <u>material parts of our request</u>. In fact contrary to your letter we argue that the most important part of the production covers the period 2014-2016 before the Settlement as we have made clear, that the SA was fraudulently induced. (See Section 3, Opp MTD)*

On or around September 11, 2020 Defendants again requested to <u>obstruct all discovery</u> on Defendants Larkin, Lothrop and Bramante. Plaintiffs again responded with

> *As expressed before, we do not agree to delay the August 13, 2020 Richard Larkin's, Domenic Bramante and Daniel Lothrop's discovery pending outcome of a MTD. This request is not consistent with the Fed Rules of Civil Procedures, and our rights to receive timely production. Further it  is expressly not permitted under the existing Court Orders – which have already ruled that discovery is not stayed.  Your request is unreasonable as it suggests that Plaintiffs produce in full, and Larkin does not.*

The decision was also made in large part due to the fact there was no Protective Order, and Lothrop and Bramante's previous use of the fact there was no Protective Order to so no production could be completed.

Plaintiffs also noted that there were various interruptions and quarantines due to other parents having positive Covid 19 tests and were subject to 14 day quarantines. Plaintiff did incur a quarantine at this time.

Defendants again stated they did not wish to produce one document on Defendants Larkin, Bramante and Lothrop. As a compromise, the parties via email, because of the magnitude of discovery agreed and citing absence of a Protective Order mutually to push back the discovery to <u>October 14, 2020</u>.

On or around September 29, 2020 Defendants filed a reply to the Motion to Dismiss.

On or around October 2, 2020 Defendants sought again to obstruct discovery on Defendants Lothrop and Bramante. Plaintiffs again had been requesting depositions and documents for over six months.

On or around October 9, 2020 Plaintiffs filed a motion for Sur-Reply at the Court, because Defendants included numerous impermissible new arguments for the first time in reply. (*ECF82*)

Letter to Judge Debra C. Freeman
October 30, 2020
Page 7

On or around October 9, 2020 the Court determined the Motion to Dismiss was fully briefed, that Sur-Reply was not needed and no new arguments would be considered. (*ECF83*)

On or around October 13, 2020 the parties agreed to extend the deadline to produce until November 6, 2020 to avoid motion practice at the Court and because no Protective Order had been issued.

On or around October 16, 2020 the parties filed a joint letter to the Court seeking to extend discovery until February 5, 2020.  No discovery had been produced, and no Protective Order had been issued. The joint letter was filed on ECF 86. (*ECF84*)

On or around October 21, 2020 Plaintiffs sent a specific schedule with dates for production and depositions (See ECF 87.1 (ECF87 - Exhibit 1)). Defendants refused to confirm any dates.

On or around October 25, 2020  Plaintiffs again tried to finalize dates for depositions and deadlines. Defendants failed to cooperate with any concrete dates as required under ECF86.

On October  28, 2020 at 5pm Plaintiffs and Defendants have a meet and confer. Defendants indicated that without subpoenas they would not schedule any depositions, even those within the control of Northland and Hedge and objected to all subpoenas.

At the date of filing this letter Defendants continue to not provide one date. Defendants without subpoenas have been unwilling to cooperate, even though for cooperating parties it is not necessary. Plaintiffs therefore sent this detailed letter with a proposed schedule of dates showing good cause for the extensive schedule

Plaintiff files this request to forward a detailed schedule of discovery in accordance with the Court's guidelines under *ECF86.*

The timeline is extremely accelerated and aggressive to complete within a short period over the holidays. Because of the extensivity of the case a more reasonable 120 days may be a preferred period. Any period less than this would prejudice Plaintiffs ability to seek the documents and this schedule leaves little room for motions to compel, which Plaintiffs are concerned will be used to further obstruct production.

The Protective Order was issued on October 19, 2020 and thus far Defendants have stalled on production of any documents.  The parties had one meet and confer on October 28, 2020 at 5pm. All subpoenas related to this case have been issued today.

Thank you for your consideration,

Respectfully submitted,

//SSK//

 Samantha S. Kumaran.
Cc. Josh Epstein