EXHIBIT A

**WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP**

Ellen Tobin
Ext. 343
etobin@westermanllp.com

July 2, 2020

**VIA EMAIL**

Samantha Siva Kumaran
119 West 72nd Street, Ste 204
New York, NY 10023
samantha@timetricsrisk.com

Re:  *Kumaran, et al. v. Northland Energy Trading, LLC, et al.*, 19-cv-08345-MKV-DCF

Dear Samantha,

On behalf of Defendants in the above-referenced action, we write regarding the purported "Notices of Deposition" and the corresponding "Exhibit As" (collectively, the "Notices") to non-parties Katie Larkin, Adam Larkin and Aviral Chopra (collectively, the "Non-Parties"). The Notices are improper in several respects and, for the reasons set forth below (among others), must be withdrawn immediately.

The Notices violate federal law in several respects. Discovery from persons or entities who are not parties to a litigation can be sought only by a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure ("Rule 45"). The subpoena must be properly issued and duly served on the person or entity from whom discovery is sought. All document subpoenas must be provided to the parties *before* being served on a non-party. *See* Fed. R. Civ. P. 45.

Even if the Notices could somehow be treated as subpoenas (which they cannot), the Notices are improper on their face. For example (and without limitation), the Notices fail to include the information required by Rule 45(a)(1). The Notices do not allow a reasonable time to comply. The Notices also fail to provide the required fees pursuant to Rule 45 and 28 U.S.C. § 1821(b).

It is premature to seek discovery from non-parties at this stage of the case, before plaintiffs have obtained discovery from the parties. Specifically, document subpoenas to non-parties typically are reserved for documents that could not be obtained from the parties. Similarly, depositions of non-parties typically are not taken until after the party depositions are complete. Usually non-party depositions are permitted only if and to the extent the information sought could not be obtained directly from the parties. Similarly, document subpoenas typically are reserved for documents that could not be obtained directly from the parties.

Samantha Siva Kumaran
July 2, 2020
Page 2

      Your attempts to obtain discovery from Katie Larkin and Adam Larkin (the children of defendant Richard Larkin) are improper, over broad, unduly burdensome and harassing. There is no basis to believe that either individual has personal knowledge of the facts relating to this dispute. In fact, Katie Larkin and Adam Larkin are *not even mentioned* in your amended complaint. The documents you seek plainly belong to Northland and/or Hedge. It is extremely improper to seek documents from and notice depositions for the *children* of a party, especially when those children have nothing to do with the allegations in the complaint. This is the definition of harassment.

      Your attempt to obtain discovery from Aviral Chopra is similarly improper, over broad, unduly burdensome and harassing. As you know, Mr. Chopra resigned from Northland very early on in your engagement and he did not work there for almost the entirety of the relevant period alleged in the amended complaint. Indeed, you named Dan Lothrop as a defendant in the amended complaint and you are aware that Mr. Lothrop took over for Mr. Chopra at Northland. As Mr. Chopra has not worked at Northland in several years, there is no basis to seek from him documents that plainly belong to Northland and/or Hedge or to take his deposition.

      Finally, the documents sought by the Notices are – among other things – overbroad, unduly burdensome, harassing, vexatious, vague, unintelligible, improperly use capitalized terms that are not defined, and seek information that is not relevant to this dispute and/or is already in the possession of the parties.

      You must immediately notify the Non-Parties in writing that you withdraw the Notices of Deposition and provide me with a copy of the same. This must be done as soon as possible and no later than close of business on July 7, 2020. If you fail to do so, Defendants will enforce its rights and seek appropriate relief. I hope that will not be necessary.

      This letter is not a full recitation of all the deficiencies in the Notices. Defendants reserve their rights to raise additional objections, among other things. If you do not formally withdraw the Notices as demanded herein, in advance of seeking Court intervention we propose having a "meet and confer" telephone call to try to resolve these issues, in accordance with Rule 3.D of Judge Vyskocil's Individual Rules of Practice in Civil Cases. I am available for such a call on July 6, July 7, or July 8, 2020 between 10:00 a.m. and 3:00 p.m.

      This letter is without prejudice to Defendants' rights and remedies, all of which are expressly reserved and none of which are waived.

                                                                   Sincerely,

                                                                   Ellen Tobin

2229226