# EXHIBIT B

**Jeanne McEntyre**

| | |
|---|---|
| **From:** | Ellen Tobin |
| **Sent:** | Thursday, October 22, 2020 7:30 PM |
| **To:** | Samantha Kumaran; Joshua@levinepstein.com |
| **Cc:** | Michael Kwon; Jeanne McEntyre |
| **Subject:** | RE: Proposed Schedule |

Please see my comments below in red in response to the dates in your proposed schedule. I put a lot of time and effort into this response so you understand where I am coming from and in the interest of reaching agreement.

October 28, 2020 Notice of Deficiencies, Lothrop/Bramante
➔ I understand this means you will send me a letter stating what you believe to be deficient in connection with your document demands to Lothrop dated 6/11/2020 and Bramante dated 6/30/2020, and defendants responses and objections dated 7/13/2020 and 7/31/2020, respectively (I will refer to this as the "First Lothrop and Bramante Demands"). If so, I think it would be more efficient to do that after all documents are produced. If you disagree and want to send this first, that is ok - I can't stop you from doing that and I will respond as appropriate.

October 29, 2020 Notice of Deficiencies Adam/Katie Larkin
➔ Please see my letter dated July 2, 2020 for the reasons the "notices of deposition" to non-parties Katie Larkin and Adam Larkin are improper and invalid.

**October 30, 2020 Meet and Confer**
➔ I believe it will be more efficient to meet and confer about the First Lothrop and Bramante Demands after all documents have been produced. However, if you disagree and want to do this separately, I will respond to your letter and I will endeavor to be able to meet and confer on 10/30 or as soon as possible thereafter. I may need more than 2 days to meaningfully respond, depending on the contents of your letter.

November 2, 2020 Production of Lothrop/Bramante 30(b)(6) to schedule Depositions (DUE)
➔ As previously explained, I do not know what this refers to.

November 3, 2020 Production of Adam Larkin/Katie Larkin 30(b)(6) to schedule Depositions (DUE)
➔ Please see my letter dated July 2, 2020 for the reasons the "notices of deposition" to non-parties Katie Larkin and Adam Larkin are improper and invalid.

November 6, 2020 - Complete Production of All First Interrogatories
➔ I think it is more efficient to exchange responses to interrogatories and document requests at the same time, give sufficient time to review those and then meet and confer regarding deficiencies (if any). Among other reasons, responses to interrogatories often refer to and incorporate documents that are produced in the case. Thus it would be difficult to evaluate responses to interrogatories without also having time to review document productions. If you prefer to stagger the dates for responding to interrogatories and document requests, then I recommend doing documents first and interrogatories second. (I will refer to this as the "Interrogatory Response.")

November 10, 2020 - Notice of Deficiencies (For First Interrogatories)
➔ See Interrogatory Response above.

**November 12, 2020 - Meet and Confer (First Interrogatories)**
➔ See Interrogatory Response above.

1

November 13, 2020 - FULL PRODUCTION OF FIRST INTERROGATORIES AND DOCUMENTS REQUESTS***If not produced then motions to compel due

➔ See Interrogatory Response above.  As stated, if you prefer to stagger the dates for responding to interrogatories and document requests, then I recommend doing documents first and interrogatories second.  Defendants will respond to all of plaintiffs' document requests on the same date.

➔ In the event there are disagreements about the sufficiency of document productions, one side will notify the other of such dispute and the parties will set a date to meet and confer regarding the same.  Until the documents are actually produced (and we know the volume of the respective productions), it is impossible to say how long it will take to review those productions and ascertain whether any deficiency exists.

**SUBJECT TO RECEIPT OF PRODUCTION OF DOCUMENTS***

➔ I strongly suggest we wait until after we exchange documents and interrogatories to schedule the deposition dates.  Among other reasons, both sides will need sufficient time to review the responses and interrogatories and prepare for the depositions.  For this reason, I suggest planning for depositions in December and January.

November 18, 2020 - Deposition Lothrop (14 days after complete production of Lothrop 30(b)(6) Documents on November 2, 2020)
November 19, 2020 - Deposition Bramante (14 days after complete production of Bramante 30(b)(6) Documents on November 2, 2020)

➔ Regardless of whether the parties exchange documents on 11/6 or 11/13, this will not be enough time to review the documents and prepare for the depositions.

November 20, 2020 - Deposition Adam Larkin /Katie Larkin (15 days after complete production of Adam and Katie Larkin, after 30(b)(6) production)

➔ Please see my letter dated July 2, 2020 for the reasons the "notices of deposition" to non-parties Katie Larkin and Adam Larkin are improper and invalid.

November 22, 2020 - Deposition Aviral Chopra (To be scheduled)

➔ Please see my letter dated July 2, 2020 for the reasons the "notice of deposition" to non-party Avril Chopra is improper and invalid.

As of now, defendants plan to depose the plaintiffs – Timetrics and Samantha Kumaran, and will serve deposition notices shortly.  Defendants reserve the right to depose other witnesses, subject to review of plaintiff's discovery responses.


**From:** Samantha Kumaran <samantha@timetricsrisk.com>
**Sent:** Wednesday, October 21, 2020 8:13 PM
**To:** Ellen Tobin <etobin@westermanllp.com>
**Cc:** Joshua@levinepstein.com; Michael Kwon <mkwon@westermanllp.com>; Jeanne McEntyre <jmcentyre@westermanllp.com>
**Subject:** RE: Proposed Schedule


**External Sender**

HI Ellen, I think the Court wants to see a timeline of schedule - that's how I read the order. She wants to see exactly what we are planning to do and when in order to approve the extension.

Also I would propose the Corporate and Larkin depositions are in January. I am fine to do a deposition whenever you want. I would like to get it wrapped up sooner than later.

To reduce the burden on production I would also propose not producing work already in each other's possession - as in the emails already between me and Larkin/Defendants - it seems silly to reproduce all the work already done since 2011 - present (each email) when the parties already have that.  I have estimated about 400 hours to reprint all those emails, and since you already have them - it is not going to advance the litigation. Likewise I will also not request emails already in my possession. That should reduce the workload.

Kind regards,
Samantha S. Kumaran
President and CEO
samantha@timetricsrisk.com
Mobile: 646-221-4363 (Cell)
Phone: 212 431 5098 (Office)



This email and its attachments are for the named addressee(s) only. It may  contain information which may be confidential and privileged. If you are not the intended recipient, please notify the sender immediately, destroy this email and any  attachments, and do not otherwise disclose or use them.

This email and its attachments do not constitute or may not be used for the purpose of an offer to sell,  solicitation of an offer to buy, a partnership interest in any fund or  transaction described herein. No such offer or solicitation will be made prior to the delivery of the applicable risk disclosure document , offering memorandum and related materials.  All profits disclosed herein are accompanied by risks.  An investor understands that under any investment that investor may lose all or part of its equity in any time frame. Past performance is not indicative of future performance.  Options and futures and trading is not a suitable investment vehicle for all investors. The risk of loss in trading commodity interests can be substantial. You should therefore carefully consider whether such trading is suitable for you in light of your financial condition.

Neither Timetrics or its officers, employees, agents or representatives warrant the accuracy, adequacy, or completeness of the information contained herein and Timetrics expressly disclaims liability for errors or omissions. No warranty of any kind implied, express, statutory is given by Timetrics or its officers, employees, agents or representatives in connection with the information herein.  Under no circumstances may this email or its attachments, or any part thereof, be disclosed, reproduced, redistributed without the express permission of Timetrics.

------- Original Message -------
On Wednesday, October 21, 2020 7:53 PM, Ellen Tobin <etobin@westermanllp.com> wrote:


Samantha,


Because we are jointly requesting that fact discovery be extended to February 5, I do not think it makes sense for us to try to cram depositions in before the end of November.  It is standard practice for the parties to first produce discovery responses and documents before depositions, so witnesses can be questioned about relevant documents.  By making the end-date for fact discovery February 5, we are also agreeing that is the last date for depositions.

Attached for reference is Judge Vyskocil's form Scheduling Order. (This is what we filled out and submitted a few months ago prior to a conference – but the Court disregarded it and said that the existing schedule remained in effect.) It does not go into the level of detail you are proposing. Given that we already submitted a joint letter requesting responses by November 6 and fact discovery by February 5, I strongly suggest that in this second joint letter we clarify that our request was limited to fact discovery (and not expert discovery) and reiterate our request to set the deadlines for responses and fact discovery as previously stated. Then, once the Court confirms the date for completion of fact discovery, we will confer about the categories of discovery in your detailed proposal.

As a practical matter, I have been working toward the November 6 date for exchange of discovery responses that we previously agreed on. I will admit I need the time and do not think I will be in a position to produce prior to that date.

Regards,
Ellen

**From:** Samantha Kumaran <samantha@timetricsrisk.com>
**Sent:** Wednesday, October 21, 2020 2:14 PM
**To:** Ellen Tobin <etobin@westermanllp.com>
**Cc:** Jeanne McEntyre <jmcentyre@westermanllp.com>; Michael Kwon <mkwon@westermanllp.com>; Joshua Levin-Epstein <Joshua@levinepstein.com>
**Subject:** RE: Proposed Schedule

**External Sender**

Hi Ellen,

There was an early deposition request for Lothrop and Bramante. I believe that is under Rule 30(b)(6). I will gladly check the rule number to see if that is correct. That was made by me individually on June 13

4

and June 30 and July 1, 2020 **before** the appointment of counsel The documents required for deposition are all we need for the deposition.

I had sent requests for Adam and Katie Larkin also on July 1, 2020 . You had objected to their depositions.

I do not need too much time (2 weeks) for Lothrop and Bramante's deposition. The Court obviously wants us to move this along.

The first Meet and Confer is for the deficiency notices for Lothrop/Bramante/Adam and Katie Larkin (4 depositions). I also need to subpoena Aviral Chopra though he agreed to cooperate. If we could schedule this for November 22, 2020 that would be great.

Since I requested the depositions, well originally back in March, and then formally in June, I would like to get these scheduled with the documents I originally requested.

I do not wish to depose Northland and Hedge first.

The 5 deposition requests were sent out by me individually in June or July, prior to counsel coming on board. Happy to copy him on this, but I am enforcing the depositions previously scheduled by myself individually. Please let me know if you are Ok with the dates?

Kind regards,

Samantha S. Kumaran

President and CEO

samantha@timetricsrisk.com

Mobile: 646-221-4363 (Cell)

Phone: 212 431 5098 (Office)



This email and its attachments are for the named addressee(s) only. It may  contain information which may be confidential and privileged. If you are not the intended recipient, please notify the sender immediately, destroy this email and any  attachments, and do not otherwise disclose or use them.


This email and its attachments do not constitute or may not be used for the purpose of an offer to sell,  solicitation of an offer to buy, a partnership interest in any fund or  transaction described herein. No such offer or solicitation will be made prior to the delivery of the applicable risk disclosure document , offering memorandum and related materials.  All profits disclosed herein are accompanied by risks.  An investor understands that under any investment that investor may lose all or part of its equity in any time frame. Past performance is not indicative of future performance.  Options and futures and trading is not a suitable investment vehicle for all investors. The risk of loss in trading commodity interests can be substantial. You should therefore carefully consider whether such trading is suitable for you in light of your financial condition.


Neither Timetrics or its officers, employees, agents or representatives warrant the accuracy, adequacy, or completeness of the information contained herein and Timetrics expressly disclaims liability for errors or omissions. No warranty of any kind implied, express, statutory is given by Timetrics or its officers, employees, agents or representatives in connection with the information herein.  Under no circumstances may this email or its attachments, or any part thereof, be disclosed, reproduced, redistributed without the express permission of Timetrics.

------- Original Message -------

On Wednesday, October 21, 2020 1:33 PM, Ellen Tobin <etobin@westermanllp.com> wrote:

Hi Samantha – Please see my questions below in blue.  In part, I do not understand what you mean by "30(b)(6)."  My understanding is that applies to the person plaintiffs designate to testify on behalf of Timetrics, and the person(s) defendants designate to testify on behalf of Northland and Hedge.  Appreciate if you could clarify and then I can respond further.

I notice the attorney for Timetrics is not on these emails.  Doesn't he need to be included here?

I am available for a call later if it's easier to discuss by phone.

## WESTERMAN BALL EDERER
## MILLER ZUCKER & SHARFSTEIN, LLP

Ellen Tobin, Esq.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP
**1201 RXR Plaza, Uniondale, New York 11556**
Tel.: 516-622-9200 Ext.: 343
Fax: 516-622-9212
E-mail: **etobin@westermanllp.com**
**www.westermanllp.com**

📇 Please consider the environment before printing this email.

CYBER FRAUD WARNING:  Before wiring any funds to our office or to a third party involved on the transaction, call the intended recipient or our office at a numbe
valid to confirm the instructions and amount – and be very wary of any request to change wire instructions you already received. Our firm is not responsible for tł
or electronic interceptions.

PLEASE TAKE NOTICE: The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privilege
review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended rec
prohibited. If you receive this transmission in error, please contact the sender immediately and delete the material from any computer.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (incl
attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding tax-related penalties under federal, state or local tax lav
promoting, marketing or recommending to another party any transaction or matter addressed herein

**From:** Samantha Kumaran <samantha@timetricsrisk.com>

**Sent:** Wednesday, October 21, 2020 11:00 AM

**To:** Ellen Tobin <etobin@westermanllp.com>

**Cc:** Jeanne McEntyre <jmcentyre@westermanllp.com>

**Subject:** Proposed Schedule

**External Sender**

Dear Ellen, Please let me know if the following is an acceptable schedule to propose to the Court.  This schedule does not allow for Motions to Compel (if any). Depositions will only be scheduled AFTER the 30(b)(6) discovery is complete. To meet the Court's requests I have expedited the schedule. Thanks.

October 28, 2020 Notice of Deficiencies, Lothrop/Bramante

Does this mean you send me a letter regarding the Responses and Objections to Plaintiffs' Requests to Lothrop and Bramante, dated July 13 and July 30, respectively?

October 29, 2020 Notice of Deficiencies Adam/Katie Larkin

7

What does this refer to?

**October 30, 2020 Meet and Confer**

About what?

November 2, 2020 Production of Lothrop/Bramante 30(b)(6) to schedule Depositions (DUE)

What does this refer to?

November 3, 2020 Production of Adam Larkin/Katie Larkin 30(b)(6) to schedule Depositions (DUE)

What does this refer to??

November 6, 2020 - Complete Production of All First Interrogatories

Do you mean both sides exchange responses to the interrogatories served by defendants on August 12 and by plaintiffs on 8/13?

November 10, 2020 - Notice of Deficiencies  (For First Interrogatories)

Do you mean the parties exchange letters regarding what they see as deficient other sides' interrogatory responses?

**November 12, 2020 - Meet and Confer  (First Interrogatories)**

November 13, 2020 - FULL PRODUCTION OF FIRST INTERROGATORIES AND DOCUMENTS REQUESTS***If not produced then motions to compel due

**SUBJECT TO RECEIPT OF PRODUCTION OF DOCUMENTS***

I suggest starting with depositions of Northland and Hedge on defendants' side, and you and Timetrics on plaintiffs' side.  Given the volume of documents, there needs to be

enough time between production and the taking of the depositions, in order to review the docs and prepare for depos.

November 18, 2020 - Deposition Lothrop (14 days after complete production of Lothrop 30(b)(6) Documents on November 2, 2020)

November 19, 2020 - Deposition Bramante (14 days after complete production of Bramante 30(b)(6) Documents on November 2, 2020)

November 20, 2020 - Deposition Adam Larkin /Katie Larkin (15 days after complete production of Adam and Katie Larkin, after 30(b)(6) production)

They are not parties to the case.

November 22, 2020 - Deposition Aviral Chopra (To be scheduled)

He is not a party.

[THANKSGIVING]

Kind regards,

Samantha S. Kumaran

President and CEO

samantha@timetricsrisk.com

Mobile: 646-221-4363 (Cell)

Phone: 212 431 5098 (Office)

9



This email and its attachments are for the named addressee(s) only. It may  contain information which may be confidential and privileged. If you are not the intended recipient, please notify the sender immediately, destroy this email and any  attachments, and do not otherwise disclose or use them.

This email and its attachments do not constitute or may not be used for the purpose of an offer to sell,  solicitation of an offer to buy, a partnership interest in any fund or  transaction described herein. No such offer or solicitation will be made prior to the delivery of the applicable risk disclosure document , offering memorandum and related materials.  All profits disclosed herein are accompanied by risks.  An investor understands that under any investment that investor may lose all or part of its equity in any time frame. Past performance is not indicative of future performance.  Options and futures and trading is not a suitable investment vehicle for all investors. The risk of loss in trading commodity interests can be substantial. You should therefore carefully consider whether such trading is suitable for you in light of your financial condition.

Neither Timetrics or its officers, employees, agents or representatives warrant the accuracy, adequacy, or completeness of the information contained herein and Timetrics expressly disclaims liability for errors or omissions. No warranty of any kind implied, express, statutory is given by Timetrics or its officers, employees, agents or representatives in connection with the information herein.  Under no circumstances may this email or its attachments, or any part thereof, be disclosed, reproduced, redistributed without the express permission of Timetrics.