EXHIBIT C

## Jeanne McEntyre

**From:** Ellen Tobin
**Sent:** Monday, June 22, 2020 2:03 PM
**To:** Samantha Kumaran
**Cc:** Luanne M. DelMuro
**Subject:** RE: NOTICE OF DEPOSITION - DANIEL LOTHROP

Samantha:

Under FRCP 34, a party has at least 30 days to serve responses to document requests. The deadline to respond to the document requests addressed to Mr. Lothrop is July 13.

Separate and apart from anything else in this email, Mr. Lothrop and I are not available on June 30, 2020 for the deposition.

I suggest a call to discuss discovery in this case. Typically, parties serve discovery demands and exchange documents and then schedule depositions for a time after they reviewed the documents. *I understand this is not a requirement and I am not suggesting it is.* I am suggesting it will be more efficient in this case to proceed with discovery in that sequence. It may also be wiser and more practical in light of ongoing Covid-19 issues which prevent travel and multiple people from being in the same room right now. Further, my client's office is closed and everyone is still working from home.

Bottom line – we are not available on June 30. I suggest a call to discuss timing of discovery in general and the scheduling of Mr. Lothrop's deposition for a date/time when everyone is available.

Regards,
Ellen

**From:** Samantha Kumaran <samantha@timetricsrisk.com>
**Sent:** Thursday, June 11, 2020 2:11 PM
**To:** Ellen Tobin <etobin@westermanllp.com>
**Cc:** Luanne M. DelMuro <LDelMuro@westermanllp.com>
**Subject:** NOTICE OF DEPOSITION - DANIEL LOTHROP

## External Sender

Please see attached. Please confirm the date so I can confirm what needs to occur.

Kind regards,
Samantha S. Kumaran
President and CEO
samantha@timetricsrisk.com
Mobile: 646-221-4363 (Cell)
Phone: 212 431 5098 (Office)



This email and its attachments are for the named addressee(s) only. It may contain information which may be confidential and privileged. If you are not the intended recipient, please notify the sender immediately, destroy this email and any attachments, and do not otherwise disclose or use them.

This email and its attachments do not constitute or may not be used for the purpose of an offer to sell, solicitation of an offer to buy, a partnership interest in any fund or transaction described herein. No such offer or solicitation will be made prior to the delivery of the applicable risk disclosure document , offering memorandum and related materials. All profits disclosed herein are accompanied by risks. An investor understands that under any investment that investor may lose all or part of its equity in any time frame. Past performance is not indicative of future performance. Options and futures and trading is not a suitable investment vehicle for all investors. The risk of loss in trading commodity interests can be substantial. You should therefore carefully consider whether such trading is suitable for you in light of your financial condition.

Neither Timetrics or its officers, employees, agents or representatives warrant the accuracy, adequacy, or completeness of the information contained herein and Timetrics expressly disclaims liability for errors or omissions. No warranty of any kind implied, express, statutory is given by Timetrics or its officers, employees, agents or representatives in connection with the information herein. Under no circumstances may this email or its attachments, or any part thereof, be disclosed, reproduced, redistributed without the express permission of Timetrics.

**WESTERMAN BALL EDERER**
**MILLER ZUCKER & SHARFSTEIN, LLP**

Ellen Tobin
Ext. 343
etobin@westermanllp.com

July 14, 2020

**VIA EMAIL**

Samantha Siva Kumaran
119 West 72nd Street, Ste 204
New York, NY 10023
samantha@timetricsrisk.com

Re:   *Kumaran, et al. v. Northland Energy Trading, LLC, et al.*, 19-cv-08345-MKV-DCF

Dear Samantha,

On behalf of Defendants in the above-referenced action, I write regarding the "Notice of Deposition to Daniel Lothrop" dated June 11, 2020 and the "Notice of Deposition to Domenic Bramante" dated June 30, 2020 (together, the "Notices").

The Notices do not provide sufficient time to respond to the document requests set forth in Exhibit "A" to each of the Notices. Specifically, the Lothrop Notice purports to provide only 14 days to respond to the document requests. Similarly, the Bramante Notice purports to provide only 12 days to respond to the document requests. As set forth in my email of June 22, 2020, under Rule 34 of the Federal Rulesof Civil Procedure, a party has *at least 30 days* to serve responses to document requests. In accordance with Rule 34, Defendant Lothrop served responses to the document requests on July 13, 2020.

Mr. Bramante is not available to have his deposition taken on July 18, 2020 as proposed in the Bramante Notice. As previously explained, neither my clients (Lothrop and Bramante) nor I am available over the next few weeks due to pre-existing obligations. I believe we have an understanding that documents would be produced before taking depositions. Defendants intend to move forthwith for a stay of discovery during the pendency of Defendants' motion to dismiss. In the event the motion is denied, Defendants will work with you to find dates and times that work for the parties and counsel.

You have proposed scheduling a meet and confer regarding Plaintiffs' discovery notices on July 21, or July 22, 2020.[1] By email earlier today, I proposed July 22, 2020 at 2:00 p.m. I understand we will discuss all of Plaintiffs' discovery requests to date (including the Lothrop and

---

[1] This was in response to my July 2, 2020 letter regarding the non-party notices and demanding the withdrawal of those notices, among other things. I proposed July 6, July 7 or July 8 for a meet and confer, to try to resolve these issues without Court intervention. You explained you would like to wait to discuss these issues until after you file your reply on the motion for protective order.

Samantha Siva Kumaran
July 14, 2020
Page 2

Bramante Notices and the purported deposition notices to non-parties Aviral Chopra, Adam Larkin and Katie Larkin) and Defendants' objections thereto (including as set forth in my emails of June 22 and July 14, and my letter of July 2, 2020) at that time. <u>In the meantime, you must immediately withdraw the purported non-deposition notices to Aviral Chopra, Adam Larkin and Katie Larkin, for all of the reasons set forth in my July 2, 2020 letter.</u>

This letter is not a full recitation of the deficiencies in the Notices and Defendants reserve their rights to raise additional objections, among other things. This letter is also without prejudice to Defendants' rights and remedies, all of which are expressly reserved and none of which are waived.

Sincerely,

*Ellen Tobin*

Ellen Tobin

2232029