EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SAMANTHA SIVA KUMARAN and THE A STAR
GROUP, INC. d/b/a TIMETRICS,

Case No. 1:19-cv-08345-MKV-DCF

Plaintiffs,

-against-

NORTHLAND ENERGY TRADING, LLC,
HEDGE SOLUTIONS, INC., RICHARD M. LARKIN,
DANIEL LOTHROP and DOMENIC BRAMANTE,

Defendants.
------------------------------------------------------------------X

## RESPONSES AND OBJECTIONS TO PLAINTIFFS' DOCUMENT REQUESTS TO DEFENDANT DANIEL LOTHROP

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Dan Lothrop ("Defendant") submits these responses and objections to Plaintiffs' Document Requests dated June 11, 2020 (the "Requests" and each, a "Request") in this action (the "Action").

### GENERAL OBJECTIONS

Defendant makes the following General Objections, which apply to the Requests generally and to each specific Request.

1.      Defendant objects to the Requests because they seek documents and information that are not in Defendant's possession, custody or control.

2.      Defendant objects to the Requests to the extent they are not limited to a reasonable time period and/or seek documents for the period before Lothrop was employed by Northland   *See, e.g.*, Request 1 (2014 to the present); Request 3 (date of inception to the current date); Requests 5, 6, 7 (no time frame); Requests 8 and 9 (2011 until present date). Such Requests are overly broad, unduly burdensome, and call for information that is not relevant to

1

the parties' claims or defenses and not proportional to the needs of the Action.  Defendant

objects to providing documents outside of a reasonable time period and/or before the time he was

employed by Northland.

      3.     Defendant objects to the Requests to the extent they seek documents from

Defendant for the period prior to May 9, 2016.  Plaintiffs expressly released Northland and

Hedge *and their employees*, including Defendant, from "any and all claims … of any kind or

nature whatsoever, whether known or unknown, which the Parties may have, or claims they may

have had, or now has or claims to have, from the beginning of the world to [May 9, 2016]…."

*See Mutual Release and Settlement Agreement* dated May 9, 2016 (the "Settlement Agreement")

§ 4 (the "Release").  All claims arising from allegations and events that took place on or before

May 9, 2016 are barred by the Settlement Agreement.  Defendant objects to producing

documents that pre-date May 9, 2016.

      4.     Defendant objects to the Requests to the extent they are overly broad, unduly

burdensome, and call for information that is not relevant to the parties' claims or defenses and

not proportional to the needs of the Action.  Defendant objects to providing documents in

response to such Requests because it would be unduly burdensome and require unreasonable

effort and expense by Defendant that would be disproportionate to the needs of the Action.

      5.     Defendant objects to the Requests to the extent they contain undefined terms

and/or are vague and unintelligible. Defendant is unable to produce documents in response to

such Requests.

      6.     Defendant objects to the Requests to the extent they seek information that is

protected by the attorney-client privilege, the work-product doctrine, or any other applicable law,

regulation, privilege, immunity or discovery protection.  Defendant will not produce privileged

documents in response to the Requests. Inadvertent production of any information covered by any privilege, immunity or protection shall not constitute a waiver of any privilege, immunity or protection or of any other ground for objecting to discovery or admissibility of such material or its subject matter. Nor shall such production constitute a waiver of Defendant's rights to object to the use of such material at any stage of this action or in any other proceeding.

7.    Defendant reserves the right to condition the production of documents containing confidential or proprietary information or trade secrets of Northland and/or Hedge on the Court's issuance of a confidentiality or protective order governing the disclosure of such information.

8.    By responding to these Requests and producing documents, Defendant does not waive any objection that may be applicable to the use, for any purpose, by Plaintiffs of any information given in response or documents produced in this action, or the admissibility, privilege, relevancy, authenticity, or materiality of any information or documents. Defendant expressly reserves the right to object to the use of any documents or information or their subject matter during any subsequent proceeding, including the trial or this or any other investigation or action.

9.    Defendant objects to the Requests to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place. Defendant's responses to the Requests are not intended to be, and shall not be construed as, an admission that any factual predicates stated in the Requests are accurate. No objection or limitation, or lack thereof, made in Defendant's responses shall be deemed an admission as to the existence or nonexistence of documents or information.

10.    Defendant reserves the right to revise, supplement, and amend these responses and objections as this matter progresses.

3

## OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

**Document Request No. 1**       Documents related to and including a signed copy of your employment contracts, including all terms of references, roles, responsibilities, compensation and incentive bonus structure, since hiring to present date. If the contract has been revised or updated since your hiring, please provide the date of each such revision or update, and include the details of each such revision or update, and the reasons for the revision or update.

**Response to Document Request No. 1**: Defendant objects to Request 1 because it calls for documents and information that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action. Defendant will not produce documents in response to Request 1.

**Document Request No. 2**       Documents related to all Front/Middle/Back Office policies and procedures governing to Your hedging and trading activities from the date you became trade in 2014 until present date.

**Response to Document Request No. 2**: Defendant objects to Request 2 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant objects to Requests 2 because it contains vague and undefined capitalized terms, including "Front/Middle/Back Office," which makes the Request unintelligible. Defendant further objects to Request 2 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action because it calls for "all Front/Middle/Back Office policies and procedures" (emphasis added) over the course of at least six years. Defendant will not produce documents in response to Request 2.

4

**Document Request No. 3**      Documents related to all risk management controls, policies and procedures, of Your hedging and trading activities from the date You became the trade until present date, Include without limitation, all Documents related to the risk management policies and procedures that were in effect at Northland and Hedge (as described in Engagement Letter 5) when Plaintiff's PILOT was in effect commencing March 2014. If they have been revised since then, please include the date of each revision, describing in detail what was changed or revised on such date.

**Response to Document Request No. 3**: Defendant objects to Request 3 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant objects to Requests 3 because it contains vague and undefined capitalized terms, including "Plaintiff's PILOT," which makes the Request unintelligible. Defendant further objects to Request 3 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action because it calls for "all risk management controls, policies and procedures" (emphasis added) over the course of at least six years.  Defendant will not produce documents in response to Request 3.

**Document Request No. 4**      Documents related to and including all electronic copies of the OBT Book, in electronic spreadsheet format (XLS) from the date of inception to the current date.

**Response to Document Request No. 4**: Defendant objects to Request 4 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 4 because it calls for documents that are not relevant to the

parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action because it calls for "all electronic copies of the OBT Book from the date of inception of the current date" (emphasis added). Defendant further objects to Request 4 because it is not limited by any reasonable time period and calls for documents to be produced in a manner other than the manner in which they are kept in the ordinary course of business. Defendant further objects to Request 4 because it calls for the production of confidential and proprietary information of Northland and/or Hedge and thus could be produced only upon the Court's issuance of a confidentiality or protective order governing the disclosure of such information. Defendant will not produce documents in response to Request 4.

**Document Request No. 5**       Documents related to ALL compliance, regulations and laws that You are required to abide by, including CEA compliance Rules, CTA disclosure documents, disclosures to customers and regulators, and other disclosures related to the trading floor operations of Northland and Hedge, and hedging and trading of gallons as described in this Complaint.

**Response to Document Request No. 5**

Defendant objects to Request 5 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 5 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action because it calls for "ALL compliance regulations and laws ..." (emphasis in

original).  Defendant further objects to Request 5 because it is overly broad and unduly

burdensome and requires unreasonable efforts or expense on behalf of Defendant

disproportionate to the needs of the Action because it calls for "trading floor operations" and

"hedging and trading of gallons as described in this Complaint" without specifying which

section(s)of the 369-paragraph complaint Plaintiffs are referring to, which makes Request 5

unintelligible.  Defendant further objects to Request 5 because it is not limited by any time

period, and it calls for the production of confidential and proprietary information of Northland

and/or Hedge and thus could be produced only upon the Court's issuance of a confidentiality or

protective order governing the disclosure of such information.  Defendant will not produce

documents in response to Request 5.

**Document Request No. 6**      All Communications, including but not limited to emails

with meta data, instant messengers, yahoo messengers, Trillian messengers, text messengers,

FTP logs, phone calls with logs and transcripts, and other methods of transmission of

communications, between you and Defendants, related in any way to Plaintiff, STORM, OBT

Book and the subject matter of this Complaint.

**Response to Document Request No. 6**:  Defendant objects to Request 6 because it calls

for documents and information that are not in Defendant's possession, custody or control.

Defendant further objects to Request 6 because it contains vague and undefined terms,

including "communications, between [Lothrop] and Defendants" and "STORM," which make it

unintelligible.  Defendant further objects to Request 6 because it calls for documents and

information that are not relevant to the parties' claims or defenses and not proportional to the

needs of the Action.  Defendant further objects to Request 6 because it is  overly broad unduly

burdensome  and  requires  unreasonable  efforts  or  expense  on  behalf  of  Defendant

7

disproportionate to the needs of the Action, including because it calls for "All" communications (written and otherwise) between Lothrop and an undefined set of people, "related any way" to a wide variety of topics including "the subject matter" of the Complaint comprising 69 pages and 320 paragraphs and it is not limited by any reasonable time period. Defendant will not produce documents in response to Request 6.

**Document Request No. 7**        Documents related to and showing the detailed position statements of the deals managed in the OBT BOOK, (in CSV format), which means all positions, including a detailed CSV record of all customer transactions and offsetting exchange traded options and futures transactions, from the date of inception of the OBT Book since present date. Separate the foregoing by NYMEX delivery month.

**Response to Document Request No. 7**

Defendant objects to Request 7 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 7 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it calls for "all positions, including … all customer transactions and offsetting exchange traded options and futures transactions, from the date of inception of the OBT Book since [*sic*] present date (emphasis added). Defendant further objects to Request 7 because it is not limited by any reasonable time period and calls for documents to be produced in a manner other than the manner in which they are kept in the ordinary course of business. Defendant further objects to Request 7 because it calls for the production of confidential and proprietary information of Northland and/or Hedge and thus

8

could be produced only upon the Court's issuance of a confidentiality or protective order governing the disclosure of such information. Defendant will not produce documents in response to Request 7.

**Document Request No. 8**         Documents related to and showing the financial performance, profitability, profit and loss statements for the OBT Book, Avi's Spreadsheets, STORM or all other trading and hedging strategies conduct at Northland and Hedge on customer gallons, Include without limitation documents showing comparisons related to the Baseline P&L, on a cents/gallon basis, from the date of Plaintiff was engaged in 2011 until present date. Separate those results by those on OBT Book, Avi's Spreadsheets, STORM, and/or any other strategies used.

### Response to Document Request No. 8

Defendant objects to Request 8 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 8 because it contains vague and undefined capitalized terms, including "Avi's Spreadsheets" and "STORM," which makes the Request unintelligible. Defendant further objects to Request 8 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it calls for "all other trading and hedging strategies conduct[*sic*] at Northland and Hedge…" Defendant further objects to Request 8 because it is not limited by any reasonable time period and calls for documents to be produced in a manner other than the manner in which they are kept in the ordinary course of business. Defendant further objects to Request 8 because it calls for the production of confidential and proprietary

information of Northland and/or Hedge and thus could be produced only upon the Court's issuance of a confidentiality or protective order governing the disclosure of such information. Defendant will not produce documents in response to Request 8.

**Document Request No. 9**      Documents      related      to      regulatory      compliance investigations conducted by any governing body or authority, including but not limited to NFA, CFTC, CME, NYMEX and the Massachusetts State Department, related to the compliance of You, Northland and Hedge business activities since Plaintiff hiring in 2011 until present date. Include without limitation all documents related to those that resulted in compliance fines publicly listed in June 2016.

### Response to Document Request No. 9

Defendant objects to Request 9 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 9 because it calls for documents and information that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and is propounded for an improper purpose, namely intimidation and harassment. Defendant further objects to Request 9 because it is unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it calls for documents to be produced over a nine-year period. Defendant will not produce documents in response to Request 9.

**Document Request No. 10**      Documents and Communications (including all phone calls, transcripts and recordings as required to be maintained under Engagement Letter 5) with ADM Investor Services ("ADMIS") related to the PILOT with Plaintiff conducted in 2014 - 2015. Including without limitation, all Powers of Attorney to trade, account opening forms, and

other statements, such as all Daily Statements and all other FCM Statements.

**Response to Document Request No. 10**:  Defendant objects to Request 10 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 10 because it contains vague and undefined capitalized terms, including "PILOT" and "Daily Statements," which makes the Request unintelligible. Defendant further objects to Request 10 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it calls for "all phone calls, transcripts and recordings … with … ADMIS" and "all Powers of Attorney to trade account opening forms, and other statements …" (emphasis added). Defendant further objects to Request 10 because it calls for the production of confidential and proprietary information of Northland and/or Hedge and thus could be produced only upon the Court's issuance of a confidentiality or protective order governing the disclosure of such information.  Defendant will not produce documents in response to Request 10.

**Document Request No. 11**      Documents related to all independent analysis and quantifications of risk exposures, profitability,  margin and cashflow, and valuation or any other analysis conducted by YOU related to the trading and hedging activities in the ADMIS account during the period March 2014 until March 2015, during the period Plaintiff's PILOT was active. Include without limitation analysis of all the unauthorized Jefferies transactions that were included in that PILOT during the foregoing period as described in the Complaint.

**Response to Document Request No. 11**:  Defendant objects to Request 11 because it calls for documents and information that are not in Defendant's possession, custody or control.

Defendant further objects to Request 11 because it contains vague and undefined terms, including "PILOT" and the "unauthorized Jefferies transactions," which make Request 11 unintelligible. Defendant further objects to Request 11 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it calls for "all independent analysis and quantifications ..." and "analysis of all the unauthorized Jeffries transactions ..." (emphasis added). Defendant further objects to Request 11 to the extent it calls for the production of production of documents containing confidential and proprietary information of Northland and/or Hedge and thus could be produced only upon the Court's issuance of a confidentiality or protective order governing the disclosure of such information. Defendant will not produce documents in response to Request 11.

**Document Request No. 12**       Documents related to the errors and margin calculations, intraday execution problems such as "walking up the bands", instances impacting deal execution, system errors, and other instances where you could not transact immediately, or received error logs, margin had to be extended on the account to compensate for errors, you had to place orders on the phone,  for heating oil options at ADMIS, during the activities alleged in the Complaint between 2014-2015.

**Response to Document Request No. 12**:  Defendant objects to Request 12 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 12 because it contains vague and undefined terms, including "walking up the bands," which make Request 12 unintelligible.  Defendant further objects to Request 12 because it calls for documents that are not relevant to the parties' claims

or defenses and not proportional to the needs of the Action, and it is overly broad and unduly

burdensome and requires unreasonable efforts or expense on behalf of Defendant

disproportionate to the needs of the Action. Defendant further objects to Request 12 to the

extent it calls for the production of production of documents containing confidential and

proprietary information of Northland and/or Hedge and thus could be produced only upon the

Court's issuance of a confidentiality or protective order governing the disclosure of such

information. Defendant will not produce documents in response to Request 12.


Dated: Uniondale, New York
      July 13, 2020

                      WESTERMAN BALL EDERER MILLER
                      ZUCKER & SHARFSTEIN, LLP

                By:    */s/ Ellen Tobin, Esq.*
                      Ellen Tobin, Esq.
                      1201 RXR Plaza
                      Uniondale, New York 11566
                      (516) 622-9200
                      *Attorneys for Defendants*

02234319


13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SAMANTHA SIVA KUMARAN and THE A STAR
GROUP, INC. d/b/a TIMETRICS,

               Case No.  1:19-cv-08345-MKV-DCF

       Plaintiffs,

  -against-

NORTHLAND ENERGY TRADING, LLC,
HEDGE SOLUTIONS, INC. RICHARD M. LARKIN,
DANIEL LOTHROP, and DOMENIC BRAMANTE,

       Defendants.
-----------------------------------------------------------------------X

STATE OF NEW YORK  )
         .ss:
COUNTY OF NASSAU  )

   Ellen Tobin, an attorney at law admitted to practice before this Court, affirms as follows:

   On July 13, 2020 deponent served a true and correct copy of the attached **RESPONSES AND OBJECTIONS TO PLAINTIFFS' DOCUMENT REQUESTS TO DEFENDANT DANIEL LOTHROP** upon Samantha Siva Kumaran, *Plaintiff Pro Se*, by email to samantha@timetricsrisk.com for delivery upon Samantha Siva Kumaran, The A Star Group, Inc., 119 West 72nd Street #204, New York, NY 10023.

Dated: Long Beach, New York
   July 13, 2020

          /s/ **Ellen Tobin**
            Ellen Tobin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SAMANTHA SIVA KUMARAN and THE A STAR
GROUP, INC. d/b/a TIMETRICS,

                           Case No.  1:19-cv-08345-MKV-DCF

               Plaintiffs,

   -against-

NORTHLAND ENERGY TRADING, LLC,
HEDGE SOLUTIONS, INC., RICHARD M. LARKIN,
DANIEL LOTHROP and DOMENIC BRAMANTE,

               Defendants.
------------------------------------------------------------------X

## UPDATED RESPONSES AND OBJECTIONS TO PLAINTIFFS' DOCUMENT REQUESTS TO DEFENDANT DOMENIC BRAMANTE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Domenic

Bramante ("Defendant") submits these responses and objections to Plaintiffs' Document

Requests dated June 30, 2020 (the "Requests" and each, a "Request") in this action (the

"Action").

## GENERAL OBJECTIONS

Defendant makes the following General Objections, which apply to the Requests

generally and to each specific Request.

    1.    Defendant objects to the Requests because they seek documents and information

that are not in Defendant's possession, custody or control.

    2.    Defendant objects to the Requests to the extent they are not limited to a

reasonable time period. *See, e.g.*, Requests 3, 13 (March 2011 to the present); Requests 5, 6, 7,

9, 10, 12, 14(iii), 14(iv), 16, 17, 18 (no time frame); Requests 11, 15, 19 (2011 until present

date). Such Requests are overly broad, unduly burdensome, call for information that is not

relevant to the parties' claims or defenses, and not proportional to the needs of the Action.

Defendant objects to providing documents outside of a reasonable time period.

3.      Defendant objects to the Requests to the extent they seek documents from

Defendant for the period prior to May 9, 2016. Plaintiffs expressly released Northland and

Hedge *and their employees*, including Defendant, from:

> any and all claims ... of any kind or nature whatsoever, whether
> known or unknown, which the Parties may have, or claims they
> may have had, or now has or claims to have, from the beginning of
> the world to [May 9, 2016], including but not limited to any claims
> resulting, from, arising out of, or connected, directly or indirectly,
> with all allegations and claims, express or implied, that the Parties
> asserted or could have asserted in the Lawsuit.

*See Mutual Release and Settlement Agreement* dated May 9, 2016 (the "Settlement Agreement")

§ 4 (the "Release"). All claims arising from allegations and events that took place on or before

May 9, 2016 are barred by the Settlement Agreement. Defendant objects to producing

documents that pre-date May 9, 2016.

4.      Defendant objects to the Requests to the extent they are overly broad, unduly

burdensome and call for information that is not relevant to the parties' claims or defenses and not

proportional to the needs of the Action. Defendant objects to providing documents in response

to such Requests because it would be unduly burdensome and require unreasonable effort and

expense by Defendant that would be disproportionate to the needs of the Action.

5.      Defendant objects to the Requests to the extent they contain undefined terms

and/or are vague and unintelligible. Defendant is unable to produce documents in response to

such Requests.

6.      Defendant objects to the Requests to the extent they seek information that is

protected by the attorney-client privilege, the work-product doctrine, or any other applicable law,

2

regulation, privilege, immunity or discovery protection.  Defendant will not produce privileged documents in response to such Requests.  Inadvertent production of any information covered by any privilege, immunity or protection shall not constitute a waiver of any privilege, immunity or protection or of any other ground for objecting to discovery or admissibility of such material or its subject matter.  Nor shall such production constitute a waiver of Defendant's rights to object to the use of such material at any stage of this action or in any other proceeding.

      7.     Defendant reserves the right to condition the production of documents containing confidential, proprietary or sensitive information or trade secrets of Northland or Hedge on the Court's issuance of a confidentiality or protective order governing the disclosure of such information.

      8.     By responding to these Requests and producing documents, Defendant does not waive any objection that may be applicable to the use, for any purpose, by Plaintiffs of any information given in response or documents produced in this action, or the admissibility, privilege, relevancy, authenticity, or materiality of any information or documents.  Defendant expressly reserves the right to object to the use of any documents or information or their subject matter during any subsequent proceeding, including the trial or this or any other investigation or action.

      9.     Defendant objects to the Requests to the extent they assume the existence of facts that do not exist or the occurrence of events that did not take place.  Defendant's responses to the Requests are not intended to be, and shall not be construed as, an admission that any factual predicates stated in the Requests are accurate.  No objection or limitation, or lack thereof, made in Defendant's responses shall be deemed an admission as to the existence or nonexistence of documents or information.

10.    Defendant reserves the right to revise, supplement, and amend these responses and objections as this matter progresses.

## OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

**Request No. 1**        All Documents and Communications related to your employment contracts, and any Agreements between You and Northland and Hedge or their Affiliates. Include without limitation signed copy(s) of your employment contract(s) in effect, all terms of references, roles, responsibilities, compensation and incentive bonus structure, since hiring to present date. If the contract has been revised or updated since your hiring, please provide the date of each such revision or update and include the details of each such revision or update, and the reasons for the revision or update. If your Agreements including contract services or other 1099 related work, provide those Agreements.

**Response to Request No. 1**: Defendant objects to Request 1 because it is overly broad and unduly burdensome and calls for documents and information that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action.  Defendant will not produce documents in response to Request 1.

**Request No. 2**        All Documents and Communications related to any employment manuals, policies and procedures, rules, compliance laws and regulatory requirements, governing your job functions at both Northland and Hedge. Include the date and title of such document, the manner in which the document was communicated to do, and the manner in which you acknowledge receipt of the document or knowledge of its contents.

**Response to Request No. 2**: Defendant objects to Request 2 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 2 because it is overly broad, unduly burdensome, vague and

calls for documents and information that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and because it calls for documents to be produced in a manner other than the manner in which they are kept in the ordinary course of business. Defendant will not produce documents in response to Request 2.

**Request No. 3**        All Documents and Communications that YOU prepared, reviewed or are aware exist related to the accounting, financial statements, financial performance, P&L, measurement of profit per gallons, on Defendant's trading and hedging activities since Plaintiff's NDA in March 2011 until present date. Separate your results by for the Avi's Spreadsheets, STORM, OBT Book, or all other trading and hedging strategies conduct at Northland and Hedge on customer gallons. Include without limitation documents showing comparisons related to the Baseline P&L on a cents/gallon basis, from the date of Plaintiff was engaged in March 2011 until present date. Separate those results also by those on OBT Book, Avi's Spreadsheets, STORM, and/or any other hedging or risk strategies used.

**Response to Request No. 3**: Defendant objects to Request 3 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 3 because it contains vague and undefined terms, including "Avi's Spreadsheets" and "STORM," which make the Request unintelligible. Defendant further objects to Request 3 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it calls for "All Documents and Communications" that purport to relate to a broad range of vaguely defined topics (*e.g.*, "Defendant's trading and hedging activities since ... March 2011"), and which are not limited by any reasonable time

period. Defendant further objects to Request 3 because it seeks documents and information related to claims that predate May 9, 2016 and are barred by the Settlement Agreement. Defendant further objects to Request 3 because it calls for documents to be produced in a manner other than the manner in which they are kept in the ordinary course of business. Defendant further objects to Request 3 to the extent it calls for the production of confidential, proprietary and/or sensitive information of Northland and/or Hedge and thus could be produced only upon the Court's issuance of a confidentiality or protective order governing the disclosure of such information. Defendant will not produce documents in response to Request 3.

**Request No. 4**        All Documents and Communications with Northland's FCMs including but not limited to those between You and (i) ADMIS (the account at which Plaintiff's PILOT was traded between 2014-2015); (ii) Jefferies (during the period March 2014 when Plaintiff's EL5 was opened; (iii) FCStone (During the period March 2014 until and March 2015) which includes the transfer of deals out of ADMIS. Include all terms of reference, account opening documents, powers of attorneys, emails with metadata, communications related to closing or opening your accounts, bank wires to and from the accounts and the transfer of deals from Jefferies to ADMIS and FCStone.

**Response to Request No. 4**: Defendant objects to Request 4 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 4 because it contains vague and undefined terms, including "Plaintiff's PILOT," "EL5" and "FCStone," which make the Request unintelligible. Defendant further objects to Request 4 because it because it calls for documents and information that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf

of Defendant disproportionate to the needs of the Action, including because it calls for "All documents and communications" between Defendant and third parties including a broad range of documents (*e.g.*, "all terms of reference, account opening documents, powers of attorneys, emails with metadata, communications related to closing or opening your accounts, bank wires to and from the accounts and the transfer of deals …") that purport to relate to a vaguely defined topic (*e.g.*, "the transfer of deals out of ADMIS"). Defendant further objects to Request 4 because it seeks documents and information related to claims that predate May 9, 2016 and are barred by the Settlement Agreement. Defendant further objects to Request 4 to the extent it calls for the production of confidential, proprietary and/or sensitive information of Northland and/or Hedge and thus could be produced only upon the Court's issuance of a confidentiality or protective order governing the disclosure of such information. Defendant will not produce documents in response to Request 4.

**Request No. 5**        All Documents and Communications related to Northland's account opening with Advantage Futures (as described in FAC ¶¶ 180 el seq), and all compliance rules, NFA, CFTC and CEA rules, as well as all company internal policies and procedures, and controls, that would have governed Larkin's ability to open the Advantage Futures account for Northland, and/or make profit sharing payments to Plaintiff, without your knowledge, permission and consent.

**Response to Request No. 5**: Defendant objects to Request 5 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 5 because it calls for documents and information that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of

Defendant disproportionate to the needs of the Action, including because it calls for "All documents and communications," "all compliance rules," and "all company internal policies and procedures, and controls ...." Defendant further objects to Request No. 5 because it calls for documents related to events that Plaintiffs allege were "concealed" from Defendant (*see, e.g.*, Compl. ¶ 180). Defendant will not produce documents in response to Request 5.

**Request No. 6**      All Documents and Communications related to policies and procedures and oversight of (i) withdrawal and transfers from Northland and Hedge's accounts to Larkin's personal accounts (ii) withdrawal and transfers from of Customers premiums collected in the sale of options to pay expenses (iii) withdrawal and transfers of Customers premiums from FCM Accounts (iv) any other money management oversight in the Company accounts (v) Larkin's ability to pay third parties or contractors without anyone in the Company's oversight.

**Response to Request No. 6**: Defendant objects to Request 6 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 6 because it is vague and unintelligible and calls for documents and information that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action. Defendant further objects to Request 6 because it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it calls for "All Documents and Communications" that purport to relate to a broad range of vaguely defined topics and which are not limited by any reasonable time period. Defendant further objects to Request 6 to the extent it seeks documents and information related to claims that predate May 9, 2016 and are barred by the Settlement Agreement. Defendant also objects to Request 6 to the extent it calls for

documents related to events that Plaintiffs allege were "concealed" from Defendant. Defendant further objects to Request 6 to the extent it calls for the production of confidential, proprietary and/or sensitive information of Northland and/or Hedge and thus could be produced only upon the Court's issuance of a confidentiality or protective order governing the disclosure of such information. Defendant will not produce documents in response to Request 6.

  **Request No. 7**    Produce all Documents and Communications, that you relied upon, in *not notifying* Plaintiff, that (i) Defendants had created a duplicate shadow system to monitor risks and migrate their hedging and trading strategy now called OBT Book (*See* FAC¶¶ 9) and (ii) Defendants had transferred dozens of unauthorized transactions or Jefferies transactions into the ADMIS Account (*See* FAC ¶¶ 99) (iii) to notify or not notify Customers that their gallons were being hedged in a new OBT Book. Include in your answer, any company operating procedures, direct communications from management, oral or verbal instructions from Defendants Larkin, Lothrop, the CFO or any other officer of Northland or Hedge, corporate communications and memos, directives of any kind, related to the foregoing activities.

  **Response to Request No. 7**: Defendant objects to Request 7 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 7 because it contains vague and undefined terms, including "duplicate shadow system," "Jeffries transactions" and "new OBT Book" which make the Request unintelligible. Defendant further objects to Request 7 because it is vague and unintelligible (*e.g.*, it calls for "all documents and communications" that Defendant allegedly relied on in *not* taking certain action). Defendant further objects to Request 7 because it calls for documents and information that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and

requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action. Defendant further objects to Request 7 because it is not limited by any reasonable time period. Defendant further objects to Request 7 to the extent it seeks documents and information related to claims that predate May 9, 2016 and are barred by the Settlement Agreement. Defendant also objects to Request 7 to the extent it calls for documents related to events that Plaintiffs allege were "concealed" from Defendant. Defendant further objects to Request 7 because it calls for documents to be produced in a manner other than the manner in which they are kept in the ordinary course of business. Defendant further objects to Request 7 to the extent it calls for the production of confidential, proprietary and/or sensitive information of Northland and/or Hedge and thus could be produced only upon the Court's issuance of a confidentiality or protective order governing the disclosure of such information. Defendant will not produce documents in response to Request 7.

**Request No. 8**      All Documents and Communications related to independent analysis and quantifications performed, reviewed, or overseen by YOU on the trading and hedging activities in the ADMIS account during the period March 2014 until March 2015, during the period Plaintiff's PILOT of STORM was active, that was mandated under Engagement Letter 5, related to P&L, risk, profitability, margin and cashflow, and valuation or any other analysis. Include without limitation analysis of all the unauthorized Jefferies transactions that were included in that PILOT during the foregoing period. (*See* FAC ¶¶ 99)

**Response to Request No. 8**: Defendant objects to Request 8 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 8 because it contains vague and undefined terms, including "Plaintiff's PILOT of STORM," "P&L, risk, profitability, margin and cashflow, and valuation or

10

any other analysis" and "unauthorized Jefferies transactions," which make Request 8
unintelligible. Defendant further objects to Request 8 because it calls for documents that are not
relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it
is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf
of Defendant disproportionate to the needs of the Action, including because it calls for "All
Documents and Communications" related to a broad range of transactions. Defendant further
objects to Request 8 because it seeks documents and information related to claims that predate
May 9, 2016 and are barred by the Settlement Agreement. Defendant further objects to Request
8 to the extent it calls for the production of documents containing confidential and proprietary
information of Northland and/or Hedge and thus could be produced only upon the Court's
issuance of a confidentiality or protective order governing the disclosure of such information.
Defendant will not produce documents in response to Request 8.

Request No. 9        All Communications, including but not limited to emails with meta
data, instant messengers, yahoo messengers, Trillian messengers, text messengers, FTP logs,
phone calls with logs and transcripts, and other methods of transmission of communications,
between you and Defendants, or any third parties, related in any way to Plaintiff, Plaintiff's
engagements and Settlements, STORM, OBT Book, FAT Test and the subject matter of this
Complaint. Separate your response by Communications with each of the following Defendants,
(a) Aviral Chopra, (b) Daniel Lothrop, (c) Kirt Blanchart, (d) Richard Larkin, (e.) Adam Larkin,
(f) Mark Stillman, (g) Katie Larkin and (h) all others who were aware of or copied on
Communications related to STORM or OBT.

Response to Request No. 9: Defendant objects to Request 9 because it calls for
documents and information that are not in Defendant's possession, custody or control.

11

Defendant further objects to Request 9 because it contains vague and undefined terms, including "Plaintiff's engagements and Settlements" and "STORM," which make it unintelligible. Defendant further objects to Request 9 because it calls for documents and information that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action. Defendant further objects to Request 9 because it is overly broad unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it calls for "All" communications (written and otherwise) between (a) Defendant and several individuals who have to relation to the events alleged in the Complaint, and (b) Defendant and the other "Defendants or any third parties, related any way" to a broad range of vaguely defined topics including "the subject matter" of the Complaint which comprises 69 pages and 320 paragraphs. Defendant further objects to Request 9 because it is not limited by any reasonable time period and calls for documents to be produced in a manner other than the manner in which they are kept in the ordinary course of business. Defendant further objects to Request 9 to the extent it seeks documents and information related to claims that predate May 9, 2016 and are barred by the Settlement Agreement. Defendant will not produce documents in response to Request 9.

**Request No. 10**      All Documents and Communications related to Risk Management Software Programs, including the Names and Contact Information, and ser Manuals of such vendors, and/or in-house analytical tools, or spreadsheets used to store or access trades, perform valuations on, perform any tasks on and/or calculate risk whatsoever on trades in (i) Avi's Spreadsheets (ii) STORM Pilot (iii) OBT Book and (iv) all other hedging and trading strategies. Include without limitation all Documents and Communications related to the "dozens of risk management vendors" that Defendant reviewed as alleged in the Complaint (FAC ¶¶ 75), prior to

retaining Plaintiff.

**Response to Request No. 10**: Defendant objects to Request 10 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 10 because it contains vague and undefined terms, contains vague and undefined terms, including "Risk Management Software Programs," "ser Manuals," "Avi's Spreadsheets" and "STORM Pilot" which makes the Request unintelligible. Defendant further objects to Request 10 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action because it calls for "all Documents and Communications" related to a wide range of vaguely defined topics (*e.g.*, "Risk Management Software Programs," "ser Manuals," "in-house analytic tools," "Avi's Spreadsheets," "STORM Pilot," ("OBT Book," "all other hedging and trading strategies" and related to "dozens of risk management vendors …."). Defendant further objects to Request 10 because it is not limited by any reasonable time period and calls for documents to be produced in a manner other than the manner in which they are kept in the ordinary course of business. Defendant further objects to Request 10 because it seeks documents and information related to claims that predate May 9, 2016 and are barred by the Settlement Agreement. Defendant further objects to Request 10 to the extent it calls for the production of confidential, proprietary and/or sensitive information of Northland and/or Hedge and thus could be produced only upon the Court's issuance of a confidentiality or protective order governing the disclosure of such information. Defendant will not produce documents in response to Request 10.

**Request No. 11**        All Documents and Communications related Your analysis and

internal reconciliations agreed to Engagement Letter 5, Para (d)(4)[1] and Northland requirement in *"signing off that all statements between STORM™ and Archer and its internal Middle Office and Back Office protocols are reconciled"*. Include specifically your analysis and reconciliations of profitability, P&L, valuations margin required at ADMIS, the BigC, risk and cashflow and accounting, and spreadsheets or independent validations to certify the margin, cashflow and risk on the Northland Trading Accounts since 2011 until present date.

**Response to Request No. 11**: Defendant objects to Request 11 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 11 because it contains vague and undefined terms, including "Your analysis and internal reconciliations agreed to Engagement Letter 5, Paragraph (d)(4) and Northland requirement," "the BigC," "risk and cashflow and accounting," and "margin cashflow and risk," which make the Request unintelligible. Defendant further objects to Request 11 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it calls for "all Documents and Communications...." related to steps Defendant was allegedly obligated to undertake. Defendant further objects to Request 11 because it calls for documents that are not limited by a reasonable time period. Defendant further objects to Request 11 because it seeks documents and information related to claims that predate May 9, 2016 and are barred by the Settlement Agreement. Defendant will not produce documents in response to Request 11.

**Request No. 12**        All Documents and Communications related to You providing

---

[1] Northland shall be responsible for reviewing the Archer Financial broker statement and comparing it to Timetrics Daily P&L Report on a daily basis and signing off that all statements between STORM™ and Archer and its internal Middle Office and Back Office protocols are reconciled by 9am the following business morning."

notice of any discrepancy in the Daily P&L Report or Weekly Revenue Share Report as required under the Early Notification provisions under the Engagement Letter 5, Para 9.c.(i).[2]

**Response to Request No. 12**:  Defendant objects to Request 12 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 12 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it calls for "all Documents and Communications" related to action Defendant was allegedly obligated to undertake. Defendant further objects to Request 12 because it seeks documents and information related to claims that predate May 9, 2016 and are barred by the Settlement Agreement.  Defendant will not produce documents in response to Request 12.

**Request No. 13**      All Documents and Communications related to internal Middle Office and Back Office protocols, measures and controls of risk limits at Northland and Hedge, procedures to increase or decrease Risk Capital limits, since Plaintiff was engaged in March 2011 until present date.

**Response to Request No. 13**:  Defendant objects to Request 13 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant objects to Request 13 because it contains vague and undefined terms, including "Middle Office and Back Office" and "Risk Capital Limits" which make the Request

---

[2] 9(c). (i) Early Notification: Additionally, in accordance with the Daily and Weekly Procedures identified in Paragraph 4.(d), Timetrics shall report to Northland on a daily basis the Daily P&L Report and on a weekly basis the Weekly Revenue Share Report which shall include the current Trading Improvement and forecasted revenue share to both Northland and Timetrics and Trading Royalty. Northland shall notify Timetrics by Tuesday at 9am of each week, if it notices in advance a discrepancy in the anticipated revenue share and Monthly Trading Royalty ("Early Notification"), so that the parties can promptly resolve the discrepancy in advance of the month close. Failure to provide such early notification shall render any dispute of the final Monthly Trading Royalty invoice invalid.

unintelligible. Defendant further objects to Request 13 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action because it calls for "all Documents and Communications related to internal Middle Office and Back Office protocols ...." over an eight-year period. Defendant will not produce documents in response to Request 13. Defendant further objects to Request 13 to the extent it seeks documents and information related to claims that predate May 9, 2016 and are barred by the Settlement Agreement. Defendant also objects to Request 13 to the extent it calls for documents related to events that Plaintiffs allege were "concealed" from Defendant. Defendant will not produce documents in response to Request 13.

**Request No. 14**        All Documents and Communications related to risk analysis performed or overseen by You, Defendants or any outside vendor or third party on (i) Aviral Chopra's hedging and trading activities since 2011 when Plaintiff was hire until the date he resigned in April 2014. (include the names of the person(s) who conducted the analysis); (ii) the PILOT during which Plaintiff's STORM system was being used during the period August 2014 until March 2015; (iii) the OBT Book since inception until present date; (iv) all other trading and hedging strategies conduct at Northland and Hedge on customer gallons.

**Response to Request No. 14**: Defendant objects to Request 14 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant objects to Request 14 because it contains vague and undefined terms, including "the PILOT," "Plaintiff's STORM System" and "all other trading and hedging strategies conduct at Northland and Hedge on customer gallons," which make the Request unintelligible. Defendant further

16

objects to Request 14 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it calls for documents related to a broad range of vaguely defined topics (*e.g.*, "all Documents and Communications related to risk analysis performed or overseen by [Bramante], Defendants or any outside vendor or their party" regarding four broad categories) and it is not limited by any reasonable time period. Defendant further objects to Request 14 because it seeks documents and information related to claims that predate May 9, 2016 and are barred by the Settlement Agreement. Defendant also objects to Request 14 to the extent it calls for documents related to events that Plaintiffs allege were "concealed" from Defendant. Defendant further objects to Request 14 because it calls for documents to be produced in a manner other than the manner in which they are kept in the ordinary course of business. Defendant will not produce documents in response to Request 14.

**Request No. 15**     All Documents and Communications related to technological changes made to systems, models, spreadsheets at Northland and Hedge including but not limited to the changes to Traderbase, MarginTrak, HedgeInsite, execution platforms, and all other models, spreadsheets, accounting programs, trading platforms, financial reporting, pricing models for offering options to Hedge and Northland Customers, customers sales, offerings to customers, and monitoring of risk, including the OBT Book, since Plaintiff's retention in 2011 until present date.

**Response to Request No. 15**: Defendant objects to Request 15 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant objects to Request 15 because it contains vague and undefined terms, including

"technological changes," which make the Request unintelligible. Defendant further objects to Request 15 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it calls for "All Documents and Communications" related to a broad range of vaguely defined categories and it calls for documents from an eight-year period. Defendant further objects to Request 15 because seeks documents and information related to claims that predate May 9, 2016 and are barred by the Settlement Agreement. Defendant also objects to Request 15 to the extent it calls for documents related to events that Plaintiffs allege were "concealed" from Defendant. Defendant further objects to Request 15 to the extent it calls for the production of confidential, proprietary and/or sensitive information of Northland and/or Hedge and thus could be produced only upon the Court's issuance of a confidentiality or protective order governing the disclosure of such information. Defendant will not produce documents in response to Request 15.

**Request No. 16**        All Documents and Communications with any IT personnel or people who performed those technological changes, or otherwise serviced your computers, servers, email accounts, hard-drives, made changes to any platforms that held and stored the trading and accounting information related to STORM, OBT Book and other trading and hedging information.

**Response to Request No. 16**: Defendant objects to Request 16 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant objects to Request 16 because it contains vague and undefined terms, including "technological changes" and "STORM," which make the Request unintelligible. Defendant

18

further objects to Request 16 because it calls for documents that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action, and it is overly broad and unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it calls for "All Documents and Communications" with "any IT Personnel or people" who did performed a broad range of vaguely defined services over an undefined time period. Defendant further objects to Request 16 because it seeks documents and information related to claims that predate May 9, 2016 and are barred by the Settlement Agreement. Defendant also objects to Request 16 to the extent it calls for documents related to events that Plaintiffs allege were "concealed" from Defendant. Defendant will not produce documents in response to Request 16.

**Request No. 17**      All Documents and Communications related to ALL Compliance, regulations and laws that You are required to abide by, including CEA NFA, CFTC and other compliance rules, CTA disclosure documents, disclosures to customers and regulators, and other disclosures related to the selling of options to customers of Hedge, segregation of duties between Hedge and Northland, trading floor operations of Northland and hedging and trading of gallons as described in this Complaint.

**Response to Request No. 17**: Defendant objects to Request 17 because it calls for documents and information that are not in Defendant's possession, custody or control. Defendant further objects to Request 17 because it calls for documents and information that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action. Defendant further objects to Request 17 because it is unduly burdensome and requires unreasonable efforts or expense on behalf of Defendant disproportionate to the needs of the Action, including because it is not limited by any reasonable time period. Defendant further

objects to Request 17 because it seeks documents and information related to claims that predate
May 9, 2016 and are barred by the Settlement Agreement. Defendant also objects to Request
17 to the extent it calls for documents related to events that Plaintiffs allege were "concealed"
from Defendant. Defendant further objects to Request 17 to the extent it calls for the
production of confidential, proprietary and/or sensitive information of Northland and/or Hedge
and thus could be produced only upon the Court's issuance of a confidentiality or protective
order governing the disclosure of such information. Defendant will not produce documents in
response to Request 17.

 **Request No. 18**  Electronic copies of the output from all financial statements or
accounting reports, prepared by YOU related to STORM, OBT Book, and Avi's spreadsheets,
including Documents related to and showing the detailed position or accounting or financial
statements and any other statements YOU reviewed or prepared related to the deals managed in
the OBT BOOK, (in CSV or SPREADSHEET format), which means all positions, including a
detailed CSV record of all customer transactions and offsetting exchange traded options and
futures transactions, from the date of inception of the OBT Book since present date. Separate the
foregoing by NYMEX delivery month.

 **Response to Request No. 18**: Defendant objects to Request 18 because it calls for
documents and information that are not in Defendant's possession, custody or control.
Defendant further objects to Request 18 because it contains vague and undefined terms,
including "STORM" and "Avi's Spreadsheets," which make the Request unintelligible.
Defendant further objects to Request 18 because it calls for documents that are not relevant to
the parties' claims or defenses and not proportional to the needs of the Action, and it is overly
broad and unduly burdensome and requires unreasonable efforts or expense on behalf of

Defendant that are disproportionate to the needs of the Action, including because it seeks "copies of the output from all financial statements or accounting reports" prepared by Defendant related to a broad range of vaguely defined topic. Defendant further objects to Request 18 because it is not limited by any reasonable time period and calls for documents to be produced in a manner other than the manner in which they are kept in the ordinary course of business. Defendant further objects to Request 18 because it seeks documents and information related to claims that predate May 9, 2016 and are barred by the Settlement Agreement. Defendant also objects to Request 18 to the extent it calls for documents related to events that Plaintiffs allege were "concealed" from Defendant. Defendant further objects to Request 18 to the extent it calls for the production of confidential, proprietary and/or sensitive information of Northland and/or Hedge and thus could be produced only upon the Court's issuance of a confidentiality or protective order governing the disclosure of such information. Defendant will not produce documents in response to Request 18.

**Request No. 19**        All Documents and Communications related to Defendants and their affiliates, balance sheets, assets and liabilities, credit worthiness, financial solvency, credit lines, liquidity, credit rating since Plaintiff was hired in 2011 until present date.

**Response to Request No. 19**: Defendant objects to Request 19 because it is overly broad and unduly burdensome and calls for documents and information that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action. Defendant further objects to Request 19 to the extent it calls for documents and information that are not in Defendant's possession, custody or control. Defendant will not produce documents in response to Request 19.

**Request No. 20**        All Documents and Communications related to Defendants' ability to pay any judgement or award of damages in this litigation, including without limitation related to available assets (tangible or intangible), equity of Defendants' businesses, and other financial solvency and credit related information.

**Response to Request No. 20**: Defendant objects to Request 20 because it is overly broad and unduly burdensome and calls for documents and information that are not relevant to the parties' claims or defenses and not proportional to the needs of the Action. Defendant further objects to Request 20 to the extent it calls for documents and information that are not in Defendant's possession, custody or control. Defendant will not produce documents in response to Request 20.

Dated: Uniondale, New York
July 31, 2020

WESTERMAN BALL EDERER MILLER
ZUCKER & SHARFSTEIN, LLP

By:     */s/ Ellen Tobin, Esq.*
Ellen Tobin, Esq.
1201 RXR Plaza
Uniondale, New York 11566
(516) 622-9200
*Attorneys for Defendants*

TO:     Levin-Epstein & Associates, P.C.
420 Lexington Avenue, Suite 2525
New York, NY 10017
Joshua@levinepstein.com
*Attorneys for Plaintiff The A Star Group, Inc. d/b/a Timetrics*

Samantha Siva Kumaran
119 West 72nd Street #204
New York, NY 10023
samantha@timetricsrisk.com
Plaintiff *Pro Se*

02242735

22