UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
SAMANTHA SIVA KUMARAN, *et al.*,

                      Plaintiffs,

    -against-

NORTHLAND ENERGY TRADING, LLC, *et al.*,

                      Defendants.
---------------------------------------------------------------

19cv08345 (MKV) (DF)

**AMENDED PROTECTIVE ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

    WHEREAS, *pro se* plaintiff Samantha Siva Kumaran ("Kumaran") filed a motion seeking the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that any party (herein, a "Party," and, collectively, the "Parties") may need to disclose in connection with discovery in this action (Dkt. 54); and

    WHEREAS plaintiff The A Star Group, d/b/a Trimetrics, did not appear through counsel in this case until after Kumaran had filed her motion (*see* Dkts. 68, 69), and took no position on the motion; and

    WHEREAS Defendants did not dispute that a protective order would be warranted in this case; and

    WHEREAS, upon review of the submissions of Kumaran and Defendants, this Court found that good cause existed for issuance of an appropriately tailored protective order governing the pretrial phase of this action; and

    WHEREAS, Kumaran and Defendants were unable to agree to the terms of a proposed protective order, and therefore submitted competing proposals (Dkts. 54-2 and 58-1); and

    WHEREAS, upon review of the competing proposals, this Court found that, despite the

general propriety of Defendants' proposed order, certain modifications would be appropriate for the sake of clarity; and

WHEREAS, this Court issued a Protective Order (Dkt. 85) on October 19, 2020; and

WHEREAS, Kumaran, who continued to have concerns regarding provisions of the Protective Order, filed a motion for reconsideration (Dkts. 87, 91, 92), and

WHEREAS, this Court held a conference with Kumaran and counsel for Defendants on December 16, 2020 to hear oral argument on Kumaran's motion, and upon consideration of the Parties' positions, found that certain amendments should, in fact, be made to the Protective Order,

IT IS HEREBY ORDERED that Kumaran's motion for reconsideration (Dkts. 87, 91, 92) is granted, and, upon reconsideration, the Protective Order previously issued by the Court is modified to the extent set forth herein, such that any person subject to this Amended Protective Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Amended Protective Order – shall adhere to the following terms, upon pain of contempt:

1.      Any person subject to this Amended Protective Order who receives from any other person "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to the terms of this Amended Protective Order, shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      Any Party (or non-party called upon to produce information in discovery) may

2

designate Discovery Material as confidential.  The Party or person producing or disclosing Discovery Material (the "Producing Party") or the Party receiving Discovery Material (the "Receiving Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

      a.    non-public financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

      b.    non-public material relating to ownership or control of any non-public company;

      c.    non-public business plans, product development information, or marketing plans;

      d.    any information of a personal or intimate nature regarding any individual;

      e.    "Timetrics Software," "Related Works," the "OBT Book," "STORM," Defendants' "Baseline P&L," and the Parties' respective "book management models and pricing models";

      f.    names and identifying information of and agreements with the Parties' or the Parties' affiliates' respective brokers, vendors, suppliers, customers, clients, investors, partners, and futures commission merchants ("FCMs");

      g.    trades and trading statements, and other documents that disclose actual or proposed trading or hedging positions (including volumes, strikes, prices, and types of instruments) in the respective trading accounts from the FCMs; or

      h.    any other category of information hereinafter given confidential status by the Court, after the date of this Amended Protective Order.

3. This Amended Protective Order applies to (1) Confidential Discovery Material; (2) information copied or extracted from Confidential Discovery Material; and (3) copies, excerpts, or compilations of Confidential Discovery Material.  This Amended Protective Order, however, does not cover information that is in the public domain at the time of disclosure to a Receiving Party (*i.e.*, a recipient of Discovery Material).

4. Recipients of Confidential Discovery Material under this Amended Protective Order may use such material solely for the prosecution, defense, or settlement of claims of this action, any appeals thereto, mediation or trials, and not for any other purpose, including personal, business, commercial, or competitive purposes or in any other litigation or administrative proceeding (the "Purpose").

5. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  Confidential Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Amended Protective Order, as permitted only under Paragraphs 12-14 hereunder.  When the action, including all appeals, has been terminated, a Receiving Party must comply with the provisions of Paragraph 21 below.

6. With respect to the Confidential Portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by:  (a) stamping or otherwise clearly marking as "Confidential" the Discovery Material or portion thereof in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the Confidential information redacted.

7.     A Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by:  (a) indicating on the record during the deposition that a question calls for  "Confidential Information," in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Amended Protective Order;" or (b) notifying the reporter, the Parties (if *pro se*) and all counsel of record, in writing, within 30 days after receipt of the deposition transcript, of the specific pages and lines of the transcript that are to be designated as "Confidential," in which case the Parties and/or their counsel of record receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the period following a deposition and the 30-day period after receipt of the deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

8.     For information produced in some form other than as a document and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the portion designated as "Confidential."

9.     If at any time before the trial of this action a Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that was previously produced without limitation, the Producing Party may so designate such material by notifying all prior recipients in writing.  Thereafter, this Court and all persons subject to this Amended Protective Order will treat such designated portion(s) of the Discovery Material as Confidential.  In addition, the Producing Party shall provide each other Party with replacement versions of such

Discovery Material that bears the "Confidential" designation within five business days of providing such notice.

10. If timely corrected, an inadvertent failure to designate Discovery Material as Confidential does not waive the Producing Party's right to secure protection under this Amended Protective Order for such material.

11. Nothing contained in this Amended Protective Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

12. Where a Party has designated Discovery Material as Confidential, any other Party and any other person subject to this Amended Protective Order may disclose such information only to the following persons:

    a. the Parties to this action, their insurers, and counsel to their insurers;

    b. counsel retained specifically for this action (*i.e.*, counsel of record), including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    c. outside vendors or service providers (such as copy-service providers and document management consultants) that a Party or its counsel hire and assign to this matter;

    d. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

      e.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      f.      any witness who a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

      g.      any person whom a Party or its counsel retains to serve as an expert witness (discussed in Paragraph 14) or otherwise provide specialized advice in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

      h.      stenographers engaged to transcribe depositions the Parties conduct in this action; and

      i.      this Court, including any appellate court, its support personnel, and court reporters.

13.      Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 12(d), 12(f) or 12(g) above, the Party or counsel must provide a copy of this Amended Protective Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Amended Protective Order and agrees to be bound by its terms.  Said Party or counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to the opposing Party or counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

14.      The following applies to an expert (as defined in Federal Rule of Civil Procedure 26(a)(2)) (an "Expert") whom a Party retains:

      a.      If a Party intends to show an Expert any Confidential Discovery Material that any other Party has so designated, the Party must first disclose to the other Parties the Expert's name, resume, and current employment.

      b.      The other Parties will have one week (seven days) to object to the Expert's viewing of said Confidential Discovery Material, provided the objecting Party has a good-faith basis for the objection (*e.g.*, the Expert is a direct competitor of the objecting Party and his or her review of Confidential Discovery Material will cause the objecting Party undue harm, for example by giving the Expert an unfair competitive advantage) (an "Objection").

      c.      In the event of an Objection, the Parties will have one week (seven days) to meet and confer in good faith in an attempt to resolve any dispute concerning the Expert's proposed review of the Confidential Discovery Material.

      d.      If agreement cannot be reached after the Parties meet and confer, then the Parties shall file a joint letter request for a telephone conference call with the Court to obtain a ruling within the following two weeks (14 days). The joint letter shall be no more than five pages, and, in it, the Party objecting to the Expert's proposed review of Confidential Discovery Material shall state, with particularity, the grounds for the objection.

      e.      Until such application is resolved, Confidential Discovery Material designated by the objecting Party shall not be shown to the Expert.

15.      If a Party desires to submit Confidential Discovery Material to the Court in connection with a motion or otherwise, the Party shall seek the Court's approval in accordance with Rule 9(B) of Judge Vyskocil's Individual Rules of Practice in Civil Cases.

16.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  The Parties shall file an unredacted copy of the Confidential Court Submission under seal in accordance with Rule 9(B) of Judge Vyskocil's Individual Rules of Practice in Civil Cases.

17.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, the Parties and/or their counsel will address the dispute to this Court in accordance with Rule 3(D) of Judge Vyskocil's Individual Rules of Practice in Civil Cases.

18.     The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.  Any application to maintain the confidentiality of any documents or information at trial shall be made to the trial judge, in advance of trial.

19.     Nothing in this Amended Protective Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as is

reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process or other legal notice if the Producing Party deems it appropriate to do so.

20. If, in connection with this action, a Party or person learns that it inadvertently disclosed Confidential Discovery Material to any person not authorized under this Amended Protective Order, or inadvertently included Confidential Discovery Material without redaction in a document filed with the Court, that Party shall promptly: (a) notify in writing the Parties and persons of the unauthorized disclosure; (b) use its best efforts to retrieve the unredacted Confidential Discovery Material; (c) apply to remove such Confidential Information from a document filed with the Court and refile a redacted version in accordance with Paragraph 15 above; (d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Amended Protective Order, and (e) request such person or persons to execute the Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

21. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda,

correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Amended Protective Order.

22. This Amended Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

23. This Court shall retain jurisdiction over all persons subject to this Amended Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

24. In light of this Court's issuance of this Amended Protective Order, the Clerk of Court is directed to close the motions filed at Dkts. 87, 91, and 92 on the Docket of this action.

Dated:  New York, New York
        December 29, 2020

                                        SO ORDERED

                                        _____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copies to:

All parties (via ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN, et al.,<br><br>                              Plaintiffs,<br><br>-against-<br><br>NORTHLAND ENERGY TRADING, LLC, et al.<br><br>                              Defendants. | 19cv3853 (MKV) (DF)<br><br>**NON-DISCLOSURE AGREEMENT** |

    I, _____ , acknowledge that I have read, understand, and agree to be bound by the Amended Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Amended Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Amended Protective Order could subject me to punishment for contempt of Court.

By: _____

Dated: