**WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP**

Ellen Tobin
Extension 343
etobin@westermanllp.com

January 19, 2021

**By ECF**
Honorable Mary Kay Vyskocil
Honorable Debra Freeman
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Kumaran, et al. v. Northland Energy Trading, LLC*, No. 19 Civ. 8345-MKV-DCF

Dear Judge Vyskocil and Magistrate Judge Freeman:

I represent defendants Northland Energy Trading, LLC ("Northland"), Hedge Solutions, Inc. ("Hedge"), Richard Larkin, Daniel Lothrop and Domenic Bramante (collectively, "Defendants") in the above-referenced action. I write in response to the letter filed by plaintiff Samantha Kumaran ("Plaintiff") dated January 7, 2021 [ECF No. 104] (the "Letter") and in advance of the conference scheduled for January 22, 2021 before Magistrate Judge Freeman.

**Proposed Briefing Schedule For Plaintiff's Motion For Preliminary Injunction**

By Order dated June 18, 2020, the Court denied, in part, Plaintiff's motion for a preliminary injunction and, with respect to the remainder of the relief requested, deferred briefing on the motion until after Magistrate Judge Freemen issued a decision on Plaintiff's motion for a protective order. *See* ECF No. 55. Based on discussion during the December 16, 2020 case management conference, Defendants understood that, following issuance of the Amended Protective Order, Plaintiff would re-file or renew the motion. Instead, Plaintiff submitted the Letter purporting to "confirm" a proposed briefing schedule that was never discussed by the parties, and that does not, in any event, conform with Local Rule 6.1. Defendants propose submitting opposition papers on February 1, 2021, and Plaintiff submitting reply papers on February 15, 2021.[1]

**Plaintiff Is Attempting To Circumvent The Court's Recent Discovery Order**

In the Letter, Plaintiff requests to "obtain the affidavits, depositions and/or testimony at any evidentiary hearing" and for "the issuance of subpoenas." Respectfully, this request should be denied.

---

[1] Prior to submitting this letter, the undersigned proposed this briefing schedule to Plaintiff. Plaintiff refused to agree. Plaintiff contends the opposition is due on January 20, 2021, based on the date of the Amended Protective Order. In the event Defendants are mistaken, Defendants respectfully request an adjournment to February 1, 2021 to submit the opposition papers. Personal and family health issues and other obligations necessitate the request.

Hon. Mary Kay Vyskocil
Hon. Debra Freeman
January 19, 2021
Page 2

Plaintiff's request is an improper attempt to circumvent the Court's recent order, which directed the parties "to exchange written discovery responses and engage in document production ***before*** commencing depositions, including non-party depositions …." *See* ECF No. 101 (emphasis added). This Order was issued following the December 16 case management conference and in response to Plaintiff's "Letter Motion for Discovery Subpoenas" [ECF No. 90] (seeking issuance of eight subpoenas), which was denied without prejudice. *See* ECF No. 101. Now Plaintiff seeks "affidavits, depositions and/or testimony" from the same individuals and asks the Court to issue the exact same subpoenas, this time purportedly in connection with the preliminary injunction motion.

Beside attempting to evade the recent Court Order, there is also no basis for issuance of the subpoenas. Filing a motion for preliminary injunction does not create a right to broad and far-reaching discovery. Here, the documents sought by the proposed subpoenas are incredibly broad, unduly burdensome and improper. Almost all of the requests seek documents that belong to Northland and Hedge and/or are not relevant to the issues in this action. There is scant (if any) connection between the over broad discovery sought in the subpoenas and the preliminary injunction motion. Moreover, many of the document requests are designed to harass and would impose undue burdens on the non-parties. Specifically, the proposed witnesses are six non-parties who had little to no involvement in the events alleged in the complaint and/or have not worked at Northland and Hedge in several years. Two of these non-parties are defendant Richard Larkin's ***children***. While they work at Northland, they are not alleged to have played any role in this dispute. They are never even mentioned in the complaint. The other two proposed witnesses are defendants Dan Lothrop and Domenic Bramante – current employees of Northland and Hedge – who already responded to the exact same discovery requests (as discussed below).[2]

Similarly, the motion for preliminary injunction does not create a right for ***non-party*** Nefertiti STROM Commodities Options Fund, LP ("Nefertiti") to "intervene" in this case "for the sole and limited purpose of this Preliminary Injunction[.]" *See* Letter at p. 2. Plaintiff's Letter does not attempt to explain why that would be permissible or appropriate here – it only states that Plaintiff may seek counsel to appear on behalf of Nefertiti "to enforce its rights in this motion and at trial." *Id*. Respectfully, this should not be permitted.

**Continued Mischaracterization of Defendants' Discovery Responses**

In the Letter, Plaintiff continues to mischaracterize Defendants' responses to the document requests that were served on defendants Dan Lothrop and Domenic Bramante.[3] On June 11, and June 30, 2020, Plaintiff served "notices of deposition" on defendants Lothrop and Bramante, respectively. Both notices included an "Exhibit A" requesting documents from the individual defendants. In emails and by letter dated July 14, 2020, Defendants notified Plaintiff that, among

---

[2] The reasons the proposed subpoenas are improper are discussed further in Defendants' letter dated November 19, 2020 [ECF No. 93].

[3] This seems to be part of Plaintiff's ongoing attempt to create a false narrative of Defendants "delaying" or "avoiding" discovery. That narrative is belied by the facts.

other things, the document requests failed to provide sufficient time to respond. Defendants also explained that counsel and the individuals were not available for depositions on the dates set forth in the notices (which were before the 30-day deadline for producing documents), and suggested a call to discuss the timing for discovery. *See* ECF No. 93-3.

**On July 13 and July 31, 2020, Defendants served responses and objections to the Lothrop and Bramante requests, respectively** (together, the "Lothrop and Bramante Responses"). *See* ECF No. 93-4. <u>Plaintiff inexplicably fails to mention this in the Letter.</u> The Lothrop and Bramante responses set forth in detail the reasons each document request was improper and the reasons defendants were not producing documents in response to the respective requests. Among other reasons, the Lothrop and Bramante requests were over broad and unduly burdensome, sought documents that are not relevant to the parties' claims or defenses, would have required effort and expense disproportionate to the needs of the action, and called for documents that are not in Lothrop's and Bramante's possession, custody or control. *See* ECF No. 93-4. **Plaintiff did not schedule a meet and confer or file a motion to compel.** Several months later (in late October 2020), Plaintiff stated that she intended to send "notices of deficiency" regarding those responses (*see, e.g.*, ECF No. 93-2), but never did so.

Later, Plaintiff sent "second notice[s] of deposition" to Lothrop and Bramante dated October 30, 2020. These "second notices" (which are attached to Plaintiff's Letter (*see* ECF No. 104-1 and 104-2)) included the exact same requests that Defendants had already responded to in July. The proposed subpoenas to Lothrop and Bramante likewise include the exact same requests. Here, Plaintiff is asking the Court (again) to issue subpoenas to Lothrop and Bramante containing document requests that they already responded to (and which the Court already denied). *See* ECF No. 90-7. Recently, Plaintiff inquired whether Defendants planned to update the Lothrop and Bramante Responses in light of the recently issued Amended Protective Order. Defendants served the updated responses earlier today.[4]

The bottom line is that Defendants timely responded to the Lothrop and Bramante requests in July 2020. There has been no delay, avoidance or any other impropriety.

### Plaintiff Cannot Prosecute "Assigned Claims" Pro Se

All discovery served to date and the motion for preliminary injunction (as well as the recent motions related to the protective order) have been filed by plaintiff Samantha Kumaran only, and not by the corporate plaintiff Timetrics. Aside from a single breach of contract claim,[5] all claims

---

[4] Initially, Defendants notified Plaintiff that they planned to serve the updated responses by January 14, 2021. Due to personal and family health issues, the undersigned explained that the responses would be served on January 19, 2021. For the same reason, the court conference that was scheduled for January 15, was moved to January 22, 2021. The undersigned appreciates the Court's understanding.

[5] That claim is based on the Settlement Agreement, which Timetrics and plaintiff Kumaran (individually) are both parties to [ECF No. 64-1]. As set forth in Defendants' motion to dismiss, the claims based on the Settlement Agreement should be dismissed because, among other reasons, of the broad releases in that agreement and Plaintiffs' subsequent waiver of the claims alleged here.

Hon. Mary Kay Vyskocil
Hon. Debra Freeman
January 19, 2021
Page 4

by Kumaran in this case are based on rights and claims that were allegedly assigned to her by Timetrics. *See* Am. Compl. ¶¶ 59 – 66 (section titled "Assignment"); *see e.g.*, *id*. ¶ 62 (Plaintiff Kumaran alleges that she is owner of "all intellectual property and trade secret rights for the IP and trade secrets" by virtue of an assignment by Timetrics to Plaintiff dated September 29, 2016); *id*. ¶ 64 (Alleging that "[a]ll rights, title and interest of all agreements with Defendants, including the Settlement, and to the Plaintiffs IP, trade secrets, are therefore, after September 29th 2016, now solely and exclusively owned by Kumaran in her individual capacity including the rights in and to the contracts that are the subject matter of this action.").

Plaintiff's *pro se* prosecution of claims that were allegedly assigned to her by Timetrics violates the blanket prohibition under the law. **In federal court, a pro se plaintiff cannot prosecute claims that were assigned to him or her by a corporate entity.** *See Sanchez v. Walentin*, 526 F. App'x 49, 51 (2d Cir. 2013) ("Although Appellant's complaint alleged that a corporation … had assigned its claims to him, *we have specifically barred the assignment of claims by a corporation to a layperson so as to permit the layperson to proceed pro se.*") (emphasis added); *see also Jones v. Niagara Frontier Trans. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983); *Mattel, Inc. v. Betterlover*, No. 18-cv-11644, 2020 WL 3050382, at *3 (S.D.N.Y. Jun. 8, 2020). This rule is unequivocal. There is no exception for, among other things, a "good-faith assignment" where the plaintiff proves she had a valid reason for the assignment (*i.e.*, a reason other than to evade the prohibition on proceeding *pro se*). *See Lutin v. New Jersey Steel Corp.*, No. 93 CIV. 6612, 1996 WL 636037, at *12-13 (S.D.N.Y. Nov. 1, 1996) (citing and discussing cases in this regard).[6]

Here, the claims brought by Plaintiff individually should be dismissed. As set forth in Defendants' motion to dismiss [ECF Nos. 63-65, 77], the amended complaint alleges that Plaintiff's standing to assert claims related to alleged "misappropriation" of, or failure to pay compensation for, Timetrics' purported "trade secrets" and "confidential information" is based on the purported assignment of rights by Timetrics to Plaintiff. Because a *pro se* plaintiff cannot prosecute claims assigned to her by an entity, Plaintiff's claims for misappropriation of trade secrets under federal and state law (Counts 4 and 5), misappropriation of confidential information (Count 6), unjust enrichment (Count 7), promissory estoppel (Count 8), breach of the purported Agreement in Principle and covenant of good faith and fair dealing implied therein (Counts 9 and 10), fraudulent inducement of the Agreement in Principle (Count 11), and breach of fiduciary duty (Count 13) should be dismissed. *See* ECF No. 65 at 25. These are the same claims that are the subject of the preliminary injunction motion.

---

[6] Plaintiff has been aware of this rule since at least July 2, 2020, when the Court in another S.D.N.Y. case dismissed all claims that Plaintiff alleged had been assigned to her by Nefertiti Risk Capital Management, LLC (the same entity that Plaintiff states "may intervene" in this case). The Court in that case ruled: "[A] pro se litigant who is not an attorney cannot assert claims in federal court that an artificial entity, such as a corporation or a limited liability company, has assigned to her." *Kumaran v. Nat'l Futures Ass'n*, 1:20-cv-3668, 2020 WL 3630389, at *3 (S.D.N.Y. Jul. 2, 2002) (emphasis added) (citation omitted).

Hon. Mary Kay Vyskocil
Hon. Debra Freeman
January 19, 2021
Page 5

    Thank you for the Court's time and attention to this matter.

                                                                        Respectfully,

                                                                         *Ellen Tobin*

                                                                         Ellen Tobin

02324357