Letter to Judge May Kay Vyskocil
January 20, 2021, Page 1

**VIA ECF**
Honorable Judge Mary Kay Vyscokil
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran vs. Northland Energy Trading et al  1:19-Cv-08345* (MKV-DCM)

## NOTICE OF IMPROPER FILING AND OPPOSITION TO ALTER JUDGE'S JUNE 18 ORDER ON BRIEFING SCHEDULE FOR PRELIMINARY INJUNCTION

Dear Hon Judge Vyskocil:

Plaintiff respectfully notifies the Court of a procedurally improper filing by Defendants on January 19, 2021 (ECF110). Plaintiff objects to any further extensions by Defendants in their opposition to the Preliminary Injunction which is due to be briefed today January 20, 2021. Plaintiff respectfully also notifies it will move for both sanctions for dilatory and bad faith conduct, and a default ruling in the event of on the failure of Defendants to comply with the express Court ordered schedule to file their response by fourteen (14) days from the date of issuance of the Protective Order which was issued on December 29, 2020. (*See* attached Transcript Pg.29, Pg37). On January 19, 2021 Westerman issued another eleventh hour filing (*ECF110)* in yet another transparent attempt to delay, stall, obstruct and hinder Plaintiff from enforcing its rights, and create ongoing procedural advantage to Defendants. The Court is respectfully reminded that Defendants have had over seven months of notice of the motion, which is more than enough time to prepare a response.

Further Plaintiff respectfully notifies the Court that ECF110 Defendants have also failed to comply with Your Honor's Individual Rules of Practice 1.G which requires they provide 72 hours' notice and the other impacts in their requests for extension.  Westerman intentionally waited till the night before a filing is due, to seek to alter the express Court order that was set forth in the June 18, 2020 conference to again prejudice Plaintiff in enforcing its rights. Hon. Judge Vyskocil's Rules 1.G. clearly states " failure to comply with this deadline will result in denial of the request."  Westerman have not shown good cause and their request is bad faith. Any requests for extension must be denied. Plaintiff objects to the ongoing delays.

In summary, Defendants knew their response was due today, were well aware of the Court's reminders on January 6, 2021 and January 7, 2021 (ECF103), were well aware of Plaintiffs letter on January 7, 2021 (ECF104), and also engaged in a Meet and Confer on January 8, 2021 where they were again reminded of the January 20, 2021 deadline and failed to seek a timely extension or seek a stay to the proceeding last week. Simultaneously, so as not to extend their own end of fact discovery, they now continue one-sided requests,  have been delaying their own production of documents and expecting Plaintiff to make their filings timely. This self-serving adjournment is also impermissible under FRCP 65 and Local Rule 6.1.

Plaintiff is being significantly harmed by the ongoing delays, stalling and obstructions in this Preliminary Injunction, as well as the overly burdensome filings for a Protective Order. Reasons for the procedural delay were also in large part due to with bad faith and dilatory conduct in securing a Protective Order. (ECF98). As stated below Westerman have been aware of the January 20, 2021 date to file their Injunction opposition, and it is impermissible to continue to create procedural delays (for themselves only of course). Now Ms. Tobin appears to want seven and a half months to file a response, while Plaintiff only gets 14 days.  This request is in clear defiance and disrespect of the Court ordered schedule (*See* Exhibit 1, Transcript Pg. 29, Pg. 37) which was negotiated and agreed upon by parties at the Conference. Since this matter has been dragging on for six months, much of the reason for delays was also due to bad faith filings by Westerman themselves in the Protective Order.

Letter to Judge May Kay Vyskocil
January 20, 2021, Page 2

Plaintiff's rights continue to be diminished by these tactics to cause endless delays. Further requests for delays must be denied, especially since they did not comply with Rule 1.G.

## A - Procedural Background

On June 17, 2020 (*ECF52*, *ECF54*) Plaintiff filed a detailed Preliminary Injunction together with a Protective Order motion citing several forms of relief including Larkin's unauthorized ongoing use, profit and exploitation of Plaintiffs property in direct competition. The Preliminary Injunction raised three (3) main causes of actions (a) Misappropriation of Trade Secrets (b) Unfair Competition and (c) Breach of Contract. Plaintiffs sought eight items of relief, including a cease and desist in unfair competition and enforcement of the contracts signed before the Courts, as well as immediate status quo rectification of payments due to Plaintiffs. Among other relief, Defendants are required to cease and desist further use of the OBT Book or resume status quo compensations effective immediately.

On June 18, 2020 at the Court's Preliminary Conference, Your Honor negotiated and set forth the preliminary injunction schedule clearly by stipulation and order. As seen on Pages 29 and 37 the Court ordered Defendants response to be filed fourteen (14) days after the Court entered order on the Protective Order. (See attached, Transcript, Pg. 29, Pg 37). In addition the Court ordered Plaintiffs response to be filed on fourteen (14) days after. The Protective Order was deferred to Magistrate Judge Freeman.

The briefings were filed timely on the Protective Order (See *ECF*54, *ECF*60, and *ECF*70), however a ruling was not forthcoming until October 19, 2020 (*ECF85*) which was in fact after fact discovery was supposed to end. As clearly briefed in *ECF*98, Defendants are alleged to have engaged in improper conduct, to mislead and deceive Plaintiff and the Court in what items it wanted protected, again waiting to the last minute to send a copy of a Protective Oorder and made other erroneous filings with the Court stating "Defendants seek nothing to be treated as confidential" as part of their overt and ongoing conduct to not afford trade secrets and confidential protections to Plaintiffs property. (See *ECF*98)

The original Protective Order issued on October 19, 2020 did not attach any opinion or analysis of law and on or around October 28, 2020 Plaintiff filed a Notice of Motion for Reconsideration.(*ECF*87) Further extensive briefings were undertaken, which required substantial time cost and effort by Plaintiff to enforce its rights. (*ECF91, ECF92, ECF96, ECF98*)  Ms Tobin's documented conduct included, for example, a bad faith November 23, 2020 *early* filing so that Plaintiffs would have to work through Thanksgiving and file a response on December 1, 2020. (ECF98). No lenience was granted by the Court, and even though *Pro-Se* and with her own family considerations over Thanksgiving, Plaintiff still made that deadline, and included an affidavit with detailed exhibits supporting that Westerman had engaged in improper conduct to prejudice Plaintiff in its very meritorious rights for a protecting trade secrets and confidential information. (ECF98). That extensive filing also supported reconsideration under Rule 60(b)(3) where fraud, misrepresentation and other misconduct warranting reconsideration of the protective order. Plaintiffs' Affidavit and Exhibits 1-49 filed on December 1, 2020 ECF98, are part of this motion for Preliminary Injunction and demonstrate the extent of bad faith by Westerman to not cooperate, and publish confidential data and deny the existence of trade secrets.

Plaintiffs motion for reconsideration was in fact Granted. (ECF102). Westermans' conduct continued to incumber more of the Courts' time and adding burden to this proceeding in frivolous objections, continuing to object to changes, seeking loopholes to publish trade secrets. Judge Freeman also called for oral argument, and the parties attended a conference on December 16, 2020. Judge Freeman indicated on the record that the items covered under the Protective Order were only for discovery, and that Plaintiffs' grant for Protective Order outside discovery, and the broader issues of Protective Order in the PI for Plaintiffs trade secrets will fall under this briefing schedule for Preliminary Injunction. Therefore all filings are relevant and ripe for Preliminary Injunction review and ECF98 are to be considered herein. Plaintiff has therefore also incurred substantial extra

time, cost and expense in the motion for reconsideration, and motion for Protective Order, between June 18, 2020 and December 29, 2020, in large part due to Westermans' bad faith dilatory and improper conduct (See ECF98). The Court should also be respectfully reminded that under the confidentiality provisions in the contracts, Defendants are required to reimburse Plaintiff for its costs, time and expenses for any attempts to overturn Plaintiffs confidential information. They have already, by their dilatory and obstructionist conduct in the Protective Order, have created a seven month delay for themselves. They have now stalled response by their own misconduct as alleged in *ECF98*.

The Amended Protective Order was finally issued on December 29, 2020 and <u>in accordance with the Court ordered schedule for the Preliminary Injunction, Defendants opposition was due on January 12, 2021</u>.

As itemized above, (*See* Transcript Pg. 29 and Pg. 38) it was an express Court order that Westermans' opposition to the Preliminary Injunction is due 14 days from the issuance which was January 12, 2021. On January 6, 2021 and January 7, 2021, Judge Vyskocil clearly and unequivocally issued two reminders on the docket to remind the parties that the Preliminary Injunction was to be briefed as Ordered by the Court. (*ECF103*) On January 7, 2021 Plaintiff also confirmed the 14 days response time in letter. (ECF104). If Defendants needed more time, any good faith conduct would have required them to respond promptly and notify Plaintiffs and the court. Plaintiff started the 14 day clock from the date Judge Vyskocil issued its notice on January 6, 2021 and as a courtesy extended the time that Defendants response is due on January 20, 2021, which is, as the parties agreed would be 14 days.

Defendants willfully <u>chose not to respond to either of the Court's notices</u>, or Plaintiffs timely filed letter on January 7, 2021. Westerman have full access to the ECF filings, email notifications, and were on full notice that the Court's ordered 14 days reply time. It was also explicitly ordered in the conference. (*See* Transcript Pg. 29, Pg. 37, Ms Tobins states "<u>I agree</u>"). Any failure by Westerman to not reply timely to the Plaintiffs letter dated January 7, 2021 or the Court's reminders on January 6, 2021 and January 7, 2021 is also bad faith.

On January 8, 2021 Plaintiff had a meet and confer with Ms. Tobin, as still no documents have been produced.[1] Again, during the call Plaintiff reminded Ms. Tobin that the preliminary injunction briefing was due within 14 days from the date of the Protective Order, (December 29, 2020) and had to be filed by January 12, 2021. During the call, I clearly stated that I was expecting her briefing on January 20, 2021 (and extended the courtesy to extend from January 12 – January 20) but stated that <u>I would not agree to any further extensions</u>.

In anticipation of the January 20, 2021 filing, Plaintiff has undertaken additional cost, time and expense to retain new counsel – in time for the Defendants filing and their appearance was made January 19, 2021. Plaintiff also incurred further cost and expense and ordered the transcripts and has been very seriously ready to file and solidify and enforce its rights in the Injunction.

Ms. Tobin now wants to procure more procedural benefit to Defendants, to have seven and half months to reply to a Preliminary Injunction. That is procedurally unjust. Plaintiff retained new counsel in time for the January 20, 2021 has incurred substantial time, money and cost and expense in preparation for the hearing on the Preliminary Injunction. The night before the filing is due, Westerman have come again, now seeking extension, <u>to procure benefit only to them</u> .

Plaintiff therefore vigorously objects to this defiance of the clear instructions by the Court on June 18th 2020, where it was fairly negotiated that Defendants had 14 days to response, a clear violation of Judge Vyskocils' Individual Rules 1.G . In reality they have had over seven months. These repeated delays,

---

[1] As a separate note there have been over seven (7) months delays and obstruction to production to produce one document on Lothrop and Bramante. This conduct has been bad faith. Defendants continue to send boiler plate requests which are a violation of FRCP 34. These will be discussed in separate motion to Judge Freeman.

obstructions are of harassment and prejudice to Plaintiff. Enough is enough. Court scheduling orders are not to be ignored. Plaintiff has incurred substantial cost and expense in this proceeding and filed this motion and Preliminary Injunction and Protective Order timely and for purpose, as its rights continue to be infringed.

**B - Defendants Motion For Adjournment is Procedurally Improper**

Defendants "request for adjournment" is also improperly filed and impermissible. *First,* any request for adjournment must be made with letter motion under Your Honors Individual Rules 1.G, with supporting facts and law, and not in the footnote to a response letter that is replied to two weeks after Plaintiffs January 7, 2021 letter. *Second*, Rule 1.G is also expressly clear, that any requests for extension (let alone "adjournment") are filed seventy two (72) hours notice, and must set forth the impact to the proceedings. Further this was not filed as a Letter Motion seeking relief.  *Third,* under Local Rule 1.G, any request for adjournment, must state in full the impact to the proceedings, and the impact to other deadlines.  Ms. Tobin failed again to comply with Local Rules. Plaintiff therefore objects to any improperly filed request in a footnote.

*Fourth,* Defendants intentionally waited till after the Court transcript was published, when it became clear that the Court had ordered here response in 14 days which is due no later than January 20, 2021, and after new counsel appeared. Mr. August also was well aware of the deadline between January 20, 2020 to February 3,2021, therefore this so-called adjournment will prejudice Plaintiffs. Briefing schedules are determined by the Court so that both parties can plan their scheduling – and commit necessary time and resource to meet deadlines. Plaintiffs will be inconvenienced and prejudiced by this "night-before" self-serving request.  Plaintiff objects to an "improperly filed" request, attempt to defy Court's June 18, 2020 order and scheduling that was agreed to. (See Pg.29 and Pg 37) – and to just adjourn Defendants' side (and cause harm to Plaintiffs).

**C – Defendants delays and adjournments are for Improper Purpose**

Further, Ms. Tobin's request is clearly filed for improper purpose. Any legitimate adjournment should be for the entire proceeding, including all pending motions and deadlines, including the end of Fact Discovery. But Westerman wants no extension to fact discovery, continues to keep delaying her own deadlines, while still maintaining full procedural availability on all other aspects and not for instance seeking an extension to fact discovery. This is not a legitimate adjournment.

In the alternative if Ms. Tobin's request for adjournment is to be granted, it needs to impact all proceeding deadlines and schedules, as well as the equitable relief discussed in Section 1.G below. The account should also include the last five (5) day deadline she missed on discovery and the seven (7) day adjournment she sought on the a discovery conference, without properly seeking to extend the end of Fact Discovery so Plaintiffs run out of time. In essence what Ms. Tobin, appears to be seeking a 21 day stay of all proceedings for undocumented "health and personal" issues, while her large law-firm cannot handle a motion, that has been on their desk for seven (7) months.

**D-  Adjournment for Health and Personal Issues Is Not Justified and Improperly Motioned**

On January 13, 2021, Ms. Tobin notified parties that a family member had a health issue. She never updated us later on her own status or was taking a leave of absence and apparently has been continuing to work full-time. While Plaintiff affords and did afford all due consideration for a family members' health issue, Plaintiff also promptly requested Ms, Tobin notify the Court and seek the procedural extensions and stay, if she intended to cause delays. She did not. Instead she only asked to delay her own January 14, 2021 production date, and push back a conference from January 15, 2021 and January 22, 2021. I made several attempts to contact Ms. Tobin to request her status and if she would be filing an extension or stay. She refused to respond. Instead

in one-sided procedural benefit, she only sought to delay her own deadlines, and made no changes to for example, to deadlines that could impact Plaintiffs discovery or end of fact discovery.

Despite requests she did not respond to update her status or whether she was being replaced by other counsel to ensure continuity of this proceeding. I again requested confirmation if other attorneys were replacing her, or if she was filing production on the 18th. Ms. Tobin stated the opposite. She <u>was able to work</u> and she was filing on the 19th and was making a conference on the 22nd. If Ms. Tobin has health issues with family members, while all due sympathy is granted, she is required to seek appropriate relief from the Court (with advance notice) and stay the entire proceeding or find substitute counsel (so as not to prejudice all parties). Again she did not. Instead, she stated she was continuing to work and in fact able to meet discovery production on January 18th and attend a conference on January 22, 2021 therefore suggesting she is not directly out sick or has personal issues.

On January 14 and January 15, I repeatedly, in due consideration, asked Ms. Tobin if she intended to stay or extend the proceeding or if replacement counsel was taking over. (**Filed under seal are emails related to this issue**). Instead Ms. Tobin never confirmed her own status or desire to transfer to other counsel, and just asked for "one-sided" delays for Defendants production, and intentionally chose not to file a necessary extension to delay both parties impact including the end of fact discovery. Since Ms Tobin stated she *could* file production to January 19 and make the conference on January 22, it is unreasonable and not supported that she can't also make a well-known deadline on January 20. I also politely raised issue that the delay, that Westerman is required to substitute or replace counsel if someone is out of the office. Ms. Tobin's adjournment requests are also contradicting her own requests. If Ms. Tobin had a legitimate health or personal issue, she should have notified the Court promptly seeking a full stay. Instead, clearly in contradiction to her request she is ploughing ahead with a January 22 discovery conference, won't confirm her own status, but wants to use this as an excuse to disadvantage Plaintiff.

In short, Ms. Tobin has indicated no absence from the office and instead she chose to buy time for just Defendants – procure more delays to produce documents - in a one-sided attempt to gain more time for her own discovery production. These bad faith delays and extensions have been going on for seven months on Lothrop and Bramante. Clearly not out of the office or incapacitated, Westerman has been busy preparing hundreds of pages of "boiler plate" objections and her discovery attempt produced <u>not one document</u>. A party is not free to unilaterally withhold production without court authorization Gordon v. Target Corp., 318 F.R.D. 242, 244–45 (E.D.N.Y. 2016) [2]

Again with hypocrisy Tobin includes in her letter she wants a <u>one-sided stay</u> to respond *only* to Defendants side of a Preliminary Injunction (due to health and personal reasons) but in the same letter, claims she is preparing for a discovery conference on January 22, 2021 that she plans to attend (despite being sick) and is sending motions and letters to address a conference. That is illogical. If there was a legitimate health or personal issue, Ms. Tobin should be cancelling the January 22, 2021 conference, and seeking a stay on discovery and the entire proceeding or finding substitute counsel. This transparent gamesmanship is to run the clock on discovery for Plaintiff, gain extra time (more than 28 days) on her opposition to the Preliminary Injunction since December 29, 2020, only stay her side of the filings, but continue to work full time to appear on a January 22, 2021 discovery conference, is precisely the bad faith, improper conduct that warrants sanctions.

Westerman has a large staff of attorneys. Some of them emailed me yesterday. If any attorney has to take a leave of absence, they are required to give 72 hours notice, and her office has plenty of substitute attorneys

---

[2] "Discovery is not a matter of gamesmanship nor conducted like a game of chess." *Phelan v. Cambell*, No. 9:10–CV–540, 2012 WL 407161, at *2 (N.D.N.Y. Jan. 19, 2012), *report and recommendation adopted*, 2012 WL 407147 (N.D.N.Y. Feb. 8, 2012), *aff'd*, 507 Fed.Appx. 14 (2d Cir. 2013). Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by 'explicitly encouraging the imposition of sanctions.'" *Kiobel v. Royal Dutch Petroleum Co.,* 2009 WL 1810104, at *2 (S.D.N.Y. 2009) which were sent to Plaintiff on January 19th, 2021.

and other lawyers who can handle the briefing for her. Given Westerman have had <u>seven months to prepare</u> this response it should be expressly denied. Further a large law firm is required to have sufficient staff to handle these motions. Even *Pro-Se* Plaintiff has been held to a high standard and had to file motions and replies (including over Thanksgiving weekend) to make a seven (7) day deadline on December 1, 2020. (ECF98)

Ms. Tobin in fact has been working full time, and sent a half a dozen emails yesterday. Instead of filing document requests due on the January 14, 2021 she arbitrarily decided to set her could meet the production on the January 19, 201 and sent "boiler-plate blank" document requests at on January 19, 2021 pm with <u>no documents produced</u> in willful defiance of Rule 37. (Discovery motions will be addressed in separate letter to Judge Freeman). [3] Ms Tobin's staff sent out three attachments responding to discovery at 17.42pm producing no documents–again replete with boiler plate objections that violated Federal Rules of Civil Procedure. "[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "<u>no documents ... are a paradigm of discovery abuse</u>." *Jacoby v. Hartford Life & Accident Ins. Co.,* 254 F.R.D. 477, 478 (S.D.N.Y.2009). Again she continues to procure a one-sided benefit and did not (despite requests from Plaintiff) move to seek a stay or extend discovery, or adjourn all filings in the proceeding.. Therefore Ms. Tobin is not out of the office or incapacitated. She has a staff of 3 attorney also responding on a daily basis.

Once the Court ordered transcript became available at 18:04pm on the docket (ECF106, ECF107), and new counsel have appeared at 19:21pm, (ECF108, ECF109) "*suddenly*" – without prior notice of any problem, at 21:24pm (*ECF110*) Ms. Tobin now quickly announced a request for adjournment to have seven and half months solely to reply to a Preliminary Injunction. That is procedurally unjust. Plaintiff retained new counsel in time for the January 20, 2021 briefing has incurred substantial time, money and cost and expense in preparation for the hearing on the Preliminary Injunction. Notably, Westerman also wants to run the clock on Discovery and is somehow well enough not to seek an adjournment of the January 22, 2021 court conference.

These are inconsistent and bad faith actions. Defendants are well aware, that the Court ordered the response on January 20, 2021. There is no misunderstanding here. Defendants, after their seven months, are prohibited under both Local Rules and also under the Courts June 18, 2021 order to seek any more time.

### **E – Plaintiff will move for Sanctions and ongoing Bad faith Conduct**

If Defendants do not file their response timely today, Plaintiff also will move for sanctions for these delays and bad faith conduct. One component of a court's inherent power is the power to assess costs and attorneys' fees against either the client or his attorney where a party has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622–23, 44 L.Ed.2d 141 (1975) (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)). Sanctions imposed under a court's inherent power—commonly known as the bad faith exception to the "American Rule" against fee shifting—"depend[ ] not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation." *Chambers,* 111 S.Ct. at 2137. United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991)

This conduct by Westerman to cause delays and obstruct is not new. There have already been months of delays (another seven months) to produce one document from Lothrop and Bramante, which Plaintiff timely filed on June 11, 2020 and June 30, 2020. (ECF90). While this will be addressed in separate Discovery Letter Motion, Plaintiff is documenting here, repeated bad faith, obstruction. (See also ECF90 Pg.2-3).

---

[3] A party is not free to unilaterally withhold production without court authorization <u>Gordon v. Target Corp.</u>, 318 F.R.D. 242, 244–45 (E.D.N.Y. 2016).

This Preliminary Injunction motion was also timely filed on June 17, 2021. Defendants have had over seven (7) months to prepare a response. Defendants had six months of time to prepare a Motion to Dismiss where they also failed to raise any standing issues. Thereby waiving their defenses to objection to standing. This "night-before" request to extend the deadline is bad faith and of significant prejudice to Plaintiffs who were prepared, have retained new counsel and have rights to enforce the Preliminary Injunction without further delays. Ms. Tobin's requests are also illegitimate. Under Rule 11 Courts are permitted to note when challenged actions [are taken] for reasons of harassment or delay or for other improper purposes' " *Oliveri,* 803 F.2d at 1272 (quoting *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.,* 782 F.2d 329, 344 (2d Cir.1986) (citations omitted)). United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991)

**F - Pattern of Improper, Bad Faith and Dilatory Conduct**

In consideration of this last minute request for adjournment to defy Court's scheduling order, the Court is also respectfully requested to include consideration of the filing in ECF98 and the extensive time, cost and burden on Plaintiff which commend in March 6, 2020 to enforce a Protective Order. Accordingly, Defendants request should also be denied, as Westerman was the sole cause of significant delay, obstruction and bad faith, frivolous filings in the Motion For Protective Order. Plaintiffs respectfully request the Court to take into consideration ECF98 (and its affidavit and exhibits) which demonstrated that Ms. Tobin committed fraud on the Court and Plaintiff to procure a "blindsight" in procedural advantage in the Protective Order, misrepresented Plaintiff position to the Court and made numerous misstatements of act and then Plaintiff had to incur substantial additional time, cost and expense to file a Motion For Reconsideration

That motion for reconsideration was granted, but added another two and half months of delays, and drove up additional cost and time for Plaintiffs. Plaintiff expended no less than another 120 hours on the Reconsideration Motion, which was granted, which were caused by Ms. Tobin's bad faith, dilatory and improper conduct. These actions, including the Affidavit in *ECF98* are also the basis for sanctions, in any failure to comply with the Court ordered deadline on June 18, 2020 which required Defendants to file their response on January 20, 2021.

As part of the Preliminary Injunction, the Court is respectfully asked to review the record and the extraordinary cost, time and expense incurred by Plaintiff to enforce a Protective Order (which was included in the Preliminary Injunction) with filings on June 17, 2020 (ECF54), July 7, 2020 (ECF60) with *timely filed* extension request, July 17, 2020 (ECF70), October 28, 2020(ECF87) *timely filed* notice of motion for reconsideration, November 2, 2020 (ECF91) *timely filed* motion for reconsideration, November 16, 2020 (ECF92), *timely filed* motion for reconsideration, November 26, 2020 (ECF96) in consideration of Thanksgiving timely filed motion for extension which was not ruled upon and December 1, 2020, having to meet deadlines over the holidays (ECF98) *timely filed* reply for Reconsideration. Conversely, Ms. Tobin's adjournment is not timely filed and therefore must be denied in accordance with Court rules.

Due to Defendants ongoing unwillingness to cooperate, several unnecessary motion practice was needed which also took up valuable time from the Court including Judge Freeman. The arguments laid out in the Affidavit in ECF98 make clear that Ms. Tobin has engaged in procedural improprieties, mislead Plaintiff, deliberately tried to evade protections of Confidentiality, and as alleged and demonstrated by factual evidence in the exhibits, committed fraud on the Court and on Plaintiff. Westerman have also significantly driven up time, cost and expense for Plaintiff in this litigation which must be considered. Plaintiff incorporates herein by reference ECF98 and its exhibits. For these reasons also Ms. Tobin should not be granted any further latitude or

grace to procure procedural benefit to Defendants after their documented sanctionable conduct. Westerman is a large law firm, staffed with several attorneys, who have had <u>seven months</u> to get their briefing together.

### G - Westermans' Statements to the Court on January 19, 2021 are again untruthful

In this letter on January 19, 2021 (ECF110) Plaintiff again documents Ms. Tobins' statements are not truthful are for improper purpose and designed to prejudice Plaintiff. There was no "confusion" docketed either on the ECF or in the transcript that Plaintiff had to "re-file" a Preliminary Injunction. (*See* Tobin, Pg.1 Defendants understood that Plaintiff would re-file or renew the motion.) The Court's orders are black and white. The Court ordered Defendants opposition 14 days from the date the Protective Order was completed. (see Transcript Pg.29, 37) The Amended Protective Order was issued on December 29, 2020 and the response was due on January 12, 2021. This conduct is in express defiance of the Court order (See Transcript, Pg.29, Pg.37)

Ms. Tobin <u>failed to given timely notice</u> (if there was anything genuinely wrong health wise), or respond to the Court's reminders on January 6 or January 7, or Plaintiffs letter on January 7, 2021 this request is dilatory, bad faith and a further "excuse" to cause further delay and procure advantage. Ms Tobin would not be working and responding full time to discovery, if there was a genuine material health issue. As stated supra, Ms. Tobin is well-enough to put together extensive briefs for January 22nd 2021 conference and herself appear. Westerman, as a professional law firm, well-staffed with attorneys, had an obligation to notify the Court on January 13, 2021 and respectfully seek a stay of two weeks for all parties and all deadlines and proceedings, if there was a legitimate health or personal issue. (Not just cherry-pick which schedules they wish to adjourn). Instead, Ms. Tobin has used this excuse to seek *only* extensions for herself, to procure procedural advantage to Defendants, and prejudice Plaintiff with a tight end to fact discovery.

The Court should note Ms. Tobin claims she has health and personal issues to *only* apply to an Injunction, but somehow manages to draft an extensive letter for a discovery conference call on January 22nd, that she fully intends to attend. She can't have it both ways. Be fully able to write briefs and appear at discovery conferences, but then suddenly have health issues to respond to a motion that Plaintiffs were relying on to enforce their rights on January 20, 2021. Plaintiffs' new counsel has also appeared timely. Any request for extension and adjournment needs to be filed in accordance with Your Honor's Individual Rules. It was not. It should be denied.

Plaintiffs object to any such arbitrary ability to pick and choose their favorable "adjournments". An attorney of record, who has a motion for seven months, can't call an adjournment, when she has a staff of other attorneys working for her, and can easily assign another lawyer to handle the brief (which she knew about since June 2020). This Preliminary Injunction briefing has been on the table since June 17, 2020 and the response is due January 20, 2021. That's seven months to prepare. (and Plaintiffs get 14 days to respond).

What Defendants truly are seeking are (a) one sided extensions; (b) the ability to use family members' health issues to file production whenever they want; (c) create procedural unfairness to have seven and a half months to reply to the Injunction; (d) keep Plaintiffs' tight schedule the same; (e) drag out the Protective Order for six months with frivolous and bad faith flings and (f) continue to use, profit from and not have consequence for their fraudulent conduct and encroach Plaintiffs rights. The request is bad faith for the reasons stated above. The Court is also reminded the law firm Westerman has pulled these last minute improper filings before. For example on November 19, 2021 Ms. Tobin made another improperly late filed response to a Letter Motion which Plaintiff had filed on October 30, 2021. (*ECF93*) Judge Freeman's rules required a <u>3 day response</u> from Tobin, but Westerman violated Court rules by <u>filing 21 days late</u>. Instead Plaintiff had to meet (Pro-Se) a procedurally impossible 1 day reply, to remain in Compliance with Court schedules. (See *ECF94*) If Plaintiff *Pro-Se* is making a 1 day deadline, Westerman should not be granted any further excuse. This is unjust. The ongoing violation or disrespect of Court rules to delay is sanctionable under Rule 11.

Rule 11 permits sanctions when challenged actions [are taken] for reasons of harassment or delay or for other improper purposes' " and "a high degree of specificity in the factual findings of [the] lower courts." *Oliveri,* 803 F.2d at 1272 (quoting *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.,* 782 F.2d 329, 344 (2d Cir.1986) (citations omitted)). <u>United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO</u>, 948 F.2d 1338, 1345 (2d Cir. 1991)

Under FRCP 65 Plaintiff is entitled to default judgement and a ruling in its favor if Defendants response is not filed today January 20, 2021.

### H - Defendants' Other Legal Arguments Are Moot

Ms. Tobin's other arguments that Plaintiff Pro-Se does not have standing is also bad faith. It is black-letter law, that Plaintiff Kumaran <u>is individually</u> a party to the Settlement Agreement. *Second,* Kumaran is the sole owner of the trade secrets. *Third*, there was no "assignment" of claims from A Star Group as The A Star Group is represented by counsel. And *Fourth*, the unfair competition claims and all events after 2016 were transactions between <u>Kumaran (individually</u>) and Larkin, including the hedge fund, as well as related to Kumaran's individual CTA business – which has nothing to do with AStar. Larkin also a CTA is a direct competitor and a founding part of this Preliminary Injunction is related to ongoing unfair-competition and to cease and desist all further use of Kumaran's property and comply with the Settlement. (See also ¶ECF52, Mem_PI, Pg 3-5, Pg.17-25). Plaintiff was also individually defrauded on multiple counts (*See* FAC Causes 2, 3, 11 and 16).

Ms Tobin's attacks on standing are also procedurally improper. Those arguments should have been raised in a Motion To Dismiss. They were not, as they have no merit. Therefore they have been waived. Where the defendant fails to affirmatively state the defense of lack of standing in a pre-answer motion to dismiss, the issue is waived (*see e.g. Bank of N.Y. Trust Co., N.A. v. Chiejina,* 142 A.D.3d 570, 572, 36 N.Y.S.3d 512 [citing *Matter of Fossella v. Dinkins*, 66 N.Y.2d 162, 495 N.Y.S.2d 352, 485 N.E.2d 1017). Even if they were raised, Plaintiff has Article III standing, and this is improper motion practice to raise a standing issue in a discovery letter. Ms. Tobin's objections to subpoenas and testimony is also incorrect, as Plaintiff filed the necessary disclosures in the Initial Disclosures, and the Rule 7C is a complete and separate proceeding than discovery. Again Tobin seeks to obstruct discovery or testimony.

The Court is also reminded that the Motion for Preliminary Injunction has raised that Defendants have avoided payments of $800,000 of license fees and over $4.5 million dollars on profit sharing which Plaintiffs have sought be placed in eskrow (*See* ECF52 Motion at Pg. 9, *See* PI Relief (6), (7)). There is substantial financial harm to Plaintiff in Defendants not being able to pay any judgement rendering any award futile, which was also fully briefed in the Preliminary Injunction. Defendants have thus far continued to use, profiting from their misconduct, while they drag out, stall, play games with Protective Order for 6 months and cause ongoing harm to Plaintiff. Plaintiff has also requested a cease and desist of the infringing activities.

This one-sided "adjournment" to violate the Court order on June 18, 2020, is a last minute, desperate attempts to avoid the inevitable judgments against Defendants and enforcement of the Preliminary Injunction, (including payments of all monies) who continue the unlawful use in direct competition Plaintiffs property, and take other overt actions to harm Plaintiffs (including the frivolous filings See ECF 98) which were made to avoid a Protective Order to harm Plaintiffs. The purpose of this was also to cause delays, obstruct and not a good faith. Plaintiff therefore seeks immediate enforcement of the relief it sought under Items (a)-(h) for a cease and desist

### I - Conclusion.

Defendants request for more leeway and one-sided extensions should be denied. The transcripts make clear the parties and the Court's understanding of the briefing schedule order. On Pg. 29 and Pg. 37 of the transcript, the Court at the end of the call, again re-clarifies <u>Ms. Tobin's agreement that her opposition is due within fourteen (14) days</u>. Ms. Tobin cannot now pretend to be ignorant or confused. The Court

generously nudged the parties with reminders January 6, 2021 and January 7, 2021. Plaintiff timely filed its acknowledgement on January 7, 2021 and notified Ms. Tobin on the phone on January 8, 2021 Plaintiffs were expecting the response on January 20, 2021. But tellingly on "the night before" without following Your Honor's Individual Rules 1G, Westerman seeks a one-sided adjournment.

Plaintiff should not continue to incur harm and prejudice from Defendants misconduct. Defendants misconduct in the Protective Order as documented in *ECF98* caused substantial delays of over six months to the Protective Order between June 17, 2020 and December 29, 2020 as well as a reconsideration which was granted which included fraud on the Court under Rule 60(b)(3). In this instance, given the extraordinary hardship, cost, time and effort Plaintiff incurred in securing the Protective Order, and given that Plaintiff also incurred the expense, time and money to substitute counsel in time for the January 20, 2021 filing that Defendants were well aware of this request is bad faith and the adjournment must be denied. Defendants intentionally waited till the last minute to seek an impermissible extension, and defy a Court Ordered schedule.

Defendants improperly filed a motion for adjournment at the last minute, to avoid judgement, and this request should also not be accepted. The filings are due on January 20, 2021 and this is ongoing gamesmanship of trying to buy delays. Enough is enough. Plaintiffs rights are being significantly harmed, and this motion should have been have been briefed six months ago.

**J – Prayer for Relief**

Plaintiff is respectfully seeking a judgment for all the relief in the Preliminary Injunction. This motion has been before the Court since June 17, 2020. Plaintiff not only seeks their one-sided adjournment be denied Plaintiff seeks relief of sanctions, for the bad faith and dilatory conduct, for waiting till the night of January 19, 2021 and failure to seek a stay and extension to cause prejudice and delay and ongoing harm to Plaintiff in enforcing its rights. Plaintiff is seeking immediate relief and ruling in its favor from the Motion for Preliminary Injunction.

In the alternative, if the Court is to consider this dilatory request for adjournment, Plaintiff will also seek the following equitable relief, to make sure any procedural adjustments are fair, including but not limited to (a) full reimbursement for its time, cost and expense in the extensive Protective Order, which is documented at over 242 hours of time on the Protective Order to enforce its rights and 102 hours in Motion for Reconsideration, and reasonable commercial value of harm which Defendants are required to indemnify Plaintiff under the Indemnification Provision Section 8.1 of the Settlement; (b) all costs of depositions and transcripts to be paid for Defendants for this Preliminary Injunction, including the costs of depositions for the subpoenas that were filed on January 7, 2021 and October 30, 2021; (c) relief that any adjournment is applied to all proceedings including an adjournment of fact discovery and equitable extensions to Plaintiff, (d) reimbursement of all attorneys fees of $41,870 that were incurred by Plaintiff in the Settlement Agreement to which Plaintiff Kumaran is individually a party and the breach of which required enforcement of the Protective Order for breach of confidentiality (see ECF52.1); (e) all other relief available in equity and law as the Court deems just and (f) also an award of sanctions.

The Court is also within its discretion permitted to award punitive sanctions of $25,000 for dilatory and bad faith conduct. (See District court also ordered that a $25,000 punitive sanction be imposed on counsel of record, including ongoing dilatory conduct) United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1343 (2d Cir. 1991)

Respectfully submitted
//SSK//
Samantha Siva Kumaran