IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN<br>et al<br>*Plaintiffs,*<br><br>-against-<br><br>NORTHLAND ENERGY TRADING, LLC<br>et al<br>*Defendants.* | Case No:1:19:CV:08345-MKV-DCF<br><br><br>**MOTION TO ADD PLAINTIFF ASTAR<br>TO PRELIMINARY INJUNCTION** |

### *MOTION TO ADD PLAINTIFF THE A STAR GROUP*
### *TO PRELIMINARY INJUNCTION*

Pursuant to Federal Rules of Civil Procedure ("FRCP") 21, THE A STAR GROUP, INC by and through the undersigned Counsel, respectfully seek leave from the Court add Plaintiff as a Party to the existing Preliminary Injunction filed against all Defendants on June 17, 2020 (*ECF*52).  There are no proposed changes to either the motion or memorandum.

### BACKGROUND.

Plaintiff *Pro-Se* Kumaran filed a Motion for Preliminary Injunction on June 17, 2020 (ECF52) which the Court deferred ruling on till after the issuance of a Protective Order. Counsel appeared in the case in accordance with Judges' Order by July 17, 2020 (*ECF55*). The Protective Order briefing for discovery was completed and issued on December 29, 2020. (ECF102). The Protective Order does not cover issues or items of confidentiality outside of discovery. On January 19, 2021 the undersigned made an appearance and filed a motion to substitute counsel.

Yesterday, on January 19, 2021 Defendants argued that Plaintiff is somehow prosecuting claims "assigned" to it by AStar. This is factually incorrect, as AStar has appeared through its Counsel. AStar has been a party to this proceeding from the outset. To avoid any doubt or confusion that Plaintiff AStar is being represented by Counsel, and without making any changes to the Preliminary Injunction, corporate Plaintiff requests to add itself to the existing motion for Preliminary Injunction.

No prejudice will occur to Defendants since they have been aware of AStar being a party to this proceeding since the beginning and AStar has made an appearance by counsel in accordance with the Court's scheduling order (*ECF55*). Further, no new facts or no new arguments are being added. We

seek this request to avoid any circular arguments on "technicalities". AStar has already appeared by Counsel in this proceeding and the motion can be heard on the merits. This will also reduce the burden on the Court in resolving the motion on the merits, and allow the Court to focus on the substantive facts and law.

## LEGAL ARGUMENT

Rule 21 controls if the proposed amendment adds new parties. *Momentum Luggage & Leisure Bags v. Jansport, Inc.,* No. 00 Civ. 7909, 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001) (citing *Kaminsky v. Abrams,* 41 F.R.D. 168, 170 (S.D.N.Y.1966)). Rule 21 states that a party may be added to an action "at any time, on just terms." In deciding whether to permit joinder, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Soler v. G & U, Inc.,* 86 F.R.D. 524, 528 (S.D.N.Y.1980) (quoting *Fair Housing Development Fund Corp. v. Burke,* 55 F.R.D. 414, 419 (E.D.N.Y.1972)); *accord Smith v. P.O. Canine Dog Chas,* No. 02 Civ. 6240, 2004 WL 2202564, at *12 n. ll (S.D.N.Y. Sept. 28, 2004); *Momentum Luggage,* 2001 WL 58000, at *2; *Clarke v. Fonix Corp.,* No. 98 Civ. 6116, 1999 WL 105031, at *6 (S.D.N.Y. March 1, 1999). Bridgeport Music, Inc. v. Universal Music Grp., Inc., 248 F.R.D. 408, 412 (S.D.N.Y. 2008)

Adding AStar is not a true joinder, as AStar has been always been a party to this proceedings. Good cause is given, as there are no changes to the facts or to the pleadings. This will reduce ambiguities in resolution by the Court on the actual issues of facts and law and not on mere technicalities since AStar is in fact represented by Counsel. This motion is timely filed, as the Protective Order was only recently issued, and Defendants first raised the issue yesterday. Plaintiffs would like to avoid frivolous arguments. There will be no alteration to the motion or memorandum filed, and since Counsel has already appeared, this is a technical adjustment. See Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1471, at 505–06 (2d Ed.1990) ("the Rule's purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities").

Plaintiff has been working *Pro-Se* on the Protective Order and has complied timely with Court orders. Defendants did not raise any arguments that Plaintiff *Pro-Se* filed its Protective Order, as the trade secrets are rightfully owned by Kumaran (individually). Therefore, we argue this latest argument is unnecessary, is filed late, and should have been raised in ECF54. *Pro-Se* Plaintiff has rightfully asserted its trade secret claims. "It is well established that the submissions of a *pro se* litigant must be

construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006) (internal quotation marks and emphasis omitted).  Bonner v. The Bank of New York Mellon, No. CV153280SJFGRB, 2016 WL 1426515, at *2 (E.D.N.Y. Feb. 22, 2016),

Nonetheless, for the avoidance of any ambiguity, technical deficiency or mistaken argument, Plaintiff AStar respectfully requests to add itself as a party to the existing motion and memorandum by and through undersigned Counsel. We respectfully seek to have this Preliminary Injunction ruled on the merits, not on technicalities. Indeed, the Second Circuit recognizes that the Federal Rules strongly favor resolving cases on their merits. *See Ross v. AH. Robins Co., Inc.,* 607 F.2d 545,547 (2d Cir. 1979) (courts should not "preclude the prosecution of a possibly meritorious claim because of defects in the pleadings").

No changes to the motion or memorandum are needed. No changes to the briefing schedule are needed and we anticipate Defendants' response as previously scheduled by the Court on January 20, 2021.

    Respectfully submitted.

    //BMA//

    Brian August, Esq.
    AugustLawNYC
    100 Willoughby Street 9E
    Brooklyn, NY 11201
    (917) 664-4465
    bmaugust61@gmail.com
    www.augustlawnyc.com
    *Attorney for NRCM*