**WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP**

Ellen Tobin
Extension 343
etobin@westermanllp.com

January 21, 2021

**By ECF**

Honorable Mary Kay Vyskocil
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Kumaran, et al. v. Northland Energy Trading, LLC</u>, No. 19 Civ. 8345-MKV-DCF

Dear Judge Vyskocil:

I represent defendants Northland Energy Trading, LLC ("Northland"), Hedge Solutions, Inc. ("Hedge"), Richard Larkin, Daniel Lothrop and Domenic Bramante (collectively, "Defendants") in the above-referenced action. I write to briefly respond to plaintiff's letter of January 20, 2021 [ECF No. 111] (the "Letter").

The majority of Plaintiff's ten-page letter is moot because Defendants filed their opposition to plaintiff's motion for a preliminary injunction on January 20, 2021 (the date plaintiff claimed the papers were due). That being said, I want to briefly address the issue regarding the briefing schedule for the motion. Due to a personal family health issue, I had requested additional time for Defendants' opposition papers and sought plaintiff's agreement to the same. Plaintiff refused. That was quite surprising given the times we are living in and the courtesies Defendants' counsel has extended throughout this case. I also want to inform the Court of the mistake in my letter of January 19, 2021 [ECF No. 110], regarding the briefing schedule that was discussed at the June 18, 2020 conference. I am now aware of my mistake regarding the briefing schedule because Plaintiff filed a portion of the transcript of the June 18, 2020 conference as an exhibit to last night's letter [ECF No. 111-1]. All of this could have been avoided if plaintiff had shown me the transcript, or told me that she had it, when we discussed this issue.[1]

Plaintiff's accusations about discovery delay and avoidance are unwarranted and unsupported. Defendants have timely and appropriately responded to discovery requests that were served on them. Plaintiff's mischaracterizations about the Lothrop and Bramante requests are discussed in detail in Defendants' January 19, 2021 letter [ECF No. 110]. Notably, plaintiff has not produced any discovery responses or documents at all in this case. Recently, the parties agreed to exchange written responses and documents responsive to the remainder of the parties' document requests on January 28, 2021. Plaintiff's allegations that Defendants somehow caused her to incur "substantial extra time, cost and expense" in connection with the motions for protective order and

---

[1] Of course, it is not plaintiff's responsibility to notify the undersigned of the Court's directives. Here it would have been a courtesy that would have avoided the unnecessary back-and-forth.

Hon. Mary Kay Vyskocil
January 21, 2021
Page 2

for reconsideration of the same – motions that *plaintiff* filed – are, respectfully, baseless and absurd. <u>There has been no delay, avoidance or any other impropriety by Defendants.</u>[2]

While we appreciate that plaintiff is allegedly representing herself *pro se*, we are disappointed by the unprofessional tone and accusations that she is making in submissions to the Court and otherwise. We refuse to engage in that type of behavior and we would appreciate if we could instead focus on the issues and move the case forward.

Thank you for the Court's time and attention to this matter.

Respectfully,

*Ellen Tobin*

Ellen Tobin

02326484

---

[2] Defendants disagree with the remainder of the contentions in plaintiff's Letter.