UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SAMANTHA SIVA KUMARAN and THE A STAR
GROUP, INC. d/b/a TIMETRICS,

                                   Case No.  1:19-cv-08345-MKV-DCF

              Plaintiffs,

      -against-

NORTHLAND ENERGY TRADING, LLC,
HEDGE SOLUTIONS, INC., RICHARD M. LARKIN,
DANIEL LOTHROP and DOMENIC BRAMANTE,

              Defendants.
-------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF SAMANTHA KUMARAN'S MOTION FOR A PRELIMINARY INJUNCTION

Westerman Ball Ederer Miller Zucker & Sharfstein, LLP
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200
*Attorneys for Defendants*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND ........................................................................................... 2

    LEGAL STANDARD ................................................................................................. 3

LEGAL ARGUMENT .................................................................................................... 5

    POINT I  PLAINTIFF HAS SUBMITTED NO EVIDENCE TO SATISFY HER
            BURDEN OF SHOWING A LIKELIHOOD OF SUCCESS ON THE
            MERITS ........................................................................................................ 5

    POINT III  PLAINTIFF HAS NOT SATISFIED HER  BURDEN OF SHOWING
            IRREPARABLE HARM .......................................................................... 6

    POINT IV   THE EQUITIES DO NOT FAVOR INJUNCTIVE RELIEF ................. 9

    POINT V  AN INJUNCTION IS NOT IN THE PUBLIC INTEREST .................... 10

CONCLUSION ............................................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Am. Can Co. v. A.B. Dick Co.*,
   No. 83 Civ.5435, 1983 WL 2198 (S.D.N.Y. Nov. 23, 1983) ........................................ 7

*Burgess v. Friedmann*,
   No. 9:05CV0379(NAM)(DRH) 2005 WL 3531459 (N.D.N.Y. Dec. 22, 2005) ........... 5

*Carnegie Inv. Mgmt., Ltd. v. Correspondent Servs. Corp.*,
   No. 00 Civ.2126 NRB, 2000 WL 310389 (S.D.N.Y. Mar. 27, 2000) .......................... 7

*Citibank, N.A. v. Citytrust*,
   756 F.2d 273 (2d Cir. 1985)........................................................................................ 8

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*,
   598 F.3d 30 (2d Cir. 2010).......................................................................................... 4

*City of Peekskill v. Rehabilitation Support Servs., Inc.*,
   806 F. Supp. 1147 (S.D.N.Y. 1992)............................................................................ 5

*Coto v. N.Y.C. Bd. of Elections*,
   101 F.3d 803 (2d Cir. 1996)........................................................................................ 5

*Davila v. N.Y.S. Bd. Parole*,
   2001 U.S. Dist. LEXIS 17560 (S.D.N.Y. Oct. 19, 2001) ........................................... 4

*Faiveley Transp. Malmo AB v. Wabtec Corp.*,
   559 F.3d 110 (2d Cir. 2009)........................................................................................ 6

*Hoblock v. Albany County Bd. of Elections*,
   422 F.3d 77 (2d Cir.2005)........................................................................................... 7

*In re Document Techs. Litig.*,
   275 F. Supp. 3d 454 (S.D.N.Y. 2017)......................................................................... 3

*Medicrea USA, Inc. v. K2M Spine, Inc.*,
   No. 17 CIV. 8677, 2018 WL 3407702 (S.D.N.Y. Feb. 7, 2018) ................................ 11

*N.A.A.C.P., Inc. v. Town of E. Haven*,
   70 F.3d 219 (2d Cir. 1995).......................................................................................... 4

*Serrano v. Lopez*,
   No. 14 CIV. 560, 2014 WL 2854628 (S.D.N.Y. June 23, 2014)...................................... 4

*Silver v. Lavandeira*,
   No. 08CIV.6522JSRDF, 2009 WL 513031 (S.D.N.Y. Feb. 26, 2009) ......................... 6

*Simmons v. Cranston*,
   No. 07 Civ. 3241(RJH)(MHD), 2008 WL 820474 (S.D.N.Y. Jan. 14, 2008) ............... 5

*Synergy Advanced Pharm., Inc. v. CapeBio, LLC*,
   No. 10 CIV. 1736, 2010 WL 2194809 (S.D.N.Y. June 1, 2010)......................... 6, 9, 10

*Ticor Title Ins. Co. v. Cohen*,
   173 F.3d 63 (2d Cir.2009)............................................................................................... 8

*Wall v. Constr. & Gen. Laborers' Union*,
   80 F. App'x 714 (2d Cir. 2003) ...................................................................................... 8

*Welch Allyn, Inc. v. Tyco Int'l Servs. AG*,
   200 F. Supp. 2d 130 (N.D.N.Y. 2002)............................................................................ 6

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) .................................................. 4

Defendants Northland Energy Trading, LLC ("Northland"), Hedge Solutions, Inc. ("Hedge"), Richard M. Larkin ("Larkin"), Daniel Lothrop ("Lothrop") and Domenic Bramante ("Bramante") (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Samantha Kumaran's ("Plaintiff" or "Kumaran") motion for preliminary injunction [ECF No. 52].

## PRELIMINARY STATEMENT

As a matter of well settled law, Plaintiff is not entitled to the extreme relief of a preliminary injunction based on mere allegations set forth in her Complaint and without a shred of evidence, particularly where, as here, the preliminary injunction seeks, in part, the ultimate relief sought in the Complaint.  In support of her motion, Plaintiff fails to submit a single affidavit or any documentary evidence showing that breaches of contract or misappropriation of trade secrets she merely alleges.  Notwithstanding the fact that Plaintiff is proceeding *pro se*, she simply cannot obtain an injunction based ***entirely*** on unproved allegations.  The motion can and should be denied on this basis alone.

Additionally, Plaintiff has failed to show irreparable harm.  In fact, Plaintiff's motion for preliminary injunction actually seeks "in the alternative" to be compensated with ***money damages***.  Indeed, contrary to her contention that she lacks an adequate remedy at law, Plaintiff's Complaint seeks ***money damages***.  Plaintiff also cannot establish irreparable harm where, as here, she claims to have know of Defendants' alleged theft of trade secrets for ***four years*** before bringing this action and seeking injunctive relief.

Moreover, the balance of the equities plainly does not weigh in Plaintiff's favor where she essentially seeks an order of attachment, to disrupt two business, and to upend the lives of three individuals – all based on bare allegations ***without a shred of evidence***.

1

The bottom line is that Plaintiff utterly failed to satisfy the heavy burden required for the drastic relief of a preliminary injunction.  Such relief requires *evidence* of a likelihood of success on the merits and *evidence* of irreparable harm.   Here, however, Plaintiff has no sworn statements, no testimony, and no documentary evidence of wrongdoing.   The motion relies *entirely* on the mere allegations in the Complaint.  As a matter of law, a preliminary injunction cannot and should not be granted on such a flimsy record.

## FACTUAL BACKGROUND

Plaintiff Timetrics (which is not a movant herein) purports to "develop[] computer software used by commodities traders to increase profits and reduce hedging risks by using advanced mathematical tools and procedures."  Compl. ¶ 2.  Ten years ago, in 2011, Timetrics and its CEO, Kumaran, entered into agreements with defendants Northland, "an over the e counter options trading company," and Hedge, "a software company that also licenses risk management software to its retail heating oil clients."  Compl. ¶ 54.  Those agreements purported to license Plaintiffs' "proprietary hedging strategies, software and techniques."  Compl. ¶¶ 4, 67-70, 72, 85.  Plaintiffs never disclosed their purported hedging strategies to Defendants – and this will be shown by the evidence adduced during discovery.  Instead, Plaintiffs placed the trades for Defendants, or directed Defendants which trades to make.  Plaintiffs never told Defendants how or on what basis they made the trading decisions.  Defendants were never let "under the hood."  Ultimately, Plaintiffs' "strategies" proved disastrous for Defendants and resulted in severe losses.

As a result of these losses caused directly by Plaintiffs (which are alluded to in the Complaint), the parties' business relationship deteriorated and Northland and Hedge terminated their engagement with Timetrics and Kumaran.  Plaintiffs then sued Northland, Hedge and Larkin in 2015 for purportedly unpaid fees in connection with the now-terminated engagement

(the "Prior Action").   On May 9, 2016, the parties settled the Prior Action pursuant to a Settlement Agreement for the sum total of $90,000.   In the Settlement Agreement, the parties agreed to broad, mutual releases that covered all claims the parties asserted or could have asserted in the Prior Action and expressly acknowledged "this is a FULL, COMPLETE and FINAL release relinquishing and releasing all claims the Parties have or may have against one another." Settlement Agreement § 9.  *See* ECF No. 52-2.

In this action, Plaintiffs ***allege*** that on or around September 8, 2016 (4 months after the Settlement Agreement), they learned that Defendants had supposedly copied Plaintiffs' IP and created "derivative works," and had "fraudulently concealed their improper retention," and use of Plaintiffs' IP supposedly in violation of the Settlement Agreement.  Compl. ¶ 149.  Plaintiffs further allege that, despite supposedly learning about Defendants' copying of its IP, Plaintiffs continued to accept payments under the settlement agreement and plaintiff Kumaran then entered into the supposed "Agreement in Principle" ("AIP") *and* on multiple dates between September 27, and October 8, 2016 (just weeks after discovering the breach), Plaintiffs revealed "numerous trade secrets features … and updated design features, to Larkin."  *Id*. ¶ 172.

Plaintiffs – by their own admission – then sat on their hands for ***three years*** before bringing this action, and then waited another ***nine months*** before moving for a preliminary injunction.

The fact of the matter is – and the evidence adduced in discovery will show – that Defendants never misappropriated, copied, used or "reverse engineered" Plaintiffs' IP.  Indeed, they had no motive to do so given that Plaintiffs' IP resulted in ***massive losses*** for Defendants.

## LEGAL STANDARD

"A preliminary injunction is an extraordinary and ***drastic*** remedy, one that should not be granted unless the movant, by a ***clear showing***, carries the burden of persuasion."  *In re*

3

*Document Techs. Litig.*, 275 F. Supp. 3d 454, 460-61 (S.D.N.Y. 2017) (internal quotation marks and citation omitted) (emphasis added).

To obtain preliminary injunctive relief, a movant must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

The Court must also make the related determinations that "the balance of equities tips in [the movant's] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Further still, "[a] moving party must show that the injury it will suffer is ***likely and imminent***, not remote or speculative, and that such injury is ***not capable of being fully remedied by money damages***." *N.A.A.C.P., Inc. v. Town of E. Haven*, 70 F.3d 219, 224 (2d Cir. 1995) (emphasis added).

Critically, "[a]n application for a preliminary injunction must be supported by competent ***evidence***, typically ***affidavits or declarations*** whose contents are not vague or conclusory." *Davila v. N.Y.S. Bd. Parole*, 2001 U.S. Dist. LEXIS 17560, at * 4-5 (S.D.N.Y. Oct. 19, 2001) (citing *Markowitz Jewelry Co. v. Chapal/Zenray, Inc.*, 988 F. Supp. 404, 407 n. 18 (S.D.N.Y. 1997)). Plaintiff's pro se status cannot and does not absolve her of the burden to proffer such "competent ***evidence***" to justify the drastic remedy sought. *See Serrano v. Lopez*, No. 14 CIV. 560, 2014 WL 2854628, at *6 (S.D.N.Y. June 23, 2014) (denying preliminary injunction sought by *pro se* party because she "made no showing, factual or otherwise, in support of her request").

As set forth below, because Plaintiff fails to satisfy her heavy burden, the motion for preliminary injunction must be denied.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF HAS SUBMITTED NO EVIDENCE TO SATISFY HER BURDEN OF SHOWING A LIKELIHOOD OF SUCCESS ON THE MERITS

As a matter of law, Plaintiff's motion for preliminary injunction must be denied because she has failed to satisfy the ***evidentiary*** burden of showing a likelihood of success on the merits. *See Coto v. N.Y.C. Bd. of Elections*, 101 F.3d 803, 805 (2d Cir. 1996) ("because there is ***no evidence*** . . . , the plaintiffs are unable to establish a likelihood of success on the merits or a sufficiently serious question going to the merits") (emphasis added); *Simmons v. Cranston*, No. 07 Civ. 3241, 2008 WL 820474 (S.D.N.Y. Jan. 14, 2008) (denying preliminary injunction where, as here, "plaintiff offers ***no evidence whatsoever*** . . . to infer that he has demonstrated a likelihood of success on the merits") (emphasis added); *City of Peekskill v. Rehabilitation Support Servs.*, Inc., 806 F. Supp. 1147, 1151 (S.D.N.Y. 1992) ("Plaintiff having offered ***no evidence*** . . . has not met its burden of demonstrating a likelihood of success on the merits . . . .") (emphasis added).

Here, Plaintiff relies entirely on the ***allegations*** in her Complaint in her attempt to establish a likelihood of success on the merits.  Moreover, Plaintiff's *pro se* status does not allow her to use ***mere allegations*** in her Complaint as a substitute for her ***evidentiary*** burden on a motion for preliminary injunction.  *See Burgess v. Friedmann*, No. 9:05CV0379(NAM)(DRH) 2005 WL 3531459, at *3 (N.D.N.Y. Dec. 22, 2005) (holding that *pro se* plaintiff's "mere allegations of wrongdoing are not sufficient to make the clear showing of a likelihood of success on the merits or sufficiently serious questions going to the merits").  Accordingly, Plaintiff has failed to satisfy her evidentiary burden of showing a likelihood of success on the merits.

5

Nor can Plaintiff cure these fatal deficiencies at an evidentiary hearing because "in the complete absence of any initial showing that she can satisfy the elements of her misappropriation claim, ***Plaintiff is not entitled to an evidentiary hearing on the question***."  *Silver v. Lavandeira*, No. 08CIV.6522 (JSR) (DF), 2009 WL 513031, at *6 (S.D.N.Y. Feb. 26, 2009) (emphasis added); *see also Welch Allyn, Inc. v. Tyco Int'l Servs. AG*, 200 F. Supp. 2d 130, 145 (N.D.N.Y. 2002) (holding that where movant has not met its initial evidentiary burden, it may not use a preliminary injunction hearing as "an opportunity . . . to remedy inadequacies in its moving papers").

Finally, as set forth in Defendant's pending motion to dismiss (which is hereby incorporated by reference, ECF Nos. 63-65, 67), Plaintiffs' mere allegations are also insufficient to state a claim upon which relief may be granted.   Accordingly, even if Plaintiffs' allegations were true (which they are not), Plaintiff nevertheless would not be able to show a likelihood of success on the merits.

## POINT III

## PLAINTIFF HAS NOT SATISFIED HER
## BURDEN OF SHOWING IRREPARABLE HARM

Plaintiff has not come forward with ***any evidence*** of a risk of irreparable harm. "Irreparable harm is the single most important prerequisite to the Court's issuance of preliminary injunctive relief."  *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009).  In cases alleging misappropriation of trade secrets, "[t]o demonstrate irreparable harm, a plaintiff must show an imminent danger that a defendant is likely to disseminate the protected information – an eventuality that ***should not be presumed***."  *Synergy Advanced Pharm., Inc. v. CapeBio*, LLC, No. 10 CIV. 1736, 2010 WL 2194809, at *5 (S.D.N.Y. June 1, 2010) (emphasis added).

Here, Plaintiff's only support for her claim of irreparable harm is the ***bare allegations*** in her Complaint.   Pl. Mem. at 10 (citing FAC ¶¶ 196-97, 308).   As a matter of well settled law, irreparable harm cannot be established by conclusory allegations of wrongdoing ***without any supporting evidence***.   *See*, *e.g.*, *Carnegie Inv. Mgmt., Ltd. v. Correspondent Servs. Corp.*, No. 00 Civ.2126 NRB, 2000 WL 310389, at *1 (S.D.N.Y. Mar. 27, 2000) ("Plaintiff, which submitted barebones papers, ***unsupported by affidavit or testimony***, wholly failed to establish irreparable harm . . . .") (emphasis added); *Am. Can Co. v. A.B. Dick Co.*, No. 83 Civ. 5435, 1983 WL 2198, at *8 (S.D.N.Y. Nov. 23, 1983) (denying injunction because plaintiff "***failed to present any evidence*** of an imminent threat of loss of business beyond . . . mere . . . unsupported speculation") (emphasis added, internal quotation marks and citation omitted)).

Moreover, as Plaintiff readily admits, she can be fully compensated with money damages.   As the Second Circuit has made clear, "irreparable harm by definition "'cannot be remedied by an award of monetary damages.'"   *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 97 (2d Cir.2005) (quoting *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995)); *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir.1995) ("[W]here monetary damages may provide adequate compensation, a preliminary injunction should not issue.").

In this motion for preliminary injunction, Plaintiff seeks "in the alternative" the alleged "License Fees" and an "adjudication of ***damages*** including but not limited to trading royalties, disgorgement of profits, [and] past due balances deferred."   ECF No. 52 at 2.   Likewise, Plaintiff's Complaint seeks ***money damages*** for Defendants' alleged breach of contract, unfair competition and misappropriation of trade secrets.   **Plaintiff unequivocal admission that she can be fully remedied with money damages is fatal to her motion for injunctive relief**.

7

Plaintiff also cannot establish irreparable harm because she waited **four years** after learning of Defendants' alleged theft of her trade secrets before bringing this action and seeking injunctive relief. *See Citibank, N.A. v. Citytrust*, 756 F.2d 273 (2d Cir. 1985) ("Significant delay in applying for injunctive relief in trademark case tends to neutralize any presumption that infringement alone will cause irreparable harm pending trial, and such delay alone may justify denial of preliminary injunction for trademark infringement."); *Wall v. Constr. & Gen. Laborers' Union*, 80 F. App'x 714, 716 (2d Cir. 2003) ("Plaintiffs had failed to demonstrate irreparable harm, as their allegations, based solely on one **five-year-old instance of the allegedly harmful conduct**, did not establish that the defendants' challenged actions were ongoing."). Here, Plaintiff alleges that "[o]n September 8 2016, Defendant Larkin <u>admitted</u> [his] unlawful taking of Plaintiff's trade secret and use and operations of the OBT Book." ECF No. 52 at 6 (emphasis in original). Notwithstanding the fact that Plaintiff fails to submit any evidence of this alleged admission, Plaintiff herself contends that she has known of Defendants' alleged misappropriation since 2016, yet did not bother bringing this action until 2019 and seeking injunctive relief until 2020. Given the passage of time since Plaintiff has purportedly known about Defendants' alleged theft and her inability to identify a single concrete example of actual injury, Plaintiff claim of irreparable harm is not imminent and is speculative at best.

In light of these fatal deficiencies to Plaintiff's heavy burden of establishing irreparable harm, Plaintiff cannot rely on contractual provisions that merely entitle Plaintiff to "apply" for injunctive relief. While Plaintiff cites *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63 (2d Cir. 2009) for the proposition that a contractual provision authorizing injunctive relief is "arguably" an admission that a breach would cause irreparable harm (Pl. Mem. at 13-14 n. 47), courts have repeatedly held since that "*Ticor* does not stand for the proposition that irreparable harm is

presumed where a relevant Agreement provides for the entry of injunctive relief." *Synergy Advanced Pharm., Inc. v. CapeBio*, LLC, No. 10 CIV. 1736, 2010 WL 2194809, at *6 n.60 (S.D.N.Y. June 1, 2010) (citing *Alpha Capital Atkiengesellschaft v. Advanced Viral Research Corp.*, No. 02 Civ. 10237, 2003 WL 328302, at *5 (S.D.N.Y. Feb.11, 2003) (holding that contractual provision for injunctive relief "is not itself dispositive")).

For all of these reasons, Plaintiff has failed to establish that she would suffer irreparable harm if injunctive relief is denied.

## POINT IV

## THE EQUITIES DO NOT FAVOR INJUNCTIVE RELIEF

Putting aside the fact that Defendants are not and were never using, misappropriating or "reverse engineering" such purported trade secrets, Plaintiff's motion broadly seeks to enjoin Defendants from "selling" or "disposing of assets" – irrespective of whether Plaintiff has any legal claim to such assets and directing Defendant to "place in escrow with the Court, the disputed license frees and royalties." ECF No. 52 at 2. Such broad and extreme injunctive relief – completely unmoored to Plaintiff's mere allegations of trade secret misappropriation – is clearly inequitable.

In seeking to enjoin Defendants from transferring assets and to mandate that Plaintiff's alleged monetary damages be put into escrow, Plaintiff is essentially seeking a pre-judgment attachment, without even attempting to meet the high evidentiary bar required for such an extraordinary remedy. In support, Plaintiff alleges that Defendants "claimed they had cashflow problems and could not pay settlements." *See* Pl. Mem. at 18. As a result, Plaintiff **speculates** that she "has reason to believe" that Defendants are "spending through" her share of the profits and expensing their assets to meet their own needs." *Id.* Presumably, Plaintiff is referring to the parties' settlement agreement in 2016, when the agreed upon payment of $90,0000 was divided

into 5 payments over a period of approximately one year.  *See* ECF No. 52-2 (Settlement Agreement).  Notably, however, Plaintiff does deny that she received the entirety of the payment. It is common – even typical – for parties to agree to settlement payments made in installments over a period of time.

Plaintiff also contends (without a shred of evidence) that "Defendants have indicated they intend to 'sell' the businesses."  *See* Pl. Mem. at 19 (citing Compl. ¶ 58).  However, the referenced allegation in paragraph 58 of the Complaint concerning what Defendants allegedly told Plaintiff when they first met – a ***decade*** ago in 2011.

Plaintiff does not offer any "evidence" – only rank speculation based on events that occurred between four and ten years ago.  Plaintiff's assertion that defendants might not be able to satisfy a judgment is speculative, unsupported and unavailing.  *See Synergy Advanced*, 2010 WL 2194809, at *5.  To award such extreme injunctive relief based on pure conjecture plainly would not be equitable.

Equally inequitable would be to subject Defendants to the threat of contempt by entering a court order enjoining Defendants' ***alleged*** use of Plaintiff's purported "trade secrets" when Plaintiff has submitted no evidence that she actually has protectable "trade secrets" or what those are.  As such, the balance of equities plainly weighs against the imposition of an injunction here.

## POINT V

## AN INJUNCTION IS NOT IN THE PUBLIC INTEREST

"Whenever a request for a preliminary injunction implicates public interests, a court should give some consideration to the balance of such interests in deciding whether a plaintiff's threatened irreparable injury and probability of success on the merits warrants injunctive relief." *Medicrea USA, Inc. v. K2M Spine, Inc.*, No. 17 CIV. 8677, 2018 WL 3407702, at *14 (S.D.N.Y. Feb. 7, 2018).

Here, injunctive relief would not be in the public interest.  Plaintiff has not sufficiently identified any protectible trade secret.  Plaintiff has failed to proffer a shred of evidence that Defendants misappropriated any purported trade secrets.  Plaintiff has failed to proffer a shred of evidence that Defendants breached any agreements.  Indeed, Plaintiff has failed to proffer any evidence at all.  On this barren record, the public interest would not be served by imposing onerous judicial restraints against two going concerns and three individuals whose livelihoods are at stake.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion in all respects and grant Defendants such other and further relief as the Court deems just and proper.

Dated:  Uniondale, New York
         January 20, 2021

                              Respectfully submitted,

                              WESTERMAN BALL EDERER
                              MILLER ZUCKER & SHARFSTEIN, LLP


                        By:   *Ellen B. Tobin*

                              Ellen B. Tobin, Esq.
                              1201 RXR Plaza
                              Uniondale, New York 11556
                              (516) 622-9200
                              *Attorneys for Defendants*

12