UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SAMANTHA SIVA KUMARAN and THE A STAR
GROUP, INC. d/b/a TIMETRICS,

                      Case No.  1:19-cv-08345-MKV-DCF

                Plaintiffs,


     -against-


NORTHLAND ENERGY TRADING, LLC,
HEDGE SOLUTIONS, INC. RICHARD M. LARKIN,
DANIEL LOTHROP, and DOMENIC BRAMANTE,

                Defendants.
------------------------------------------------------------------X


### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION PURSUANT TO FRCP 59(e), 60(a) AND/OR 60(b)


WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP
Ellen Tobin, Esq.
Michael Kwon, Esq.
1201 RXR Plaza
Uniondale, New York 11556
Telephone:  (516) 622-9200
Facsimile:  (516) 622-9212
*Attorneys for Defendants*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ................................................................................................................... 5

ARGUMENT ....................................................................................................................... 7

  I.   THE MOTIONS SHOULD BE DENIED BECAUSE PLAINTIFFS
       WILLFULLY VIOLATED THE COURT'S INDIVIDUAL RULES
       AND LOCAL RULES ................................................................................................ 7

  II.  PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DENIED ............... 8

     A.  Plaintiffs' Rehashed Arguments Should Be Rejected .................................... 9

     B.  The Court Did Not Overlook Allegations in Plaintiffs' Complaint .............................. 12

     C.  The Court Did Not Overlook Controlling Law .............................................. 14

     D.  Plaintiffs Fail to Submit, or Even Identify, Any Newly  Discovered Evidence
         That Would Change the Court's Outcome ...................................................... 17

  III.  KUMARAN'S *PRO SE* STATUS IS NOT A VALID BASIS TO
       ASSERT CLAIMS T HAT ARE BARRED AS A MATTER OF LAW OR TO BE
       GRANTED LEAVE TO AMEND ................................................................................ 20

CONCLUSION .................................................................................................................... 23

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*Allaire Corp. v. Okumus*,
  433 F.3d 248 (2d Cir. 2006) ............................................................................... 17

*Andrews v. Freemantlemedia N.A., Inc.*,
  2014 WL 6686590 (S.D.N.Y. Nov. 20, 2014)....................................................... 8

*Anwar v. Fairfield Greenwich Ltd.*,
  800 F. Supp. 2d 571 (S.D.N.Y. 2011) (denying motion........................................ 11

*Arnold v. Geary*,
  981 F. Supp. 2d 266 (2013) ................................................................................. 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 17

*Booker v. Griffin*,
  2019 WL 3423262 (S.D.N.Y. July 30, 2019)....................................................... 20

*Colodney v. Continuum Health Partners, Inc.*,
  2004 WL 1857568 (S.D.N.Y. Aug. 18, 2004)...................................................... 11

*Competex, S.A. v. Labow*,
  783 F.2d 333 (2d Cir. 1986) ................................................................................ 9

*Cuoco v. Moritsugu*,
  222 F.3d 99 (2d Cir. 2000) .................................................................................. 22

*Davidson v. Scully*,
  172 F. Supp. 2d 458 (S.D.N.Y. 2001) ............................................................ 11, 21

*Donovan v. Sovereign Sec., Ltd.*,
  726 F.2d 55 (2d Cir. 1984) .................................................................................. 9

*Edwards v. Sequoia Fund, Inc.*,
  938 F.3d 8 (2d Cir. 2019) ......................................................................... 13, 16, 17

*Faretta v. California*,
  422 U.S. 806 .......................................................................................................... 20

*In re Facebook, Inc., IPO Secs. & Derivative Litig.*,
  43 F. Supp. 3d 369 (S.D.N.Y. 2014) ............................................................... 8, 22

*Joseph v. Gnutti Carlo S.p.A.*,
  2016 WL 4764924 (S.D.N.Y. Sept. 12, 2016) ..................................................... 15

*Koch v. Pechota*,
   2014 WL 7271191 (S.D.N.Y. Dec. 22, 2014) ................................................ 8, 18

*Martinez v. Ravikumar*,
   536 F. Supp. 2d 369 (S.D.N.Y. 2008) ................................................ 21

*Medina v. United States*,
   2021 WL 663711 (S.D.N.Y. Feb. 18, 2021) ................................................ 22

*NEM Re Receivables, LLC v. Fortress Re, Inc.*,
   187 F. Supp. 3d 390 (S.D.N.Y. 2016) (denying motion ................................................ 17

*Next Commuc'ns, Inc. v. Viber Media, Inc.*,
   2016 WL 1275659 (S.D.N.Y. Mar. 30, 2016) ................................................ 15

*Nicaj v. City of New York*,
   282 F. Supp. 3d 708 (S.D.N.Y. 2017) ................................................ 17

*Pirela v. Miranda*,
   2016 WL 10570949 (S.D.N.Y. Nov. 21, 2016) ................................................ 20

*R.F.M.A.S., Inc. v. So*,
   640 F. Supp. 2d 506 (S.D.N.Y. 2009) ................................................ 9

*Rafter v. Liddle*,
   288 F. App'x 768 (2d Cir. 2008) ................................................ 18

*Related Companies, L.P. v. Ruthling*,
   2017 WL 6507759 (S.D.N.Y. Dec. 18, 2017) ................................................ 19

*Rishar v. United States*,
   632 F. App'x 50 (2d Cir. 2016) ................................................ 20, 21

*Saidin v. N.Y.C. Dep't of Educ.*,
   245 F.R.D. 175 (S.D.N.Y. 2007) ................................................ 11

*Smith v. N.Y.C. Dep't of Educ.*,
   524 F. App'x 730 (2d Cir. 2013) ................................................ 11

*Sullivan v. N.Y.C. Dep't of Investigation*,
   2016 WL 7106148 (S.D.N.Y. Dec. 6, 2016) ................................................ 8, 14, 15

*United States v. Billini*,
   2006 WL 3457834 (S.D.N.Y. Nov. 22, 2006) ................................................ 18

*United States v. Potamkin Cadillac Corp.*,
   697 F.2d 491 (2d Cir. 1983) ................................................ 18

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
   956 F.2d 1245 (2d Cir. 1992) ................................................ 9

*Westerly Elec. Corp. v. Walter Kidde & Co.*,
   367 F.2d 269 (2d Cir. 1966) ................................................................................ 18

<u>Rules</u>

FRCP 59(e) ........................................................................................ 1, 3, 5, 6, 8, 21

FRCP 60(a) .......................................................................................... 1, 3, 6, 7, 8

FRCP 60(b) ............................................................................. 1, 3, 6, 8, 17, 18, 20

Defendants Northland Energy Trading, LLC ("Northland"), Hedge Solutions, Inc. ("Hedge"), Richard M. Larkin ("Larkin"), Daniel Lothrop ("Lothrop") and Domenic Bramante ("Bramante") (collectively, "Defendants") respectfully submit this memorandum of law in opposition to the motion (the "Motion") filed by plaintiffs Samantha Siva Kumaran ("Kumaran") and The A Star Group, Inc. d/b/a Timetrics ("Timetrics") (together "Plaintiffs"), pursuant to Rules 59(e), 60(a) and/or 60(b) of the Federal Rules of Civil Procedure ("FRCP"), seeking to alter or amend the Judgment [ECF No. 126] and/or seeking relief from the Court's Opinion & Order Granting Motion to Dismiss [ECF No. 124] (the "Opinion" or "Op.").

## PRELIMINARY STATEMENT

In the Opinion dismissing Plaintiffs' First Amended Complaint (the "Complaint") with prejudice, the Court undertook a detailed review of Plaintiffs' factual allegations, noting that it accepted as true "all well-pleaded allegations and draws all reasonable inferences in Plaintiffs' favor." *See* Opinion at 2-7 and 9. The Court also noted the extensive briefing that was submitted in connection with the motion to dismiss. *See id.* at 8. Following comprehensive analysis, the Court concluded that all of Plaintiffs' claims were insufficiently pleaded and/or barred as a matter of law. The Opinion sets forth in detail the Court's reasoning for dismissing the claims in the Complaint, including that:

- "Plaintiffs' own allegations and admissions establish that "Plaintiffs ***waived*** any claim for breach of the Settlement Agreement ***as a matter of law***" (Op. at 11-13) (emphasis added);

- Plaintiffs' own allegations show that "the Agreement in Principle [the "AIP"] violates the Statute of Frauds" (*id*. at 13-16);

- The claims for fraudulent inducement to enter into the Settlement Agreement and the AIP are based on alleged promises to perform under the respective agreements, and

thus fail to state distinct causes of action and are impermissibly duplicative of the breach of contract claims (*id*. at 17-19);

- Pursuant to the broad, mutual release provisions in the Settlement Agreement, Plaintiffs ***released all claims*** that relate to alleged conduct that took place before the 2016 Settlement Agreement, including the claims for fraud, aiding and abetting fraud and breach of the Timetrics NDA (*id*. at 19-21);

- As to alleged conduct that took place after the Settlement Agreement, Plaintiffs' claims for fraud and aiding and abetting fraud fail with respect to defendants Northland, Hedge, Lothrop and Bramante because, among other reasons, Plaintiffs allege the exact opposite – that after the Settlement Agreement, "Larkin ***concealed*** the [AIP] from the management and employees at Northland and Hedge, including Lothrop and Bramante" (*id*. at 20).  The fraud claim against Larkin fails because it was not alleged with particularity and, in any event, is duplicative of the breach of the AIP claim and thus is not actionable as fraud (*id.* at 20-21).  "Plaintiffs offer no specific allegations about breach of the Timetrics NDA after the Settlement Agreement, and there is no reason for the Court to credit Plaintiffs' purely conclusory assertion that the Timetrics NDA somehow governed the disclosure of new information" (*id*. at 21-22);

- The federal and state law claims for misappropriation of trade secrets fail because Plaintiffs did not identify their alleged trade secrets with sufficient particularity. Instead, Plaintiffs used general terms and strings of synonyms and conclusorily stated that their "IP" is confidential and valuable.  The generalized language used in the Complaint is strikingly similar to language in other cases, which courts have repeatedly found to be insufficient (*id* at 22-24);

- the claim for breach of fiduciary duty fails because the purported duty was predicated on the AIP, which is void under the statute of frauds (*id*. at 24-25); and

- the remaining claims for misappropriation of confidential information, unjust enrichment, breach of covenant of good faith and fair dealing, promissory estoppel and misappropriation of Kumaran's skills and labor fail because they are entirely duplicative of the contract claims and the allegations do not support independent claims (*id*. at 25-26).

Now, Plaintiffs effectively seek reconsideration of the Court's Opinion because, not surprisingly, Plaintiffs ***disagree*** with the Court's conclusions.  However, Plaintiffs fail to show material facts or controlling law the Court overlooked, an intervening change in controlling law, the availability of new evidence, clear error or manifest injustice, as required under FRCP 59(e), 60(a) and 60(b).  Instead, Plaintiffs malign the Court's well-reasoned Opinion as "a mish-mash of arguments" (ECF No. 129 at 20), and spend ***68 pages*** of briefing ***rehashing the same arguments*** that were already raised and rejected in opposition to Defendants' motion to dismiss. As a matter of well-settled law, a party's disagreement with the Court's conclusions is a not valid basis for reconsideration, and a motion for under FRCP 59(e) and 60 is not a vehicle to repeat the same arguments that were previously raised and rejected.

Plaintiffs' Motion fails to identify controlling law that was overlooked by the Court. Instead, Plaintiffs cite a litany of non-binding cases, including cases from other district courts and in other jurisdictions, such as California state court.  The cited cases are inapplicable here and/or do not support Plaintiffs' arguments.  Plaintiffs do not point to any – and there is no – controlling authority that the Court overlooked and/or that would change the outcome of the Opinion.

Plaintiffs' Motion also does not identify material facts (or allegations) overlooked by the Court.  Instead, Plaintiffs speculate that the Court must have overlooked "facts" insofar as the

Opinion does not cite to every paragraph of the 320-paragraph Complaint.  Of course, the Court is not required to cite every single allegation that is insufficiently pleaded or that supports the dismissal.  The Court's thorough and well-reasoned Opinion summarized, in detail, Plaintiffs' material allegations, accepted the Complaint's well-pled allegations as true, and viewed the allegations in a light most favorable to Plaintiffs, as required on a motion to dismiss.  *See* Op. at 8-9.  The Court also "*carefully reviewed all of the allegations in the First Amended Complaint.*"  *See id.* at 12-13 (emphasis added).  Plaintiffs' *disagreement* with the Court's application of the well-settled standards for motions to dismiss is not a valid basis for reconsideration.

Plaintiffs also fail to submit any newly discovered evidence that would have changed the outcome of the Opinion.  Instead, Plaintiffs vaguely assert that Defendants have produced over 900 pages of documents in discovery that purportedly substantiate the allegations in the Complaint.  However, the grounds on which the Complaint was dismissed (such as waiver, release, and duplicative claims) cannot be cured by purportedly "newly discovered evidence."  Moreover, a substantial portion (if not the large majority) of the documents Plaintiffs point to are emails between Plaintiffs and Defendants.  Thus, Plaintiffs already had these emails in their possession – there is nothing "new" about them.

Plaintiffs attempt to use Kumaran's *pro se* status as a sword, arguing that the Court committed "clear error" by not giving her proper deference.  Plaintiffs argue that because Kumaran is *pro se*, they should have been given wide latitude to raise new allegations in opposition to Defendants' motion to dismiss that are inconsistent with the allegations in the Complaint; should have been given leave to file a *third* complaint in this action; and should be allowed to flout the Court's rules on page limits, margins and line spacing in memoranda of law.  It is true that *pro se* litigants are typically given leniency, which Kumaran has been given throughout this case.  It equally well settled that being *pro se* is not a free pass to assert claims

that are barred as a matter of law and/or that are not supported by sufficiently pleaded allegations, and to otherwise ignore the Court's substantive and procedural rules. Moreover, here, the corporate entity, Timetrics, is represented by counsel. Notwithstanding Plaintiff Kumaran's *pro se* status, ***on the merits***, Plaintiffs fail to satisfy their heavy burden under FRCP 59(e) and 60.

Finally, Plaintiffs contend that due to Kumaran's status as a *pro se* litigant, both Plaintiffs should have been given leave to replead their claims. However, Plaintiffs have already amended their complaint once as of right, the result of which was the 69-page, 320-paragraph Complaint that was the subject of the Motion to Dismiss. In the face of this extensive pleading that ultimately failed to state a single viable claim, Plaintiffs have not provided the Court with any additional allegations that would yield a different result. There is no reason to believe that Plaintiffs could – in good faith – replead their claims a ***third time*** to state a viable claim. As such, amending the Complaint yet again would be futile. Accordingly, the Court properly exercised its discretion in denying leave to replead.

## **BACKGROUND**

On September 9, 2019, Plaintiffs – including the corporate entity Timetrics – brought this action *pro se*. ECF No. 1. On December 20, 2019, the Court directed that if Timetrics "wishes to proceed as a plaintiff in this case on any claim being asserted in its own right, ***it will need to obtain representation by counsel in order to do so***." ECF No. 23 (emphasis added).

Thereafter, in the face of the Court's admonition that Timetrics must be represented by counsel, on December 26, 2019, Plaintiffs filed a First Amended Complaint (the "Complaint") in which ***Timetrics again improperly asserted claims pro se***. ECF No. 26.

On July 9, 2020, Defendants filed a motion to dismiss the Complaint in its entirety with prejudice. ECF Nos. 63-65. On July 17, 2020 (***seven months*** after the Court first directed Timetrics to retain counsel), counsel filed notices of appearance on behalf of Timetrics for the

first time.  ECF Nos. 68-69.  On September 8, 2020, Plaintiffs opposed Defendants' *single* motion to dismiss by filing *three* separate memoranda of law, each exceeding 25 pages.  ECF Nos. 74-76.[1]

In the meantime, on July 14, 2020, Defendants filed a letter motion seeking leave to stay discovery pending decision on the motion to dismiss.  ECF No. 66.  That request was denied.  ECF No. 67.  Thereafter, the parties engaged in discovery, which included the exchange of extensive document requests, interrogatories, and requests for admission.  Plaintiffs' overbroad claims of protectable "trade secrets" led to disputes over the protective order that resulted in motion practice and other discovery disputes that required Court intervention.  *See, e.g.*, ECF Nos. 84-86, 90-99, 101, 105, 106, 116, 117.  *Defendants* produced written responses to document requests and thousands of pages documents.  Plaintiffs, however, did not produce written responses or a single document.

On February 26, 2021, the Court granted Defendants' motion to dismiss in its entirety and dismissed all claims against Defendants with prejudice.  ECF No. 124.  The Opinion, spanning 26 pages, summarized the Complaint's material allegations and provided reasoned analysis for the dismissal of each claim asserted in the Complaint (as discussed above).

On March 26, 2021, Plaintiffs filed a *single* motion under FRCP 59(e), 60(a), and 60(b).  However, in a transparent attempt to *double* the page limitation, each Plaintiff (Kumaran and Timetrics) submitted separate memorandum of law briefing different claims.  ECF Nos. 127-30.  Kumaran's memorandum of law is 31 pages long, has 0.6 inch margins, and has less than double spacing.  ECF No. 128 ("Kumaran Mem.").  Timetrics' memorandum of law is 27 pages long, has 0.6 inch margins and has less than double spacing.  ECF No. 129 ("Timetrics Mem.").  Plaintiffs also submitted a "Joint Motion," which is nearly 10 pages long, and similarly has 0.6

---

[1] Plaintiffs improperly exceeded the 25-page limit without leave of Court.  After Plaintiffs filed their oversized memoranda, the Court granted Plaintiffs leave to file excess pages *nunc pro tunc*.  ECF No. 78.

inch margins and has less than double spacing   ECF No. 127.  Plaintiffs filed their papers without seeking leave to file pages in excess of the Court's 25-page limitation.

On March 27, 2021, Plaintiffs filed Notices of Appeal from the Opinion dismissing the Complaint.  ECF Nos. 131-32.[2]

On April 6, 2021 (**eleven days** after they filed the Motion), Kumaran – purportedly on behalf of the "*Pro-Se* Plaintiffs" (even though Timetrics is represented by counsel) – filed a letter motion seeking leave to file excess pages for the already-filed memoranda in support of their motion for reconsideration.  ECF No. 133.  Counsel for Timetrics has not filed any request for leave to file excess pages, and the Court has not granted Plaintiffs' request to file excess pages.

## ARGUMENT

## I.    THE MOTIONS SHOULD BE DENIED BECAUSE PLAINTIFFS WILLFULLY VIOLATED THE COURT'S INDIVIDUAL RULES AND THE S.D.N.Y. LOCAL RULES

Respectfully, the Motion should be denied because Plaintiffs willfully and repeatedly ignore the Court's Individual Rules and the S.D.N.Y.'s Local Rules concerning page limits, line spacing and margins.  This Court's Individual Rule 4.A.3 provides that memoranda of law "are limited to 25 pages" and "shall be . . . double-spaced."   The same Rule also provides that "margins, and spacing of motion papers must confirm to Local Rule 11.1."  S.D.N.Y. Local Rule 11.1 requires documents filed with the Court to have "at least one-inch margins on all sides."

Here, even assuming that it was proper and not a waste of judicial resources for Plaintiffs to file a 10-page "joint motion" and two separate memoranda of law, those papers (68 pages of briefing in total) far exceed the 25-page limit.  Plaintiffs' memoranda also violate the margin limit by having 0.6 inch margins and violate the double-space requirement by squeezing at least 29 lines on a page, when a properly double spaced page should have 23 lines (*compare*

---

[2] Under FRCP 60(a), "after an appeal has been docketed in the appellate court and while it is pending" a "mistake" under Rule 60 (*i.e.*, "a clerical mistake or a mistake arising from oversight or omission" in a judgment or order) "may be corrected [by the District Court] only with the appellate court's leave."  FRCP 60(a).

Timetrics' Mem. at 24, *with* Op. at 3). Plaintiffs blatantly manipulated the page formatting and flouted the Court's rules to give themselves ***well over 68 pages*** of briefing when the line spacing and margin violations are factored in. Defendants are prejudiced by these violations because they must spend more attorney time and incur additional cost analyzing the additional pages and, yet, still have to adhere to the 25-page limit for the opposition papers. In these circumstances, Plaintiffs' Motion can be stricken based solely on their repeated and willful violations of the Court's Rules. *See, e.g.*, *Andrews v. Freemantlemedia N.A., Inc.*, No. 13 Civ. 5174, 2014 WL 6686590, at *15 (S.D.N.Y. Nov. 20, 2014) (striking motions because "rather than a technical error, the failure to comply with our Individual Rules represented little more than a 'blatant end-run' around our page limitations").

## II.   <u>PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DENIED</u>

Even if the Court accepts Plaintiffs' improper filing of 68 manipulated pages of briefing, Plaintiffs' Motion should be denied because it is without merit. Motions to alter or amend a judgment under FRCP 59(e) and for relief from judgment under FRCP 60(b) are treated as motions for reconsideration.[3] "The standards governing motions under . . . Fed.R.Civ.P. 59(e) and 60(b) are the same . . . ." *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014). "A motion for reconsideration under these rules is not a 'second bite at the apple' for a party dissatisfied with a court's ruling." *Sullivan v. N.Y.C. Dep't of Investigation*, No. 12-cv-2564, 2016 WL 7106148, at *3 (S.D.N.Y. Dec. 6, 2016) (internal quotation marks omitted). "In general, motions for relief from judgment are not favored and are properly granted only upon a showing of exceptional circumstances." *Koch v. Pechota*, No. 10 Civ. 9152(RWS), 2014 WL 7271191, at *1 (S.D.N.Y. Dec. 22, 2014). "Reconsideration of a

---

[3] Plaintiffs also bring the Motion under FRCP 60(a), which is the Rule to correct clerical errors. However, "Rule 60(a) cannot apply here because plaintiff has not alleged that the court made a clerical error. In her motion for reconsideration, plaintiff argues that the court reached incorrect legal conclusions because the court ignored or misinterpreted the facts. These arguments fall more in line with Rule 60(b) . . . ." *Sullivan v. N.Y.C. Dep't of Investigation*, No. 12-cv-2564, 2016 WL 7106148, at *2 (S.D.N.Y. Dec. 6, 2016).

previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *R.F.M.A.S., Inc. v. So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).

"The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).  The Motion "must demonstrate controlling law or factual matters put before the Court in its decision on the underlying matter that the movant believes the Court overlooked and that might reasonably be expected to alter the conclusion reached by the Court." *R.F.M.A.S.*, 640 F. Supp. 2d at 509.  As such, a motion for reconsideration "is not a substitute for appeal." *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986).  Rather, "[t]he reconsideration rule must be ***narrowly construed*** and ***strictly applied*** so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Arnold v. Geary*, 981 F. Supp. 2d 266, 269 (2013) (emphasis added, internal quotation marks omitted).

### A.   Plaintiffs' Rehashed Arguments Should Be Rejected

Plaintiffs' briefing simply rehashes the arguments they already raised in their ***86 pages*** of briefing in opposition to Defendants' motion to dismiss.  As a matter of law, parties "may not use [motions for reconsideration] simply to relitigate matters settled by the original judgment." *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 61 (2d Cir. 1984).

Here, as they did in opposition to Defendants' motion to dismiss, Plaintiffs ***again*** argue that:

- the Complaint sufficiently describes a "trade secret" to support their claims for misappropriation of trade secrets (*compare* Kumaran Mem. at 2-8, *with* ECF No. 73 at 19-22);

- the AIP was not an "oral" agreement (*compare* Kumaran Mem. at 9-10, *with* ECF No. 74 at 6-8);

- certain unidentified emails satisfy the Statute of Frauds (*compare* Kumaran Mem. at 11, *with* ECF No. ECF No. 74 at 6-8);

- under Delaware law, the AIP need not be in a writing that satisfies the Delaware statute of frauds (*compare* Kumaran Mem. at 12-13, *with* ECF No. 74 at 5-6);

- Larkin owes Plaintiffs a fiduciary duty as an alleged "manager" and "principal" of a "Delaware LLC" (*compare* Kumaran Mem. at 15-16, *with* ECF No.74 at 12-14);

- Plaintiffs did not waive Defendants' alleged breach of the Settlement Agreement because Plaintiffs purportedly gave Defendants notice of their alleged breach (*compare* Kumaran Mem. at 16-18, *with* ECF No. 73 at 2-5);

- Plaintiffs were fraudulently induced into the AIP because Defendants had no intention of performing (*compare* Kumaran Mem. at 21-24, *with* ECF No. 75 at 15);

- Plaintiffs' quasi-contractual and unfair competition claims are not duplicative of their breach of contract claims insofar as they were purportedly pled in the alternative to the breach of contract claims (*compare* Kumaran Mem. at 25-31, *with* ECF No. 74 at 14-28);

- Plaintiffs were fraudulently induced into the Settlement Agreement by Defendants' misrepresentations that they did not retain Plaintiffs' "IP" (*compare* Timetrics Mem. at 3-9, *with* ECF No. 73 at 13);

- the Settlement Agreement did not release unknown claims (*compare* Timetrics Mem. at 11-16, *with* ECF No. 73 at 24-28);

- in addition to Larkin, the other Defendants also engaged in post-settlement "fraud" (*compare* Timetrics Mem. at 16-20, *with* ECF No. 75 at 15-23); and

- Defendants' alleged post-settlement use of Plaintiffs' IP was a breach of the Timetrics' NDA and such claim was not released by the Settlement Agreement (*compare* Timetrics Mem. at 20-27, *with* ECF No. 73 at 13-14).

Plaintiffs raised all of these arguments in opposition to Defendants' motion to dismiss. As a matter of law, Plaintiffs cannot rehash these same arguments in their motion for reconsideration. *See, e.g.*, *Smith v. N.Y.C. Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) (denying reconsideration where movant "simply rehashed his prior arguments that had been considered by the court"); *Saidin v. N.Y.C. Dep't of Educ.*, 245 F.R.D. 175, 176 (S.D.N.Y. 2007) ("Saidin urges reconsideration on the basis of the same arguments that were raised in the original pleadings and in Saidin's opposition to Defendants' motions to dismiss."); *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 573 (S.D.N.Y. 2011) (denying motion where movant "urges reconsideration on the basis of essentially the same arguments that were raised in briefing on the original motion to dismiss").

At its core, the Motion is based on Plaintiffs' ***disagreement*** with the Court's conclusion. Their mere disagreement, however, is not a valid ground for reconsideration. *See, e.g.*, *Davidson v. Scully*, 172 F. Supp. 2d 458, 464 (S.D.N.Y. 2001) ("In short, plaintiff's arguments amount to nothing more than a disagreement between an understandably disappointed litigant and the court.") (internal quotation marks omitted); *Colodney v. Continuum Health Partners, Inc.*, No. 03 Civ. 7276, 2004 WL 1857568, at *3 (S.D.N.Y. Aug. 18, 2004) ("The gravamen of [Plaintiff's] request for reconsideration appears to be his disagreement with the manner in which his pleadings were construed.  A motion for reconsideration cannot be granted, however, solely on a party's disagreement with the Court's ruling.").  Accordingly, to the extent Plaintiffs' Motion is based on rehashed arguments, the Motion should be denied.

**B.**     **The Court Did Not Overlook Allegations in Plaintiffs' Complaint**

Plaintiffs contend that by not citing to every paragraph in the Complaint, the Court purportedly "overlooked" material allegations.  To the contrary, the Court expressly stated that it "***has carefully reviewed all of the allegations in the First Amended Complaint***."  *See* Op. at 12-13 (emphasis added).  Thus, in deciding the Motion to Dismiss, the Court either expressly considered the purportedly "overlooked" allegations or such allegations would not have changed the outcome of the Opinion.

Plaintiffs contend that "the Court omits the facts that Losses were" caused by Defendants themselves and not by Plaintiffs.  Timetrics Mem. at 23.  However, the Court expressly noted the Complaint's allegations that Plaintiffs were not to blame for Northland's losses.  Op. at 3 ("Lothrop and Bramante intentionally 'sabotage[d] the results' of Plaintiffs' software and strategies," which allegedly "caused significant losses and damages to Defendant[s'] business.").

Plaintiffs also contend that "the Court incorrectly bundles the Timetrics NDA into the 'Pre-Release Agreements' of the Settlement" and "ignores the fact that the Timetrics NDA was expressly not terminated by the [Settlement Agreement]."  Timetrics Mem. at 25.  To the contrary, the Court expressly noted that the Settlement Agreement "did not terminate the Timetrics NDA." Op. at 4.

Additionally, Plaintiffs contend that the Court purportedly overlooked the fact that the Settlement Agreement provides – in the present tense – that "Defendant[s] ***do not have*** in their possession Timetrics Software" and Defendants "'***are not using***' [Plaintiffs'] strategies to improve their hedging revenue" and therefore erroneously found that the Settlement Agreement does not contain any misrepresentation of present fact to support a fraud claim.  Timetrics Mem. at 3.  Again, to the contrary, the Court ***directly quoted*** the Settlement Agreement's provision that Defendants "***are not using*** . . . any strategies learned from the trading recommendations from the

Timetrics Software."  Op. at 4 (emphasis added).  As such, the Court plainly did not "overlook" the Settlement Agreement's use of the present tense as Plaintiffs erroneously contend.

Plaintiffs also contend that the Court "excludes the words . . . 'manager' and 'principal'" and therefore erroneously concluded that Larkin does not owe fiduciary duties as an alleged minority member of Kumaran's "Delaware LLC."  Kumaran Mem. at 15.  However, the Court expressly noted that the Complaint alleges that "Larkin would also 'become a ***princip[al]*** [sic] and ***fiduciary***'" of Kumaran's "Delaware LLC."  Op. at 6 (emphasis added).  Accordingly, the Court plainly did not overlook the Complaint's conclusory allegation that as an alleged "principal," Larkin owed fiduciary duties.  Of course, on a motion to dismiss, the Court is not required to accept conclusory legal conclusions as true.  *Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019).  As such, the Court was not required to blindly accept Plaintiffs' allegation that Larkin owed fiduciary duties as an alleged "principal."

Plaintiffs also repeatedly argue that the Court "overlooked" allegations insofar as the Opinion does not cite to particular paragraph numbers in certain places.  *See, e.g.*, Kumaran Mem. at 19 (arguing that the Court's Opinion "fails to include all the facts in the Complaint"); *id.* at 4 ("the Court overlooked well-pled facts in its entirety ¶56-¶58, ¶76, and ¶173"); *id.* at 5 ("the Court made a clear mistake, to only refer to ¶15 and ¶48, it ignored (overlooked) . . . other paragraphs (¶4-7,¶47-48,¶50-51,¶74-76, ¶56-¶58, ¶84-85, ¶53, ¶173)"); *id.* at 6 ("the Court did not include the facts that defined models, methodologies (¶7,¶77), features ¶172-¶174, ¶259), graphical designs (¶56,¶74,¶76)"); *id.* ("The Court also made a material omission of fact (error) in ignoring key paragraphs ¶7, ¶8, ¶84, ¶89, ¶173"); *id.* ("The FAC clearly alleges, with sufficient facts that the agreement was subscribed to with several emails memorializing key terms (See (¶139, ¶143, ¶151, ¶155, ¶160, ¶164, ¶172, ¶176, ¶181, ¶193, ¶200, ¶279)."); *id.* at 16 (arguing that the Court erred by "overlooking the other facts and allegations in the Complaint" in "¶144¶146,¶151-¶152" and "ignoring other material facts in the Complaint, that show the issue

13

of waiver was a disputed fact, rendering any ruling of this premature. (See ¶192, ¶196, ¶199-¶202)").

However, Plaintiffs cannot satisfy their heavy burden of showing that the Court "overlooked" material facts by stringing together long lists of paragraph numbers that were not expressly cited in the Opinion. *See Sullivan v. N.Y.C. Dep't of Investigation*, No. 12-cv-2564, 2016 WL 7106148, at *3 (S.D.N.Y. Dec. 6, 2016) ("Although plaintiff points out facts not specifically mentioned in the court's opinion granting summary judgment to defendants, the court considered these facts in the light most favorable to plaintiff but nonetheless found that defendants were entitled to judgment as a matter of law."). In short, Plaintiffs have failed to show that the Court overlooked any facts that might reasonably be expected to alter the outcome. Accordingly, Plaintiffs' motion for reconsideration should be denied for this additional reason.

### C.     The Court Did Not Overlook Controlling Law

Plaintiffs repeatedly contend that the Court "overlooked" purportedly "controlling" law. However, the "law" that Plaintiffs point to are non-binding decisions, including from other jurisdictions, most of which are inapplicable and/or do not support the points Plaintiffs are attempting to argue. For instance, the Timetrics brief contends that the Court overlooked "controlling precedent" purportedly holding that unknown fraud claims cannot be released, but then cites to five California state court cases in support. Timetrics Mem. at 16. Moreover, contrary to Plaintiffs' contentions, under the New York cases cited by Plaintiffs on this issue, there is no blanket rule that unknown fraud claims cannot be released. Each of the cases cited by Plaintiffs carefully review the ***contractual language*** to determine the scope of the release – just as the Court did here.

Similarly, the Timetrics brief argues that "Courts in this District have held that if 'terms' or 'provisions' or 'definitions' were not even in existence at the time of the Settlement, (as the Court admits) fraud related to them is not release[d]. The Court overlooked this controlling

precedent." Timetrics Mem. at 15. But the purportedly "controlling precedent" cited by Timetrics' "counsel" is an ***unpublished district court case*** that plainly is not "controlling." *Id.* (citing *Joseph v. Gnutti Carlo S.p.A.*, No. 15-CV-8910, 2016 WL 4764924, at *5 (S.D.N.Y. Sept. 12, 2016)). Moreover, that case is inapposite. In *Joseph*, the court found that a release was ambiguous as to whether it included a "UK VAT Amount" because "the Settlement Agreement does not expressly mention the UK VAT Amount." *Joseph*, 2016 WL 4764924, at *4. Here, however, Plaintiffs argue that the release does not include claims related to the "OBT Book" insofar as "the OBT Book was certainly not the subject of [] what was asserted in the prior Lawsuit . . . as it was not 'named' or 'defined' in the release." Timetrics Mem. at 14. That argument fails because Plaintiffs specifically allege that the "OBT Book" constitutes Plaintiffs' "trade secrets" which specifically were "named" and "defined" in the release. As such, Plaintiffs cannot credibly contend that the OBT Book was not "contemplated" or otherwise mentioned in the broad release set forth in the Settlement Agreement.

Plaintiffs further argue that under "controlling precedent," the Complaint's description of Plaintiffs' alleged "trade secrets" was "sufficient to meet the notice pleading standards for trade secrets." Kumaran Mem. at 4. However, the unpublished district court case that Plaintiffs cite for that proposition expressly provides that "**New York and Second Circuit law establish that compilation trade secrets are protectable but ... the law requires the trade secret claimant to *describe the secret with sufficient specificity*.**" *Next Commuc'ns, Inc. v. Viber Media, Inc.*, No. 14-cv-8190, 2016 WL 1275659 (S.D.N.Y. Mar. 30, 2016) (italics in original; bold emphasis added). As such, even under the purportedly "controlling" precedent Plaintiffs rely on, the Complaint's vague and general description of their alleged "trade secrets" is insufficient to survive a motion to dismiss.

Additionally, Plaintiffs contend that the Court failed to "apply controlling precedent under New York law" holding that emails may satisfy the Statute of Frauds. Kumaran Mem. at

15

10.  However, the cases cited by Plaintiffs also specifically hold that in order for an email to satisfy the Statute of Frauds, it must also be subscribed by the party to be charged.  In this action, however, the Complaint expressly alleges that Larkin *did not sign* the alleged AIP.  *See* Op. at 14-15 (quoting Compl. ¶ 282 (alleging that the parties never "signed" a written agreement reflecting the alleged Agreement in Principle); *id.* ¶ 201 (alleging that Larkin "blanket *refused to sign* and agree to any terms") (emphasis added).  The Complaint plainly does not allege that the emails allegedly forming the AIP were subscribed by the party to be charged.  Accordingly, even under the case law Plaintiffs point to, the alleged AIP violates the Statute of Frauds.

Plaintiffs also repeatedly contend that the Court overlooked the well-settled standards for motions to dismiss, which required that the Court accept the well-pled allegations as true and view the allegations in a light most favorable to plaintiff.  *See, e.g.*, Kumaran Mem. at 1 ("the Court did not apply the 12(b)(6) standards to accept all facts as true, to draw all inferences in favor of Plaintiffs"); *id.* at 12 ("It also fails to accept facts as true in the Complaint (drawing all inferences in favor of Plaintiff) which is standard under a 12 (b)(6) that the parties agreed to Delaware LLC hedge fund."); Timetrics Mem. at 21 ("Among other mistakes, the Court finds one paragraph ¶202 that it admits pled breach of the NDA but then fails to apply the relevant standards to accept all facts as true"); *id.* at 22 ("The Court, then wholly ignores primary standards required under a Rule 12(b)(6) and fails to accept as true the well pled allegations in the FAC and then does not apply these."); *id.* at 24 ("The Court fails to abide by the strict standards under a Motion to Dismiss 12(b)(6) to 'invent words' like 'immediate' and not accept all factual allegations as true and not draw all inferences in favor of Plaintiffs."); *id.* at 25 ("The Court erred in law to not apply the standards of the Motion to Dismiss in the assumption that all the allegations in the complaint are true (even if doubtful in fact)").

However, the Court did not "overlook" the well-settled standards on a motion to dismiss. In fact, on the *first page* of the Opinion, the Court notes that "[f]or purposes of a motion to

dismiss we must take all of the factual allegations in the complaint as true."  Op. at 1 n.1 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court then reiterates that it "accepts all well-pled factual allegations and draws all reasonable inferences in Plaintiffs' favor."  *Id.* at 9 (citing *Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006)).  Accordingly, Plaintiffs have failed to show that the Court "overlooked" the controlling standard for motions to dismiss.

The bottom line is that the Court did not "overlook" any controlling authority.  In fact, other than to repeat the mantra that the Court "overlooked" controlling precedent, Plaintiffs fail to identify any legal principles cited by the Court that are incorrect or otherwise contrary to controlling authority.  *See Nicaj v. City of New York*, 282 F. Supp. 3d 708, 714 (S.D.N.Y. 2017) (denying motion for reconsideration where movant "has pointed to no applicable law that the Court overlooked"); *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 396 (S.D.N.Y. 2016) (denying motion where movant "cites no controlling law overlooked by the Court").  Accordingly, Plaintiffs' Motion on the basis of purportedly overlooked controlling law should be denied.

**D.     Plaintiffs Fail to Submit, or Even Identify, Any Newly Discovered Evidence That Would Change the Outcome**

Plaintiffs vaguely contend that "Defendants have produced over 952 pages of Bate-Stamped documents" that purportedly constitute "newly discovered evidence" under FRCP 60(b)(2) that would support their claims that:

- there are "writings of emails" that are somehow "sufficient to overcome the statute of frauds" (Kumaran Mem. at 13; Timetrics Mem. at 17);

- "Larkin was a member of the LLC" as purportedly evidenced by "documents produced in discovery with his signature on those checks" (Kumaran Mem. at 14);

- Plaintiffs were fraudulently induced into the AIP, as purportedly evidenced by "the new evidence adduced in discovery, and facts showing that all payments

17

going out of the company had to be signed by Domenic Bramante" (Kumaran Mem. at 25);

- "Defendants knew (and made misrepresentations of present fact) they had in their possession, Timetrics IP and Software," as purportedly evidenced by "[t]he new information adduced in discovery" (Timetrics Mem. at 6, 11); and

- Plaintiffs somehow have viable "quasi contract claims such as AIP," as purportedly evidenced by "952 pages of documents that show the parties (including those produced in discovery) [sic]" (Kumaran Mem. at 29).

"Rule 60(b)(2) allows a Court to relieve a party from a final judgment due to newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move to amend the judgment." *Koch v. Pechota*, No. 10 Civ. 9152(RWS), 2014 WL 7271191, at *1 (S.D.N.Y. Dec. 22, 2014) (internal quotation marks omitted).   To obtain relief from a judgment pursuant to Rule 60(b)(2), "the movant must have been justifiably ignorant of [the new evidence] despite due diligence" and "the evidence must be admissible and of such importance that it probably would have changed the outcome." *Id.*  In order to succeed on a motion pursuant to Rule 60(b)(2), the movant must **present evidence** . . . ."  *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) (emphasis added) (quoting *Westerly Elec. Corp. v. Walter Kidde & Co.*, 367 F.2d 269, 270 (2d Cir. 1966)).   In other words, it is not enough to merely claim the existence of newly-discovered evidence – such evidence must be **presented to the Court**.   See *United States v. Billini*, No. 99 CR. 156(JGK), 2006 WL 3457834, at *5 (S.D.N.Y. Nov. 22, 2006) (denying relief from judgment where movant "failed to produce highly convincing evidence").

Here, Plaintiffs do not submit any "newly discovered evidence" in support of their motion under FRCP 60(b).   Plaintiffs do not even describe the substance of this "newly discovered evidence" to show how such "evidence" would support their claims.   See *Rafter v.*

*Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (holding that on a motion for reconsideration, courts should "not consider facts ***not in the record*** to be facts that the court 'overlooked.'") (emphasis added).

For instance, while claiming that Defendants produced "writings" that would satisfy the Statute of Frauds (Kumaran Mem. at 13; Timetrics Mem. at 17), Plaintiffs fail to identify what those writings are, whether the writings were signed, who signed the alleged writings, or what contractual obligations (if any) these alleged writings impose. Moreover, to the extent the Plaintiffs are alleging that these "writings" memorialize the AIP, Plaintiffs – as the alleged counterparties of the AIP – already had these "writings" in their possession, custody and control before Defendants produced them in discovery. As such, Plaintiffs cannot legitimately contend that these unidentified writings are "newly discovered evidence."

Plaintiff also fail to submit, let alone describe, the purportedly "newly discovered evidence" of alleged "checks" signed by Larkin that would somehow prove that he was "a member of the LLC." (Kumaran Mem. at 14). In any event, the Complaint already alleges that Larkin was a ***minority*** member of the LLC. As a matter of law, such minority members do not owe fiduciary duties. *Related Companies, L.P. v. Ruthling*, No. 17-CV-4175, 2017 WL 6507759, at *23 (S.D.N.Y. Dec. 18, 2017) ("minority members of the LLC do not owe fiduciary duties"). Tellingly, Kumaran does not – and cannot – explain how these alleged "checks" would otherwise impose a fiduciary duty on Larkin as a minority member. Moreover, the alleged "checks" were, most likely, already in Plaintiffs' possession, and thus there is nothing "new" about them. Accordingly, even if Kumaran had submitted these "checks" in support of her motion, such purportedly "newly discovered evidence" would not have changed the result.

A substantial portion of discovery produced by Defendants – including the discovery described above – includes emails and documents that were exchanged between Plaintiffs and

Defendants.   Thus, Plaintiffs had these documents in their possession when they filed the Complaint – and there is nothing "new" about the supposed evidence Plaintiffs claim to have.

Plaintiffs also contend that there is "newly discovered evidence" in Defendants' purported "admissions in interrogatories."  ECF No. 127 at 5.  However, when the Court granted Defendants' motion to dismiss, the parties had not yet exchanged responses to interrogatories. As such, at the time the Court granted the motion, there could not have been any "newly discovered evidence" in Defendants' non-existent interrogatory responses.

*Importantly, the grounds on which the Complaint was dismissed (such as waiver, release and duplicative claims) cannot be cured by purportedly "newly discovered evidence."* In any event, Plaintiffs have not submitted any "newly discovered evidence" in support of their motions for reconsideration, and they have failed to satisfy their heavy burden under FRCP 60(b).

## III.    KUMARAN'S *PRO SE* STATUS IS NOT A VALID BASIS TO ASSERT CLAIMS THAT ARE BARRED AS A MATTER OF LAW OR TO BE GRANTED LEAVE TO AMEND

Plaintiffs repeat the mantra of Kumaran's *pro se* status no fewer than *59 times*, as though being *pro se* somehow requires the Court to turn a blind eye to the sufficiency of the allegations in the Complaint.  However, as the Supreme Court has held, "[t]he right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975).

As the Second Circuit has held, "even when read with the 'special solicitude' due pro se pleadings, [plaintiff's] allegations [cannot] rise to the level of irrational or wholly incredible." *Rishar v. United States*, 632 F. App'x 50, 51 (2d Cir. 2016) (internal citation omitted); *accord Pirela v. Miranda*, No. 16-CV-8135, 2016 WL 10570949, at *1 (S.D.N.Y. Nov. 21, 2016) (same); *Booker v. Griffin*, No. 16-CV-00072, 2019 WL 3423262, at *3 (S.D.N.Y. July 30, 2019) ("[P]laintiffs, *including those proceeding pro se*, must provide factual allegations which raise

their right to relief above a speculative level.") (emphasis added); *Martinez v. Ravikumar*, 536 F.

Supp. 2d 369, 370 (S.D.N.Y. 2008) ("[E]ven pro se plaintiffs cannot withstand a motion to

dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief

above the speculative level.'").

Here, banging the drumbeat of being *pro se* does not make up for the inadequacy of the

allegations in the Complaint, particularly where, as here, many of the claims were found to be

***barred as a matter of law***.  In fact, as the Court noted on December 20, 2019 (and several times

afterward), Kumaran improperly asserted *pro se* claims on behalf of Timetrics.  ECF No. 23.

Kumaran then delayed retaining counsel for Timetrics for seven months.  ECF Nos. 68-69.

***Importantly, Timetrics was represented by counsel when Plaintiffs filed their opposition to the***

***motion to dismiss***.

Kumaran's *pro se* status is not a free pass to undo the Court's well-reasoned Opinion.

Just because Plaintiffs ***disagree*** with the outcome, they cannot use Kumaran's *pro se* status to

change that outcome.  *See Davidson v. Scully*, 172 F. Supp. 2d 458, 464 (S.D.N.Y. 2001)

("Although [*pro se*] plaintiff might see this motion as a way to vent his frustration and point out

where he believes the Court erred in its reasoning, that is not the purpose of a Rule 59(e) motion

for reconsideration.").[4]

Plaintiffs also cannot use Kumaran's *pro se* status to undo the Court's valid exercise of

discretion in denying Plaintiffs leave to amend.  Plaintiffs have failed to identify any new

allegations that would change the Court's determination that they cannot state a claim.  *See*

*Rishar v. United States*, 632 F. App'x 50, 51 (2d Cir. 2016) ("because there is no reason to think

that a valid claim might be stated [by the *pro se* plaintiff], the district court's denial [of

---

[4] Notably, Kumaran is well-versed in *pro se* litigation.  In the past year alone, she has filed at least three other actions in the Southern District of New York.  Additionally, as the Court noted in the Opinion, in 2014, Kumaran brought an action against another former business partner asserting similar claims for, among other things, breach of contract, misappropriation of trade secrets, and unjust enrichment.  The court in that case likewise found that Kumaran failed to state a claim on which relief could be granted.  *See* Op. at 23 n. 2.

reconsideration] without leave to amend was appropriate"); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [*pro se* plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). Indeed, it is well settled that courts "generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but ***leave to amend is not required*** *where it* ***would be futile***." *Medina v. United States*, No. 21-CV-1427 (CM), 2021 WL 663711, at *2 (S.D.N.Y. Feb. 18, 2021) (emphasis added).

In its brief, Timetrics incorrectly asserts that "no proper amendment of right was granted" (Timetrics Mem. at 1). To the contrary, the Complaint that was the subject of the motion to dismiss is Plaintiffs' ***amended*** complaint as of right.

Plaintiffs repeatedly contend that Plaintiffs should be given leave to amend simply because Kumaran is *pro se*. *See, e.g.*, Kumaran Mem. at 3, 8, 12, 17, 20; Timetrics Mem. at 1, 2, 21, 23, 27. Tellingly, however, Plaintiffs do not even attempt to articulate what new "facts" they can allege to salvage any of the claims dismissed in their Complaint. In fact, Plaintiffs' ***second*** Complaint is 69 pages long, asserts 16 claims, and has 320 paragraphs alleging a ***decade*** of "facts." If this detailed complaint is not enough to state a single viable claim, Plaintiffs cannot possibly assert additional allegations (in good faith) that would otherwise state a claim. Plaintiffs' argument also ignores the fact that many of the claims were dismissed ***as a matter of law*** – based on Plaintiffs' conduct, as alleged in the Complaint. For example, the claims that were dismissed because of Plaintiffs' releases, waiver and the statute of frauds could not be corrected by an amended pleading.

As such, giving Plaintiffs a ***third*** bite of the apple to file a viable complaint would be futile. *See In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 43 F. Supp. 3d 369, 378-79 (S.D.N.Y. 2014) ("As Plaintiff has not identified any new facts or allegations that would permit survival of his Section 16(b) claim or how an amended complaint may differ from the

Complaint, Plaintiff's motion for leave to amend is denied.").  Accordingly, notwithstanding Plaintiffs' *pro se* status (including Timetrics' *de facto pro se* status), the Court properly exercised its discretion by denying Plaintiffs leave to replead.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' motion for reconsideration be denied.

Dated: Uniondale, New York
April 9, 2021

WESTERMAN BALL EDERER MILLER
ZUCKER & SHARFSTEIN, LLP

By: */s/ Ellen Tobin*
Ellen Tobin, Esq.
Michael Kwon, Esq.
1201 RXR Plaza
Uniondale, New York 11566
(516) 622-9200
*Attorneys for Defendants*

2374896