| EXHIBIT A - FACTS OVERLOOKED OR STATED IN ERROR | | | | |
|---|---|---|---|---|
| **Factual Error_#** | **Reference** | **Factual Errors** | **Why it is incorrect** | **How it impacts the case** |
| 1 | ECF124 Order at 5 /Def.Opp .at 12 | The Court incorrectly bundled Timetrics NDA bundled into Prelease Agreements as terminated(**Order at 5**). This contradicts facts in the Complaint and Order at 3 which states **NDA was not terminated** and therefore is direct mistake to Order at 5 | The Court incorrectly bundled Timetrics NDA on **Pg. 5** of Order into Pre-Release Agreements, and states NDA was terminated. This also contradicts Order at 3 | Claims related to the Timetrics NDA were not impaired and breaches of the Timetrics NDA permitted, impacting Count 13 |
| 2 | Order at 21 | Court inaccurately inserts the word "immediate" to impute Losses from 2014 to "new" IP shared in 2016 | The inference that losses were caused when Defendants tried to take over the program P.108-109  is incorrect and implies "original IP" caused losses. The Court failed to include correct wording for the cause of losses from P.109 "negligence and unauthorized trading of Lothrop when they failed to meet an intraday margin call, and Northland had failed to operate the account with the necessary customer premium" | "Original" IP was accurately pled as ongoing breaches of the NDA post Settlement impacting Count 13 |
| 3 | Order at 17 and 18/ AStar Mem at 3 | Court misquotes the material prpvisions of the Settlement agreement P.4 to insert words "**did not**" and "**would not**" and excludes all collateral terms. | The Settlement had material and collateral representations that Defendants **do not have** in their possession Timetircs Software and **are not** using Timetrics recommendation to improve NT Parties revenue. The FAC contained well-pled allegations made material misrepresetation of present facts related to these provisions. | Misquoting ignores the collateral terms that impact Fraudulent Inducement (Count 2) of the Settlement and Recission (Count 13) |
| 4 | Order at 17 and 18/ AStar Mem at 4-5, 6-9 | Court materially omits the collateral terms of the contracts in Exhibit A P1.1 and P4 which includes **Related Works** | The Settlement had material and collateral representations definitions in Exhibit A of Related Works which shows OBT Book is collateral to the contract. Defendants also admit OBT Book is a trade secret. | Misquoting ignores the collateral terms that impact Fraudulent Inducement (Count 2) of the Settlement and Recission (Count 13) |

| EXHIBIT A - FACTS OVERLOOKED OR STATED IN ERROR | | | | |
|---|---|---|---|---|
| Factual Error_# | Reference | Factal Errors | Why it is incorrect | How it impacts the case |
| 5 | Order at 17 and 18/ AStar Mem at 5-9 | Court materially omits the collateral terms of the contracts in Settlement P4 which includes present facts they are not using hedging and trading stratgies to improve revenue, and retaining possession of Timetrics Software. | Court makes a material and fatal error to omit clear well-pled allegations of material misrepresentations of present facts that NT parties had and were in fact using Plaintiffs hedging and trading strategies to improve revenue. FAC112-127 | Court overlooked material present facts that wrongly impacted Fraudulent Inducement (Count 2) of the Settlement and Recission (Count 13) |
| 6 | Order at 22-24 | Court does not use relevant paragraphs P56, P76, P173 etc to review pleading of trade secrets. Instead states trade secrets are only described in P15 and P48 | The Complaints describes in P.56, P.76, P173 for example details of descritions its unqiue decision support system, framework for modelling risk, grpahical designs, and hedging strategies with volumes, prices, strikes, and positions. | Improper reference of paragraphs incorrectly leads to analysis of well-pled of Trade Secret claims. (Counts 4 and 5) |
| 7 | Order at 22-24 / Kum Mem 7-8 | Court ignores rulings and extensive briefings on the Protective Order ECF102 - 2(e) and 2(g) in | Software, models, algorithms, and features of a program are protectable under New York law as trade secrets and were plausibly pled consistent with the Protective Orders. | Improper reference of paragraphs incorrectly leads to analysis of well-pled of Trade Secret claims. (Counts 4 and 5) |
| 8 | Order at 13-14 / Kum Mem at 9 | Court repeatedly  and incorrectly used the word "oral" to incorrectly describe the AIP, which was in fact emailed. | The Complaint clearly alleged significant emails writings between the parties, subscribed by Larkin as the CEO of Northland and Hedge. | Misquoting incorrectly applied application of Statute of Frauds when 952 pages of documents memorialized Defendants agreements. (Counts 10 and 11) |
| 9 | Order at 16 and 24 / Kum Mem 14-15 | Court refers to Larkin as a "member" on Page 24 and ignores it earlier factual statement Order at 16  Larkin is a Manager and Principal to incorrectly ignore fiduciary duties owed as managers and principals under the default LLC privisions | Court rules Larkin agreed to "fund" and "manage" a Delaware LLC (Order at 16). Court overlooked he maniested his intent by sending capital contributions and under default LLC proivision he owed a fiducary duty | Court incorrectly assess the fiduciary duties (Count 15) |

| EXHIBIT A - FACTS OVERLOOKED OR STATED IN ERROR | | | | |
|---|---|---|---|---|
| **Factual Error_#** | **Reference** | **Factual Errors** | **Why it is incorrect** | **How it impacts the case** |
| 10 | Order at 15 | Court makes an error in emails are sufficient to memorialize and agreement and refers to irrelevant paragraphs such as P201 that involves an NDA, and P192 related to signing FCM accounts | Court makes the mistake between handwritten signatures on other documents and emails that are electronically signed and subscribed by the sender, that are sufficient to memorialize the terms of the AIP. Court exclude 952 pages of emails and documents showing Larkin's awareness and assent to th agreements. | Court incorrectly assesses AIP /Breach of Implied in Fact claims (Counts 10 and 11) |
| 11 | Order at 12 / Kum Mem at 17 | Court ignores material facts related to rectifying the breach within seven (7) days, and facts that infer accord and satisfaction. | Facts in Paragraphs  144-146, 150-152 and 155, 173 and 8 alleged that Defendants tried to rectify the breach by mking compensations | Incorrectly applies relevant facts to the notice of breach and rectification of breach and denies leave to amend. (Count 1) |
| 10 | Order at 13 / Kum Mem at 18-19 | Court does not consider facts that the Complaint expressly alleges Plaintiffs did not agree to waive the breach. FAC 192-202 | Facts in 192-202 expressly allege a dispute in fact that Plaintiff did not waive any breach and did not agree to any waiver of breach | Material oversight in facts, led to incorret use of summary judgment standards of law. |
| 11 | Order at 18 / Kum Mem at 22-23 | Court misquotes P157 to materially omit the words "knew at the outset" he would not make payments | Misquoting P.157 and ignoring other paragraphs wehre the Complaint clearly alleges Larkin knew at the outset, and did not intend to honor his obligations is material to applying the Sabo rule. | Led to incorrect application of Sabo rule - misrpesentation of present facts (Count 10 and 11) |
| 12 | Order at 25 / Kum Mem at 26-27 | Court omits all material facts of being direct competitors as CTA's and omits all material facts related to bad faith and dishonest conduct and use in direct competition | Misquoting P.157 and ignoring other paragraphs wehre the Complaint clearly alleges Larkin knew at the outset, and did not intend to honor his obligations is material to applying the Sabo rule. | Incorrectly applied and overlooked material facts due to unfair competition (Count 6 and 14) |
| 13 | Order at 25 / Kum Mem at 26-27 | Court incorrectly injects facts that claims are duplicate of a contract but there is no contract they identify are valid | Material inconsistent factual error to state claims are duplicative of a contract, but fail to identify which contract they are duplicative of, as it is inconsistent with other rulings that there are no contracts | Incorrectly assessed independent torts of taking another property for use in direct competition (Counts 6 and 14) |
| 14 | Order at 25 / Kum Mem at 26-27 | Court incorrectly injects facts that claims are duplicate of a contract but there is no contract they identify that is valid and is incorrect. | Material inconsistent factual error to state claims are duplicative of a contract, but fail to identify which contract they are duplicative of, as it is inconsistent with other rulings that there are no contracts | Incorrectly assessed independent torts of taking another property for use in direct competition (Counts 6 and 14) |

| EXHIBIT A - FACTS OVERLOOKED OR STATED IN ERROR | | | | |
|---|---|---|---|---|
| Factual Error_# | Reference | Factual Errors | Why it is incorrect | How it impacts the case |
| 15 | Order at 25 / Kum Mem at 29 | Court incorrectly ignores that allegations of "bad faith" and "intent to harm" in FAC 192-202 | This is incorrect as the Complaint alleges intent to harm, dishonest and bad faith conduct which gives rise to independent torts extraneous to the conduct. | Incorrectly assessed independent torts of taking another property for use in direct competition (Counts 6, 9  and 14) |
| 16 | Order 19-20 / AStar Mem at 11 | Court incorrectly omits material word "costs" in its application of the words known and unknown and also misquotes materia provisions of the Settlement "asserted or could have asserted" in this Lawsuit. | Incorrect quoting of material provisions of the Settlement, that does not consider the full scope of the release and ambiguous terms. Further omission of the words "costs" is material error. | Court wrongly analyzes the correct wording of which claims are released or not released from the Settlement |
| 17 | Order 18 / AStar Mem at 14 | Court incorrectly states that OBT Book is not collateral to the contract. | This is a factual error as OBT Book is defined as a Related Work which is collateral as a trade secret (Settlement Exhibit A), and ignores Defendants admission that OBT Book is trade secret (as defined in Settlement) | Court wrongly analyzes OBT Book as Related Work is collateral and as a trade secretas defined in SA impacting Fraudulent Inducement and Recission claims. (Counts 2 and 13) |
| 18 | Order at 20 / AStar Mem at 17-18 | Court makes material factural error that the *only* allegation of post-use of the OBT book is at P.143 | This is a material factual error as use of the OBT Book is widely alleged throughout the Complaint. See P 144, P162, P174-176,P199,P202,P129 | Court wrongly analyzes OBT Book as Related Work is collateral and as a trade secretas defined in SA impacting Fraudulent Inducement and Recission claims. (Counts 2 and 13) |
| 19 | Order at 21 / AStar Mem at 21 | Court misstates that Plaintiffs offer no specific allegations of the breach of the Timetrics NDA of the "original IP" after the Settlement. | This is a material factual error as several facts allege use of the "original IP" post Settlemetn which constitute clear breaches of the Timetrics NDA. See P.129, P133, P142-P149, P154, P162-163, P168, P172-175 | Count does not correctly apply breach of Timetrics NDA for original IP (Count 12) |
| 20 | Order at 21 / AStar Mem at 22 | Court overlooked material definitions of Derivative Works and derivatives in treatement of OBT Book in NDA | Court overlooks material and key contractual provisions of Derivative Works or derivatives in post-breaches of the Timetrics NDA | This material error fails to review ongoing breaches and use of derivatives works (Count 12) |