# EXHIBIT B - CONTROLLING PRECEDENT OR LAW OVERLOOKED

| Controlling Law Error_# | Reference | Error in Law | Why it is incorrect | How it impacts the case |
|---|---|---|---|---|
| 1 | Kum Mem at 17 and 21 | Rosado v. Herad, No. 12 Civ. 8943, 2013 WL 6170631, at *3 (S.D.N.Y. Nov.25, 2013); Vlad-Berindan v. MTA New York City Transit, No. 14-CV-675 RJS, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014); See Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013); Brooks v. Jackson, No. 11-cv-6627, 2013 WL 5339151, at *3 (S.D.N.Y. Sept. 23, 2013); Vlad-Berindan v. MTA New York City Transit, No. 14-CV-675 RJS, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014) | Court can accept arguments and facts in opposition papers Plaintiff *Pro-Se* in a MTD | Plaintiffs have plausibly alleged notice of the breach was given and Count 1 Breach of Settlement is plausibly pled |
| 2 | AStar Mem at 14 | Greenfield v. Philles Records, 98 N.Y.2d 562, 569–570, 750 N.Y.S.2d 565, 780 N.E.2d 166 [2002], Chimart Assoc.v.Paul, 66 N.Y.2d 570,573,498 NYS2d344,489N.E.2d231[1986] ). | Ambiguous terms cannot be resolved in a Motion To Dismiss | Settlement scope is ambiguous and fact discovery needed to resolve intent of parties. Impacts Count 3 fraud claims not released and claims related to OBT Book not rleased |
| 3 | AStar Mem at | ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 100 n.16 (2d Cir. 2007); In re Various Grand Jury Subpoenas, 235 F. Supp. 3d 472, 485, United States v. Yousef, 327 F.3d 56, 115 (2d Cir. 2003). | Second Circuit does not permit arguments raised in reply to be considered. It is improper procedure and prejudicial for Court to accept arguments in Reply as Plantiffs had no opportunity to respond. | Wrongly dismissed fraud claims by including arguments in Reply. (without Sur-Reply). Impacted Cause 3 - Fraud |
| 4 | Kum Mem at 18-19 | Court resolved disputed facts on waiver and applied a Summary Judgment standards without discovery. | Court resolved disputed facts on waiver FAC 192-202 | Court wrongly ruled on disputed facts of waiver clearly alleged in the Complaint. |
| 5 | Kum Mem at 10 | Naldi v. Grunberg, 80 A.D.3d 908 N.Y.S.2d 639 [2010], Kausal v. Educational Products Information Exchange Institute, 105 A.D.3d 909, 911, 964 N.Y.S.2d 550 (2d Dep't 2013); William J. Jenack Estate Appraisers & Auctioneers, Inc. v. Rabizadeh, 22 N.Y.3d 470, 477, 982 N.Y.S.2d 813 | NY GOL 701 does not apply the statute of frauds when sufficient emails subscribed to in writings by parties | Emails between the parties are sufficient writings to overcome statute of frauds and AIP Is valid contract under New York Law. (Counts 10 and 11) |

# EXHIBIT B - CONTROLLING PRECEDENT OR LAW OVERLOOKED

| Controlling Law Error_# | Reference | Error in Law | Why it is incorrect | How it impacts the case |
|---|---|---|---|---|
| 6 | Kum Mem at 10 | Newmark & Co. Real Estate Inc. v. 2615 E. 17 St. Realty LLC, 80 A.D.3d 476, 477, 914 N.Y.S.2d 162 [2011], Agosta v. Fast Sys. Corp., 136 A.D.3d at 695, 26 N.Y.S.3d 534; Williamson v. Delsener, 59 A.D.3d 291, 291, 874 N.Y.S.2d 41 [2009]; Naldi v. Grunberg, 80 A.D.3d 1, 11–12, 908 N.Y.S.2d 639 [2010], lv denied 16 N.Y.3d 711, 923 N.Y.S.2d 415, 947 N.E.2d 1194 [2011]; Stevens v. Publicis S.A., 50 A.D.3d 253, 255–256, 854 N.Y.S.2d 690 [2008], lv dismissed 10 N.Y.3d 930, 862 N.Y.S.2d 333, 892 N.E.2d 399 [2008] ). Solartech Renewables, LLC v. Vitti, 156 A.D.3d 995, 999, 66 N.Y.S.3d 704, 708 (2017) | The AIP is not an "oral" agreement. Substantial thousands of pages of emails subscribed by the parties and that were from Larkin on behalf of Northland and Hedge, are sufficient documentation under NY Law to overcome Statute of Frauds. | Emails between the parties are sufficient writings to overcome statute of frauds and AIP Is valid contract under New York Law. (Counts 10 and 11) |
| 7 | Kum Mem at 11 | Morris Cohon &Co.v.Russell, 23 N.Y.2d N.Y.S.2d 947, 245 N.E.2d 712 (1969) (quoting 4 Williston, Contracts (3d ed.), § 567A, pp. 19–20). Matisoff v. Dobi, 90 N.Y.2d 127,134,659 N.Y.S.2d 209, 681 N.E.2d 376 (1997) (citation omtd). Nickel v Brenton, LLC, 92F.Supp.3d38,51 (N.D.N.Y. 2015) | The purpose the statute of frauds is to avoid circumstances of perjury or unfounded claims but once a party admits to the existence of the contract, and provides evidence of its existence, the Statute of Frauds, again is no longer valid. | Plaintiffs claims for fraudulent inducement of AIP and breach of AIP not barred. (Count 10 and 11) |
| 8 | Kum Mem at 11 | Genet v. President of Del. & Hudson Canal Co., 136 N.Y. 593, 609, 32 N.E. 1078). Maas v. Cornell Univ., 94 N.Y.2d 87, 93–94, 721 N.E.2d 966, 969–70 (1999). | The conduct of a party may manifest assent if the party intends to engage in such conduct and knows that such conduct gives rise to an inference of assent | Larkin's manifestation of intent to sign and send checks, statisfies membership under Delaware Law and New York law |
| 9 | Kum Mem. at 5 | iSentium, LLC v. Bloomberg Fin.L.P.17-cv-7601,*5-8 (S.D.N.Y. Nov. 16, 2018) | Holding that "transformational methodolgies" without further description were adequate to plead trade secrets | Trade Secrets were adequately pled under NY law (Counts 4 and 5) |

# EXHIBIT B - CONTROLLING PRECEDENT OR LAW OVERLOOKED

| Controlling Law Error_# | Reference | Error in Law | Why it is incorrect | How it impacts the case |
|---|---|---|---|---|
| 10 | Kum Mem.at 4 and 6 | Next Communications, Inc. v. Viber Media, Inc., 2016 WL 1275659, at *4 (S.D.N.Y. Mar. 30 , 2016), | Holding that providing detailed description to Defendants of inner workings was sufficient to hold notice was given to what trade secrets are, and unique techniques and unique features are sufficient to meet pleading standards | Trade Secrets were adequately pled under NY law (Counts 4 and 5) |
| 11 | Kum Mem. at 6 | See Integrated Cash Management Servs., Inc. v. Digital Transactions, Inc., 732 F.Supp. 370, 375 (S.D.N.Y.1989) ; Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955 (2d Cir. 1997); ("Integrated Cash Mngt. I") aff'd, 920 F.2d 171 (2d Cir.1990) ("Integrated Cash Mngt. II"); Belth v. Insurance Dep't, 95 Misc.2d 18, 406 N.Y.S.2d 649 (Sup.Ct.1977). | New York has recognized that computer software is a trade secret | Trade Secrets were adequately pled under NY law (Counts 4 and 5) |
| 12 | Kum Mem.at 7 | Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co; 2016 WL 13709373 (E.D.N.Y.Apr.6. 2016) | Courts holding that proprietary framework, re-design of layout, improvements, enhancements is sufficient to plead a trade secrets. See FAC 56, 76, 173 | Trade Secrets were adequately pled under NY law (Counts 4 and 5) |
| 13 | Kum Mem at | Commodities Exchange Act, National Futures Association Rules NFA 2-4 - 9061 | Federal law and Statute holding that CTA's (Commodities Trading Advisors) transaction history, and trades which includes volumes, positions, strikes, underyling commodities are trade secrets and not to be disclosed or used. | Trade Secrets were adequately pled under NY law (Counts 4 and 5) |
| 14 | AStar Mem at 15 | Nycal Corp v. Inoco PLC, 166 F.3d 1201, 1202 (2d Cir.1998); Finz v. Schlesinger, 957 F.2d 78, 83 (2d Cir.1992); Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523, 527-28 (2d Cir.1985); Alleghany Corp. v. Kirby, 333 F.2d 327, Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523, 528 (2d Cir. 1985), 333 (2d Cir.1964); Irving Trust Co. v. Deutsch, 73 F.2d 121, 126 (2d Cir.1934); Schine v. Schine, 250 F.Supp. 822, 826 (S.D.N.Y.1966) | New "species" of fraud is not contemplated by Settlement and therefore not released | Plaintiffs plausibly pled fraud that was not contemplated or released by the Settlement (Count 3) |

# EXHIBIT B - CONTROLLING PRECEDENT OR LAW OVERLOOKED

| Controlling Law Error_# | Reference | Error in Law | Why it is incorrect | How it impacts the case |
|---|---|---|---|---|
| 15 | AStar Mem at 15 | Joseph v. Gnutti Carlo S.p.A., No. 15-CV-8910 (AJN), 2016 WL 4764924, at *5 (S.D.N.Y. Sept. 12, 2016), | Terms not defined by Settlement are "ambiguous" and cannot be resolved in MTD | Plaintiffs plausibly pled fraud that was not contemplated by the Settlement. (Count 3) |
| 16 | Kum Mem Pg 22 | Drexel Burnham Lambert, Inc. v. Saxony Heights Realty Assocs., 777 F.Supp. 228, 235 (S.D.N.Y.1991) | The *Sabo* rule provides is applicable where plaintiff plausibly alleges that defendant did not intend to keep its promise; | Plaintiffs plausibly pled fraudulent inducement of the AIP (Count 11) |
| 17 | Kum Mem Pg 23 | Dornberger v. Metro. Life Ins. Co., 961 F. Supp. 506, 542 (S.D.N.Y. 1997) | Statement as to future event is actionable as fraud where speaker was aware at the time of the statement that future event would not occur | Plaintiffs plausibly pled fraudulent inducement of the AIP (Count 11) |
| 18 | Kum Mem Pg. 23 | Deerfield Communications Corp. v. Chesebrough–Ponds, Inc., 68 N.Y.2d 954, 510 N.Y.S.2d 88, 89, 502 N.E.2d 1003, 1004 (1986), Channel Master Corp. v. Aluminum Ltd. Sales, Inc., 4 N.Y.2d 403, 176 N.Y.S.2d 259, 262–63, 151 N.E.2d 833, 835–36 (1958); Sabo v. Delman, 3 N.Y.2d 155, 164 N.Y.S.2d 714, 716–17, 143 N.E.2d 906, 908 (1957). | New York Courts have held a promise made with a preconceived notion of not performing it constitutes a misrepresentation. | Plaintiffs plausibly pled fraudulent inducement of the AIP (Count 11) |
| 19 | Kum.Mem at 25 | Piven v. Wolf Haldenstein (S.D.N.Y 2009) | Where Defendants dispute the existence of a valid, enforceable contract, Plaintiffs are permitted to proceed on both contractual and quasi-contractual theories | Plaintiffs adequately pled Quasi Contract claims (Counts 6,7, 8, 9 and 14) |
| 20 | Kum Mem at 25 | Louis Capital Mkts., L.P. v. Refco Group Ltd., LLC, 801N.Y.S.2d 490,493–495, 9 Misc.3d 283, 2005 WL 1473944 (2005). | The *sine qua non* of the tort of unfair competition is the misappropriation of the results of the labor, skill and expenditures of another, in bad faith. | Plaintiffs adequately pled misappropriation of skills and labor and unfair competition (Count 14, 6 and 7) |

# EXHIBIT B - CONTROLLING PRECEDENT OR LAW OVERLOOKED

| Controlling Law Error_# | Reference | Error in Law | Why it is incorrect | How it impacts the case |
|---|---|---|---|---|
| 21 | Kum Mem at 25 | Roy Export, 672 F.2d at 1105 (quoting Electrolux Corp. v. Val–Worth, Inc., 6 N.Y.2d 556, 567, 190 N.Y.S.2d 977, 161 N.E.2d 197 (1959)), (quoting Metro. Opera Ass'n v. Wagner–Nichols Recorder Corp., 199 Misc. 786, 793, 101 N.Y.S.2d 483 (Sup.Ct.N.Y.Cnty.1950)). Sidney Frank Importing Co. v. Beam Inc., 998 F. Supp. 2d 193, 208–09 (S.D.N.Y. 2014 | New York courts have found that persons have a protectable property interest in their "labor, skill, expenditure, name and reputation. Element of bad faith is pled and valid cause for taking of another's skills, labor and expenditure for use in direct competition | Plaintiffs adequately pled misappropriation of skills and labor and unfair competition (Count 14, 6 and 7) |
| 22 | Kum Mem at 27 | Reed Const. Data Inc. v. McGraw-Hill Companies, Inc., 745 F.Supp.2d 343, 348, 353 (S.D.N.Y. 2010) | "use of deceit to access ... and steal [plaintiff's] confidential information and its subsequent use of that information to compete with [plaintiff] 'spring from circumstances extraneous to' " the [nondisclosure] agreements, and violated a legal duty independent of the agreements – namely, "the duty not to misappropriate the property of another"). | Plaintiffs independent torts for misappropriation of confidential information violated a legal duty and were pled (Count 6) |
| 23 | Kum Mem at 28 | Bytemark, Inc. v. Xerox Corp., 342 F. Supp. 3d 496, 509–10 (S.D.N.Y. 2018) | Court denying dismissal of an unfair competition claim when a Defendant uses a competitor's property not just to compete but also to harm their competitor. (FAC 192-196) | Plaintiffs independent torts for misappropriation of confidential information violated a legal duty and were pled (Count 6) |

# EXHIBIT B - CONTROLLING PRECEDENT OR LAW OVERLOOKED

| Controlling Law Error_# | Reference | Error in Law | Why it is incorrect | How it impacts the case |
|---|---|---|---|---|
| 24 | Kum Mem at 29 | Coty, Inc. v. L'Oreal S.A., 320 Fed. App'x 5, 6 (2d Cir. Mar. 31, 2009), Manhattan Motorcars, Inc. v. Automobile Lamborghini, S.p.A., 244 F.R.D. 204, 219 (S.D.N.Y.2007). | When the parties have a bona fide dispute as to the existence of an enforceable contract, plaintiff's unjust enrichment claim cannot be dismissed at this stage. | Plaintiffs plausibly pled Unjust Enrichment (Count 7) |
| 25 | Kum Mem at 29 | Marion Scott Real Estate, Inc. v. Rochdale Vil., Inc., 23 Misc.3d 1129[A], 2009 WL 1425252 | Bad faith conduct sufficient to plead breach of convenant of good faith and fair dealings. | Plaintiffs plausibly pled breach of covenant of good faith and fair dealing (Count 9) |