USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/09/2024

**VIA ECF**

Honorable Magistrate Judge Lehrburger
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran vs. Northland Energy Trading et al - 1:19-CV-08345-*MKV-RWL

## LETTER MOTION FOR DISCOVERY CONFERENCE

Dear Honorable Magistrate Judge Lehrburger:

Pursuant to Individual Rule II.D Plaintiffs write to respectfully request an initial discovery conference. Defendants have repeatedly stalled, prevaricated, obstructed and, after several meet and confers, have refused to remove "boilerplate objections" and failed to comply with Rule 34(b). Despite several communications, nearly ninety (90%) percent of the responses (*See* **Exhibit 2** for examples) have submitted frivolous "boilerplate" objections to nearly all their responses. Plaintiffs have sent numerous communications to Defendant's counsel to remove these objections. (*See* e.g. Dkt 199).

Plaintiffs first sent warning letters to Defendants in August 2024 and September 2024 requesting that Defendants needed to remove the boilerplate objections. In the last meet and confer on October 8, 2024, (held telephonically) Mr. Kwon, counsel for Defendants, demanded that Plaintiffs "organize their requests into 'categories'". We objected as this is <u>an additional burden</u> on Plaintiffs, and not required by Federal Rules. Kwon insisted that without the "categories", Plaintiffs expend another several hours (which now amounts to <u>135+ hours</u>) in October and November, regrouping the requests into categories which we will advance at trial.

On November 25, 2024 Plaintiffs sent another "deficiency notice" (See **Exhibit 1**) along with cooperation to meet Defendants' requests. We have sent several of the twenty (20) categories. (*See* **Exhibits 3-9**). Plaintiffs issued exactly 25 Interrogatories, 25 Requests for Admissions, and about 25-30 Document Requests to each Defendant. Notably, Lothrop and Bramante were sent early discovery requests in August 2020, and many of the requests were the same. Furthermore, they were on notice from Magistrate Judge Freeman that the "boilerplate" responses are patently improper and not permitted. These are well within the limits set forth under the Federal Rules of Civil Procedure. Plaintiffs have reason to believe that Mr. Kwon is "short-staffed" and has no associates. This does not give grounds for voluminous delays. Plaintiffs are also incurring time, cost and expense. Plaintiffs' law firm has assigned associates to assist in discovery but since Mr. Kwon chose to represent all Defendants, it appears he has "no time" to do this. Plaintiffs are entitled to 25 requests per Defendant and have separate claims for each Defendant. It is Defendants' responsibility to staff their project workload. The burden is on Defendants and not Plaintiffs to substantiate their responses.

## Defendants' Refusal to Produce and Boilerplate Objections is Discovery Abuse

Plaintiffs approach the Court for an order to strike the boilerplate requests, and that Defendants have waived their objections. Notably, this is the *seventh* Meet and Confer regarding the Defendant Lothrop's responses to discovery requests, interrogatories, and requests for admissions. In January 2020, the very same objections to the boilerplate objections were raised before Honorable Magistrate Judge Freeman. The boilerplate objections are a patent violation of the standards permitted in this Circuit and are tantamount to discovery abuse. *See Jacoby v. Hartford Life & Acc. Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009) (holding that Defendants' "boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy ... are a paradigm of discovery abuse.").

Federal Rule of Civil Procedure 34 sets forth the procedure for responding to and objecting to requests for production of documents. Fed. R. Civ. P. 34(b)(2). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B); *see also* 7 Moore's Federal Practice - Civil § 34.13(2)(b) ("An objection to a Rule 34 request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. Generic, non-specific objections are improper."). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). *Cambridge Cap. LLC v. Ruby Has LLC*, 2022 WL 889143, at *5 (S.D.N.Y. Mar. 24, 2022).

Mr. Kwon and Defendants have still refused to cooperate in any remedial action.

## Unsubstantiated basis of "undue burden, overbreadth and lack of relevancy"

Plaintiffs respectfully seek an Order pursuant to Individual Rule II.D without the need for further motion practice to strike the responses in all Defendants' responses.

Nearly 90% of Defendants' responses contain unsubstantiated objections that Plaintiffs' request is overbroad or presents an undue burden. This is patently improper. No clarification was provided. Despite several meet and confers, Defendants have thus violated FRCP 34 and stalled for three months. In doing do, Defendants *again* violated the December 1, 2015 amendments to the Federal Rules of Civil Procedure by raising these objections without identifying any particularized fact as to why such objections are made."[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answering no interrogatories…are a paradigm of discovery abuse." *Id.* In order to effectively resist providing a response to a request, a party must show "specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive,…by submitting affidavits or offering evidence revealing the nature of the burden. *Id.* Any objections must state with specificity: (1) the grounds and reasons for the objection; (2) the specific part of the request that is being objected to (with response provided to the remainder of the request); and (3) whether any responsive materials or information are being withheld on the basis of the objection. Failure to comply with this request will result in the filing of a motion to compel pursuant to Fed. R. Civ. P. 37. II. Here, Defendants have again failed to comply with these rules. These responses are patently improper and must be removed.

## Defendants Have Forfeited Their Objections

Plaintiffs also respectfully request an order from this Court that <u>Defendants have forfeited their objections</u> as each and every objection is "boilerplate."

A party who fails to make a timely objection or fails to comply with the provisions of Rule 34 regarding the manner of making objections to a request for production of documents may be deemed <u>to have waived the objection</u>. (7 Moore's Federal Practice - Civil § 34.13(2)(a)–(b) (2022); *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. 2017) (holding that failure to make an objection with specificity and to indicate that responsive material is being withheld <u>based on that objection is a waiver of all objections except as to privilege</u>); *see also Michael Kors, L.L.C. v. Su Yan Ye*, 2019 WL 1517552, at *3 (S.D.N.Y. Apr. 8, 2019) ("<u>A number of courts have held that an objection that does not appropriately explain its grounds is forfeited</u>.")).

Here, Defendants and Mr. Kwon's repeated general and boilerplate objections regarding each request do not adhere to the requirements of Rule 34(b)(2). For example, "incorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection." *Fischer*, 2017 WL 773694, at *3. *Cambridge Cap. LLC v. Ruby Has LLC,* 2022 WL 889143, at *5 (S.D.N.Y. Mar. 24, 2022)

Plaintiffs have now incurred an additional 135+ hours resending twenty (20) "categories" and, to this date, Defendants have flat out refused to produce one document, and are intent on stalling discovery, and drive up costs to prejudice Plaintiffs. This is discovery abuse.[1] This is the second time that Defendants Lothrop and Bramante were warned that they may not respond in this manner. Since Defendants and their counsel have <u>refused to remove the boilerplate objections</u> and have wasted approximately four months in stalling and delaying, Plaintiffs also respectfully seek a ruling, on the motion order, to strike the boilerplate objections from all Defendants' responses and that the Court consider them waived.

Plaintiffs have read carefully M.J Lehrburger's Individual Rule II.D, which includes by reference: "Parties shall keep in mind Rule 1 of the Federal Rules of Civil Procedure, which requires the Court and the parties to construe, administer, and employ the rules of procedure to secure the just, speedy, and inexpensive determination of every action." Defendants' conduct is the antithesis of the "just, speeded and inexpensive determination" of this action. They have stalled for four months.

We assert that after two warnings, *seven* meet and confers, the repeated boilerplate objections, and an almost identical motion for sanctions (Dkt 116) filed in this Docket, that in this case sanctions are warranted. Plaintiffs should not be forced to endure months and months of stall tactics. The burden of proof lay with Defendants. They provided no such proof and have failed to correct the responses. Furthermore, to date they have not produced anything. Plaintiffs went above and beyond the FRCP to reissue their interrogatories in August 2024 and have responded in full. Plaintiffs also expended another 135+ hours to send out the "categories" requested by Defendants' counsel. In accordance with Individual

---

[1] "Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by 'explicitly encouraging the imposition of sanctions.'" *Kiobel v. Royal Dutch Petroleum Co.,* 2009 WL 1810104, at *2 (S.D.N.Y. 2009

Rule II.D Plaintiffs respectfully seek relief from the Court to strike all boilerplate objections without the need for further extended briefing. The 2015 Amendments make clear that Defendants have violated FRCP 33 and FRCP 34 and no further delays should be tolerated.

Respectfully submitted,

s/Samantha S. Kumaran                          s/Aaron H. Pierce, Esq
Samantha S. Kumaran                            Pierce and Kwok, LLP
Individual Pro-Se Plaintiff                    *Attorney for Timetriccs*
212-431-5098                                   212-882-1752 (Office)
samantha@timetricsrisk.com                     Aaron.Pierce@piercekwok.com

The Court will schedule a conference for January 2025.  In the meantime, the parties shall continue to meet and confer to narrow the scope of issues to be addressed.

SO ORDERED:

12/09/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE