The application to seal is granted as follows. Dkt. 210 may remain under seal, and any additional filings containing the same or similar information may be filed under seal.

SO ORDERED:

01/27/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

VIA ECF

Honorable Magistrate Judge Lehrburger
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran vs. Northland Energy Trading et al* 1:19-Cv-08345 (MKV-DCF)

### LETTER MOTION TO SEAL INFORMATION REGARDING FEE DISPUTE WITH COUNSEL

Dear Hon. Magistrate Judge Lehrburger,

On Thursday January 16, 2025, Plaintiff Kumaran filed a letter and an exhibit under seal, to this Court related to a potential fee dispute between The A Star Group, Inc d/b/a/ Timetrics, and counsel. This situation involves in part the relative contribution of work product by the law firm, and Co-Plaintiffs, and also relative contributions to the work by Pro-Se undersigned, and the obligations of work-sharing during discovery, depositions and the like, including the contingency fee components.

The law firm had previously suggested (as was filed in a letter on the docket in or around May 2024), that Plaintiffs retain additional co-counsel to handle material components of this litigation, including depositions, however the terms of such were unresolved. Furthermore, since the law firm agreed to take the case mostly on contingency, Plaintiffs have opposed any attempt to reduce the scope of work in this action. It is our understanding that, without the required mediation to resolve the issues, the law firm simply wants to withdraw (stating there's too much work), while having received various upfront payments in full. Plaintiffs therefore oppose any attempts to withdraw from this case and others.

In accordance with the terms of our retainer (which has a mandatory mediation provision), and NY Part 137 rules, we have asked for a neutral mediator to further resolve this arrangement so that the workload share between the Co-Plaintiffs, a Pro-Se plaintiff and the law firm can be more equitably resolved and also to align the expectations of what portion of this work is on a contingency. In unusual circumstances there is also a complete role-reversal, which is now adding hardship to the Pro-Se Plaintiff, to essentially provide hundreds of hours of (unpaid) legal services a month on behalf of the law firm, while the law firm are saying they are too busy to properly read documents. While workload sharing between Co-Plaintiffs may not be uncommon, the arrangement in this case has become inequitable. Plaintiffs position is that the law firm has been paid upfront amounts in full, and once a law-firm take a case on contingency they are required to do the required work on contingency.

Plaintiff has moved to seal any further information about the fee dispute, as it does not relate to the Defendants, and to avoid material prejudice. A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts. *See, e.g., Weinberger v. Provident Life &*

*Cas. Ins. Co.,* No. 97–cv–9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec.23, 1998) ("it is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw."); *Harrison Conference Servs., Inc. v. Dolce Conference Servs., Inc.,* 806 F.Supp. 23 (E.D.N.Y.1992). In *Harrison,* the plaintiff's counsel, LeBoeuf, Lamb, Leiby & MacRae ("LeBoeuf") sought to withdraw from representation due to a dispute regarding []legal bills, and submitted a number of documents in support of that motion for *in camera* review, to which the defendants objected. Judge Nickerson noted that the defendants "have been told that [the application for withdrawal] involves a fee dispute ... [but] they have not received any of the affidavits, memoranda, or substantive letters." 806 F.Supp. at 25. The court rejected the defendants' argument that they had an "interest" in the outcome of the fee dispute between LeBoeuf and the plaintiffs, and noted that "[h]aving reviewed these submissions, the court cannot see how defendants would be prejudiced by them." *Id.* The *Harrison* court concluded that "LeBoeuf and plaintiff properly submitted their papers *in camera*. Defendants are not entitled to a more complete description of this dispute, or a briefing schedule which will permit them to respond further." *Id.* at 26. *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 464 F. Supp. 2d 164, 165–66 (E.D.N.Y. 2006)

For the reasons therein, and in accordance with the law supporting, Plaintiffs respectfully request that any further information regarding this fee dispute be filed in camera and under seal.

Plaintiff Kumaran notes she has a February 11, 2025 deadline to file a motion to dismiss. Any disruption to this case prior to completing those deadlines or in fact midway through briefing on the motion to dismiss and discovery would also prejudice both Plaintiffs in being able to work on important issues in this case. The lawfirm has ECF Filing access to receive a free copy of these filings and a second copy was also sent via email.

Thank you.

Respectfully submitted,

Samantha S. Kumaran
/s/ Samantha S. Kumaran
samantha@timetricsrisk.com
212-431-5098


Cc/ Aaron Pierce
Pierce and Kwok