```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMANTHA SIVA KUMARAN, ET AL.,          :
                                        :   19-CV-8345 (MKV) (RWL)
                    Plaintiffs,         :
                                        :
        - against -                     :
                                        :         ORDER
                                        :
NORTHLAND ENERGY TRADING, LLC,          :
ET AL.,                                 :
                                        :
                    Defendants.         :
                                        :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

As discussed at the discovery conference held on October 7, 2025 (and as modified herein), the parties' disputes raised in Dkts. 280, 286, 287, 288, 295, 293, 297 are resolved as follows:

1. By **October 10, 2025**, Defendants shall produce (i) all discovery responses and information that the Court ordered be produced on July 2, 2025; (ii) verified answers to the interrogatories to Lothrop, answered solely by him; (iii) the engagement letter and invoices with Charles River Associates for the investigation conducted of Ms. Kumaran.

2. By **October 10, 2025**, Defendants shall provide Plaintiffs with a revised proposed ESI protocol (that to the extent it does not so already provides for production of spreadsheets in native format). Plaintiffs shall provide any comments to Defendants by **October 14, 2025**. By **October 17, 2025**, Defendants shall file the proposed ESI protocol, and to the extent the protocol as submitted does not account for Plaintiffs

1

comments, Defendants shall file with the proposed ESI protocol the comments Plaintiffs provided to Defendants.

3. Defendants shall conduct a diligent search for legacy computers used by Larkin. To the extent such legacy computers are located, Defendants' document collection and production shall include responsive documents found on those devices. Defendants shall also identify the legacy devices in an updated interrogatory answer to Plaintiffs. If Defendants do not locate any such devices after a diligent search, they shall notify Plaintiffs that no devices were located. Defendants shall comply with the foregoing by **October 27. 2025**.

4. By **October 14, 2025**, each party (Plaintiffs being one party, Defendants the other) shall provide to the other the search terms they propose to use for searching their own documents. Defendants shall broaden their terms as directed at the conference. By **October 17, 2025**, each party shall identify for the other up to five additional or modified search terms the party requests that the other party make to their own proposed terms. Each party shall implement the up to five additional or modified search terms requested by the other party. The parties may agree on more additional terms and modifications (beyond the five requested by each party) but are not required to do so. By **October 24, 2025**, the parties shall file the search terms they propose to run on their own documents, which shall incorporate the additional or modified terms requested by the other party.

5. Kumaran may proceed with depositions of up to 3.5 hours for Mainstay and 3.5 hours for Computech. By **October 14, 2025**, defense counsel shall notify whether or not they will be representing Mainstay.

6. Plaintiffs' motions for appointment of a special master and a third-party inspection of Defendants' electronic devices are denied.

7. Plaintiffs' requests for sanctions are denied.

The Clerk of Court is respectfully directed to terminate the letter motions at Dkts. 280, 283, 286, 293, 294

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 7, 2025
New York, New York

Copies transmitted this date to all counsel of record.