FishmanHaygood

Fishman Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
fishmanhaygood.com

Jason W. Burge
(504) 586-5241 Direct
jburge@fishmanhaygood.com

October 13, 2025

**VIA ECF**
Honorable Robert W. Lehrburger
Daniel Patrick Monyihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Kumaran v. Northland Energy Trading LLC*, No. 19-cv-08345

   I represent the Plaintiff, The A Star Group, d/b/a Timetrics. I write to respond in brief to the Motion for Extension of Time to File Response/Reply filed by Ms. Kumaran (Doc. 302).[1] As she notes in her letter, my firm consented to a one-week extension of time for her opposition, such that she could file her opposition on October 23, 2025. (Since today is a federal holiday, the normal three-day period for responding to a letter motion would run on October 16, 2025). This one-week extension will allow Ms. Kumaran to comply with the discovery deadlines the Court set for this week and still have a week to respond to the motion to withdraw. Ms. Kumaran's letter does not identify any deadlines set for next week that would interfere with her preparing a response to undersigned counsel's letter motion.

   Any longer extension would be inappropriate and prejudicial to my firm. It is apparent from the content of Ms. Kumaran's Motion for Extension that the attorney-client relationship has broken down completely such that my firm cannot continue this representation under New York Rules of Professional Conduct 1.16(c)(7) and (c)(8). Further, as noted in the motion and in my affidavit, I have been advised by ethics counsel that I have a nonwaivable conflict of interest that prevents me from continuing this representation. The 30-day extension requested by Ms. Kumaran amounts to a pocket veto, by which she intends to force my firm to continue this representation despite our conflicted position so that she can use us to fund her prosecution of this case prior to our withdrawal. This is not appropriate. Finally, a lengthy extension will actually harm the client, Timetrics, who needs to obtain alternate counsel now rather than waiting until closer to the end of discovery when it would be harder for new counsel to get up to speed and participate.

   Ms. Kumaran's letter suggests that we never conferred about my firm's intent to withdraw, but this is false. Ms. Kumaran received written notice of our intent to withdraw on September 18, 2025 and October 6, 2025, and I discussed my intent to withdraw with Ms. Kumaran on September 19, 2025. The slight delay in the filing of the motion to withdraw was caused by the need to retain and consult with ethics counsel, and by the birth of my son on September 25, 2025.

---

[1] This letter will not attempt to respond to all of the ad hominem attacks in Ms. Kumaran's letter, other than to note that they readily demonstrate why withdrawal is appropriate in this matter.

4066772v1

FishmanHaygood

Accordingly, my firm respectfully requests that an extension to Ms. Kumaran's response, if any, be limited to one week, and that the motion to withdraw then be promptly granted.

Respectfully submitted,

*/s/ Jason W. Burge*
Jason W. Burge

2

4066772v1