> The requested extension of time is granted. The ESI protocol and search term submissions shall be filed by November 12, 2025.
>
> SO ORDERED:
>
> 10/31/2025
>
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

**VIA ECF**

Honorable Magistrate Judge Lehrburger,
United States District Court
Southern District of New York
40 Foley Square, Court Room 18C
New York, NY 10007

Re: *Kumaran vs. Northland Energy Trading et al* 1:19-Cv-08345 (MKV-DCF)

## CONSENT LETTER TO ADJUST SCHEDULING
## DEFENDANTS' NEW COUNSEL MR. DANIEL GENEROSA

Dear Hon Magistrate Judge Lehrburger.

Plaintiff writes on consent of all parties to adjust the scheduling to send comments and argument related to the ESI Protocols to be on November 10, 2025 so that the deadlines of October 30, 2025 and November 10, 2025 are aligned or alternatively by November 10, 2025. (Dkt. 307, Dkt.318) Plaintiff Kumaran also has a separate deadline on November 10, 2025 (Dkt 314), and thus respectfully requests the date to send the ESI Protocol comments and Search Terms both be set to November 12, 2025 so as to allow two days to finalize or complete both tasks. I also have a filing deadline on November 5, 2025. There is no tardiness on behalf of the undersigned. Because both dates are set for November 10, 2025, Plaintiff respsectfully requests the Court separate the dates order in Dkt.314 and Dkt.318 so one filing is due on November 12, 2025 and the others are on November 10, 2025 to avoid prejudice. Two business days should not prejudice this case.

The parties have had some scheduling issues to get this done by today (*See* Exhibit 1) and are trying to meet and confer on Monday or Tuesday next week. There are also some scheduling conflicts this week due to unchangeable Halloween events which take place after work.

Further Plaintiff writes to notify the Court, that part of the reason for the request is also that Mr. Dylan Cruthers is apparently no longer contributing to this case. This is an interruption as he was initially involved in all the prior meet and confers regarding ESI. There appears to have been new counsel brought on, a Mr. Dennis Amore from Westerman Ball – who has not yet made an appearance https://www.westermanllp.com/attorneys/dennis-a-amore and a Mr. Daniel Generosa, who is "Of Counsel" to Westerman, and also serves in a dual role as the Co-Founder of Lexpath. https://lexpath.com/about/#team. He has also not made an appearance in the case.

However, Plaintiff is being directed to copy all emails to him, as "counsel" for Defendants. Mr. Cruthers previously advised that Mr. Generosa was in fact "of counsel" and was responsible for sending various letters and responses to discovery, including the ones that was supposed to itemize the backups which had previously been required by the Court on July 2, and was never sent. (See Meet and Confer 9/23 and 9/26 – (*see* Dkt.295-16- indication that Defendants are relying on communications as of-counsel by Mr. Generosa; *see* Dkt.295-17, again the same, communications being received that Mr. Generosa is responsible and lead counsel, *See also* Dkt.295-19 – clear directions received n Bullet 2 that Defendants have new counsel, and he is controlling and approving all filings is Mr. Generosa which caused the delay in responses about backups and Mainstay).

Plaintiff also is researching if his dual role, in the capacity as **both** E-Discovery Vendor and also Counsel to Defendants – directing filings and e-discovery responses - may pose a conflict of

interest. As such, Plaintiff respectfully writes to notify the Court, that part of the good cause, is that new lawyers are now involved, and Plaintiff has been notified that Mr. Cruthers is no longer involved.

Plaintiff also respsectfully alerts the Court to the Protective Order at Dkt 102, and it is unclear if Mr. Generosa has been formally retained as counsel for the Defendants (*See* Protective Order 12(b) – as he is not "counsel of record" and not filed a Notice of Appearance). Absent such a retainer, it is also unclear whether all communications and negotiations regarding this (including meet and confers) must be directed to outside law firms or the e-discovery vendor who appear to be serving in a dual capacity as "Of-Counsel" and directing the responses. I also am reviewing a potential conflict of interest, if there is a separate duty to e-discovery vendors separate from that of counsel, especially since there has been evidence of violations of the Litigation Holds, spoliation and substantial missing Metadata (*See* Dkt. 297 - substantial spoliation concerns outlined in detail).

If Mr. Generosa is in fact counsel of record, or acting as "Of Counsel", including during the time of material decommissioning and wiping of all the servers between August 2025 – September 2025, delays with Mainstay, Plaintiff respsectfully requests, that any counsel of record (Dkt 102), make an appearance, so his role and distinction between E-Discovery Vendor and Counsel with responsibilities under Rule 37(e) is transparent. Because The A Star Group, Inc has other family members, who's rights are being impacted by potential material deletion of ESI, I am being advised that Mr. Generosa needs to file a notice of appearance in this Federal Court litigation, as Counsel of Record, otherwise he cannot be involved in these meet and confers and Plaintiff Kumaran has no obligation to be copying him. If Lexpath becomes an adverse party, or there are motions for spoliation and adverse inference this is particularly important. The Court also needs to know who the responsible attorney is, especially since Mr. Cruthers has now left the case.

We are all working expeditiously to meet the various deadlines and this brief reprise will allow for a more meaningful meet and confer. (*See* Exhibit 1).

All parties wish the Court a Happy Halloween.

Respectfully submitted,

/s/Samantha S. Kumaran
Samantha S. Kumaran
Individual Plaintiff
samantha@timetricsrisk.com
212-431-5098