```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMANTHA SIVA KUMARAN, ET AL.,               :
                                             :   19-CV-8345 (MKV) (RWL)
                          Plaintiffs,        :
                                             :
          - against -                        :
                                             :      ORDER
                                             :
NORTHLAND ENERGY TRADING, LLC,               :
ET AL.,                                      :
                                             :
                          Defendants.        :
                                             :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves several discovery and sanctions issues raised by the parties at Dkts. 311, 320, 321, 323, 324, and 326

    1.    **Depositions of Lothrop and Larkin:** Each of Lothrop and Larkin's depositions shall be limited to 7 hours. Plaintiffs have not shown that their interests diverge such that there is a basis for them to each have a 7-hour deposition of each witness, thus giving Plaintiffs a total of 14 hours with each witness, or, as Plaintiff A Star alternatively suggests, a total of 10.5 hours with each witness (with 7 hours devoted to Kumaran, and 3.5 hours to A Star). After all, Kumaran is the CEO of Plaintiff A Star Group. Nor do Defendants' assertion of counterclaims warrant extra time.

    2.    Plaintiff also seeks an "initial" 2-hour deposition of each of Lothrop and Bramante. Plaintiff may conduct such depositions, remotely, but the 2 hours will count toward each witness's 7 hours, absent good cause, any application for which must be made after the initial depositions are taken.

3. **Interrogatory Responses:** The Court has reviewed the amended interrogatory responses answered and certified by Lothrop and Larkin. Inasmuch as each of Lothrop and Larkin has identified which interrogatories they answered substantively, and Larkin identified those interrogatories for which he does not have personal knowledge, the combined responses and certifications satisfy the Court's orders.

4. Larkin's electronic signature on his certification is sufficient, particularly given defense counsel's representation of reserve with Larkin's wet signature and Larkin's email attaching his electronic signature.

5. Kumaran's other concerns about Lothrop's interrogatory answers — that they are contradictory, false, unbelievable, meaningless, incomplete — reflect fact disputes and credibility issues to be explored in discovery.

6. **Documents:** Kumaran raises issues about search terms, relevant dates, and similar matters that are being addressed separately in connection with the ESI protocol and search terms currently being negotiated. Accordingly, the Court does not address them here.

7. **Sanctions:** Given the foregoing rulings, no sanctions against Defendants are warranted, and Kumaran's request for sanctions is denied.

8. **Kumaran's Filings:** Defendants correctly observe that Kumaran has often ignored court rules regarding formatting and length of letters and briefs. As noted by the Court in previous orders and conferences, Kumaran's filings tend to be unnecessarily and excessively repetitive. The Court has been lenient in the past but will no longer allow the practice to continue. Accordingly, going forward, all of Kumaran's (and A Star's) filings, like those of Defendants, must use no less than 12-point type.

9. **Mainstay Subpoena:** Defendants and Mainstay's letter motion at Dkt. 323 to quash the Mainstay subpoena and to sanction Kumaran is denied. The motion is misguided as it is premised on the Court having directed the parties to meet and confer before production of documents. Neither the Court's order at Dkt. 298 nor the transcript from the relevant conference gives that direction. To the contrary, the Court clearly explained at the conference that Mainstay was to respond to the subpoena as served; did not have to substantively respond to the items that were in effect interrogatories; and should produce what it believes is appropriate to produce and state clearly what it is not going to produce. Kumaran will then depose Mainstay, and if there are issues of improperly withheld material, they can be addressed after the deposition. (*See* Dkt. 299 at 62-68.) The Court certainly would have hoped the parties could meet and confer as they should on discovery issues, but that bridge had already been crossed by the time of the conference. Defendants also misstate the duration of time for the Mainstay deposition granted by the Court – Defendants refer to it as "a three-hour deposition" (Dkt. 323 at 1), when in fact the Court granted a 3.5 hour deposition of Mainstay. (Dkt. 298 ¶ 5.)

Accordingly, by **November 18, 2025**, Mainstay shall respond to the Mainstay subpoena by identifying those documents that it will produce and those that it will not due to overbreadth, burden, or other objection. Plaintiff shall provide 3 dates for when Mainstay is available for deposition before **December 5, 2025**, and Kumaran may select one of those for the deposition. Kumaran's request for sanctions with respect to the Mainstay subpoena is denied given the overbreadth of the subpoena and its improper inclusion of interrogatories masquerading as document requests. Additionally, even though she was not required to do so, Kumaran could have facilitated matters by

3

narrowing the scope of her requests, and/or accepting Defendants and Mainstay's invitation to meet and confer, following the discovery conference; she did not do so.

The Clerk of Court is respectfully directed to terminate the letter motions at Dkts. 311, 320, and 323.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 4, 2025
New York, New York

Copies transmitted this date to all counsel of record.