IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN, et al *Plaintiffs,* -against- NORTHLAND ENERGY TRADING, LLC et al *Defendants.* | Case No:1:19:CV:08345-MKV-RWL **PLAINTIFF KUMARAN REPLY OBJECTIONS TO ORDER 298 ON DISCOVERY SPOLIATION** |

**PLAINTIFF KUMARAN'S REPLY TO
OBJECTIONS ON ORDER 298 ON DISCOVERY SPOLIATION AND OTHER ITEMS
IN DKT 297 NOT RESOLVED.**

November 11, 2025

Respectfully submitted,

/Samantha S. Kumaran
Samantha S. Kumaran
Individual Pro-Se Plaintiff
samantha@timetricsrisk.com
212-431-5098

### REPLY TO OBJECTIONS DKT 327 LETTER MOTION FOR CLARIFICATION

I write in response to the Opposition Dkt. 327 filed on November 4, 2025. The deadline is seven (7) days to Reply so leading to an extremely compressed schedule of other deadlines on November 10, November 11, and November 12. I thus respectfully and in separate motion will requests the Court please align the scheduling to have no more than 2 deadlines a week (if possible), with gaps of 3 business days, as it is one of the reasons that I am struggling to keep up and also meet all the requirements with little time to check the work. Plaintiff is beginning to suffer some prejudice from this compressed schedule in not having enough time to edit. AS I write this, I have come down with the flu due to being run down from overwork.

I write in clarification and reconsideration of the Order dated October 7, 2025. Dkt.298. This regards to the **combined** reconsideration and the objections which timely filed on October 21, 2025 (Dkt.310). Their opposition is a form over substance issue which is allowing Defendants to (in their own right – and as explained in detail in Dkt. 297) abuse mandatory discovery rules and not have discovery disputes resolved on the merits – instead on a housekeeping matter that is unclear in the rules. I also write to object to Magistrate Judge Lehrburger[1] disregarding the filing, under which I genuinely tried to properly apply the rules to allow Plaintiff to combined my response instead of filing a separate objections. Defendants have also not filed a substantive response on critical discovery issues – which would prejudice Plaintiff and does not warrant complete rejection of a filing

- Pursuant to Local Rule 6.3 (which appears to be a newer 2025 rule) a Reconsideration Motion is permitted at **3,750** Words.
- Pursuant to Local Rule an Objections Motion (which is also a newer 2025 rule) an Objections Motion appears to be permitted at **8,750** Words

---

[1] This letter is again with total respect for M/J/ Lehrburger's order in which he did apply to have considered some of what was raised, but is important to be raised now in formal letter and reply, as the situation is likely to arise again, and Defendants are now taking advantage of a "form over substance" issue to not allow serious and material discovery disputes to be resolved on the merits and with fact and law to support. It also clarifies that my filing was not intended to disregard any rules but was trying to simplify filings by combining them.

1

Both motions, the objections and reconsideration are due in 14 days. This is also confusing in timing due, because it requires the Objections to be filed <u>on the same day</u> as a Reconsideration motion, without the Magistrate having the opportunity to resolve the Reconsideration motion first.

Under the Local rules, Plaintiff Kumaran is thus able to file *two* separate filings – a Reconsideration at 10 pages at 3,750 words and an Objection at 25 pages at 8,750. The total word count permitted under the 2025 rules is separate for each filing and is thus a total of 3,750 words plus 8,750 words which equals a total word count of **12,500** words. The total words permitted is **12,500** and the total pages permitted is **35 pages**. (See also Dkt.327, Page 13 – email discussing the same)

The filing I submitted was apparently 25 pages (which still complies with Pro-Se limits of 25 pages which have always been in effect since 2020), and has always been considered an acceptable page length. Pro-Se Rules also allow 25 pages handwritten and 10 pages handwritten. If the Court would prefer, going forward, I can convert all my papers to be handwritten so as to avoid this type of material prejudice.

Therefore, I respsectfully disagree with Defendants filing at Dkt. 327 and also the Magistrate's Order Dkt. 313 . The 25 pages was *less than* the 35 pages allowed, and the total words, according to Defendants count was 10,249 which is *less than* the 12,500 words. I actually <u>reduced</u> the permitted filings, as a courtesy to the Court, to combine the filings.

In another case 20-CV-3873 because the Reconsideration and Objections are due <u>on the same day</u>, that Court (M.J. Stweart Aaron) had previously allowed a **combined filing** of 25 pages. Therefore, in my own experience, reconsiderations and objections (because Local Rules require them to be filed on the same 14 days) have been combined. In my past experience there was no rejection to a filing of a combined 25 pages, when both papers were filed together.

Based on Defendants proposition it would unilaterally prejudice Kumaran to not have both a Reconsideration motion and an Objection motion be filed once they are combined. Therefore, I respsectfully seek clarification and reconsideration that the prior filing at Dkt 310 must be considered – not just as timely filed which it was but in compliance with the Rules. As explained above, the Reconsideration and Objections were combined – which allowed Plaintiff 35 pages and 12,500 words. My filing was substantially under that limit. Because *<u>combined</u>* filings of 25 pages were previously

allowed in Case 20-CV-3873 this was not a deliberate attempt (as misportrayed by Defendants) – but an honest understanding, that I was in fact reducing the words, and saving the Court time, by combining the filings into one memorandum, which would ordinarily be allowed as two separate filings at 10 pages and 25 pages with a total of 35 pages.

Further the Court's ruling to disregard an entire filing is contrary to law. If a party (inadvertently – which the case in this instant) files slightly over the pages – because I genuinely understood the word limit permitted was 12,500 the Court should not wholeheartedly strike all the filings. "There has been no suggestion of bad faith and there is no discernible prejudice [to Defendants]."*See Minitti v. Speiser, Krause, Nolan & Granito, P.C.*, No. 04 Civ. 7976, 2006 U.S. Dist. LEXIS 91986, 2006 WL 3740847, at *11 n.6 (S.D.N.Y. 2006) (Chin, J.)  See P&G Auditors & Consultants, LLC v. Mega Int'l Commer. Bank Co., 2019 U.S. Dist. LEXIS 169750, *10-11, 2019 WL 4805862 (declining to strike filings under a "purely academic exercise").

For a 25 pages objections motion, if the Court feels it is overlength, and since the mistake as clearly inadvertent and has been allowed in other cases, the standard procedure is required to either (a) disregard only the overlength words or (b) permit an opportunity to refile. The notation to completely strike the filing, when Plaintiff genuinely thought she was reducing the permitted 35 pages and 12,500 words to 25 pages (for ease of the Court) should not materially prejudice a party. *See, e.g., Nat'l Grid Corp. Servs., LLC v. Brand Energy Servs., LLC*, No. 13 Civ. (DRH) (ARL), 2017 U.S. Dist. LEXIS 47875, 2017 WL 1194499, at *10 n.7 (E.D.N.Y. Mar. 30, 2017) (denying defendant's request to **strike excess pages** from plaintiff's memorandum because it did not prejudice defendant); *Guity v. Uniondale Union Free Sch. Dist.*, 2017 U.S. Dist. LEXIS 51964, 2017 WL 1233846, at *2 (E.D.N.Y. 2017) (adopting magistrate judge's recommendation not to **strike** memorandum that exceeded court's **page** limit because defendants had "full and fair opportunity to respond to it accordingly in their reply papers" *Catz v. Precision Global Consulting,* 2021 U.S. Dist. LEXIS 78626, *13, 2021 WL 1600097)

In any event, it is not customary to strike an entire filing, but just the portion or pages that in excess. *See Helen Cross v. Colvin*, 2016 WL 7011477, at *4 n.3 (N.D.N.Y. 2016) (noting that, "[b]ecause Plaintiff has exceeded the page limit, the Court will not consider the arguments contained in pages eleven through fifteen of her counsel's reply affidavit"). . *See McDonough v. Smith*, 15-CV-1505, 2016 WL 5717263, at *8-9 (N.D.N.Y. Sept. 30, 2016) (D'Agostino, J.) (striking pages from memorandum

3

of law that exceeded page limit set forth in local rules); *Piazza v. Eckerd Corp.*, 02-CV-0043, 2003 WL 23350118, at *2 n.9 (W.D.N.Y. Aug. 22, 2003) (disregarding pages 11-22 of defendant's reply brief because those pages exceeded the court's local rules requiring reply briefs to not exceed ten pages). Hence disregarding an entire brief is contrary to rule and law, especially given that the local Rules allow for 35 pages and 12,500 words, and Defendants had no prejudice in their ability to respond.

Finally, even if the Court were to require the filings be separated (meaning a reconsideration be filed at 10 pages) separately from an Objections being filed at 25 pages, which would be 35 pages, the standard of law is that the party should be permitted to re-file the brief – not be totally disregarded. See e.g. *Wong v. Bd. of Educ., 478 F. Supp. 3d 229, 242–43 (D. Conn. 2020)* permitting both parties to modify infringing conduct, and allowing refiling without prejudice to either party.

Accordingly I respsectfully seek that the filing be permitted to be refiled, if found to be overlength, which as explained herein, I genuinely thought it was under the limit.

I also respectfully seek clarification – and to avoid further issues of this type – since Objections and Reconsiderations are due <u>on the same date,</u> I respsectfully seek leave that either (a) they can be filed together as a combined 25 pages with words up to 10,500 or (b) seek leave that two separate filings be made each within the 10 pages and 25 pages limit – which would allow up to 12,500 words. I genuinely thought I was reducing the pages and word count, and since other Couts have accepted the filings combined at 25 pages, I do not believe it to be equitable to wholly disregard the filing, when for the reasons stated above, it was genuinely thought to be acceptable. I also respectfully seek leave both nunc-pro-tunc that these filings at 25 pages, are accepted. If Defendants seek equitable words or feel they need more pages, I grant in advance any additional words.

However, it is not equitably to completely disregard filings, when Local Rules allow Plaintiff to make two separate filings, with a total of 35 pages and 12,500 words. Clearly this filing was made in good faith to make a reasonable attempt to combine this – and Plaintiff's arguments should not be wholly disregarded. If the Court is also setting a procedure that the Reconsideration is filed first, and this stays the date to file Objections (it does not appear that is in the local Rules – unlike in Appeal where a reconsideration under Rule 59, stays the date to file the Notice of Appeal) this would also eliminate the need to file combined Objections and Reconsideration on the same date. In the absence of this, I respectfully seek leave going forward that the Objections and Reconsideration may be filed

4

combined at 25 pages, with a word maximum of 10,500 words. This would imply that Plaintiff must first timely file Objections to the first Order, without any opportunity for the Magistrate to clarify or reconsider, and then be permitted to file Objections to the second order. This would increase the number of filings.

I also respectfully seek that my prior filing is considered, or at a minimum, leave to amend and refile as separate Reconsideration and Objections is granted to avoid any prejudice. I again respectfully urge that Defendants should not be permitted to win on "form over substance" issues – as there are serious issues before this Court, regarding failing to implement a Litigation Hold, which I continue to raise a material concern, that there is no evidence remaining to conduct discovery meaningfully.

The items in Dkt.279 should not be whole-heartedly disregarded, because of a paper limit, which was made in good faith, as combined filings of 10 pages and 25 pages have been accepted in other cases, and I genuinely thought this was reducing burden on the Court.

This case cannot be won by Defendants, violating there preservation duties under Rule 37(e) on technicalities, and form over substance issues, which is why resolving this is material at this stage.

All the issues raised in Objections to Dkt 298 (including for example but not limited to not allowing a forensics expert; the concealment of Larkin's Iphone and BCC as a material custodial source; the arbitrary restriction of 5 search terms; procedures for objections, for example, not allowing certification that discovery is complete on Charles River Associates. Those document requests to Northland and Larkin included for example "#2-#5. #14, and #15 required Northland and Larkin

> "produce each publication, treatise, book or chapter thereof, literature, studies, academic or scholarly articles, journals, papers, pamphlets, peer-reviewed articles, or other documents that **You or CRA** will use as evidence in trial or in support of the claims and defenses herein."

The word **You** means Northland or Larkin. Plaintiff is entitled to a certification that no such documents exist. Accordingly, Northland and Larkin are now foreclosed from later adding these documents to discovery. These for example are material – and could significantly prejudice one party in discovery or trial if not resolved squarely. Since Defendants waived their objections to Plaintiffs discovery requests on Charles River, Plaintiff is entitled to a full production on those requests, not just the "engagement" and the "invoices" and since Defendants, for instance, misrepresented tht they

5

had no such documents in their possession, and then later conceded they did have those documents, relief for those misrepresentations is also mandatory under the rules.

Plaintiff also alerts the Court to significant issues on non-identification of custodian sources, including pegging Chopra's mailbox to Lothrop's; an entire separate repository of Larkin's BCC emails, under a distinct account, identification of the iPhone account as the main source of emails, not being resolved, and any search that does not include those media sources, will be materially deficient. Without the Court's ruling on the proper set of custodian accounts, and BCC accounts as well as preservation of the I-Phone and I-Cloud backup, accelerating searching the incorrect or incomplete devices would also prolong and add more delays to discovery. So resolving the items in Dkt. 297 sooner than later, espscially ones that would immediately impact the ESI protocol, (such as custodians and media) are important to not be overlooked. I also understand that again with the three (3) day rule in His Honors Rule II/D the time to respond to a letter is three days, but because that made my response due on October 6, the day before the conference, (defendants filed a letter on October 2, 2025), there may not have been significant time to review both sides of the letter, even though there was critical issues in discovery that cannot be overlooked.

This Reply does not list all, but simply respectfully requests that the objections are not disregarded on a "form over substance" issue, and this Reply explains clearly that it was my understanding that combining the filings is in compliance with the rules, and that it has been permitted in other Courts, which may have led to the inadvertence. A Parties' objections should not therefore be wholly disregarded, due to a technicality which was made under an interpretation of the rules that would allow this. Maximum opportunity for each claim to be decided on its merits rather than on procedural **technicalities**." *Slayton v. American Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006 *Wells Fargo Bank N.A. v. 366 Realty LLC*, 2025 U.S. Dist. LEXIS 203466, *17-18, 2025 WL 2923385

I thank the Court for its consideration and respectfully seek the relief that the filing is accepted and seek clarification going forward on whether these Objections and Reconsiderations can be **combined** at 25 pages and 10,500 words. For the record, this was no disrespect of the Court or its rules, but a genuine interpretation of the rules that 35 pages and 12,500 words is permitted. Accordingly, I seek no prejudice that the filing is regarded in its entirety.

6

I am doing my very best to keep up with the filings by lawyers, the now daily deadlines, and am not asking for too much lenience, but inadvertence and a genuine interpretation that clearly allows 2 separate filings, should not resolve in material arguments for discovery being overlooked to allow Defendants to circumvent Rule 37(e). The issues being raised are material and dispositive related to Defendants discovery obligations and material prejudice to Plaintiff will occur unless this is resolved.

In conclusion, Defendants had full and fair opportunity to respond, and instead chose not to do so, instead relying on "form over substance" and "technicalities". Courts do not use technicality to deny substantive arguments, when the other side has not been prejudiced and was still given full opportunity to respond. The concern is legitimate as serious issues of for example outright failure to preserve ESI, such as wiping laptops in the middle of a litigation hold, non-disclosed custodian accounts and devices, cannot be overlooked. The Court should thus respectfully resolve the issues on the merits, and I thus respsectfully seek the filing be reinstated and ruled on the merits of any arguments therein. To the extent permitted I request Mr.J. Leherburger also review anything n the combined Reconsideration that may have been disregarded. Moreover, as the Objections have not be ruled upon I respsectfully by this Reply, request the filing be accepted. This was not overlimit as I combined the filings.

I sincerely apologize for any confusion. It was a genuine understanding that I was permitted **35 pages** in total and 12, 500 words, and thought I had *reduced* the words. I respsectfully request I am not prejudiced accordingly and the filing is considered in full. I also respectfully request clarification going forward on whether these can be combined and propose 25 pages and 10,500 words. I also seek clarification on future procedures – and will – in the abundance of caution, separate the filings at 35 pages and 12,500 words which then increase the amount of allocated space.

I thus respsectfully request the filing on October 21, 2025 (Dkt. 310) be considered in its entirety and there to be no prejudice regarding a technical form over substance issues which was inadvertent and in the alternative should be considered excusable neglect for the reasons stated herein.

Respsectfully submitted,
/s/ Samantha Siva Kumaran
Samantha Siva Kumaran
samantha@timetricsrisk.com
Individuall Plaintiff.
212-431-5098

7