FishmanHaygood

Fishman Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
fishmanhaygood.com

Jason W. Burge
(504) 586-5241 Direct
jburge@fishmanhaygood.com

November 18, 2025

**VIA ECF**
Honorable Robert W. Lehrburger
Daniel Patrick Monyihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Kumaran v. Northland Energy Trading LLC*, No. 19-cv-08345

Dear Judge Lehrburger,

      I represent Plaintiff The A Star Group, d/b/a Timetrics ("Timetrics"). Pursuant to Your Honor's individual rules, I submit this letter motion to seal Exhibit A to the Reply Memorandum in Support of the Motion to Withdraw (R. Doc. 338-1), which is the contingency fee agreement between Timetrics and Fishman Haygood, LLP.

      In considering a motion to seal, courts in this Circuit weigh the "common law right of public access to judicial documents" against the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Here, the public interest in reviewing Ms. Kumaran's contingency fee agreement with Fishman Haygood LLP in the context of this dispute over counsel's motion to withdraw is relatively slight, and this Court has already recognized that certain documents relating to this motion can be filed under seal. *See* R. Doc. 304. Further, although the content of the Contingency Fee Agreement has been discussed at length in Ms. Kumaran's publicly-filed submissions (*See, e.g.,* R. Doc. 302, at 3; R. Doc. 312, at 1-2; R. Doc. 330, at 3-7, 11-12, 14, 17, 19; R. Doc. 337, at 2-3), Ms. Kumaran has now asserted a privacy interest in maintaining the confidentiality of the Contingency Fee Agreement itself, which interest is not outweighed by any public interest in maintaining this document publicly. Indeed, Ms. Kumaran herself filed this document under seal as Exhibit 4 to her opposition, and although she has filed her pleadings in response to the present motion to withdraw publicly (*See* R. Docs. 302, 312, 330, and 337), she has previously expressed an interest in sealing documents relating to her fee disputes with prior attorneys. *See, e.g.,* R. Doc. 212.

      Undersigned counsel contacted the ECF Help Desk, who has restricted public access to the document. Undersigned counsel has now confirmed, through PACER review, that the Contingency Fee Agreement is no longer publicly accessible. The ECF Help Desk also advised that, under ECF Rule 21.7(b), the "filing party must ask the presiding judge, in writing for the filing to be formally sealed by the Court."

FishmanHaygood

Accordingly, Timetrics respectfully requests that this letter motion be granted, and Exhibit A to the Reply Memorandum (Doc. 338-1) be permanently sealed.

Respectfully submitted,

*/s/ Jason W. Burge*
Jason W. Burge