```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMANTHA SIVA KUMARAN, ET AL.,               :
                                             :    19-CV-8345 (MKV) (RWL)
                    Plaintiffs,              :
                                             :
        - against -                          :
                                             :    ORDER
                                             :
NORTHLAND ENERGY TRADING, LLC,               :
ET AL.,                                      :
                                             :
                    Defendants.              :
                                             :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

The Plaintiffs in this case are Samantha Siva Kumaran and the company of which she is CEO, The A Star Group, Inc. d/b/a Timetrics ("A Star"). During the litigation, Ms. Kumaran has represented herself, and counsel has represented A Star. On several prior occasions, counsel for A Star has withdrawn from representation. Now before the Court is the motion of A Star's current counsel of record, Jason W. Burge and his firm Fishman Haygood LLP (the "Firm"), to withdraw on the basis of, *inter alia*, irreconcilable differences, material disagreement on legal strategy, and the client's having made it unreasonably difficult to represent it effectively. (Dkt. 301.) Although A Star Group – by Ms. Kumaran – opposes, the motion is GRANTED.

Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides the requirements for withdrawing as counsel of record:

> Except where an attorney has filed a notice of limited-scope appearance as set forth in subsection (c), an attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the

1

> filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien.

Loc. Civ. R. 1.4(b) (2025).

When weighing whether to grant a motion to withdraw, courts are tasked with considering two factors: "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *de Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp.3d 8, 10 (S.D.N.Y. 2020) (quoting *Milltex Group Inc. v. Gossard & Berlei Ltd.*, No. 15-CV-10002, 2017 WL 9771811, at *1 (S.D.N.Y. Apr. 10, 2017)). Satisfactory reasons for withdrawal include, *inter alia*, "the client's failure to pay legal fees, a client's lack of cooperation – including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client." *PWV Consultants LLC v. Chebil Realty LLC*, 20-CV-9030, 2022 WL 20527354, at *2 (S.D.N.Y. Oct. 18, 2022) (internal quotation marks and citations omitted); *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp.3d 441, 445 (S.D.N.Y. 2014) (similar). "A court may also consider whether the motion is opposed," *PWV Consultants LLC*, 2022 WL 20527354, at *2, or whether "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel," *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (per curiam) (internal brackets omitted). "Ultimately, the decision whether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." *PWV Consultants LLC*, 2022 WL 20527354, at *2 (internal quotation marks, brackets, and citations omitted).

Here, the Court finds that Mr. Burge has presented satisfactory reasons to justify his and the Firm's withdrawal from the case. In support of his application, Mr. Burge submitted an affidavit detailing circumstances demonstrating that Ms. Kumaran has

rendered representation of A Star unreasonably difficult, that counsel and client have a fundamental disagreement about strategy, and that the relationship has irretrievably broken down.[1]  (Dkt. 308.)  The motion to withdraw also is supported by a declaration from Tricia M. Rich, an attorney whose practice focuses on legal ethics, professional responsibility, and lawyer risk management issues.  (Dkt. 308-1.)  Ms. Rich opines that the conduct of Ms. Kumaran has given rise to an unwaivable conflict of interest, and that Mr. Burge "must" withdraw as counsel.  (*Id*. ¶¶ 12-17.)

In opposing the motion, Ms. Kumaran asserts that Mr. Burge has made "false statements" to the Court (which Mr. Burge vehemently denies); that Mr. Burge has "intimidated" her (also denied); and that Mr. Burge has breached their contingency fee contract (also denied).[2]  (Dkt. 337.)  Further, Ms. Kumaran has expressed her intent to file an order to show cause seeking to enjoin Mr. Burge and the Firm from breaching their contractual obligations and requiring them to retain a third-party technology consultant.[3]  (*Id.* at 2.)  The accusations that Ms. Kumaran has leveled against Mr. Burge and the Firm

---

[1] The Firm's retainer agreement with A Star, signed by Ms. Kumaran both as CEO of A Star and individually as co-Plaintiff, expressly authorizes the Firm and its attorneys to withdraw, subject to Local Civil Rule 1.4, if, as here, the client has rendered it unreasonably difficult to represent them effectively, there is a material difference in legal strategy, or irreconcilable differences.  (Dkt. 338-1 at 8 § 10.)

[2] Ms. Kumaran has filed extensive opposition papers on behalf of the A Star Group. Among them are four affidavits from Ms. Kumaran, each detailing communications between Mr. Burge (or others from the Firm) and Ms. Kumaran.  (Dkt. 333-1 to 333-5.) On November 17, 2025, Ms. Kumaran filed a letter seeking an extension to augment her opposition papers with four additional affidavits.  (Dkt. 337.)  Putting aside that Mr. Burge filed his reply that same day, the affidavits, including those already filed, are of no moment – by her accusations, Ms. Kumaran has made it crystal clear that the relationship between her and Mr. Burge necessitates withdrawal.

[3] This case is not the proper forum for Ms. Kumaran and/or A Star to litigate against Mr. Burge and/or the Firm for breach of contract.  Rather, Ms. Kumaran and/or A Star would need to file a separate action.

only further underscore what Mr. Burge has already demonstrated as an unwaivable conflict of interest and breakdown of the parties' relationship, despite A Star's opposition (authored by Ms. Kumaran) contending that there are no irreconcilable differences and that withdrawal is not permitted.  (*See* Dkt. 330 at 12, 21.)

As for the impact of withdrawal on the case, the Court does not find that Mr. Burge and the Firm's withdrawal will so disrupt the proceedings as to warrant denial of the motion.  The most apt situation in which such disruption is found is when a case is on the verge of trial.  *See, e.g., de Jesus Rosario*, 491 F. Supp. 3d at 11.  But that is not the case here.  Although the case is quite old, the parties are still in the earlier stages of discovery, not having yet produced electronic information.  Mr. Burge and the Firm have represented A Star for only about six months, and A Star previously has successfully transitioned the case from one firm to another.  That said, the Court is troubled by the repeated cycle of A Star's retention of counsel and their later withdrawal.  Ms. Kumaran needs to find a way to establish a sustainable relationship with counsel retained to represent A Star, or A Star likely will end up defaulting for lack of representation.

To the extent not discussed above, the Court has considered A Star and Ms. Kumaran's arguments and finds them to be either moot or without merit.

Accordingly, the motion to withdraw is granted and Mr. Burge and the Firm are relieved as counsel.  The case is stayed for 30 days to provide A Star an opportunity to retain new counsel.  A Star is reminded that it can appear only through counsel.  The stay will automatically lift upon expiration of the 30-day period.  If A Star has not appeared through counsel by that time, A Star will be in default, which may result in default judgment against A Star with respect to both its claims and defendants' counterclaims.

Regardless of the extent to which Ms. Kumaran and attorneys for A Star may collaborate on legal filings, any new counsel for A Star must conduct the requisite due diligence and legal work on behalf of A Star to meet the attorney's ethical obligations and their obligations under Rule 11 of the Federal Rules of Civil Procedure.

The Clerk of Court is respectfully directed to (i) terminate Mr. Burge and any other attorney with Fishman Haygood LLP as counsel of record, and (ii) terminate the motions at Dkts. 301 and 312.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 18, 2025
      New York, New York

Copies transmitted this date to all counsel of record.