**VIA ECF**

Honorable Magistrate Judge Lehrburger,
United States District Court
Southern District of New York
40 Foley Square, Court Room 18C
New York, NY 10007

Re: *Kumaran vs. Northland Energy Trading et al  1:19-Cv-08345* (MKV-DCF)

## LETTER MOTION RE APPOINTMENT OF COUNSEL / REPY BRIEF

Dear Hon. Magistrate Judge Lehrburger,

    I write because Mr. Burge's filing on December 11, 2025 (Dkt.349) advances the briefing schedule in a manner not consistent with Local Rule 6.1, which previously set the opposition deadline for December 16, 2025. By filing early, the Reply deadline is now December 18, 2025—the very same date the Court set for AStar to appoint new counsel. That alignment is materially prejudicial and directly contrary to Local Rule 1.4, which prohibits withdrawal where it prejudices the client.

### A – Scheduling of Appointment of Counsel

    I write to note that in his opposition, Burge and FH do not oppose the relief that Plaintiffs requested that newly appointed counsel only appear once the District Judge rules on the pending objections and/or the Magistrate rules on the pending reconsideration, and resolution on the fees are resolved. Specifically, Section N – Reconsideration[1], seeks relief of an Order "staying the withdrawal until all reconsiderations, objections and resolution on the fees is resolved" and Section P[2] of the Objections which requested similar relied, that the objections, reconsideration and fee dispute is resolved first. Both Section N (Reconsideration) and Section P (Objection) seek relief that counsel is not appointed, until this situation is resolved.

    Since the relief requested is unopposed by Burge and FH, and no specific opposition filed to those sections, Plaintiffs' respsectfully move that the relief is granted. As shown in Points B and C below, it is important to resolve this, as new firms have wanted complete resolution on FH's ongoing role and responsibilities, transfer of files, Lexbe, depositions, before a proper retainer can be established. Many firms have inquired for closure on all matters related to Burge and FH's role (including those identified related to files, Lexbe, litigation expenses, and Mainstay) are ruled upon by the District Judge. Burge and FH do not oppose this section either. Hence, I respsectfully request the deadline for a notice of appearance is deferred until after the District Judge rules. Good cause is also

---

[1] **N - MOTION FOR STAY ON WITHDRAWAL UNTIL ALL RECONSIDERATIONS, OBJECTIONS AND RESOLUTION ON THE FEES ARE RESOLVED**
Plaintiffs also seek an order staying the withdrawal until all reconsiderations, objections and resolution on the fees is resolved.

[2] **Section P – Stay Of Withdrawal and Deadline Until Objections Ruled Upon**
Finally, Plaintiffs object to the Order as it must stay the deadline to appoint counsel and stay the actual withdrawal of counsel until the objections, reconsideration and the Fee dispute, including evidentiary hearing to resolve facts are resolved. Plaintiffs thus respectfully move the Court, that the proceeding is stayed (including appointment of new counsel) until this Court resolves the objections, and instead require FH to continue representation with another partner if required.

given that the advanced scheduling requires I comply with the seven day Reply brief also due on December 18, 2025. Burge/FH filed no opposition to the portion Objections P of the relief requested.

### B – Access to Lexbe, Transfer of Litigation Files and Mainstay Responses

In addition, Burge/FH's filed no "on point" opposition to Section H –Objections and the prejudice being caused. Plaintiffs identified substantial prejudice arising from FH's unilateral termination of access to Lexbe and failure to arrange transfer of client discovery, including subpoena responses (e.g. Hubspot). The Client does not even have access to its own files. These issues remain unaddressed. As of December 1, 2025, AStar lost access to all materials stored in Lexbe, including Client's owned work product, organized ESI, and subpoena productions. Hundreds of hours were expended by Plaintiffs to prepare these materials; unilateral removal of access during discovery constitutes prejudice prohibited under Local Rule 1.4. The Client owns these materials. Various prospective counsel have expressly stated that they require full access to the files and subpoena materials before they can evaluate a retainer. Without that access, counsel are prejudicing any transfer –and the additional work needed for a new law firm who should not have to redo prior work. Plaintiffs also respectfully requested that the Court direct FH to restore Lexbe access pending the District Judge's ruling.

### C – Status on Possible New Counsel or Co-Counsel

Plaintiff documents to the Court it has been diligently and actively searching for new counsel or co-counsel. It has found (in particular) one law firm, who has deep trial experience, willing to take the case on mostly contingency all the way to trial and who have reviewed specifically the spoliation allegations. This firm were expected to provide AStar a retainer on Tuesday but it has been delayed until this weekend. However, there are two conditions of their appearance. One is that they are paid a one-time transfer fee[3] to get up to speed on the case. This is a one-time fixed fee and the rest would be on contingency. The Court might note that a lot has transpired since March 2025 - with Computech, Mainstay, several subpoenas, two court conferences, and multiple discovery requests and correspondence to the Court, all of which the new law-firm needs to get up to speed. Second, per the FH Agreement continue the deposition and expert costs such as Lothrop, Bramante, Mainstay, Computech, Chopra, the 30(b)(6) – which Burge promised to do- such fees to be placed in escrow prior to withdrawal and the Court resolve the fee dispute.

Based on this arrangement, AStar would be kept whole, and in the same place as prior to Burge's attempts to withdraw and the new law firm would take over – without interruption to the case. There has been a complete six-month loss of time for AStar in Burge not performing any work – and this fixed fee would be used for the new firm to get up to speed. It would also mean no prejudice to the case continuing as it would allow new counsel to get caught up – and continue where Burge/FH left off. The firm in mind, has stated that other than the "transfer fee" – they will continue on contingency once up to speed. Plaintiffs have not seen the actual retainer yet, but an outline has been discussed. I am expected to receive a copy of the retainer from the first firm this weekend. Given these developments, and the requirement of FH's engagement to be properly resolved this is also grounds for the relief n Section N (Recon) and Section P (Objections). Neither AStar nor Kumaran are willing to pay out of pocket for Burge's breaches or attempts to breach, which has now resulted

---

[3] Amount not disclosed in this letter.

in a transfer fee. It is noted that Burge violated not just the 5/5/2025 Order to "get up to speed", but also the 7/2 Order in not reviewing once any of the spreadsheets and then the 10/7 Order in trying to avoid complying with multiple ESI deadlines that the Court set which have set back his client.

      I also notify that there are other firms looking at the case have stated that they need more time to review the files. Plaintiff notes that the search for counsel commenced over Thanksgiving when many people were out of the office for a week. With the Reconsideration and Objections motions also briefed on December 2, 2025, firms have asked for a ruling by the District Judge, prior to undertaking significant time or manpower on any deep dive. It would not make sense for them to expend large manpower when withdrawal is opposed and FH may remain on. Plaintiffs thus request the Section N (Reconsideration) and Section P (Objections) are granted also because of the Christmas holidays, and that any retainer not yet negotiated is deferred until January 18, 2025. This is also because any retainers expected to be received – will not practically be resolved before the holidays.

      Moreover, in initial discussions, many firms are expecting "full copies of the files" – including those produced in Lexbe. One law firm said FH holding onto the Client file was improper. Kumaran is also being materially prejudiced without on-going access to Lexbe, copies of work already performed, subpoenaed documents such as Hubspot. FH does not dispute it has unilaterally shut off its client from accessing its own discovery documents in Lexbe. This is specifically the type of material prejudice, midway through discovery, that is not permitted under Rule 1.4. It is also slowing down any review by firms. AStar does not agree to be left in an inequitable position where it is materially prejudiced without access to Lexbe, deposition costs, and experts and also to now pay for the transfer fee, caused by Burge not doing any of his own work. (See April- August Affidavit – showing that Burge violated Court Orders and did not contributed for 180 days). These are specifically the type of fee issues that are before this Court. AStar/Kumaran have always maintained that they do not object to FH recovering their out-of-pocket fees and expenses off the top, as was in the Agreement.

      In conclusion, in light of the early Reply brief which is now also due on December 18, 2025 and unopposed relief in Section N (Recon) and Section P (Objections), I respsectfully request the relief in those sections be granted. In the meantime, Plaintiff will continue expedited discussions with the potential incoming law firms to finalize the outline of the retainer. The time needed to close is expected to be about 30 days, however I respsectfully seek that be deferred until the District Court rules. In any motion for relief, AStar/Kumaran seeks equitable reinforcement of the withdrawal and that it is no encumbered or prejudiced – and that this time is needed to ensure quality representation without a chance for them to properly review the record, understand the facts and law needed to prosecute the case. I do not want to retain counsel in a happenstance manner. Specifically, I respsectfully seek the relief that the December 18 deadline is deferred until the District Court rules and specifically seek relief that the Court does not default AStar given the motions still pending, or at the very least the deadline is extended until January 18, 2025. I assure the Court that I have been actively complying with the Orders, while also preserving my objections and reconsiderations. I do object to the untimely withdrawal including the lack of any conditions of such withdrawal and have also objected to FH as a firm being able to withdraw, when other partners are at the firm, and this incident was caused by the lawyer (and not the Client).

Thank you for your consideration.

Respsectfully submitted,

/s/ Samantha S. Kumaran
Samantha S. Kumaran
As representative of AStar and also Individually
samantha@timetricsrisk.com
212-431-5098