FishmanHaygood

Fishman Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
fishmanhaygood.com

Jason W. Burge
(504) 586-5241 Direct
jburge@fishmanhaygood.com

December 17, 2025

**VIA ECF**
Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Kumaran, et al v. Northland Energy Trading, LLC, et al* Case No. 19-08345;
Response to Doc. 350: Letter Motion re: Appointment of Counsel/Reply Brief and Update on Compliance with Order Doc. 352.

Dear Hon. Magistrate Judge Lehrberger,

I write to respond on behalf of Fishman Haygood, LLP ("Counsel") to Ms. Kumaran's letter of December 12, 2025 (R Doc. 350), on behalf of herself and The A Star Group and to update the Court on compliance with its recent order of December 17, 2025 (R. Doc. 352). (Because Ms. Kumaran filed her letter on December 12, 2025, Counsel believed that a response was due today, December 17, 2025, which is three business days from the date she filed her letter).

*Scheduling of Appointment of New Counsel*

Because Counsel has withdrawn and is no longer involved in the case, we take no position on the date by which The A Star Group need obtain new counsel. However, in her letter Ms. Kumaran also requests that the withdrawal be stayed "until all reconsiderations, objections and resolution on the fees is resolved," and asserts that this relief is unopposed. This is incorrect. In her Motion for Reconsideration, Ms. Kumaran has a single sentence in which she requests a stay, which was never sought in a formal motion. *See* R. Doc. 247, at N. Counsel specifically denied all additional arguments in its opposition, which would include Ms. Kumaran's single sentence request for a stay. *See* Doc. 349 at 6. Ms. Kumaran has shown no entitlement to a stay of withdrawal in this matter, nor even addressed the elements that would apply to such a stay. Although this Court has now ordered a stay until the Motion for Reconsideration and Objections are denied, there is no reason any such stay should be extended beyond that point.

*Access to Lexbe, Transfer of Litigation Files and Mainstay Responses*

Ms. Kumaran also claims that Counsel did not oppose Section H of her Objections, titled "Prejudice to AStar and Kumaran." This is also incorrect, as Counsel directly addressed this Court's obviously correct rulings on prejudice in the Opposition. *See* Doc. 349 at 2-3.

On the substance of Ms. Kumaran's letter, Ms. Kumaran claims that Counsel has refused to transfer client files back to A Star. As would be true at the conclusion of any representation, Counsel gathered A Star's files in order to transfer them to A Star's new counsel upon request. Counsel now has proposed to return them to A Star, but Ms. Kumaran has specifically requested that Counsel not overnight the files to the only address that A Star has ever provided to Counsel. Ms. Kumaran has also refused to provide an alternative delivery address. Accordingly, Counsel is still holding A Star's files and is prepared to transfer those files upon the receipt of delivery instructions from A Star.

Regarding Lexbe, that is a document review platform and maintaining documents on that platform for review requires an ongoing expense. Once Counsel is no longer enrolled in a case, in the ordinary course of business Counsel removes documents from the platform in order to avoid incurring further expense. As noted above, Counsel stands ready to deliver all information contained in the Lexbe database upon delivery instructions from the client, but Counsel would not ordinarily continue to incur the expense of hosting electronic documents for a case from which Counsel has withdrawn.

*Compliance with Section (3) of the Court's Order of December 17, 2025*

In response to this Court's order of December 17, 2025, Counsel is restoring the documents to the Lexbe database and reestablishing access for Ms. Kumaran until this Court rules on the Motion for Reconsideration and the Objection. To accomplish this, Counsel must overnight the files to Lexbe, Lexbe will need to re-process those documents into its system, and then Counsel can give Ms. Kumaran access to the system. This process will require several business days and most of the process is outside of Counsel's control, but Counsel is endeavoring to restore Ms. Kumaran's access as quickly as possible. Counsel also notes that continuing to host these documents will generate considerable expense for Counsel, expense that Counsel presently has no method to recoup given that Counsel no longer has an active engagement agreement with A Star and has disclaimed any right to seek reimbursement of its expenses in this lawsuit. Counsel will obviously bear these expenses during the short duration of the resolution of the present motion and objections, but requests that the requirement of continued access be ended promptly upon resolution of the motions.

*"Status on Possible New Counsel or Co-Counsel"*

Finally, in Section C of her letter, ostensibly in an update to the Court on her efforts to obtain new counsel, Ms. Kumaran requests that Counsel be ordered to pay an undefined "transfer fee" and to pay undefined expenses for deposition and expert costs. Ms. Kumaran cites no caselaw in support of these requests (indeed, she does not even cite any contractual provision that would call for these payments). Counsel expressly denies that it owes any amounts to A Star, or that Counsel has any obligation to pay ongoing expenses of this case now that Counsel has withdrawn and the engagement letter has been terminated.

But there is no need for this Court to consider those issues, as this Court already ruled that "This case is not the proper forum for Ms. Kumaran and/or A Star to litigate against Mr. Burge and/or the Firm for breach of contract … [they] would need to file a separate action." R. Doc. 344, at n.3. As noted in Counsel's Opposition to the Motion for Reconsideration, there is no "fee dispute" between A Star and Counsel because Counsel were never paid any amounts for this representation and have disclaimed all interest in fees or expenses. *See* R. Doc. 349 at 4-5. Ms. Kumaran's request in her letter that this Court oversee a "fee dispute" between A Star and Counsel is simply an attempt to inject purported contractual claims against Counsel into this lawsuit, which this Court has already determined it will not do.

Respectfully,

*/s/Jason W. Burge*

Jason W. Burge