UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SAMANTHA SIVA KUMARAN, ET AL.,                          :
                                                        :        19-CV-8345 (MKV) (RWL)
                            Plaintiffs,                  :
                                                        :
            - against -                                 :
                                                        :
                                                        :        **ORDER**
                                                        :
NORTHLAND ENERGY TRADING, LLC,                          :
ET AL.,                                                 :
                                                        :
                            Defendants.                 :
                                                        :

------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff Kumaran moves for reconsideration of two orders (Dkt. 348): (1) the Court's November 18, 2025 Order at Dkt. 344, which granted the motion to withdraw filed by counsel for Kumaran's company and co-Plaintiff, The A Star Group ("A Star"); and (2) the Court's December 1, 2025 Order at Dkt. 346, which denied Ms. Kumaran's request to require non-party Mainstay to produce documents regardless of the 30-day stay entered by the Court to give A Star an opportunity to retain new counsel. Withdrawing counsel – Jason W. Burge and his firm Fishman Haygood LLP (the "Firm") – have responded to the motion (Dkt. 349), and Ms. Kumaran has replied (Dkt. 356.)

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. *See Morgan v. Gaind*, 462 F. App'x 56, 57 (2d Cir. 2012) (summary order). A motion for reconsideration should be granted only when the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Rule 60(b) affords

1

"extraordinary judicial relief" that can be "invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced[.]" *Associated Press v. United States Department of Defense*, 395 F. Supp.2d 17, 19 (S.D.N.Y. 2005). "The moving party bears the burden of proof." *Freedom, N.Y., Inc. v. United States*, 438 F. Supp.2d 457, 462 (S.D.N.Y. 2006). The decision to grant or deny a motion for reconsideration is committed to "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (quoting *Nemaizer*, 793 F.2d at 61-62).

## A.    The Motion To Withdraw

Ms. Kumaran's motion for reconsideration of the Court's order granting the motion of A Star counsel to withdraw is denied. The motion largely reargues points previously raised in opposition to the motion to withdraw. It also makes a flawed assumption that the Court did not review the affidavits Ms. Kumaran submitted in opposition. (Dkt. 348 at 1-4.) The Court did review the affidavits, which detail on a monthly basis the communications between Ms. Kumaran and A Star counsel. (Dkt. 333-1 to 333-5.) Those affidavits, along with the parties' other submissions, led the Court to find that Ms. Kumaran's affidavits were "of no moment." (*See* Dkt. 344 at 3 n.2.) The Court did not overlook anything, and Ms. Kumaran has not identified any oversight, error, or other basis to grant her motion for reconsideration.

## B.    The Mainstay Order

Ms. Kumaran's motion requesting reconsideration of the November 18, 2025 Order regarding non-party Mainstay is denied. Ms. Kumaran argues, *see* Dkt. 348 at 10, that the Court erred by stating in its Order that "The November 18 deadline was for Mainstay

to identify documents that would or would not be produced, not to produce the documents"
and finding that there would be no material prejudice to Plaintiff in not making an
exception under the temporary stay.  She relies on the Court's earlier order of November
4, 2025, at Dkt. 328.  In that Order, the Court denied Defendants and Mainstay's request
to quash the subpoena served on Mainstay.  (Dkt. 328 ¶ 9.)  The November 4, 2025 Order
stated that "the Court clearly explained at [an earlier] conference that Mainstay was to
respond to the subpoena as served; did not have to substantively respond to the items
that were in effect interrogatories; and should produce what it believe is appropriate to
produce and state clearly what it is not going to produce."  (*Id*.)  Consistent with that
statement, the Court ordered that by November 18, 2025, Mainstay "shall respond to the
Mainstay subpoena ***by identifying*** those documents that it ***will*** produce and those that it
***will*** not due to overbreadth, burden, or other objection."  (*Id* at 3 (emphases added).)  The
November 4, 2025 Order thus did not require Mainstay produce its documents by
November 18, 2025.

Recognizing that, Ms. Kumaran asks the Court to reconsider not only the Order
issued on December 1, 2025, but also the November 4, 2025 Order, to make clear that
Mainstay was required to produce its documents by November 18, 2025.  (Dkt. 348 at
10.)  But the deadline to move to reconsider the November 4, 2025 Order was November
18, 2025.  (*See* SDNY Local Rule 6.3.)  The December 1, 2025 Order accurately reflects
the November 4, 2025 Order.  Again, Ms. Kumaran does not identify anything the Court
overlooked, any error, or any other basis to reconsider either of those orders.

To the extent not discussed above, the Court has considered Ms. Kumaran's
arguments and requests and finds them to be either moot or without merit.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 348.

3

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 16, 2026
        New York, New York

Copies transmitted this date to all counsel of record.