**Fishman**Haygood

Fishman Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
fishmanhaygood.com

Granted. The case is stayed pending the earlier of: (a) new counsel appearing for A Star, or (b) a ruling on A Star's objections at Dkt. 347 to the order granting Fishman Haygood's motion to withdraw as counsel. The Court already has ruled on A Star's motion for reconsideration.

SO ORDERED:
1/22/2026

HON. ROBERT W. LEHRBURGER UNITED STATES MAGISTRATE JUDGE

January 15, 2026

**VIA ECF**
Honorable Robert W. Lehrburger
Daniel Patrick Moyniham United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Jason W. Burge
(504) 586-5241 Direct
jburge@fishmanhaygood.com

Re:    *Kumaran, et al v. Northland Energy Trading, LLC et al*, Case No. 19-08345;

Dear Hon. Magistrate Judge Lehrberger,

I write on behalf of Fishman Haygood, LLP ("Counsel"), pursuant to Your Honor's individual rules, to move to stay proceedings until the earlier of: (a) appearance of new counsel on behalf of A Star, or (b) resolution of the outstanding Motion to Reconsider and Objections to the Court's ruling on Counsel's Motion to Withdraw as Counsel for The A Star Group, d/b/a Timetrics ("A Star"). R. Docs. 347, 348. A Star appears to have taken the position that Counsel must continue to represent A Star on all discovery matters in this case until after rulings are made on the Motion to Reconsider and the Objections, despite the fact that Counsel (i) has been found to have "an unwaivable conflict of interest and a breakdown of the parties' relationship," (ii) no longer has any active engagement agreement with A Star, and (iii) has waived all right to fees or expenses in this litigation. A Star's position is neither ethically permissible nor reasonable.[1]

On November 18, 2025, this Court granted Counsel's Motion to Withdraw and stayed the case for 30 days to allow A Star to obtain counsel. R. Doc. 344. Ms. Kumaran then asked this Court to stay Counsel's withdrawal to allow it to respond to her objections to the order. R. Doc. 345. On December 1, 2025, this Court directed the Clerk of Court to "reinstate (or not terminate)" Counsel solely for the purpose to receive and respond to Ms. Kumaran's objections. R. Doc. 346.

A Star did not find new counsel during this time. Rather, Ms. Kumaran asked the Court to delay the deadline for appearance of new counsel until the Court ruled on her motion for reconsideration and objections to the order granting Counsel's motion to withdraw (hereinafter "Withdrawal Order"). R. Docs. 348, 350-351. On December 17, 2025, this Court ruled, *inter alia,* that: the withdrawal of Counsel is stayed until the District Court's resolution of the pending motion for reconsideration and objections to the Withdrawal Order and apparent fee dispute; Counsel must permit Ms. Kumaran to access A Star's legal files and the Lexbe database; and the deadline for A

---

[1] A Star previously indicated that it should be able to enroll new counsel within "about 30 days" of December 12, 2025 [R.Doc. 350], but that period has now passed, and A Star has not enrolled new counsel.

Star to appear through new counsel is extended ***30 days after*** the District Court's determination of the pending motion for reconsideration and objections to the Withdrawal Order. R. Doc. 352.

Counsel readily complied with the Court's order and fully restored Ms. Kumaran's access to Lexbe and provided access to her legal files. In the meantime, following the expiration of the 30-day stay on December 18, 2025, A Star has not enrolled new counsel in this matter and Ms. Kumaran has resumed discovery, including setting a deposition for the last week of January. Because A Star has not enrolled new Counsel and this Court stayed the withdrawal of Counsel, Counsel is placed in the untenable position of either (a) allowing a deposition to proceed without A Star having representation, or (b) representing a client in a deposition in a case where Counsel has been found to have an unwaivable conflict of interest, has been permitted to withdraw, and has waived all rights to fees or expenses for this engagement.

Counsel has no desire to delay proceedings in this matter, and A Star is free to enroll new counsel and proceed with discovery at any time. But it is of course unknown when the pending motions will be resolved, and in the meantime Counsel has been placed in the untenable position of representing a client with whom this Court has ruled it has an unwaivable conflict of interest. Nothing about the irreconcilable differences or the breakdown of the attorney-client relationship has changed since the Withdrawal Order was entered. R. Doc. 344. Counsel could also be forced to provide legal services for A Star without any prospect of payment for an indefinite period of time while waiting for a ruling.

It should be noted that Counsel is not asking for a stay of proceedings related to a resolution of fees. Counsel has waived any rights to fees or reimbursement of expenses. *See* R. Doc. 338, p. 2. Accordingly, a stay of proceedings would not apply to a resolution of fees.

In sum, Counsel requests that the Court grant a stay pending the earlier of: (a) new counsel appearing for A Star, or (b) a ruling on A Star's objections and motion for reconsideration. Absent a stay, Counsel appears to be required to represent A Star, despite a material conflict and without an agreement or expectation of payment, for an unknown length of time.

Ms. Kumaran has indicated that she opposes the relief sought in this letter motion and has asked that we submit her email to that effect under seal.  We will be doing so in a separate filing.

Respectfully submitted,

*/s/ Jason W. Burge*

Jason W. Burge

JWB/rh

2