UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___1/22/2026___

SAMANTHA SIVA KUMARAN, and
THE A STAR GROUP, INC. *d/b/a*
TIMETRICS,

                              Plaintiffs,

          -against-

NORTHLAND ENERGY TRADING, LLC, et
al.,

                              Defendants.

1:19-cv-8345 (MKV) (RWL)

ORDER OVERRULING OBJECTIONS
AND DENYING MOTION FOR TRO/PI

MARY KAY VYSKOCIL, United States District Judge:

The plaintiffs and counterclaim defendants in this lawsuit are Samantha Siva Kumaran, who is proceeding *pro se*, and The A Star Group, Inc. ("A Star") of which company Ms. Kumaran is the Chief Executive Officer (collectively, "Plaintiffs"). In October 2025, current counsel of record for A Star, Jason W. Burge and his firm Fishman Haygood LLP, filed a motion to withdraw from the representation on the grounds that a breakdown in the professional relationship between Ms. Kumaran and counsel for A Star has given rise to "an unwaivable conflict of interest," among other reasons [ECF Nos. 301 (the "Motion To Withdraw")]. Counsel supplemented the Motion To Withdraw with a detailed affidavit demonstrating that Ms. Kumaran has made the representation unreasonably difficult and a declaration of ethics counsel advising withdrawal [ECF Nos. 308, 308-1]. Plaintiffs opposed the Motion To Withdraw [ECF Nos. 330, 330-1, 330-2].

In a clear, restrained, and unassailably correct Order, Magistrate Judge Lehrburger granted the Motion To Withdraw over Plaintiffs' opposition and imposed a 30-day stay of the case to give A Star time to obtain new counsel [ECF No. 344 (the "Order Granting Leave To Withdraw")]. In the Order Granting Leave To Withdraw, Magistrate Judge Lehrburger carefully weighed the submissions from both counsel and Plaintiffs and correctly ruled that withdrawal was appropriate

under Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. *See* Order Granting Leave To Withdraw at 1–4. Magistrate Judge Lehrburger observed that Plaintiffs previously have "cycle[d]" through a number of counsel for A Star [ECF Nos. 118, 158, 213, 243]. *Id*. at 4. He also "reminded" Plaintiffs that A Star "can appear only through counsel," since, when Ms. Kumaran initially filed this case, she failed to retain counsel for A Star and improperly purported to file submission on behalf of A Star, in defiance of court orders [*see* ECF Nos. 23, 55 (warning that A Star must "appear through counsel . . . or its claims will be dismissed")]. *Id.*

Magistrate Judge Lehrburger explained that the accusations Ms. Kumaran has hurled against Mr. Burge in opposing the Motion To Withdraw simply "underscore" that withdrawal is appropriate. *Id.* at 3–4 & n.2. Magistrate Lehrburger further explained that "[t]his case is not the proper forum for Ms. Kumaran and/or A Star to litigate against Mr. Burge and/or the Firm for [any alleged] breach of [the retainer agreement]." *Id*. at 3 n.3. Magistrate Lehrburger also concluded that withdrawal would not "so disrupt the proceedings as to warrant denial of the motion," since the parties are still in the early stages of discovery, which can proceed after a brief stay to allow A Star to retain new counsel. *Id.* at 4 (citing *de Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 10 (S.D.N.Y. 2020)).

Ms. Kumaran, however, seeks to force withdrawing counsel to continue representing A Star, at counsel's expense, and to press ahead with discovery in spite of the stay imposed by Magistrate Judge Lehrburger. In particular, Ms. Kumaran, purporting to represent A Star, moved for reconsideration before Magistrate Judge Lehrburger of both the Order Granting Leave To Withdraw and a separate order denying her request to require a non-party to produce certain discovery during the stay [ECF No. 348; *see* ECF No. 346 (the "Mainstay Order")]. Ms. Kumaran

also filed before this Court objections, purportedly on behalf of A Star, to both orders [ECF Nos. 347 (the "Objections")].   In addition, Ms. Kumaran has now filed a motion for a temporary restraining order, preliminary injunction, and permanent injunction against Mr. Burge and his firm [ECF Nos. 361 (the "Motion for Emergency Relief"), 362 ("Mem."), 363, 364].  She seeks specific performance of the retainer agreement between A Star and withdrawing counsel, requiring the firm to conduct discovery and pay for litigation expenses, including upcoming depositions.

## DISCUSSION

### A.  The Objections to the Order Granting Leave To Withdraw Are Meritless.

The Magistrate Judge has broad discretion to rule on non-dispositive pretrial matters, such as a motion to withdraw as counsel, and the District Court reviews such rulings "under the 'clearly erroneous or contrary to law' standard."  *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (quoting 28 U.S.C. § 636(b)(1)(A)); *see* Fed. R. Civ. P. 72(a); *In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) ("[M]agistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused.") (quoting *Winfield v. City of New York*, No. 15-cv-5236 (LTS), 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017)).   Putting aside her lack of standing and the impropriety of her purporting to act on behalf of the corporate Plaintiff A Star despite repeated warnings, the Court has carefully reviewed Ms. Kumaran's objections and concludes that she has not identified any error in Magistrate Judge Lehrburger's ruling whatsoever, let alone clear error.

In objecting to the Order Granting Leave To Withdraw, Ms. Kumaran implausibly contends that she has been denied "due process" and been treated inequitably in connection with the briefing of the Motion To Withdraw.  Objections at 1–2.  In particular, Ms. Kumaran asserts that Magistrate

Judge Lehrburger improperly treated her request for an extension of time to oppose the Motion To Withdraw "as the opposition" itself.  That assertion is simply false.

Ms. Kumaran, who has made a habit of serial filing, filed a 29-page brief in opposition to the Motion To Withdraw accompanied by two exhibits, which are filled with accusations that withdrawing counsel fell short of his professional obligations while simultaneously and incongruously asserting that there was no serious breakdown in the attorney-client relationship [ECF No. 330, 330-1, 330-2].  Magistrate Judge Lehrburger's Order Granting Leave To Withdraw explicitly cites to and substantively responds to those opposition papers.  *See* Order Granting Leave To Withdraw at 4.  Ms. Kumaran protests that she should have been permitted to file further submissions in support of her accusations of improper conduct by withdrawing counsel. Objections at 2.  However, Magistrate Judge Lehrburger directly addressed that issue, explaining that her proposed "affidavits" would be "of no moment" in resolving the Motion To Withdraw, since her accusations themselves "made it crystal clear that the relationship between her and Mr. Burge necessitates withdrawal."  Order Granting Leave To Withdraw at 3 n.3.

Ms. Kumaran proceeds to take issue with Magistrate Judge Lehrburger's "sentence" that she must find a way to sustain a relationship with counsel for A Star or its claims will be dismissed for lack of representation.  Objections at 3.  Ms. Kumaran castigates Magistrate Judge Lehrburger for "completely ignoring" that, in her view, the attorneys who have withdrawn from representing A Star are to blame for the failed relationships.  *See id.*

As an initial matter, it is inappropriate and abusive of the judicial process to raise an objection to one "sentence" of a Magistrate Judge's order, *id.*, particularly where, as here, that sentence serves only to warn a litigant of a potential adverse outcome and does not dispose of any contested issue.  In any event, Magistrate Judge Lehrburger did not ignore Ms. Kumaran's position.

Rather, having reviewed the submissions from both counsel and Ms. Kumaran, Magistrate Judge Lehrburger correctly concluded that there had been a "breakdown of the parties' relationship" that justifies withdrawal. Order Granting Leave To Withdraw at 2, 4. Ms. Kumaran's record of cycling through counsel for A Star speaks for itself [*see* ECF Nos. 118, 158, 213, 243]. Magistrate Judge Lehrburger was well within his broad discretion to find that "Ms. Kumaran ha[d] rendered representation of A Star unreasonably difficult" based on the evidence submitted in connection with the Motion To Withdraw, including Ms. Kumaran's own submissions, and the prior record in this case. Order Granting Leave To Withdraw at 2–3; *see In re Hulley Enters. Ltd.*, 400 F. Supp. 3d at 70. Indeed, Magistrate Judge Lehrburger was restrained.

In objecting to the Order Granting Leave To Withdraw, Ms. Kumaran also contends that Magistrate Judge Lehrburger "undert[ook] no analysis or evaluation of the material prejudice to the Client." Objections at 15. Significantly, the client was A Star, and not Ms. Kumaran. And, even more importantly, the contention that Magistrate Judge Lehrburger failed to consider prejudice is false. Magistrate Judge Lehrburger considered "the impact of withdrawal" and concluded that any adverse impact was not sufficient "to warrant denial of the motion." Order Granting Leave To Withdraw at 4. In connection with his prejudice analysis, Magistrate Judge Lehrburger specifically noted that "Mr. Burge and the Firm ha[d] represented A Star for only about six months," and that "A Star previously ha[d] successfully transitioned the case from one firm to another." *Id*. Moreover, Magistrate Judge Lehrburger imposed a 30-day stay of the case while A Star retains new counsel specifically for the purpose of avoiding prejudice to Plaintiffs. *See id.*

Ms. Kumaran raises various other meritless arguments in her 25-page brief attacking Magistrate Judge Lehrburger's 5-page order. The Court has considered those arguments and finds

them wholly unpersuasive.  Accordingly, the Objections are OVERRULED with respect to the Order Granting Leave To Withdraw.

**B.  The Objections to the Mainstay Order Are Meritless.**

As noted above, Ms. Kumaran also objects to Magistrate Judge Lehrburger's order denying her request to require a non-party to produce discovery during the stay [ECF No. 348; *see* ECF No. 346 (the "Mainstay Order")].  By way of background, in November 2025, Magistrate Judge Lehrburger denied a motion to quash a subpoena to non-party Mainstay Technologies, LLC ("Mainstay") [ECF No. 328 (the "Denial of the Motion To Quash")].  In the Denial of the Motion To Quash, Magistrate Judge Lehrburger set a deadline of November 18, 2025 for Mainstay to "identify[] those documents that it will produce and those that it will not due to overbreadth, burden, or other objection." Denial of the Motion To Quash at 3.  Thereafter, Magistrate Judge Lehrburger issued the Order Granting Leave To Withdraw on November 18, 2025, and the case was stayed as of that date.

On November 25, 2025, Ms. Kumaran filed a letter requesting that Magistrate Judge Lehrburger "reinstate" the November 18, 2025 deadline established in the Denial of the Motion To Quash and "require Mainstay" to immediately produce discovery, notwithstanding the stay of the case [ECF No. 345]. Magistrate Judge Lehrburger denied Ms. Kumaran's request.  *See* Mainstay Order.  He explained that "[t]he November 18, 2025 deadline was for Mainstay to identify documents that would or would not be produced, not to produce the documents." *Id.*  He also ruled that "[t]here is no material prejudice to Plaintiffs in not making an exception under the current stay." *Id.*

Ms. Kumaran objects to the denial of her request that non-party Mainstay be required to produce discovery while the case is stayed . *See* Objections at 24–25.  She contends that Magistrate

Judge Lehrburger "misquotes" his own Denial of the Motion To Quash, which she insists required Mainstay to "**produce what it believes is appropriate to produce**" by November 18, 2025. *Id.* at 25 (emphasis in original). These contentions also are false. As stated above, the Denial of the Motion To Quash expressly and unambiguously set a deadline of November 18, 2025 for Mainstay to "**identify**[] those documents that it will produce." Denial of the Motion To Quash at 3 (emphasis added). As such, Magistrate Judge Lehrburger accurately characterized his prior ruling in the Mainstay Order. Moreover, there is no basis to conclude that any aspect of Magistrate Judge Lehrburger's denial of Ms. Kumaran's request to require Mainstay to produce discovery while the case is stayed is "clearly erroneous or contrary to law." *Thomas E. Hoar, Inc.*, 900 F.2d at 525 (quoting 28 U.S.C. § 636(b)(1)(A)); *see* Fed. R. Civ. P. 72(a). Accordingly, the Objections are OVERRULED with respect to the Mainstay Order.

### C. Ms. Kumaran Is Not Entitled to Emergency Relief.

As noted above, Ms. Kumaran seeks a temporary restraining order ("TRO") and preliminary injunction against Mr. Burge and his firm, requiring specific performance of the alleged terms of the retainer agreement between A Star and the firm. *See* Mem. at 2. In particular, Ms. Kumaran seeks an emergency order requiring the firm to continue representing A Star, including conducting upcoming depositions, and to "advance" litigation expenses, including "fund[ing] Plaintiff Kumaran's expenses for claims and counterclaims." *Id.* at 1, 2, 4. Ms. Kumaran is not entitled to the relief she seeks.

The "standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). Such relief "is an extraordinary and drastic remedy." *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "A party seeking a preliminary injunction must

show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. American Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). "Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'" *Id.* (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012)).

As an initial matter, the Court notes that Ms. Kumaran arguably is seeking a mandatory injunction because Magistrate Judge Lehrburger had already issued the Order Granting the Motion To Withdraw before Ms. Kumaran filed the Motion for Emergency Relief, and the Court has now overruled the Objections to that Order. As such, as of this writing, the "status quo" is that Mr. Burge and his firm have withdrawn from the representation. *Id*. In all events, even without applying any heightened standard, Ms. Kumaran fails to show any of the perquisites for obtaining a preliminary injunction.

First, Ms. Kumaran fails to show that she will suffer irreparable harm absent preliminary relief. As the Second Circuit has explained in authority Ms. Kumaran cites in her brief, "[t]he showing of irreparable harm is 'perhaps the single most important prerequisite for the issuance of a preliminary injunction.'" *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (quoting *Bell & Howell: Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir. 1983)) (alteration adopted). "Irreparable harm is an injury that is not remote or speculative but actual and imminent, and 'for which a monetary award cannot be adequate compensation.'" *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 37 (2d Cir. 1995) (quoting *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)). As explained above, Magistrate Judge Lehrburger

imposed a 30-day stay of this case for A Star to obtain new counsel.  *See* Order Granting Leave To Withdraw at 4.  As such, Ms. Kumaran will not be imminently and irreparably harmed by the withdrawal of Mr. Burge and his firm.  *See Tom Doherty Assocs., Inc.*, 60 F.3d at 37.  This point alone is sufficient to deny the Motion for Emergency Relief.

Moreover, as noted above, "[w]here there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."  *Moore*, 409 F.3d at 510.  If indeed withdrawing counsel's firm is contractually obligated to pay litigation expenses for A Star and Ms. Kumaran, Plaintiffs can recover damages in a separate action for breach of contract.  *See id.*; *Tom Doherty Assocs., Inc.*, 60 F.3d at 37.  In an effort to avoid the general rule that breach of contract is not a basis for preliminary injunctive relief, Ms. Kumaran cites cases holding that an insurer's failure to advance defense costs may constitute irreparable harm.  Mem. At 15 (citing, *e.g.*, *XL Specialty Ins. Co. v. Level Glob. Invs., L.P.*, 874 F. Supp. 2d 263, 272 (S.D.N.Y. 2012)).  However, Mr. Burge and his firm are not Ms. Kumaran's insurer.  Furthermore, as Magistrate Judge Lehrburger pointed out in the Order Granting the Motion To Withdraw, the retainer agreement that Ms. Kumaran argues Mr. Burge and his firm have breached "expressly authorizes the Firm and its attorneys to withdraw, subject to Local Civil Rule 1.4, if, as here, the client has rendered it unreasonably difficult to represent them effectively, there is a material difference in legal strategy, or irreconcilable differences."  Order Granting the Motion To Withdraw at 3 n.1 (citing ECF No. 338-1 at 8 § 10).

As such, the Court has serious doubts that Ms. Kumaran could prevail on the merits of her argument that Mr. Burge and his firm have breached the retainer agreement.  But the merits of that argument are beside the point.  Ms. Kumaran has not filed a claim in this Court for breach of the retainer agreement against Mr. Burge and his firm on which claim she can now seek preliminary

9

injunctive relief.  Indeed, as Magistrate Judge Lehrburger expressly and correctly warned Ms. Kumaran: "This case is not the proper forum for Ms. Kumaran and/or A Star to litigate against Mr. Burge and/or the Firm for breach of contract.  Rather, Ms. Kumaran and/or A Star would  need to file a separate action."  Order Granting the Motion To Withdraw at 3 n.3.  Ms. Kumaran also fails to make any showing that it would be in the public interest to force Mr. Burge's firm to continue to represent A Star and pay litigation costs for A Star and Ms. Kumaran.  Accordingly, the Motion for Emergency Relief is DENIED.

### CONCLUSION

Ms. Kumaran's approach to litigation, in which she inundates the Court with vexatious and repetitive filings, is abusive. The demands she imposes on judicial resources are grossly disproportionate to any legitimate grievances she may have.  Indeed, she has engaged in a pattern of filing voluminous submissions attempting to relitigate multiple reasonable, non-dispositive rulings with which she is displeased [*see* ECF Nos. 214, 296, 310, 347].  While her other objections remain *sub judice*, the Objections to the Order Granting Leave To Withdraw and the Mainstay Order were riddled with demonstrably false assertions about Magistrate Judge Lehrburger's wholly appropriate rulings, as described in some detail above.  Ms. Kumaran's *pro se* status does not excuse her vexatious litigation conduct.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).  Going forward, she must exercise more reasonable judgment in requesting judicial intervention and refrain from filing repetitive submissions.

The Clerk of Court respectfully is requested to terminate the motion at docket entry 361.

**SO ORDERED.**

Date:  **January 22, 2026**
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**