UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SAMANTHA SIVA KUMARAN, ET AL.,                    :
                                                  :          19-CV-8345 (MKV) (RWL)
                              Plaintiffs,          :
                                                  :
          - against -                             :
                                                  :
                                                  :          **ORDER**
                                                  :
NORTHLAND ENERGY TRADING, LLC,                    :
ET AL.,                                           :
                                                  :
                              Defendants.          :
                                                  :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Plaintiff Kumaran's multiple filings of January 22, 2026 (see Dkts. 367, 368, 369).

1.      **The Court's Stay Order:**  The Court's Order at Dkt. 366 (the "Stay Order") was issued properly as resolution of withdrawing counsel's letter motion (at Dkt. 357) to which a response was due within three business days under the Court's individual rules. Counsel's letter motion seeking the stay noted that Plaintiff Kumaran opposed and attached Ms. Kumaran's email that she requested be included.  Ms. Kumaran filed no additional response.  And, contrary to Ms. Kumaran's supposition (see Dkt. 367 at 3), the Court did not issue the Stay Order before Ms. Kumaran filed her motion for a TRO/PI (at Dkt. 361); rather, the Stay Order issued two days after and was prompted in part by Ms. Kumaran's filing of that motion, in which she claimed imminent irreparable harm in part due to upcoming depositions.  A stay obviated that alleged harm and protected Plaintiff A Star by allowing it more time to retain new counsel pending determination of the

1

objections to the Court's order granting counsel's motion to withdraw.  No further briefing with respect to the stay is warranted.

In any event, District Judge Vyskocil has both overruled Plaintiffs' objections to the order granting counsel's motion to withdraw and denied Ms. Kumaran's motion for a TRO/PI.  (Dkt. 370.)  As a result, and by terms of the Stay Order, the stay has expired. However, in order to give Ms. Kumaran and A Star additional time to retain new counsel for A Star, the Court extends the stay for 30 days from the day of entry of this order as a last opportunity for A Star to retain and appear by counsel before the stay is lifted.  Ms. Kumaran and A Star are reminded once again that A Star must be represented by counsel, and will be deemed to be in default if it does not appear by counsel within 30 days.

2.      **Fee Dispute:**  Counsel's letter motion sought a stay, not an adjournment as suggested by Ms. Kumaran.  (*See* Dkt. 367 at 1.)  Counsel also expressly indicated that the stay would not apply to the fee dispute between counsel and Plaintiffs.  (Dkt. 366 at 2.)  Accordingly, withdrawing counsel's letter motion is not a motion for reconsideration of the Court's order at Dkt. 352 regarding resolution of any fee dispute between Plaintiffs and counsel.  And, as the Court has informed Plaintiffs and Judge Vyskocil reiterated (Dkt. 370 at 9-10), the instant case is not a proper forum for resolving any such fee dispute.

3.      **Third-Party Subpoenas:**  The Court shares Ms. Kumaran's concerns about the many subpoenas recently served by defendants and the effect of the stay while those subpoenas remain active.  Accordingly, consistent with the stay granted and extended by the Court herein, by **January 30, 2026**, defense counsel shall notify in writing each of the third-parties subpoenaed that the Court has granted a temporary stay of the

2

proceedings and that the Court has directed that they not respond to the subpoenas unless and until the stay is lifted and the Court affirmatively authorizes the subpoena recipients to respond.   If despite such notification, defense counsel receives any responses to the subpoenas from the subpoenaed parties, defense counsel shall notify all parties and refrain from review of any documents provided unless and until ordered otherwise.

4.    **Disclosure To BRG:**  With respect to disclosure of confidential material by Plaintiffs to Berkeley Research Group ("BRG"), Defendants shall notify Ms. Kumaran of any objection by **January 30, 2026**.  In the event Defendants object (for which they must have a good faith basis to do so), then no disclosures shall be made to BRG while the stay remains in place.

The Clerk of Court is directed to terminate the letter motions at 367, 368, and 369.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 27, 2026
        New York, New York

Copies transmitted this date to all counsel of record.

3