UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

SAMANTHA SIVA KUMARAN, ET AL.,                :
                                             :          19-CV-8345 (MKV) (RWL)
                        Plaintiffs,          :
                                             :
        - against -                          :
                                             :          **ORDER**
                                             :
NORTHLAND ENERGY TRADING, LLC,               :
ET AL.,                                      :
                                             :
                        Defendants.          :
                                             :
--------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Plaintiff Kumaran's request for leave to move to quash and for a protective order in regard to subpoenas served by Defendants on Plaintiffs' purported prior clients (the "subpoenas" or "prior-client subpoenas"). (Dkt. 368.) The subpoenas are narrowly tailored to obtaining documents sufficient to show the extent to which, if at all, the subpoenaed parties were clients of Kumaran or her company, The A Star Group d/b/a Timetrics. The information sought by the subpoenas is relevant to Defendant Larkin's counterclaim.

Kumaran contends, however, that the subpoenas are intended to harass and offers multiple arguments for why the subpoenas should be quashed. She argues that (1) the volume of subpoenas is unreasonable and prejudicial; (2) Defendants have not first moved to compel this information from Plaintiffs; (3) Defendants already have an investigative report (the "CRA Report") commissioned by them confirming that Kumaran performed work for certain entities; (4) the subpoenas purportedly refer only to Timetrics and not The A Star Group; and (5) the subpoenas are unduly burdensome to the prior

1

clients because the subpoenas fail to limit information sought to specific date ranges, departments, and managers.   (*See generally* Dkt. 368.)   Those arguments are without merit.

First, the volume of subpoenas is neither prejudicial nor unreasonable.  Based on Kumaran's submission, there appear to be 14 or so such subpoenas (*see* Dkt. 368 Exs. 6-7, 9-20), not "dozens" as Kumaran asserts (Dkt. 368 at 1).  The subpoenas are similar to each other, and there is no need for separate motions with respect to each subpoena.  Rather, the subpoenas can be dealt with collectively.  Moreover, due to stays of the case and enforcement of the subpoenas that were in place for several months, Kumaran has had plenty of time to deal with the issue.

Second, no rule required Defendants to move to compel Kumaran before issuing the subpoenas.  Although parties generally should first attempt to seek discovery from each other before seeking the same documents from third parties, Kumaran objected to producing information concerning her prior clients and informed Defendants that the information sought "would require subpoena" to the prior clients. (Dkt. 381 Ex. G at 38.)   It is disingenuous for Kumaran to now assert a contrary position.

Third, Kumaran has previously objected to the CRA Report as inadmissible evidence.  It is disingenuous to take that position (even if correct) but then claim that the CRA Report renders the non-party subpoenas duplicative and unnecessary.  Moreover, the CRA Report did not provide confirmatory information with respect to several purported prior clients.

Fourth, the subpoenas define Timetrics as "plaintiff The A Star Group, Inc., d/b/a Timetrics." (*E.g.*, Dkt. 368 Ex. 6 at ECF 6 ¶ 2.)  Kumaran's assertion that the subpoenas improperly refer only to Timetrics and not The A Star Group is frivolous.

Fifth, given that the purpose of the subpoenas is to confirm whether and to what extent the prior clients had any working relationship at any time with Kumaran, the lack of limiting information about dates, departments, and managers does not render the subpoenas defective. To the extent any subpoena recipient claims burden due to the lack of more targeted parameters, the recipient can object on that basis.

That said, Kumaran expresses concern that by not specifying a time frame and the like, Defendants are engineering potential "false positives" whereby the subpoenaed parties are more likely to not locate responsive documents and thus bolstering Defendants' theory that Kumaran misrepresented her prior experience. (Dkt. 368 at 2.) The Court understands Kumaran's concern and, without attributing any particular motivation to Defendants, agrees that less information may yield misleading results. That concern can be readily addressed without quashing the subpoenas. Specifically, Defendants shall notify in writing each subpoenaed entity of any information of which Defendants already are aware regarding time frame, department, and manager of Kumaran's purported work for that entity. With respect to subpoenas already served, Defendants shall so notify the respective subpoena recipient at the same time Defendants notify them that the stay of enforcement has been lifted. With respect to subpoenas not yet served, Defendants shall revise the subpoenas to include the information. To be clear, the information about time frame, department, and manager is not a limitation on scope of the subpoenas but rather is meant to assist in finding information that may exist.

To the extent not discussed above, the Court has considered the parties' arguments and finds them to be either moot or without merit.

Kumaran has not demonstrated a good faith basis for moving to quash or for a protective order with respect to the prior-client subpoenas. The request for leave to file

3

is denied.    However, Defendants shall comply with the directive above regarding additional information to be provided to the subpoena recipients.   Although Kumaran's letter request focuses on two subpoenas in particular (those directed at Nomura and Tyco), the subpoena requests are the same or materially similar to those made in the other prior-client subpoenas.   Accordingly, the Court's ruling applies with respect to all the prior-client subpoenas.

The Clerk of Court is directed to terminate the letter motion at Dkt. 368.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 11, 2026
        New York, New York

Copies transmitted this date to all counsel of record.