UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SAMANTHA SIVA KUMARAN, ET AL.,                      :
                                                    :          19-CV-8345 (MKV) (RWL)
                          Plaintiffs,               :
                                                    :
              - against -                           :
                                                    :          **ORDER**
                                                    :
NORTHLAND ENERGY TRADING, LLC,                      :
ET AL.,                                             :
                                                    :
                          Defendants.               :
                                                    :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On November 12, 2025, non-parties Gerrard Lazzara and Lazzara Consulting, Inc. ("LCI") filed a letter motion to quash the subpoena issued by Plaintiffs on October 28, 2025 (the "Subpoena"), seeking deposition testimony and production of documents. (Dkt. 334.) On November 17, 2025, the day her response to the letter motion was due, Plaintiff Kumaran filed a two-page letter, with exhibits, setting forth her arguments in opposition to the motion to quash but at the same time asking for an additional week so that she could submit a three-page response. (Dkt. 336.) Due to withdrawal of co-Plaintiff's counsel, the case was temporarily stayed starting November 18, 2025. Accordingly, the Court did not rule on Kumaran's request at that time. As the stay has been lifted, the Court now DENIES Kumaran's request to file an additional three-page letter. Kumaran's two-page letter with exhibits more than sufficiently sets forth her arguments in opposition to the motion to quash, and she could just as easily have filed a three-page letter on November 17, 2025, instead.

1

Turning to the motion to quash, the Court disagrees in part with LCI and Lazzara's first two arguments. Just because Kumaran has litigated against LCI and Lazzara in another lawsuit and lost in arbitration (the "Arbitration") does not necessarily mean that any information in Lazzara or LCI's possession, custody, or control is not relevant to the instant case. The Court agrees with LCI and Lazzara, however, that the Subpoena may not be used as an opportunity to litigate anew the same issues already resolved in other litigation or arbitration. Having reviewed the Subpoena in its entirety, the Court also finds that the document requests are, on their face, impermissibly overbroad, unduly burdensome, and ambiguous, and not proportional to the needs of the case. The Subpoena may be quashed on those grounds alone. *See*, *e.g.*, *Estate of Ungar v. Palestinian Authority*, 332 F. App'x 643, 645 (2d Cir. 2009) (affirming district court's quashing of subpoena "because it was overly broad and burdensome"); *Morocho v. Stars Jewelry by A Jeweler Corp.*, 345 F.R.D. 292, 294 (S.D.N.Y. 2024) (overbreadth of subpoena was "an independent basis to quash it"); *Lelchook v. Lebanese Canadian Bank, SAL*, 670 F. Supp.3d 51, 55 (S.D.N.Y. 2023) (quashing subpoena that was "grossly overbroad"); *Blackrock Allocation Target Shares v. Wells Fargo Bank, N.A.*, No. 14-CV-9371, 2017 WL 9401102, at *2-3 (S.D.N.Y. March 2, 2017) (denying motion to compel compliance with deposition and document subpoena where document requests and deposition topics were deemed "unduly broad, vague, and burdensome"); *see also* Fed. R. Civ. P. 45(d)(3) (the court "must quash or modify a subpoena that … subjects a person to undue burden"). Accordingly, LCI and Lazzara's motion to quash is GRANTED.

Kumaran's November 17, 2025 letter references multiple times Lazzara's testimony in the Arbitration as being supportive of discrete assertions Kumaran seeks to prove in this case. The instant order does not preclude Kumaran from seeking to use

2

that Arbitration testimony in this case (if it is otherwise admissible), or, if need be, seeking to take Lazzara's deposition testimony for the purpose of affirming his Arbitration testimony and allowing Defendants to cross-examine.

The Clerk of Court is respectfully directed to terminate the letter motions at Dkts. 334 and 336.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 14, 2026
        New York, New York

Copies transmitted this date to all parties of record.

3