**VIA ECF**

Honorable Magistrate Judge Lehrburger,
Southern District of New York
40 Foley Square, Court Room 18C
New York, NY 10007

Extension granted.  Further, the Court agrees with Plaintiff that Dkts. 411 and 412 were inadvertently terminated. Accordingly, the Clerk of Court is directed to reverse the termination of the letter motions at Dkt. 411 and 412, which concern Plaintiffs' deadlines for filing objections and should be addressed by Judge Vyskocil. SO ORDERED:

6/16/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Re: *Kumaran vs. Northland Energy Trading et al  1:19-Cv-08345* (MKV-DCF)

## MOTION FOR SLIGHT SCHEDULING ADJUSTMENT

Dear Honorable Magistrate Judge Lehrburger,

In view of several overlapping deadlines on the same dates, Plaintiff Kumaran respsectfully writes to the Court to make a slight adjustment to the scheduling order, so that I may have at least 1 business day between filings.  This request was brought on by the recent voluminous filings made by Mr. Lazzara last Thursday which contained over 500+ pages of exhibits and an opposition, which now has Replies also due on 6/18.  The Lazzara matter is also a serious case and not being able to respond to that could lead to dispositive issues in other cases. This deadline now coincides with the deadlines set also in Dkt.423 also on the same date of 6/18.  In addition, the Second Circuit also set a deadline for me to file on 6/17. I also learned that Friday is a Federal holiday, and because I have to deal with a legacy computer, I have been able to secure some help on 6/19 to make sure various items can be exported. As such I am respsectfully requesting 1 business day until 6/22/2026 for Plaintiffs to submit their ESI, and also 1 business day until 6/23/2026 to file the propose scheduling order so that we have 1 day between filings.

Proposed Minor Adjustment to Scheduling

1. 6/17 Second Circuit deadline
2. 6/18 Objections due
3. 6/19 Meeting re: Entourage and ESI
4. 6/22 ESI Protocol due (Monday instead of Thursday)
5. 6/23 Proposed scheduling order of discovery (Due Tuesday instead of Thursday)
6. 6/25 Reply to Lazzara due (On consent of Robert Hoff, s).

Good cause is also because:-

First, Plaintiff respsectfully notes a potential error in His Honor's Dkt.423 Order which terminated the motions at Dkt.411 and Dkt.412. Those letter motions were addressed to Judge Vyskocil regarding the scheduling of objections. It is unclear why they were terminated.  As such my prior motion to Judge Vyskocil regarding an extension schedule for objections will need to be refiled. I am filing a similar extension with Judge Vyskocil, that the Court separate the dates by 1 business day, and this impacts Lazzara's Reply.

Second, Plaintiffs have again ordered the transcript from the 6/4 conference. The SDNY Court Reporters have stated the copy will be provided also around Thursday this week. This slight adjustment will allow Plaintiffs to properly review the directions from the transcript. Plaintiffs have again incurred the costs for the Court's transcripts from the 6/4/2026 hearing. All transcripts in this proceeding (from 1/15/2020, 6/23/2020, and 5/14/2024, 7/2/2025, 10/7/2025, 5/7/2026, 6/4/2026 this far have been paid for by Plaintiffs (and not Defendants).

Third, as indicated above, I also have a prior deadline which the Second Circuit scheduled for 6/17 opposing Fishman's Intervention which I cannot change.

Fourth, since 6/19 is a federal holiday, there will be no prejudice to the case, as the Court would not be able to review the materials until Monday 6/22/2026. Therefore, in any event, there will be no prejudice or delay, since I am only asking for 1 business day. Likewise, I need 1 day to finalize the scheduling order so that both deadlines are not concurrent. This too will not materially prejudice.

In addition, good cause is because of some of the technical issues in retrieving data from Entourage, I have someone who is going to help me on Friday (because 6/19 is a holiday) to address some of the issues on exporting the data. Plaintiffs need to examine what has to be done in Entourage, will only assist this process, and save time late, and this can only be done on 6/19 which is a holiday.

Three days (1 business day) will not impact this proceeding given the multiple overlapping deadlines, and having each filing spaced by a day will enable them to be filed in an orderly manner.

In equity and good cause, I also ask the Court to take into consideration that Mr. Kwon has *still* not complied with the **four** separate Court orders and directives to produce **any** of the 2015 spreadsheets. In the absence of these spreadsheets, combined with the evidence that Plaintiff has shown that **all** copies of the OBT Book from 2016 until present date were **forged documents**, of Avi's Spreadsheets, these inequities have taken considerable time and expense. The real cause of delay in this proceeding is that for *five* years, between 2021-2026, Defendants counsel have knowingly violated FRCP 26(g) and allowed Mr. Larkin to "self-collect" his spreadsheets (as admitted in the 6/4 conference). Material to the merits, for example, the Current View Worksheet produced were only located in the "**Deleted Items**' of his Larkin's Email Box, proving Westerman's failure to put a litigation hold on this email box. Given Mr Kwon has **again** not complied with the 6/4/2026 Order, and failed to locate the spreadsheets, this 1 business day adjustment is equitable.

Other equity that warrants this slight adjustment, is because Mr. Kwon has also not supplied us with *any* citation of another SDNY cases where Lexpath's so-called new "Boilerplate" has been used. The Court again directed Mr. Kwon to locate that information and provide it on 6/4/2026 - which he has still not done. Plaintiff Kumaran spent six months on agreed upon terms with Mr. Cruther, and Plaintiff would like to heed the Court's directives to try to parr it down as much as possible, which will need a few days on the weekend. Without Mr. Kwon's information, Plaintiff has not been able to locate any evidence that this Lexpath version has *ever* been used anywhere in Federal Court. It is also not consistent with the SDNY precedent, or equity to unilaterally abandon the previously negotiated version before the court in October that Plaintiff and Mr. Cruthers had already worked through and agreed on several sections. Since the ESI protocol is important to resolve this case, and there are already several **material** disputes on the **authenticity** of the ESI, this minor scheduling adjustment is needed to properly address this "new version", and with several overlapping deadlines, a slight adjustment that allows 1 business day between filings should not impact the case – especially in light of the fact that 6/19 is a holiday. Mr. Kwon's hurry intends us to deprive Plaintiff of time to review both versions. This puts Defendants at an inequitable advantage, since they hid their alternative version from us for several weeks between 5/7 and 6/4 which also warrants 1 b/day adjustment so that I can properly review it. The Court should also note it set another 6/11 deadline.

Mr. Hoff consents to the scheduling.
Ms. Akin consents to the scheduling and also requests that Plaintiffs version is submitted together.
Mr.  Kwon does not consent. (Exhibit 1 is filed at his request of email chain)

Respsectfully submitted,
/s/ Samantha S. Kumaran
Samantha S. Kumaran
Individual Plaintiff
samantha@timetricsrisk.com