UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMANTHA SIVA KUMARAN and THE A STAR GROUP, INC. d/b/a TIMETRICS,

Plaintiffs,

- against -

NORTHLAND ENERGY TRADING, LLC, HEDGE SOLUTIONS, INC., RICHARD M. LARKIN, DANIEL LOTHROP, and DOMENIC BRAMANTE,

Defendants.

19-CV-8345 (MKV) (RWL)

**ORDER ON ESI PROTOCOL**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses the parties' inability to negotiate and agree upon a protocol for collection and production of ESI. The Court has issued numerous orders on this subject and finally had to give the parties an ultimatum: submit their competing proposed protocols and the Court will select the one that it deems most reasonable and proportional to the needs of the case while being legally compliant. (See Dkts. 423, 427.) Defendants made a timely, thorough submission of their proposal. (See Dkt. 431.) The individual Plaintiff Kumaran apparently faced some technical problems in making a timely submission but filed shortly thereafter. (See Dkt. 438.) The parties also filed objections to each other's proposals.[1] (See Dkts. 432, 438-3, 441.)

[1] Both Plaintiffs submitted lengthy objections comprised of 26 pages each (for a total of 52 pages from Plaintiffs). (*See* Dkts. 432, 438-3.) The two filings taken together – which vary greatly from each other while also being duplicative in some respects – are abusive. The A Star Group is Kumaran's company. Although the A Star Group, as a corporate entity, must be and is represented by counsel, the Plaintiffs share substantially the same

The Court has thoroughly reviewed the parties' submissions, considered their arguments, and finds that, as between the two proposed protocols, Plaintiffs' proposal is excessive and oppressive, while Defendants' proposed protocol is the more reasonable and proportional and is legally compliant. However, the Court requires the following changes to Defendants' protocol:

1. Paragraph 9 (Defendants' Sources of ESI): Defendants' sources of ESI must include Richard Larkin's mobile phone (notwithstanding Paragraph 11(G)).

2. Paragraph 10 (De-duplication): After "other industry standard hash values" insert "(such as but not limited to SHA-1)".

3. Paragraph 11 (Inaccessible Data): The parties must preserve the data identified in subparagraphs A, D, E, F to the extent it currently exists. Whether any of that data should be collected and produced will depend on sufficiency of production of other data.

4. Paragraph 14 (Privilege Logs): The parties presumptively shall not use a categorical approach to privilege log designations unless there is good cause to do so for particular categories. If a party does employ a category, the other party may request a more detailed listing of the particular category, in which case the parties shall meet and confer, and if unable to resolve the matter may seek assistance from the Court. Documents redacted for privilege must be logged as such.

---

interests in this litigation. Unless otherwise ordered, Plaintiffs must make a single joint filing in any instance in which both Plaintiffs wish to be heard, and both Kumaran and A-Star Counsel must comply with Rule 11 requirements for their joint filings. Further, all page and word limits apply to both Plaintiffs collectively.

5. Paragraph 16 (Production Format for ESI) – Subparagraph (a): It is not apparent to the Court why any spreadsheet would be redacted, unless for some reason, which seems unlikely, it contained privileged information. In the event that redaction to a spreadsheet can be justified, the original native file shall not be redacted. Instead, a duplicate of the original native shall be made and the redactions made to the copy of the native file. The metadata of the original must be preserved and produced.

Any use of Zip or other compression formats for production must preserve the original metadata of the files contained in the compressed file.

6. Chart in Paragraph 21 (Metadata to be Produced): After "MD5 Hash," add "or SHA-1 or other industry standard".

By **July 13, 2026**, Plaintiffs shall inform Defendants in writing of the ESI sources Plaintiffs intend to search so that Defendants can include that information in the protocol.

By **July 17, 2026**, Defendants shall file a completed, revised ESI protocol compliant with the foregoing for entry by the Court.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 6, 2026
New York, New York