UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMANTHA SIVA KUMARAN and THE A STAR GROUP, INC. d/b/a TIMETRICS,

Plaintiffs,

- against -

NORTHLAND ENERGY TRADING, LLC, HEDGE SOLUTIONS, INC., RICHARD M. LARKIN, DANIEL LOTHROP, and DOMENIC BRAMANTE,

Defendants.

19-CV-8345 (MKV) (RWL)

**ORDER ON MOTION FOR RECONSIDERATION OF SCHEDULING ORDER (DKT. 450)**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On July 6, 2026, the Court issued a Scheduling Order. (Dkt. 443.) On July 20, 2026, Plaintiffs filed a motion for reconsideration. (Dkt. 450.) The motion for reconsideration is DENIED but the schedule is modified for other reasons as discussed below.

Motions for reconsideration are "addressed to the sound discretion of the district court." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration also "may be granted based upon 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cunningham v. Cornell University*, No.

16-CV-6525, 2020 WL 1165778, at *1 (S.D.N.Y. March 11, 2020) (quoting *Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "A motion to reconsider is not petitioner's opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." *United States v. Posada*, 206 F. Supp.3d 866, 868 (S.D.N.Y. 2016) (internal quotation marks and citation omitted). Nor is a motion to reconsider an opportunity for a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (a moving party is not permitted to use a motion for reconsideration as a means to "relitigate[e] old issues, present[ ] the case under new theories, secur[e] a rehearing on the merits, or otherwise tak[e] a second bite at the apple") (internal quotation marks and citation omitted).

Plaintiffs argue that reconsideration is appropriate because the Court erred by stating that Plaintiffs "did not submit a finite scheduling order." (Dkt. 450 at 2.) That is not what the Court said. Rather, the Court stated: "The Court requested, received, and has reviewed the parties' proposed scheduling for the completion of fact discovery. Plaintiffs did not submit a schedule, instead arguing that a schedule cannot be set until Defendants' production of spreadsheets that the Court ordered be produced." (Dkt. 443.) Defendants' proposal was conditional. (*See* Dkt. 440 at 3 ("Conditioned on Defendants compliance with five Court Orders to first turn over the trading spreadsheets by 7/8/2026; Plaintiffs respectfully propose an equitable 12-month extension of fact discovery"); *id.* at 5 ("Plaintiffs are thus not able to set a detailed schedule, until FRCP 26(g) is complied with on the past FIVE ORDERS").) The Court did not err.

Plaintiffs also argue that the schedule set by the Court is inconsistent with prior orders, stipulations, and contradicts the law of the case. (Dkt. 450 at 2.) That argument is misguided. The Court set a new schedule based on the set of circumstances presented at the time. Previous schedules were moot, not in least part due to Plaintiffs' repetitive and cumulative filings and Plaintiff A-Star's succession of counsel that withdrew.

The Court has considered Plaintiffs' other arguments and finds them to be without merit. However, in light of the additional passage of time brought about by Plaintiffs' motions for reconsideration, objections to the Court's orders, and as yet unresolved dispute regarding search terms (which the Court will address by separate order), the Court reluctantly finds that modification of the Court's previously ordered schedule is warranted. The schedule is therefore amended as follows:

| | |
|---|---|
| July 15, 2026 | Parties submit to each other and the Court their final proposed search terms with search term hit reports. (Search terms already have been the subject of extensive discussions and court orders.) |
| December 15, 2026 | Substantial completion of document production. |
| December 30, 2026 | Service of party deposition notices and Rule 45 subpoenas to non-parties. A party may notice and take depositions of parties or non-parties before this date but will not be given another opportunity to depose that witness if they do so. |
| January 19, 2026 | Completion of meet-and-confer on production and privilege disputes. |
| March 21, 2027 | Completion of party and non-party depositions. |
| March 28, 2027 | Last day to serve contention interrogatories and requests for admission. |
| May 11, 2027 | Close of all fact discovery. |
| June 12, 2027 | Opening expert reports for party with burden of proof. |

| | |
|---|---|
| July 12, 2027 | Rebuttal expert reports. |
| August 30, 2027 | Completion of all expert discovery. |

Additionally, if they have not already done so, by **September 30, 2026**, Defendants shall certify that they have completed production of all native spreadsheets.

Motions for spoliation, if any, are deferred until completion of fact discovery.

Timing of summary judgment motions and pre-trial submissions are governed by the most recent scheduling order to have addressed the relevant requirements.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 450.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 17, 2026
New York, New York