UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMANTHA SIVA KUMARAN and THE A STAR GROUP, INC. d/b/a TIMETRICS,

Plaintiffs,

- against -

NORTHLAND ENERGY TRADING, LLC, HEDGE SOLUTIONS, INC., RICHARD M. LARKIN, DANIEL LOTHROP, and DOMENIC BRAMANTE,

Defendants.

19-CV-8345 (MKV) (RWL)

**ORDER ON MOTIONS FOR RECONSIDERATION OF ESI PROTOCOL (DKTS. 448, 452)**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On July 6, 2026, after the parties' inability to agree over a lengthy period, the Court issued an order setting the protocol for discovery of electronically stored information based on submissions solicited from the parties (the "ESI Protocol Order"). (Dkt. 442.) Plaintiffs have moved for reconsideration. (Dkts. 448, 452.) Although Plaintiff is the CEO and owner of her co-plaintiff The A Star Group, Inc., which is represented by counsel, both Plaintiffs filed separate motions. The two briefs, each of which is ten pages long, largely address different provisions of the protocol and different alleged "errors." In so doing, Plaintiffs effectively doubled the permitted length for a motion for reconsideration. (*See* S.D.N.Y. Local Rule 6.3.) The Court would be well within its discretion to deny the motions on that basis alone.

Indeed, the "tag-team" filings violate this Court's directive in the ESI Protocol Order addressing the same subject. The Court noted that Plaintiffs had each submitted objections of 26 pages – for a total of 52 pages – to Defendants' proposed ESI protocol.

(ESI Protocol Order at 1 n.1.) To forestall future similar transgressions, the Court ordered that "Plaintiffs must make a single joint filing in any instance in which both Plaintiffs wish to be heard" and that "all page and word limits apply to both Plaintiffs collectively." (*Id.*) While the Court recognizes that Plaintiffs seek reconsideration of and have filed objections to the ESI Protocol Order, the motions for reconsideration do not take issue with the order's prohibition on double filing. That Plaintiffs filed two separate sets of objections to Defendants' proposal does not provide them license to do so again in violation of the Court's order.

Turning to substance, motions for reconsideration are "addressed to the sound discretion of the district court." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration also "may be granted based upon 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cunningham v. Cornell University*, No. 16-CV-6525, 2020 WL 1165778, at *1 (S.D.N.Y. Mar. 11, 2020) (quoting *Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "A motion to reconsider is not petitioner's opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." *United States v. Posada*, 206 F. Supp.3d 866, 868 (S.D.N.Y. 2016) (internal quotation marks and citation omitted). Nor is a motion to

reconsider an opportunity for a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (a moving party is not permitted to use a motion for reconsideration as a means to "relitigate[e] old issues, present[ ] the case under new theories, secur[e] a rehearing on the merits, or otherwise tak[e] a second bite at the apple" (internal quotation marks and citation omitted)).

Here, Plaintiffs' motions largely rehash arguments made in their extensive filings supporting their proposed ESI protocol and opposing Defendants' proposed ESI protocol. In other words, Plaintiffs motions impermissibly seek a second bite at the apple. Plaintiffs' ascribed errors also to some extent mischaracterize the protocol approved by the Court and the significance of not adopting Plaintiffs' proposed version. For example, Plaintiffs assert that the Court "deleted" various definitions and terms from the protocol. (*See, e.g.*, Dkt. 452 at ECF 7.) That is not what the Court did. As Plaintiffs well know, after the parties' repeated failure to negotiate a protocol, the Court instructed the parties to "submit their competing proposed protocols and the Court will select the one that it deems most reasonable and proportional to the needs of the case while being legally compliant." (ESI Protocol Order at 1.) The Court thoroughly reviewed the parties' submissions, selected Defendants' proposal, but also required certain changes based on concerns raised by Plaintiffs. (*Id.* at 2.)

Notwithstanding the foregoing, the Court assiduously reviewed the Plaintiffs' arguments for reconsideration and determined that it would make sense to bring the parties together to discuss the issues that seemingly divided them. To that end, the Court held more than four hours of conferencing with the parties on August 24 and 27, 2026 (the "Conferences"). During those discussions, the parties agreed to various

modifications of the ESI protocol and substantially narrowed the number of issues that actually are in dispute. The Court ruled on those remaining issues at the Conferences. The result is a revised ESI protocol to be issued by the Court, which the Court will do by separate order.

For the reasons set forth above, and those set forth during the Conferences, Plaintiffs' motions for reconsideration are GRANTED IN PART and DENIED IN PART as will be reflected in a revised ESI protocol. To the extent not discussed above, or during the Conferences, the Court has considered Plaintiffs' other arguments and finds them to be without merit.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 448 and 452.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 28, 2026
New York, New York